UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |
| THIS DOCUMENT RELATES TO:<br>**ALL CASES** | )<br>)<br>)<br>) | |

**SUBMISSION OF FORM OF SCHEDULING ORDER,
PURSUANT TO PARAGRAPH C.2 OF THE CASE MANAGEMENT ORDER AND
ORDER FOR CONSOLIDATION DATED JANUARY 26, 2006**

In paragraph C.2 of the Case Management Order and Order for Consolidation entered in this matter on January 26, 2006, the Court ordered the parties to "file a proposed form of Scheduling Order that reflects the schedule set during the Scheduling conference on January 23, 2006." At the January 23 scheduling conference, counsel for defendant The Gillette Company ("Gillette") undertook to organize communications with plaintiffs' counsel to prepare the proposed Scheduling Order for submission to the Court.

Pursuant to the foregoing, Gillette submits the "[Proposed] Scheduling Order" attached hereto as Exhibit A. Over the last two weeks, Gillette has circulated multiple iterations of the Exhibit A amongst counsel for plaintiffs in the 25 cases consolidated before the Court and believes that the attached form of order is acceptable, in its entirety, to counsel for plaintiffs in 21 of those 25 cases.

There are four cases in which Gillette understands that counsel for plaintiffs object to portions of Exhibit A. Those cases are *Adoure v. The Gillette Company*, Civil Action No. 05-12336-DPW, *Corrales v. The Gillette Company*, Civil Action No. 05-12332-DPW, *Pruitt v. The Gillette Company*, Civil Action No. 05-12365-DPW, and *Gonzales v. The Gillette Company*,

9929218_2

Civil Action No. 05-12366-DPW.  Counsel for plaintiffs in this group (communicating through Mr. James Strenio, who is counsel in *Adoure* and *Corrales*) assert objections[1] that fall into two principal categories:

    (a)    Counsel in *Adoure, Corrales, Pruitt,* and *Gonzales* maintain that the Court ordered, at the January 23, 2006 conference, that relevant discovery from the *Schick* litigation be made available to the plaintiffs on February 22, 2006.  Counsel for Gillette and plaintiffs in the other cases believe the Court initially made statements to that effect but concluded, after colloquy with counsel at the conference, that the Court first appoint Lead/Liaison Counsel and that relevant discovery from the *Schick* litigation be included as part of Gillette's initial disclosures due 10 days after the filing of a Consolidated Complaint (which itself will be due within 30 days after the appointment of Lead/Liason Counsel).

> **The Court:**  " . . . Now, we have this time period that I've had further insight about concerning the initial disclosure, which I understand, Mr. Shapiro, in any event, your view was that that would incorporate the Schick materials; is that right?"
>
> **Mr. Shapiro:**  "I would think so, Your Honor."
>
> **The Court:**  "Okay.  I do, too. . . ."  Tr. at 26.
>
>     * * * *
>
> **The Court:**  "Right.  And I'm not looking forward to the opportunity to do shadow motion practice, discovery motion practice for the District of Connecticut.  I will assume that you have got a pretty clear idea of what it is that you need to turn over here.  If you're withholding things for purposes of – that are relevant for initial disclosure, broadly conceived, that deal with the question of privilege, you will have a privilege log."
>
> **Mr. Wolkoff:**  "Yes, Your Honor."
>
> **The Court:**  "And here, we're now, at the minimum, dealing with 40 days out from the day of the next conference in this case which I anticipate will resolve the question of interim counsel."  Tr. at 27.

---

[1] At the request of Mr. Strenio, Gillette is appending hereto, as Exhibit B, an e-mail to all counsel from Mr. Strenio dated Friday, February 3, 2006, setting out his comments.  Also attached, as Exhibit C, is an e-mail to all plaintiffs' counsel from the undersigned counsel for Gillette dated February 6, 2006, circulating the final version of Exhibit A, and confirming that Gillette understands Mr. Strenio to be speaking only for counsel in *Adoure*, *Corrales*, *Pruitt* and *Gonzales*.

(b)     Counsel in *Adoure, Corrales, Pruitt*, and *Gonzales* disagree with Exhibit A as it relates to the production of documents from the "*Schick* materials," such as the need for prior entry of a protective order (as occurred in the *Schick* case), the handling of documents from the *Schick* litigation that belong to or were produced by parties *other than* Gillette, and arrangements for any log of documents withheld on grounds of privilege or relevance.  As to these details, Gillette respectfully submits that the terms of Exhibit A in fact comport with the discussion at the January 23 Scheduling Conference, and, as such, are acceptable to counsel for plaintiffs in 21 of the 25 cases.  Moreover, Gillette acknowledges that it expects to make a substantial production from the *Schick* litigation at the time of its initial disclosure, and suggests that any further details, issues, or need for adjustment regarding that production can readily be addressed with Lead/Liason Counsel after that appointment occurs.

Gillette assumes that counsel for plaintiffs in *Adoure, Corrales, Pruitt*, and *Gonzales*, and any other counsel that may have any objection not communicated to Gillette, will submit their own form of proposed Scheduling Order.  In the event that should occur, Gillette reserves the right to respond thereto.

WHEREFORE, Gillette respectfully requests that the Court approve and enter a Scheduling Order in the form attached as Exhibit A hereto.

<div style="text-align:right">

THE GILLETTE COMPANY
By its attorneys,

/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO# 643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

</div>

Dated:  February 7, 2006

9929218_2                              -3-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br>**M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION** | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |
| THIS DOCUMENT RELATES TO:<br>**ALL CASES** | )<br>)<br>) | |

### [PROPOSED] SCHEDULING ORDER

WHEREAS, a Scheduling Conference having been held on January 23, 2006, the following ORDER is hereby set:

1. **Motions to Remand**. Any motions to remand shall be filed by no later than February 6, 2006.

2. **Filing of Consolidated Complaint**. Plaintiffs shall file their Consolidated Amended Complaint within 30 days of the Court's determination pursuant to Fed.R.Civ.P. 23(g) or otherwise regarding the organizational structure of Plaintiffs' counsel.

3. **Response to Consolidated Complaint**. Defendant shall file its responsive pleading to the Consolidated Complaint within 30 days of its filing.

4. **Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)**. The Parties shall make the disclosures set forth in Fed.R.Civ.P. 26(a)(1) within 10 days after the filing of the Consolidated Complaint. Defendant's initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall include, without limitation, any relevant discovery that it has previously produced in the *Schick* litigations in the District of Connecticut, Germany, and Australia,

9919349_7

provided that an appropriate protective order has been entered as of the time for such initial disclosures. Gillette shall be obliged to provide a log identifying any documents withheld as privileged or not relevant.

5.  **Class Certification Discovery**. This phase of discovery commences with, and shall be completed by no later than 60 days after, the exchange of the parties' initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

6.  **Fact Discovery**. This phase of discovery commences with, and shall be completed by no later than six months from, the exchange of the parties' initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

7.  **Expert Discovery**.

    a.  The Expert Report(s) of the party bearing the burden of proof on the issue to which any such report pertains shall be served within 45 days of the close of fact discovery.

    b.  The Expert Report(s) of the party not bearing the burden of proof on the issue to which the report described in paragraph 7.a above pertains shall be served within 45 days thereafter.

    c.  Rebuttal Reports from either party shall be served within 21 days thereafter.

    d.  Expert Discovery shall conclude 45 days after the date rebuttal reports are due.

8.  **Class Certification Briefing**.

    a.  Plaintiffs' Motion for Class Certification shall be filed by no later 30 days after the close of class certification discovery.

-3-

    b.    Defendant's response shall be due within 30 days of the date Plaintiffs' motion is filed.

    c.    Plaintiffs shall file their reply brief within 20 days of Defendant's response.

9.    **Dispositive Motions**.

    a.    Motions for Summary Judgment shall be filed by 30 days after the close of Expert Discovery.

    b.    A party opposing any motion for summary judgment shall have 30 days to file an opposition to said motion.

    c.    Any reply brief shall be due within 20 days after the filing of the response.

10.    **Final Pretrial Conference**.  A final pre-trial conference and trial date shall be determined by the Court, as appropriate under relevant law, at a later time.

SO ORDERED.

Douglas P. Woodlock
United States District Judge

Dated: _____

## Szpak, Mark P.

| | |
|---|---|
| **From:** | James Strenio [james@kicklawfirm.com] |
| **Sent:** | Friday, February 03, 2006 6:33 PM |
| **To:** | Szpak, Mark P.; Wolkoff, Harvey J.; Shanahan, Emily C.; tshapiro@shulaw.com; srudman@lerach.com; ed@hagens-berman.com; alankovacs@yahoo.com; dpastor@gilmanpastor.com; info@glancylaw.com; pklingman@sfmslaw.com; kjm@ftllaw.com; mgardy@abbeygardy.com; steveschwartz@chimicles.com; dmillen@muchshelist.com; skanner@muchshelist.com; joseph@sarrafgentile.com; RStone@lawssb.com; dwarshaw@wccplaw.com; Anthony Vozzolo; alxfen@aol.com; Aron Robinson; Pete Petroski; hmhewell@yahoo.com; mitch@kslegal.com; russellawood@cox-internet.com; bgibson@pgandr.com; jyork@pgandr.com; glaw123@aol.com; b.barnow@barnowlaw.com; s.harris@barnowlaw.com; Ldrurylaw@aol.com; Lharke@harkeclasby.com; Howard Bushman; David Maher; ken@quatlaw.com |
| **Cc:** | DonaldAmamgbo@citycom.com; reggiet2@aol.com; gwade@maklawyers.com; Tony Baird; olendodd@earthlink.net; pbaker@bknlawyers.com; rbaker@bknlawyers.com; edwardcochran@adelphia.net; Taras Kick; Tom Martin; a.kanner@kanner-law.com; C.Green@kanner-law.com |
| **Subject:** | FW: M3Power Cases: Proposed CMO |

Mark, the following are the comments from us and the attorneys cc'd on this email regarding the Revised Scheduling Order, with the numbers corresponding to those in the Revised Scheduling Order. (The additional changes made to the Revised Scheduling Order that Emily emailed today do not moot our comments.)

1. Okay.

2. Delete "pursuant to Fed.R.Civ.P. 23(g)" The Court was open to the idea of having a plaintiff's organizational structure that does not involve the appointment of interim class counsel, such as a plaintiffs' interim steering committee. Moreover, because the *Adoure* action is not brought as a class action, Fed.R.Civ.P. 23(g) does not apply to that action.

3. Okay.

4. (1) Replace "The Parties shall make" with "Plaintiffs shall make";

   (2) Replace "Defendant's initial disclosures pursuant to Fed.R.Civ.P.26(a)(1) shall include" with "Defendant shall make its disclosures set forth in Fed.R.Civ.P. 26(a)(1) by February 22, 2006." (*See* Electronic Clerk's Notes entered January 23, 2006("Gillette shall turn over CD (Schick case discovery) within 30 days.")

   (3) Replace "it has previously produced" to "that has been previously produced". The initial disclosure by Gillette is not limited to only discovery produced by Gillette but instead extends to all discovery in any *Schick* proceeding. (Transcript at 17:20-23, 19:14-17. 20:7, 35:24-25 ("THE COURT: . . . I will expect that that's going to be turned immediately -- that is, the Schick discovery that is relevant to this case. . . . But I guess I want to bite off -- at least stick my teeth into -- what seems to be a large portion of discovery that's out there and available to get that put into the initial disclosure context. . . . But the idea is to get that Schick discovery. . . . I mean, what I said is anything that's relevant to this case.")

   (4) Replace "in the *Schick* litigation pending in the District of Connecticut" with "in any *Schick* proceeding involving the M3Power Razor, such as, but not limited to, the *Schick* proceedings in the District of Connecticut, Germany, and Australia." (Transcript at 35:17-25 ("MR. STRENIO: And, Your Honor, if I may, also, with respect to the issue of expert discovery, since we mentioned the initial disclosure of all the discovery that's been done in Schick, that disclosure and that discovery has included expert testimony, expert depositions not only in the Schick case, but also in previous cases in Germany, Australia. That expert discovery should be disclosed to us initially now. THE COURT: I mean, what I said is anything that's relevant to this case.")

   (5) Delete ", provided that an appropriate protective order has been entered as of the time for such initial disclosures." (Transcript at 16:13 - 17:1 ("THE COURT: Why are there confidentiality agreements particular to Schick? Schick gets to look at this stuff under the protective order because you're concerned about trade secrets being disseminated. Why doesn't the same protective order apply to these plaintiffs? MR. WOLKOFF: Well, frankly, Your Honor, there are documents that are highly proprietary and have no bearing whatsoever on this case relating to

Schick's market share, Gillette's market share, competitive posturing vis-a-vis each other. Other products are on -- THE COURT: Okay. So, make a motion for privilege -- to privilege certain of these documents if that's what they are. Presumably, the ones that are covered by a protective order have already been preliminarily identified.")

    (6)  Delete "shall be obliged to provide" with shall provide, within 10 days after the filing of the Consolidated Complaint,".

    (7)  Replace "withheld as not relevant" with "withheld as not relevant or privileged." (Transcript at 27:4-7 ("THE COURT: . . . If you're withholding things for purposes of -- that are relevant for initial disclosure, broadly conceived, that deal with the question of privilege, you will have a privilege log. MR. WOLKOFF: Yes, Your Honor.")

So, in the end, paragraph 4 reads: "Plaintiffs shall make the disclosures set forth in Fed.R.Civ.P. 26(a)(1) within 10 days after the filing of the Consolidated Complaint. Defendant shall make its disclosures set forth in Fed.R.Civ.P. 26(a)(1) by February 22, 2006. Defendant's initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall include, without limitation, any relevant discovery that has been previously produced in any *Schick* proceeding relating to the M3Power Razor, such as, but not limited to, the *Schick* proceedings in the District of Connecticut, Germany, and Australia. Defendant shall provide to Plaintiffs on February 22, 2006 a log identifying any documents withheld as not relevant or privileged."

5. Okay.

6. Add: "Fact discovery may proceed at the same time as class certification discovery; class certification and fact (merits) discovery are not bifurcated." (Transcript at 27:25 ("MR. KANNER: . . . I don't have a problem with class discovery, except to the extent that the defendants are going to say that that in some sense stays or prioritizes or shuts down merits discovery. THE COURT: I don't read this proposal in that fashion. What I read it to say is that these are keyed off of the time period from initial disclosure; that within 60 days, there will be completion of the fact discovery. MR. KANNER: As long as we all share that understanding, I'm fine. THE COURT: Is there any dispute about that? MR. WOLKOFF: Not that I know of, Your Honor. THE COURT: Okay. So we all do.")

7.d. Add "days" after "45".

8. Okay.

9. Add a provision 9.d. stating "A plaintiff may bring a dispositive motion before the close of expert discovery." ("Transcript at 34:16-19 ("MR. KANNER: -- if we feel we have a dispositive motion that we want to file before the completion of expert discovery, may we do that? THE COURT: Yes. . . ..")

10. Delete this provision in its entirety. Stating that "A final pre-trial conference and trial date shall be determined by the Court at a later time" is unnecessary. Moreover, the District Court recognized that, under *Lexicon*, it has no jurisdiction, without the plaintiff's consent, to try a case that was not filed in its court. (Transcript at 13:1-3 ("MR. KANNER: Under, for example, Lexicon, you're only going to try cases that started here. THE COURT: Right.") Therefore, a provision for a final pre-trial conference and trial date is inappropriate in a scheduling order governing all the cases.

-----Original Message-----
From: Szpak, Mark P. [mailto:Mark.Szpak@ropesgray.com]
Sent: Thursday, January 26, 2006 4:05 PM
To: gwade@maklawyers.com; tshapiro@shulaw.com; ed@hagens-berman.com; dpastor@gilmanpastor.com; ken@quatlaw.com; Lharke@harkeclasby.com; alankovacs@yahoo.com; russellawood@cox-internet.com; a.kanner@kanner-law.com; James Strenio; Taras Kick; DonaldAmamgbo@citycom.com; info@glancylaw.com; pklingman@sfmslaw.com; b.barnow@barnowlaw.com; kjm@ftllaw.com; glaw123@aol.com; mgardy@abbeygardy.com; edwardcochran@adelphia.net; steveschwartz@chimicles.com; jyork@pgandr.com; mitch@kslegal.com; reggiet2@aol.com; Ldrurylaw@aol.com; bgibson@pgandr.com; dmillen@muchshelist.com; skanner@muchshelist.com; C.Green@kanner-law.com; joseph@sarrafgentile.com; RStone@lawssb.com; hmhewell@yahoo.com
Cc: Shanahan, Emily C.
Subject: RE: M3Power Cases: Proposed CMO

Counsel:
Enclosed is a further draft of the proposed order circulated yesterday, which we have revised to show comments we have accepted and to remove matters addressed in the Court's Case Management Order and

Order for Consolidation entered today. A redline is also enclosed. Again, please give us any comments by the close of business on Friday, January 27, 2006. -- Mark Szpak

&lt;&lt;Cover Letter for Revised Scheduling Order.PDF&gt;&gt; &lt;&lt;Revised Scheduling Order.PDF&gt;&gt; &lt;&lt;Redline for Revised Scheduling Order.PDF&gt;&gt;

**Szpak, Mark P.**

| | |
|---|---|
| **From:** | Szpak, Mark P. |
| **Sent:** | Monday, February 06, 2006 5:25 PM |
| **To:** | 'Lance Harke'; 'Taras Kick'; 'gwade@maklawyers.com'; 'tshapiro@shulaw.com'; 'ed@hagens-berman.com'; 'dpastor@gilmanpastor.com'; 'ken@quatlaw.com'; 'alankovacs@yahoo.com'; 'russellawood@cox-internet.com'; 'a.kanner@kanner-law.com'; 'James Strenio'; 'DonaldAmamgbo@citycom.com'; 'info@glancylaw.com'; 'patrick klingman'; 'b.barnow@barnowlaw.com'; 'kjm@ftllaw.com'; 'glaw123@aol.com'; 'mgardy@abbeygardy.com'; 'edwardcochran@adelphia.net'; 'steveschwartz@chimicles.com'; 'jyork@pgandr.com'; 'mitch@kslegal.com'; 'reggiet2@aol.com'; 'Ldrurylaw@aol.com'; 'bgibson@pgandr.com'; 'dmillen@muchshelist.com'; 'skanner@muchshelist.com'; 'C.Green@kanner-law.com'; 'joseph@sarrafgentile.com'; 'RStone@lawssb.com'; 'hmhewell@yahoo.com'; 'mgodino@glancylaw.com'; 'mmgoldberg@glancylaw.com'; 'Howard Bushman'; 'Tom@hbsslaw.com' |
| **Cc:** | Shanahan, Emily C. |
| **Subject:** | RE: M3Power Litigation -- Further Revised Scheduling Order |

Counsel -- Attached please find a final Proposed Scheduling Order, which incorporates all of the comments you have provided that appeared to comport with the Court's statements at the January 23 conference. Also attached is a redline showing the changes we added today, to accommodate certain of the comments in the e-mail Mr. Strenio sent out on Friday evening.

Based on all the communications we have received, and assuming there are no objections to the changes shown in the accompanying redline, we understand the attached form to be acceptable to counsel for plaintiffs in at least 21 of the 25 cases. **We therefore plan to file the attached version with the Court no later than 6:00 p.m. EST tomorrow, Tuesday, February 7.** We believe the comments in Mr. Strenio's e-mail that we have not included are inconsistent with the January 23 scheduling conference, are already dealt with by the changes that have been made at the request of other counsel, or were not addressed at the January 23 conference and are best left for resolution after "Lead/Liason Counsel" is appointed. We understand Mr. Strenio in any event to speak for plaintiffs' counsel only in *Adoure, Corrales, Pruitt* and *Gonzales.\*/*

If the attached form is not acceptable to counsel, please let us know immediately, and in any event no later than noon tomorrow. Given that it will be more than two weeks since the conference on January 23, we do not believe this submission can or should be further delayed. We assume that any counsel finding the form not acceptable will submit their own alternative.

-- Mark Szpak

\*/ Mr. Strenio's e-mail indicated he also spoke for (a) lawyers in the Baker firm, but they are counsel only in *Smith*, which has been voluntarily dismissed, and (b) lawyers in *Atkins* and *Falkner*, but we understand they already have given their approval through the Harke firm.

 

further_revised_sc   redline_v6_7.pdf
heduling_ord...      (117 KB)