UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL CASES** | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

## RESPONSE TO OBJECTIONS TO PROPOSED SCHEDULING ORDER

Gillette submits this brief response to the Objections to Defendant's Proposed Scheduling Order (the "Objections") filed by counsel for plaintiffs in *Corrales*, *Adoure*, *Pruitt*, *Gonzales*, *Atkins*, and *Falkner* (the "Objecting Counsel").

Even using the Objections' manner of tallying agreement among counsel, more than two-thirds of plaintiffs' counsel have joined in the Proposed Scheduling Order filed on February 7, 2006, which was submitted by Gillette on behalf of itself and all the plaintiffs assenting thereto. During the process of drafting and commenting on the Proposed Scheduling Order, the same objections as are now set out in the Objections were circulated among all counsel by one of the Objecting Counsel. Most of the plaintiffs' counsel in the case did not concur in those objections. And for good reason. In terms of conformance with the proceedings at the January 23, 2006 scheduling conference, as well as pragmatic case management, the objections asserted by the Objecting Counsel are not well-founded.

1. <u>Date for production of "Schick Materials."</u>  During the colloquy at the January 23, 2006 scheduling conference, the Court initially indicated that Gillette should produce relevant materials from the *Schick* case within 30 days but then *modified* its comments to require that Gillette include such materials in its initial disclosures, due after Lead Counsel is appointed and

9939072_3

no later than 10 days after the filing of plaintiffs' Consolidated Complaint. Far from "veto[ing]" the Court's comments, *see* Objections at 3, the Proposed Scheduling Order conforms with the Court's determination at the conclusion of the colloquy. *See* Tr. at 26-27.

2.    Protective Order. The Objecting Counsel disparage the need for entry of an appropriate protective order by suggesting that materials produced in the *Schick* litigation are no longer confidential because Schick Manufacturing Inc. ("Schick") and Gillette are competitors. *See* Objections at 6. In fact, pursuant to the protective order in the *Schick* case, much of the production by both Schick and Gillette was made on an attorneys' eyes only basis, specifically to prevent the release of highly confidential information to each other or to non-parties. There is no "escape hatch" here, *id.*, and the accusation to that effect by the Objecting Counsel is wholly unwarranted.

3.    Materials produced by Schick and any other third parties in the *Schick* litigation. The Objecting Counsel object that the Proposed Scheduling Order requires Gillette's initial disclosure to include materials produced by Gillette in the *Schick* litigation, but does not reach materials produced by Schick itself. No plaintiff at the January 23, 2006 scheduling conference raised this issue as one that needed to be handled at the time of initial disclosures, and, indeed, under the protective order entered in the *Schick* case, Gillette is *prohibited* from releasing any confidential Schick materials to third parties. Any need for those materials by any party in this case will necessarily need to be worked out under arrangements different from those that apply to Gillette's initial disclosures – arrangements as to which Schick itself will no doubt have a substantial interest.

4.    No Express Reference to *Schick* Litigations Beyond Connecticut, Germany, and Australia. At the January 23, 2006 conference, one of the Objecting Counsel asked that Gillette's initial disclosures include materials from litigations with Schick in Germany and Australia. The

Proposed Scheduling Order provides for that, expressly. The Objecting Counsel now object, however, that the phrasing of the Proposed Scheduling Order should be changed to encompass any "Schick action" elsewhere, and they proffer for the first time a definition of what that should include. Those are precisely the kind of further discovery matters that are best left for discussion with Lead Counsel once appointed. Gillette fully understands the Court's instruction that its initial disclosures should include relevant materials from its litigation with Schick. Of course, Gillette intends to comply, and anticipates its initial disclosure production to be substantial and fulsome. If there is any question as to what additional actions elsewhere are likely sources of any further relevant materials, Gillette is fully prepared to discuss that issue with Lead Counsel and address any request for production at that time.

5. *Privilege Log*. The Proposed Scheduling Order duly notes that Gillette shall be obliged to provide a log of documents withheld on grounds of privilege or relevance. The timing of such matters presents again precisely the kind of discovery issue that is commonly managed by counsel among themselves without requiring Court intervention, and, not surprisingly, was not raised by any plaintiff at the January 23, 2006 scheduling conference. Gillette is fully prepared to discuss this issue directly with Lead Counsel after Lead Counsel is appointed.

6. *Simultaneous Class and Fact Discovery*. During the preparation of the Proposed Scheduling Order, one of the Objecting Counsel objected that the drafts being circulated should provide more clearly than they already did that Class Discovery and Fact Discovery would not be bifurcated. In response, the Proposed Scheduling Order was edited further so that there could be no reasonable basis for that concern (*i.e.*, the Proposed Scheduling Order expressly provides that Class Discovery and Fact Discovery would both commence at the time of initial disclosures). The Objecting Counsel nonetheless continue to object that the Proposed Scheduling Order could somehow permit bifurcation. It does not, this objection has been

addressed, and the continued assertion of this objection by the Objecting Counsel is without basis.

WHEREFORE, Gillette respectfully requests that the Court approve and enter a Scheduling Order in the form submitted by Gillette, on behalf of itself and the other assenting counsel, on February 7, 2006.

THE GILLETTE COMPANY
By its attorneys,

/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO# 643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: February 17, 2006