UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>M3 POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | CIVIL ACTION NO: C.A. No. 05-11177<br>(LEAD CASE)<br><br>MDL Docket No: 1704 |

**DEARMAN GROUP'S RESPONSE TO APPLICATIONS OF
THE McGEARY GROUP AND THE ATKINS GROUP**

The "Dearman Group" (consisting of 21 plaintiffs in 15 actions) respectfully submits this unified response and opposition to the applications of the "McGeary Group" and the "Atkins Group" that their counsel be appointed Lead Counsel in this consolidated action.

**I.   RESPONSE TO THE McGEARY GROUP'S MOTION**

1. **The McGeary Group's Argument That Since it is One of Three Plaintiffs Groups, One of its Members Should be Appointed a Lead Counsel, is Unpersuasive**

The McGeary Group motion proceeds from the premise that there are three pre-existing groups of plaintiffs and that, in order to be inclusive, each group should have a representative as a lead counsel. In fact, there was no pre-existing "Dearman Group". Many of these firms are complete strangers to one another.

On the contrary, the plaintiffs in 15 of the 25 pending cases in this consolidated proceeding came together in this case because they agreed on the need for lead and liaison counsel, and determined that the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach") and Shapiro Haber & Urmy LLP ("Shapiro") were best suited to serve as lead counsel in this particular case and the Shapiro firm best suited to be liaison

counsel.[1]  (The reasons that these two firms are best suited are set forth in the Dearman Group's Memorandum of Law, filed January 13, 2006 and below.)

At bottom, the only real complaint of the McGeary Group is that one of their number has not been proposed as a lead counsel.  But not every firm that has filed a case against Gillette can be a lead counsel.[2]  The fact that plaintiffs in these 15 cases did not decide that Mr. Barnow or Mr. Harke would best represent the interests of the class, as opposed to the Lerach or Shapiro firms (not to mention any number of other firms with substantial resources and experience in litigating consumer class actions), does not mean that, in the McGeary Group's words, they refused "to adequately promote a broad-based plaintiffs' group and leadership structure."  McGeary Group Motion, at 5.  Indeed, the 15 cases (and 24 different law firms) that have proposed the Lerach and Shapiro firms as co-lead counsel constitute a "broad-based plaintiffs' group" that has asserted claims under the laws of 27 states, claims for a nationwide class under a claim for unjust enrichment, and claims for a nationwide class entitled to relief under Massachusetts General Laws c. 93A.

Furthermore, the Lerach and Shapiro firms proposed to Mr. Harke and Mr. Barnow that they were amenable to having a steering committee of plaintiffs' counsel with either Mr. Barnow or Mr. Harke as a member, if that would produce agreement as to the organization

---

[1]   The term "Dearman Group" was coined for purposes of convenience in filing an application for appointment of lead and liaison counsel on behalf of all of the plaintiffs who joined in the application.

[2]   At least several firms in the Dearman Group expressed a desire to be lead counsel, and each of these firms have the experience and resources to represent the class effectively.  Abbey Gardy, LLP and The Wexler Firm LLP were originally proposed as additional co-lead counsel, but they acceded to the suggestion of a number of counsel at the November 16, 2005 organizational meeting that there be fewer than four lead counsel.  If the Court believes that additional lead counsel, or a steering or executive committee is appropriate, these firms believe they are better qualified than the Barnow, Harke or Kanner firms to serve in such a position.

of plaintiffs' counsel. That proposal was rejected, and Mr. Barnow has consistently refused to accept any organizational structure in which he is not a lead counsel.

### 2. The Work Done in This Action

The McGeary Group touts the work it has done in this case as justification for appointment of Mr. Barnow as lead counsel. However, consideration of this factor strongly supports appointment of the Lerach and Shapiro firms as co-lead counsel, since the progress that has been made in this case to date is largely the result of the work done by those firms, or other firms supporting their leadership role.

First, the earliest cases filed in this District, the logical forum for cases against Gillette, were filed by the Lerach and Shapiro firms and by other counsel who support them: the Dearman case was filed in this District on June 7, 2005, the Windom case was filed on June 8, 2005, the Tuñón case was filed on June 9, 2005, and the Kenessky case was filed on June 17, 2005.[3]  On the other hand, Mr. Barnow filed his case in Illinois on July 22, 2005 and Mr. Harke filed his case in Massachusetts on June 23, 2005.

Second, counsel in the Windom case, who support the appointment of Lerach and Shapiro, filed the motion with the Judicial Panel on Multidistrict Litigation, and argued the motion before the panel, which resulted in all of these actions being transferred to the District of Massachusetts.

Third, Mr. Shapiro invited all plaintiffs' counsel to an organizational meeting in Boston which was held on November 16, 2005. See Affidavit of Thomas G. Shapiro filed

---

[3] Plaintiffs supporting Lerach and Shapiro also were early filers in other districts, including the Moore case filed on June 7, 2005, the Marr case filed on June 8, 2005, the Gorea and Jackson cases filed on June 9, 2005, the Adkison case filed on June 13, 2005, the Meyers case filed on June 17, 2005 and the Coleman case filed on June 20, 2005.

3

January 13, 2006, at paragraphs 8-10. Mr. Barnow and Mr. Harke chose not to attend this meeting.

Fourth, the Shapiro firm sent a demand letter to Gillette pursuant to Massachusetts General Laws Chapter 93A, which resulted in a settlement proposal by Gillette. As a result of that proposal, the Lerach and Shapiro firms, along with the Abbey Gardy and Wexler firms, commenced settlement discussions with counsel for Gillette in July 2005. These firms negotiated a confidentiality agreement with Gillette and then were able to obtain from Gillette some confidential financial information pertaining to the razor at issue. The confidentiality agreement and the financial information were later shared with other firms.

Finally, the Shapiro firm, being based in Boston, was able to meet in person with counsel for Gillette and make substantial progress in negotiating a schedule and plan for discovery in this case pursuant to the Court's Notice of Scheduling Conference dated December 1, 2005.

In short, the progress that has been made in this case to date is largely the result of the work done by counsel in the Dearman Group.

### 3.  The Experience and Expertise of Counsel

The McGeary Group acknowledges that the Lerach firm and the Shapiro firm "are experienced and capable attorneys". McGeary Group Motion, at 5. The plaintiffs in 15 of the cases in this consolidated proceeding decided to support the application of the Lerach and Shapiro firms because of their extensive experience and expertise, and the resources they bring to this case. The Shapiro firm is located in Boston and is well known for its expertise in class actions. See Shapiro Affidavit, at ¶18 and firm resume at Exhibit A. The Lerach firm is one of the largest, if not the largest, firms among the class action bar, with

4

150 lawyers in nine offices. This case will be litigated out of the firm's New York office, which is much closer to Boston than either Mr. Barnow (Chicago) or Mr. Harke (Miami). See Shapiro Affidavit, at ¶ 20 and firm resume at Exhibit B. The McGeary Group advances no reason why Mr. Barnow, or Mr. Harke, would better represent the interests of the class than the Lerach and Shapiro firms.

### 4. The Resources of Proposed Counsel

The McGeary Group offers the summary conclusion that it will commit the resources necessary to represent the Class. That being said, the Lerach firm and the Shapiro firm bring much greater resources to bear on representation of the interests of the Class. *See* the Lerach and Shapiro firm resumes attached to the Shapiro Affidavit as Exhibits A and B. Mr. Barnow appears to be a sole practitioner.

## II. THE ATKINS GROUP'S APPLICATION

The application of Allan Kanner to be named a lead counsel on behalf of all of the consolidated actions comes as a surprise, in light of his previous efforts to emphasize the differences between his cases and the remaining 23 cases in this MDL proceeding. Mr. Kanner's co-counsel in the Corrales case opposed the motion for transfer and coordination or consolidation before the MDL panel. Mr. Kanner and his co-counsel filed a motion to remand the Adoure case, and they have filed a notice of appeal from this Court's denial of that motion. The Dearman Group does not understand how Mr. Kanner can pursue that appeal and at the same time seek to be a lead counsel for the remaining cases.

In any event, the Atkins Group's application is based on two mistaken premises. First, the application asserts that the Dearman Group is unwilling to work with other counsel. This is simply not the case.

As described in the Shapiro Affidavit, the Shapiro firm invited all counsel, including attorneys Kanner and Kick, to an organizational meeting in Boston. The purpose of the organizational meeting was to obtain the input of all firms involved in the case and to make a group decision on leadership. Neither Mr. Kanner nor Mr. Kick (like Messrs. Barnow and Harke) chose to attend the meeting. Other members of the Atkins Group (Messrs. Amambgo, Terrell, Rubinstein and Dodd) attended the meeting and did not object to the organizational structure proposed at the meeting, other than to join in the suggestion that it would be better to have fewer than four steering committee members as originally proposed.[4] See Shapiro Affidavit, paragraphs 11-12.

Furthermore, the concept of a steering committee, including representatives from both the Barnow/Harke group and the Kanner/Kick group, was proposed to them at various times but was rejected by both groups. It was also explained that if there were to be additional lead counsel, there was no principled reason to have Mr. Kanner as a lead counsel, as opposed to The Wexler Firm which had filed one of the first cases and which initiated the MDL proceedings, the Abbey Gardy firm, or for that matter a Boston firm such as Gilman and Pastor or Law Office of Alan L. Kovacs, which also have substantial class action experience.

Nor is there merit to the assertion of the Atkins Group that the lead structure proposed by the Dearman Group resulted from the fact that "groups that filed together, tend to stay together." Atkins Group Application, at 2. The Dearman Group is not composed of plaintiffs or cases that were filed together. For example, the plaintiffs in the Kenessky,

---

[4] It was originally proposed at that meeting that The Wexler Firm and Abbey Gardy also be lead counsel. After consideration of the suggestion of several counsel present, those firms later agreed to withdraw in order to have a more efficient lead counsel structure. *See,* Note 1 *supra.*

6

Saunders, Adkison, Moore, Gorea and Jackson actions did not join in the initial Dearman Group application filed January 13, 2006, but more recently joined in support of the Dearman Group application. See Dearman Group's Supplemental Statement in Support of Application for Appointment of Class Counsel, filed February 10, 2006. Moreover, the Windom, Johnson, Marr, Geis, Rosenthal, Coleman and McGlynn actions were all filed entirely independently of the Dearman and Tuñón cases filed by the Lerach and Shapiro firms.[5]

Second, the Atkins Group makes the unsupported assertion that "the Dearman and McGeary Groups had been falling over each other to close separate deals" and they are "scrambling to settle without a credible threat of litigation." Id. at 2. There has been no "falling over" and no "scrambling", and the accusation is insulting and unfounded. The facts are that the Shapiro firm, as counsel for Massachusetts resident Adam Kline, sent a demand letter to Gillette as required by Massachusetts General Laws Chapter 93A. Counsel for Gillette responded to that demand, as well as to Chapter 93A demands sent by other attorneys, with a settlement offer. Understandably, settlement discussions ensued, with a meeting held in July 2005. Much later, when it was learned that Gillette's counsel had also entertained limited settlement discussions with other firms (primarily Mr. Barnow), the Shapiro and Lerach firms proposed that there be a moratorium on settlement discussions until the court appoints lead counsel.

The accusation that there has not been "a credible threat of litigation" (Atkins Group Application, at 2) is equally baseless. Counsel in the Dearman Group played a leading role

---

[5] While the Shapiro firm, being located in Boston, filed complaints on behalf of the Lerach firm's clients, Dearman, Debiseglia, and Tuñón, the Shapiro firm independently represents its own client Adam Kline, a Massachusetts resident, who is a plaintiff in the Tuñón action.

7

in negotiating the proposed Joint Scheduling Report and Joint Scheduling Plan, which provides for initial disclosures, class certification discovery, merits discovery and expert discovery, among other things.

The Lerach and Shapiro firms, as well as other counsel in the Dearman Group, have a history of vigorous litigation, including jury trials and appeals. They stand second to no one in their demonstrated ability and willingness to commit whatever resources are necessary to bring a case to a successful conclusion.

### III. THE ORGANIZATIONAL STRUCTURES PROPOSED BY THE McGEARY AND ATKINS GROUPS ARE UNDULY CUMBERSOME AND INEFFICIENT AND THEY ARE PREMATURE

The McGeary Group's proposed organizational structure provides for four co-lead counsel,[6] a steering committee of 15 lawyers, and eight committees, each with a chairman or co-chairmen. McGeary Group Motion, Ex. A, at ¶¶ 1 a, b and d-k.

The Atkins Group proposes that Mr. Kanner be named lead counsel, with three persons from the Atkins Group named to a five person executive committee, presumably with the Dearman Group and the McGeary Group each having one position on the executive committee.

The Dearman Group submits that these proposed structures are unduly cumbersome and inefficient. Work assignments, including formation of committees, will be made in the course of the litigation as the need may arise. However, an executive committee consisting of five attorneys from Louisiana (Kanner), Texas (Dodd) and

---

[6] The McGeary Group Motion variously seeks appointment of Mr. Barnow as the lead counsel or one of the lead counsel (McGeary Group Motion at 1 and 2), the appointment of Mr. Barnow and Mr. Shapiro as co-lead counsel (*id.* at 3), and four co-lead counsel consisting of Messrs. Shapiro, Rudman, Barnow and Harke. *Id.* at Ex. A, paragraph 1a.

8

California (Amambgo), as well as from two other states to be determined, is unnecessarily inefficient. Equally, a 14 lawyer steering committee as proposed by the McGeary Group is inefficient and unwieldy.[7]

## IV.  CONCLUSION

For the reasons above stated, and for the reasons stated in the Dearman Group's Memorandum of Law and Shapiro Affidavit, filed January 13, 2006, it is respectfully requested that the Court appoint the Lerach and Shapiro firms as co-lead counsel, and the Shapiro firm as liaison counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that the Court enter the [Proposed] Order submitted herewith.

Dated: February 24, 2006

Respectfully submitted,

s/Thomas G. Shapiro
Thomas G. Shapiro BBO #454680
Theodore Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tel:   (617) 439-3939

Samuel H. Rudman
Robert M. Rothman
LERACH COUGHLIN STOIA GELLER RUDMAN &
        ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Tel: (631) 367-7100

**Counsel in Dearman, No. 05-11177**

---

[7] The 14 attorneys on the McGeary Group's proposed steering committee come from Louisiana, New Jersey, Illinois, New York, California, Massachusetts, Tennessee, Texas, Michigan and Ohio.

Kenneth A. Wexler
Edward A. Wallace
THE WEXLER FIRM LLP
One North LaSalle St., Suite 2000
Chicago, IL 60602
Tel:    (312) 346-2222

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel:    (617) 482-3700

C. Brooks Cutter
Mark J. Tamblyn
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, 19th Floor
Sacramento, CA 95814
Tel: (916) 448-9800

Charles A. McCallum
R. Brent Irby
MCCALLUM, HOAGLUND, COOK & IRBY, LLP
2062 Columbiana Road
Vestavia Hills, AL 35216
Tel: (205) 824-7767

*Counsel in Windom, No. 05-11207*

Thomas G. Shapiro BBO #454680
Theodore Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tel:    (617) 439-3939

Corey Holzer
Michael I. Fistel
HOLZER & HOLZER, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338
Tel: (770) 392-0090

*Counsel in Tuñón, No. 05-11208*

David Pastor
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700

Jason L. Brodsky
Evan J. Smith
Marc L. Ackerman
BRODSKY & SMITH LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: (610) 667-6200

*Counsel in Kenessky, No. 05-11272*

David Pastor
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700

Jason L. Brodsky
Evan J. Smith
Marc L. Ackerman
BRODSKY & SMITH LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: (610) 667-6200

**Counsel in *Saunders*, No. 05-11425**

Alan L. Kovacs
LAW OFFICE OF ALAN L. KOVACS
2001 Beacon Street, Suite 106
Boston, MA 02135
Tel: (617) 964-1177

Steven A. Kanner
Douglas A. Millen
MUCH SHELIST FREED DENENBERG AMENT RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 521-2000

Harry Shulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
Tel: (414) 455-1326

Daniel R. Karon
GOLDMAN SCARLATO & KARON
55 Public Square, Suite 1500
Cleveland, OH 44113
Tel:    (216) 622-1851

Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
117 South 17th Street, 22nd Floor
Philadelphia, PA 19103
Tel: (214) 564-5182

***Counsel in Johnson, No. 05-11455***

Frank L. Watson, III
William F. Burns
WATSON BURNS, PLLC
One Commerce Square, Suite 2600
Memphis, TN 38103
Tel: (901) 578-3528

Russell Allen Wood
GLASSMAN, EDWARDS, WARD & WYATT PC
26 North Second Street
Memphis, TN 38103
Tel: (901) 527-4673

***Counsel in Adkison, No. 05-12331***


Lionel Z. Glancy
Michael Goldberg
GLANCY, BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150

***Counsel in Marr, No. 05-12334***

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH LLC
65 Main Street
Chester, CT 06412
Tel: (860) 526-1100

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel: (617) 482-3700

Kenneth A. Wexler
Edward A. Wallace
THE WEXLER FIRM LLP
One North LaSalle St., Suite 2000
Chicago, IL 60602
Tel:    (312) 346-2222

***Counsel in Geis, No. 05-12367***


Karen Marcus
Mila F. Bartos
FINKELSTEIN, THOMPSON & LOUGHRAN
1050  30th Street, N.W.
Washington, D.C. 20007
Tel: (202) 337-8000

***Counsel in Rosenthal, No. 05-12369***


Joseph J. DePalma
Susan D. Pontoriero
LITE, DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Tel: (973) 623-3000

Mark C. Gardy
Henry Young
ABBEY GARDY, LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700

***Counsel in Coleman, No. 05-12374***


Steven A. Schwartz
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500

Karen Marcus
Mila F. Bartos
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
Tel: (202) 337-8000

***Counsel in McGlynn, No. 05-12376***


Jason B. Rudd
Jon A. York
PENTECOST, GLENN & RUDD, PLLC
106 Stonebridge Boulevard
Jackson, TN 38305
Tel: (731) 668-5995

***Counsel in Moore, No. 05-12377***


Frank L. Watson
William F. Burns
WATSON BURNS, PLLC
One Commerce Square, Suite 2600
Memphis, TN 38103
Tel: (901) 578-3528

Arthur Horne
Murray Wells
HORNE & WELLS, PLLC
81 Monroe Avenue, Suite 400
Memphis, TN 38103
Tel: (901) 507-2520

*Counsel in Gorea, No. 05-12378*


Brandon O. Gibson
Pentecost, Glenn & Rudd, PLLC
106 Stonebridge Boulevard
Jackson, TN 38305
Tel: (731) 668-5995

*Counsel in Jackson, No. 05-12379*


## Certificate of Service

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as nonregistered participants on the 24th day of February, 2006.

                                              /s/Thomas G. Shapiro
                                              Thomas G. Shapiro