UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | CIVIL ACTION NO. 05-11177 DPW |
| M3POWER RAZOR SYSTEM | ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES | ) |  |
| LITIGATION | ) | MDL Docket No. 1704 |
|  | ) |  |
| THIS DOCUMENT RELATES TO: | ) |  |
| **ALL CASES** | ) |  |
|  | ) |  |

## [PROPOSED] CASE MANAGEMENT ORDER #2

WHEREAS, this Court in its Case Management Order and Order for Consolidation, dated January 26, 2006, ordered that all motions for appointment of Lead/Liaison counsel be filed by February 10, 2006, and any oppositions thereto be filed by February 24, 2006;

WHEREAS; three applications for appointment of Lead/Liaison counsel have been filed;

WHEREAS, the Court heard oral argument on said motions on March 6, 2006;

IT IS HEREBY ORDERED as follows:

1.   **Organization of Plaintiffs' Counsel.**

   a.   **Plaintiffs' Co-Lead Counsel**

   The Court hereby appoints as Plaintiffs' Co-Lead Counsel: Ben Barnow of the law firm of Barnow and Associates, P.C. and Robert Rothman of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

    **b.**    **Plaintiffs' Liaison Counsel**

The Court hereby appoints as Plaintiffs' Liaison Counsel: Thomas G. Shapiro of the law firm of Shapiro Haber & Urmy LLP.

    **c.**    **Plaintiffs' Steering Committee**

The Court hereby designates as the Plaintiffs' Steering Committee the following attorneys:

1. Lance A. Harke of the law firm of Harke & Clasby LLP.
2. Donald Amamgbo of the law firm of Amamgbo & Associates.
3. Alan Kovacs of Law Office of Alan Kovacs.
4. Kenneth Wexler of The Wexler Firm LLP.

2. **Plaintiffs' Co-Lead Counsel's Powers and Responsibilities**.

    a.    Plaintiffs' Co-Lead Counsel shall be responsible for initiating, coordinating and supervising the efforts of all Plaintiffs' counsel in such tasks as Co-Lead Counsel may assign in such a manner as to ensure that pre-trial and trial proceedings are conducted effectively, efficiently and economically and shall:

        (i)    Organize and develop a litigation plan on behalf of all Plaintiffs;

        (ii)    Conduct settlement negotiations and receive all settlement communications as the exclusive representatives on behalf of all Plaintiffs and the putative class;

(iii) Prepare and finalize all pleadings, briefs, motions and other papers and argue motions on behalf of all Plaintiffs, except that nothing shall foreclose other Plaintiff's counsel, upon motion for leave to do so granted by the Court, to file motions or argue matters the Court determines may be presented separately by other Plaintiff's counsel;

(iv) Determine the scope of, initiate, and conduct discovery on behalf of Plaintiffs, including the preparation of interrogatories, requests and subpoenas for production of documents, and the examination of witnesses in depositions;

(v) Delegate and oversee specific tasks to Plaintiffs' counsel in a manner to assure that pre-trial preparation for the Plaintiffs is conducted effectively, efficiently, and economically;

(vi) Consult with and retain consultants and experts;

(vii) Act as spokespersons at pre-trial conferences and mediations;

(viii) Enter into stipulations with opposing counsel reasonable and necessary for the conduct of the litigation;

(ix) Preside over meetings of the Plaintiffs' Steering Committee and provide status reports as they deem appropriate, either orally or in writing, to Plaintiffs' Steering Committee;

(x) Maintain adequate time and expense records covering services of all Plaintiffs' counsel;

(xi) Monitor the activities of all Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and funds are avoided;

(xii) Advise the Plaintiff Steering Committee of settlement proposals and obtain the Plaintiff Steering Committee's input and comments regarding same; and

(xiii) Perform such other duties as may be incidental to proper coordination of Plaintiffs' pre-trial and trial activities, or as otherwise authorized by further order of the Court.

Notwithstanding the foregoing, Plaintiffs' Co-Lead Counsel may authorize other Plaintiffs' counsel to perform any of the responsibilities set forth in Paragraphs 2(a)(iii), (iv), (vii), and (viii). An agreement reached with Plaintiffs' Co-Lead Counsel shall be binding on all other Plaintiffs' counsel and the Plaintiffs' Steering Committee.

3. **Plaintiffs' Liaison Counsel's Powers and Responsibilities**.

    a. Plaintiffs' Liaison Counsel shall:

        (i) File with the Court and serve all pleadings, briefs, motions or other papers presented or to be presented on behalf of plaintiffs;

        (ii) Serve as liaison counsel with the Court and the Clerk's Office on behalf of plaintiffs;

        (iii) Coordinate and monitor all activities pertaining to the Protective Order entered herein;

        (iv) Present to the Court such motions as Co-Lead Counsel may from time to time ask him to present and generally make himself available to facilitate the orderly and efficient handling of the litigation;

        (v) Maintain an up-to-date service list; and

        (vi) Maintain a complete file of documents served by or upon each party, except such documents as may be available at a document depository.

4. **Plaintiffs' Steering Committee's Powers and Responsibilities.**

The Plaintiffs' Steering Committee is consultative to Plaintiffs' Co-Lead Counsel. Its members shall perform work assignments, along with other Plaintiffs' counsel who, from time to time receive assignments, as designated by Plaintiffs' Co-Lead Counsel.

5.  **Electronic Filing and Service**

All submissions shall be filed with the Court electronically as provided in Local Rule 5.4(A). All counsel who have appeared or hereafter choose to appear shall register for electronic case filing and service unless otherwise ordered by the Court.

SO ORDERED.

_____
Douglas P. Woodlock
United States District Judge


Dated: _____