UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| In re: | ) | CIVIL ACTION NO. 05-11177-DPW |
| M3POWER RAZOR SYSTEM | ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | MDL Docket No. 1704 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| **ALL CASES** | ) | |
| | ) | |

## <u>JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER</u>

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, Plaintiffs'

Co-Lead Counsel, Plaintiffs' Liaison Counsel, and The Gillette Company hereby jointly move

the Court to enter the attached Stipulated Protective Order.

WHEREFORE, the parties request that the Court grant their joint motion and enter the

attached Stipulated Protective Order in the above-captioned consolidated action.

Respectfully submitted,

/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO# 643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Counsel for Defendant The Gillette Company*


/s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO #454680)
SHAPRIO HABER & URMY LLP
53 State Street
Boston, MA  02109
(617) 439-3939

*Plaintiffs' Liaison Counsel*


/s/ Robert Rothman
Robert Rothman
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
(631) 367-7100

- and -

/s/ Ben Barnow
Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 460
Chicago, IL  60602
(212) 349-7950

*Plaintiffs' Co-Lead Counsel*

Dated:  March 15, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| In re: ) | CIVIL ACTION NO. 05-11177-DPW |
| M3POWER RAZOR SYSTEM ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES ) | |
| LITIGATION ) | MDL Docket No. 1704 |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| **ALL CASES** ) | |
| ) | |

STIPULATED PROTECTIVE ORDER

Gillette, Plaintiffs' Co-Lead Counsel and Plaintiffs' Liaison Counsel having submitted

this Protective Order, and the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED:  That this Protective Order shall apply to all actions that

have been consolidated as *In re M3Power Razor System Marketing and Sales Practices*

*Litigation*, MDL.  No. 1704, Civil Action No. 05-11177-DPW (Lead Case), and all actions that

in the future have been transferred to, or have otherwise been made part of, MDL No. 1704 for

coordinated or consolidated proceedings (collectively referred to herein as "the M3Power

Litigation"); and that each Party to the M3Power Litigation, and anyone else who may

subsequently subscribe to this Stipulated Protective Order (by execution of the

CONFIDENTIALITY UNDERTAKING annexed hereto or by agreement on the record) agrees

with and is ordered by the Court to abide in the following provisions:

1.    This Order shall govern all discovery materials produced or disclosed by the

Parties or a producing non-Party (each, a "Producing Person") during the M3Power Litigation,

including but not limited to the following:  documents, data and information, initial disclosures,

answers to interrogatories, answers to deposition questions, responses to requests for admission,

affidavits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, or

otherwise.  The term "Party" shall include the following:  the named plaintiffs in the underlying

actions that have been, or in the future are, made part of, and consolidated in, the M3Power

Litigation and Gillette, including all predecessors and successors of Gillette, all present

divisions, subsidiaries, or affiliates of Gillette, all current joint ventures, partnerships, or limited

partnerships in which Gillette is a joint venturer or a limited or general partner, and all directors,

officers, employees, agents or representatives of Gillette.

      2.     Material designated for protection under this Order ("Protected Material") shall be

categorized by the Producing Person into one of the following classifications:  (a)

CONFIDENTIAL or (b) HIGHLY CONFIDENTIAL.  The "CONFIDENTIAL" designation

shall be appropriately applied to any document or information that the Producing Person

determines, reasonably and in good faith, to constitute confidential research, development,

financial, technical, or commercial information, personal information, or other information the

receiving Party and non-Parties would not have access to but for this lawsuit.  The "HIGHLY

CONFIDENTIAL" designation shall be used for non-public information that the Producing

Person determines, reasonably and in good faith, to constitute highly sensitive technical or

business information.  Such "HIGHLY CONFIDENTIAL" information may include, but is not

limited to, product sales and pricing information, strategic business plans, certain proprietary

testing methodologies and raw data of testing, trade secrets, information relating to pending and

not yet published patent applications, and information or documents that relate to any Gillette

products that are under development.

      3.     To designate and categorize information contained in discovery material that is

produced in written form as "CONFIDENTIAL" Protected Material, the Producing Person shall

stamp "[Name of Producing Person] - Confidential," or similar language, on each page of such discovery material, including a Bates number on each page. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

4.    Protected Material designated and categorized as "CONFIDENTIAL" pursuant to Paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the Producing Person or as otherwise expressly provided in this Protective Order:

(a)    Counsel of record for each Party in the M3Power Litigation, as well as attorneys at such law firms of record who are assisting in the conduct of this litigation.

(b)    Authorized secretarial, clerical, and legal assistant staff of counsel of record for the Parties who are necessary to assist in the conduct of this action, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.

(c)    Named plaintiffs in the underlying actions that have been, or in the future are, made part of, and consolidated in, the M3Power Litigation who, prior to disclosure, execute the CONFIDENTIALITY UNDERTAKING annexed hereto.

(d)    Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent necessary for the conduct of this action, but only if those persons are not officers, directors, or employees of, or consultants to, a competitor of Gillette. The Parties hereto agree to use best efforts to adopt appropriate procedures to protect Protected Material

designated "CONFIDENTIAL" from disclosure by such consultants or experts to a competitor of Gillette.  Plaintiffs agree not to disclose any such Protected Material designated "CONFIDENTIAL" to such persons unless and until such procedures either have been agreed to by the Parties, or have been so ordered by the Court.  See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

(e)     Any witness during the course of depositions in this action or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING annexed hereto, except that as for any witness who fails to so agree, the Parties shall use best efforts to adopt appropriate procedures to maintain the confidentiality of Protected Material designated "CONFIDENTIAL."  Plaintiffs agree not to disclose any such Protected Material designated "CONFIDENTIAL" to such a witness unless and until such procedures either have been agreed to by the Parties, or have been so ordered by the Court.

(f)     Any court reporters and videographers who record and/or transcribe depositions or other testimony in this action.

(g)     The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the Parties.

Information or documents designated "CONFIDENTIAL" shall not be disclosed to others, including any putative or actual member of any putative or certified plaintiff class, except as provided in this Paragraph.

5.    To designate and categorize information contained in discovery material that is produced in written form as "HIGHLY CONFIDENTIAL" Protected Material, the Producing Person shall stamp "[Name of Producing Person] – Highly Confidential," or similar language, on each page of such discovery material, including a Bates number on each page.  The designation and classification of information as "HIGHLY CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

6.    Protected Material designated and categorized as "HIGHLY CONFIDENTIAL" pursuant to Paragraph 5 above may be disclosed only to the following persons, except upon the prior written consent of the Producing Person or as otherwise expressly provided in this Protective Order:

(a)    Counsel of record for each Party in the M3Power Litigation, as well as attorneys at such law firms of record who are assisting in the conduct of this litigation.

(b)    Authorized secretarial, clerical, and legal assistant staff of counsel of record for the Parties who are necessary to assist in the conduct of this action, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.

(c)    Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent necessary for the conduct of this action, but only if those persons are not Parties to this action and are not officers, directors, or employees of, or consultants to, a competitor

Gillette.  The Parties hereto agree to use best efforts to adopt appropriate procedures to protect Protected Material designated "HIGHLY CONFIDENTIAL" from disclosure by such consultants or experts to a competitor of Gillette.  Plaintiffs agree not to disclose any such Protected Material designated "HIGHLY CONFIDENTIAL" to such persons unless and until such procedures either have been agreed to by the Parties, or have been so ordered by the Court.  See Paragraph 8 with respect to required execution of the CONFIDENTIALITY UNDERTAKING annexed hereto prior to disclosure.

(d)    Any witness during the course of depositions in this action or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING attached hereto, and provided further that Plaintiffs have a good faith belief that any such person likely had knowledge related to the confidential information contained therein and provided that such document or information is not left in the possession of the deponent.  If any witness fails to agree to the terms and conditions of this Order, the Parties shall use best efforts to adopt appropriate procedures to maintain the confidentiality of Protected Material designated "HIGHLY CONFIDENTIAL."  Plaintiffs agree not to disclose any such Protected Material designated "HIGHLY CONFIDENTIAL" to such a witness unless and until such procedures either have been agreed to by the Parties, or have been so ordered by the Court.

(e)    Any court reporters and videographers who record and/or transcribe depositions or other testimony in this action.

(f)     The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the Parties.

(g)     Information or documents designated "HIGHLY CONFIDENTIAL" shall not be disclosed to others, including any putative or actual member of any putative or certified plaintiff class, except as provided in this paragraph.  Nothing contained herein shall foreclose the disclosure of such information to named plaintiffs designated as proposed class representatives or certified class representatives solely and exclusively for the purpose of evaluating any proposed settlement of this litigation.  See Paragraph 8 with respect to required execution of the CONFIDENTIAL UNDERTAKING annexed hereto prior to disclosure.  Such named plaintiffs shall not be provided copies of the materials designated "HIGHLY CONFIDENTIAL."

7.     Counsel for a Producing Person may redact material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b), and thus may produce documents for inspection either in a redacted or unredacted form.  However, any document from which material is masked must identify in the redacted area that redaction has occurred.  The reason for any such redaction and a general description of the material redacted sufficient to test the privilege or immunity claimed must be stated either on the document itself or on a log provided to the receiving party.  In the event of any dispute as to the propriety of the redaction, the Party objecting to the redaction may submit the issue to the Court for review and determination.  Nothing in this paragraph supersedes the terms of the Scheduling Order entered by the Court on March 7, 2006.

8.      No disclosure of Protected Material shall be made pursuant to Subparagraphs
4(c), 4(d), 4(e), 6(c), 6(d), or 6(g) unless and until the person to whom the information is to be
disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing
a "CONFIDENTIALITY UNDERTAKING" in the form annexed hereto and shall agree to
maintain the information in a separate and identifiable file, access to which is appropriately
restricted, to the extent such person is permitted under the terms of this Protective Order to retain
copies of any Protected Material.

9.      A Party shall file a motion to impound pursuant to Local Rule 7.2 before filing,
using, reproducing, or paraphrasing in any pleading, memorandum, or hearing any and all
discovery materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."
Prior to using any discovery materials designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL" in open court, counsel shall confer regarding such procedures as are
necessary to protect the confidentiality of the Protected Material, including, without limitation,
providing the Producing Person with an opportunity to move the Court to close the proceedings.

10.     If a Party objects to a designation of information as "CONFIDENTIAL" material
or "HIGHLY CONFIDENTIAL" material under this Order, the objecting Party shall notify the
Producing Person in writing of its request to have the designation modified or withdrawn.  The
notice shall identify the information in question, and shall specify in reasonable detail the reason
or reasons for the objection.  Within 10 calendar days of the receipt of such notice, the Producing
Person shall respond in writing either withdrawing the designation, or setting forth in reasonable
detail the reasons why the Producing Person believes the information is entitled to the designated
status, or modifying the designation and setting forth in reasonable detail the reasons why the
Producing Person believes the information is entitled to the modified designation.  At that time

the objecting Party may apply for a ruling from the Court on the continued status of the information.  Upon any such application to the Court, the burden of making a prima facie showing as to why the designation is improper shall be on the objecting Party.  The ultimate burden of showing that the designation is proper shall be on the Producing Person.  The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

11.    Each individual who receives any "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

12.    The recipient of any "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material that is provided under this Order shall maintain such information in a secure and safe area, and shall take all necessary and appropriate measures to ensure the continued confidentiality of such material.

13.    Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document.  During deposition or trial testimony, counsel may disclose documents produced by Gillette to current employees and officers of Gillette.

14.    Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized under Paragraphs 2, 3, and 5 by the Producing Party by: (a) indicating on the record at the deposition that the testimony or other

material is designated as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material under this Order; (b) notifying Gillette's counsel and Plaintiffs' Liaison Counsel in writing of such designation prior to the deposition; or (c) by making such a designation in writing to counsel for Gillette and Plaintiffs' Liaison Counsel within 21 calendar days after receipt of the transcript of such deposition.  Any such designation must be pursuant to the standards set forth in Paragraph 2 of this Order.  In order to facilitate designations pursuant to subparagraph (c), unless otherwise agreed to in writing by the Producing Person, all deposition transcripts shall be treated in a manner consistent with a designation of "HIGHLY CONFIDENTIAL" material made under Paragraph 5 until 21 calendar days from receipt by the parties of the transcript.  The court reporter shall designate and categorize those portions of deposition transcripts which are considered to be Protected Material with an appropriate legend under either Paragraph 3 or Paragraph 5 and shall separate portion(s) of transcripts and deposition exhibits that contain Protected Material from those portion(s) of transcripts and deposition exhibits that do not.

15.    In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Protected Material, counsel for that Party may request that all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order shall leave the room during the time in which this information is disclosed or discussed.

16.    All material produced in the M3Power Litigation shall only be used in connection with the preparation, trial and appeal, if any, of the M3Power Litigation and shall not be used for any other purpose or use or disclosed to any other person or entity unless otherwise agreed to beforehand in writing by the Parties or if the Court so orders.

17.    If a Producing Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or work-product, or otherwise protected from disclosure, the Producing Party shall inform counsel for Gillette and Plaintiffs' Liaison Counsel of the inadvertent production in writing, and counsel for Gillette and Plaintiffs' Liaison Counsel shall take reasonable steps to ensure that all known copies of any such documents are returned promptly to the Producing Party.  After the return of the documents, a Party may contest Producing Party's claim(s) of privilege, work-product, or other immunity from disclosure and submit such issue to the Court for determination.  That determination shall be made without regard to the substance of the document that has been produced.

18.    If a Producing Party determines that it has inadvertently failed to designate documents or materials as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material, it may do so by giving written notice to counsel for Gillette and Plaintiffs' Liaison Counsel of the new designation as being either "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material.  All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof shall promptly return all known copies of any such documents to the Producing Person.  Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production.  After the return of the documents, the designation may be challenged by the returning Party pursuant to Paragraph 10, which challenge shall be made without regard to the fact that any such document has been re-designated or produced without first being designated.

19.    Nothing contained in this Order shall preclude a Producing Party from using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses, without the prior consent of any other Party or of this Court.

20.    Within 60 calendar days after the final termination of this action, including any appeals, all Parties and non-Parties shall return all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material to the respective Producing Person or, upon the concerned Producing Person's written consent, shall destroy all Protected Material, all copies thereof, and all notes and other materials that contain or refer to Protected Material, and all Parties who possessed such Protected Material shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Person.  Notwithstanding the foregoing, Plaintiffs' Co-Lead and Plaintiffs' Liaison Counsel and counsel of record for Gillette shall be permitted to retain one copy each of documents filed with the Court or served in this proceeding, including correspondence with opposing counsel, one copy of each trial and deposition transcript, and one copy of each trial and deposition exhibit, which copies shall remain subject to the terms of this Order.

21.    If a Party in possession of Protected Material obtained from a Producing Person receives a subpoena or other form of compulsory process seeking production or other disclosure of such information, it shall immediately give written notice to the Producing Person, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process, unless otherwise prohibited by law.  Where possible, such notice shall be given to the Producing Party at least 10 calendar days prior to production or disclosure called for by the subpoena or other form of compulsory process.  The person subject to the subpoena or other

form of compulsory process shall not produce or disclose the requested information without the

consent of the Producing Person or until ordered to do so by a court of competent jurisdiction,

provided that the Producing Person makes a timely motion or other application for relief from

the subpoena or other form of compulsory process in the appropriate forum.

22.    The treatment accorded Protected Material under this Order shall survive the

termination of this action.

IT IS SO ORDERED:

Dated this ____ day of _____, 2006.

_____
Douglas P.  Woodlock
United States District Judge

**Exhibit A**

## AGREEMENT CONCERNING MATERIAL COVERED BY A STIPULATED PROTECTIVE ORDER IN M3POWER LITIGATION

I, the undersigned, hereby acknowledge that I have read the attached Stipulated Protective Order and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential" information or "Highly Confidential" information pursuant to the terms of said Protective Order, any document or any information designated as "Confidential" information or "Highly Confidential" information or any copies or extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned cases solely for the purposes of this case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of enforcing said Protective Order:


Date: _____          Signature: _____

                                                          Type or print name: