**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | CIVIL ACTION NO. 05-11177-DPW |
| ) | (LEAD CASE) |
| M3POWER RAZOR SYSTEM ) | |
| MARKETING & SALES PRACTICES ) | MDL Docket No. 1704 |
| LITIGATION ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| **ALL CASES** ) | |

**PLAINTIFF CARLOS CORRALES'
(1) OBJECTION TO THE "CONSOLIDATED" AMENDED COMPLAINT, AND
(2) MOTION FOR ORDER ALLOWING PLAINTIFF CARLOS CORRALES TO
PROCEED UNDER HIS OWN COMPLAINT AND WITH HIS OWN COUNSEL;
MEMORANDUM OF REASONS**

**OBJECTION AND MOTION**

Plaintiff Carlos Corrales ("Corrales") hereby objects to the "Consolidated" Amended Complaint and moves for an order allowing him to proceed under his own complaint instead of the "Consolidated" Amended Complaint. Corrales also hereby moves for an order allowing him to proceed with his own counsel instead of Lead Counsel with respect to his complaint, dispositive motions relating to his complaint, and class certification proceedings with respect to his alleged putative California class.

Pursuant to LR 7.1(d), Corrales, believing that oral argument may assist the Court and wishing to be heard, requests oral argument on this motion.

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And
(2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

1

**MEMORANDUM OF REASONS WHY THE MOTION SHOULD BE GRANTED**

**I.    INTRODUCTION**

The "Consolidated" Amended Complaint filed by Lead Counsel violates this Court's instructions on January 23, 2006 and Scheduling Order of March 7, 2006. The "Consolidated" Amended Complaint is <u>not</u> a <u>consolidated</u> complaint. Instead, the "Consolidated" Amended Complaint (while lifting many allegations from Corrales' complaint and Plaintiff Kasem Adoure's complaint) fails to name Corrales (or Adoure) as a plaintiff, fails to include a California state-only class as alleged by Corrales, and appears to be advocating the Massachusetts Consumer Protection Act over the consumer protection acts of California.

The effect of the "Consolidated" Amended Complaint is the improper dismissal of Corrales as a plaintiff (in addition to all of the other now unnamed plaintiffs in the 25 actions) and the improper dismissal of Corrales' California state-only class action. And, Lead Counsel's apparent attempt to manufacture a national class, by applying the Massachusetts Consumer Protection Act instead of California's consumer protection statutes to the California class members, cannot succeed because, among other reasons, it would violate the Due Process and Full Faith and Credit Clauses of the United States Constitution.

Corrales therefore should be allowed to proceed with his own complaint instead of the "Consolidated" Amended Complaint and with his own counsel instead of Lead Counsel. *See*, *e.g.*, In re Storage Technology Corp. Sec. Litig., 630 F.Supp. 1072, 1074 (D. Colo. 1986) (an MDL proceeding where the transferee court allowed an objecting plaintiff to opt out of a consolidated complaint and to proceed under the original complaint filed in the transferor court);

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

2

In re Energy Systems Equipment Leasing Sec. Litig., 642 F.Supp. 718, 723 (E.D. N.Y. 1986) (another MDL proceeding where a consolidated complaint was filed for five of the seven transferred actions and the original complaints were retained for the two other transferred actions that would ultimately be returned for trial to the forums in which they were originally commenced); In re Equity Funding Corp. of American Sec. Litig., 416 F.Supp. 161, 170 n. 2 (C.D. Cal. 1976) (another MDL proceeding where the actions were coordinated using a consolidated complaint with the exception of sixteen actions presenting individual or factual issues that did not "fit the pattern cut by the [unified complaint]").

## II.  DISCUSSION

### A.  This Court ordered that a <u>consolidated</u> complaint be filed.

As this Court recognizes, the actions that were transferred to this Court as part of this MDL proceeding involved various claims, various state laws, and various class definitions. Transcript of 01/23/2006 proceedings at 9:22-25 ("THE COURT: . . . I understand that there are a variety of different kinds of claims addressing a variety of different classes under – pressing under various consumer protection statutes in various states").

In this post-CAFA and post-Lexecon[1] era – where multi-district litigation includes actions that have been brought under varying state law and varying class definitions and that have been transferred for coordination or consolidation pursuant to 28 U.S.C. § 1407 but are

---

[1] Lexecon Inc., v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998)

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

3

entitled to return to the transferor courts for trial[2] – a consolidated complaint is problematic at best.  *See*, *e.g.*, Herr, David F., Annotated Manual for Complex Litigation Fourth (2005), Section 20.14, p. 255 ("In the post-*Lexecon* context involving questions of state law and anticipating remand [for trial] to the district where each action was filed, master complaints can be problematic given the requirement that each state's substantive law may apply"); In re Propulsid Prods. Liab. Litig., 208 F.R.D. 133, 141 (E.D. La. 2002) ("Some commentators have astutely observed that master complaints in class actions may create substantive problems despite their intended purpose as an administrative vehicle to streamline the litigation.  These concerns are well founded") (citations omitted);  *cf.* Diana E. Murphy, *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597, 600 (1991) (a consolidated complaint is well suited to cases involving violations of the same federal antitrust (or securities) laws).

This Court itself, in ordering a consolidated complaint, realized that it ultimately might not work in this case:

> "THE COURT:  . . . The question of consolidated complaint is a way of ensuring some form of coordination here.  It may or may not work ultimately.  It may be a document so long that it looks like a Christmas tree at the end.  But it's one way of getting a handle around this case and understanding it."

Transcript of 01/23/2006 proceedings at 13:22 - 14:1.

---

[2]  Transcript of 01/23/2006 proceedings at 12:22 ("MR. KANNER: I think some Judges, not all MDL judges, sitting in your position, that some Judges who have sat in your position have said, `I don't know that consolidated complaint is always a plus.  Sometimes it is a plus.  Sometime it's not.'  Currently, you have a number of cases in front of you.  Under, for example, Lexicon [sic], you're only going to try cases that started here. THE COURT: Right.")  Corrales, of course, will not consent to trial in the transferee court.

When this Court ordered, over Corrales and Adoure's objection,[3] that a consolidated complaint be filed, this Court was clear that it would be a consolidated complaint, meaning that it would include all the plaintiffs, claims, and class definitions.

> "THE COURT: . . . I understand that there are a variety of different kinds of claims addressing a variety of different classes under – pressing under various consumer protection statutes in various states.
> . . .
> MR. KANNER: . . . I mean, for example, the proposal that was given to us was, `well, let's have a consolidated amended complaint. Let's create something new that didn't exist and bury out the real cases.
>
> THE COURT: *Why bury it out? Why wouldn't the obligation of lead or liaison counsel, whoever it is, bear the responsibility for preparing such a document, include it as Count 57, a California or consumer claim?*"

Transcript of 01/23/2006 proceedings at 9:22-25 and 10:21 - 11:4 (emphasis added).

### B.   The "Consolidated" Amended Complaint is **not** a consolidated complaint.

Lead Counsel, however, have not honored their responsibility to prepare a consolidated complaint. Instead of making the consolidated complaint look like a Christmas tree, lead counsel have cut it down to a piece of fire wood and one that fits in only their chimney.

The "Consolidated" Amended Complaint names as plaintiffs only the clients of Co-Lead Counsel and Liaison Counsel and their friends: *Mark Dearman* and *Anthony Debiseglia* (the clients of Co-Lead Counsel Samuel Rudman and Liaison Counsel Thomas Shapiro); *Javier Tunon* and *Adam Kline* (the clients of Liaison Counsel Thomas Shapiro); *Greg Besinger* (the client of Co-Lead Counsel Ben Barnow) and *Collin McGeary* (the client of Co-Lead Counsel Ben Barnow's co-counsel Lance Harke); and *Matthew Marr* (the client of the only California

---

[3] Transcript of proceedings of 01/23/2006 at 26:8-9.

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**
5

counsel aligned with Co-Lead Counsel Samuel Rudman, *i.e*., the only counsel in the Dearman Group who filed his complaint in California;  the counsel for all the other clients who filed their complaints in California aligned themselves with the Atkins Group).

The "Consolidated" Amended Complaint pleads only a national class and does not even plead state-only subclasses, instead dropping the California class alleged by Corrales.  The "Consolidated" Amended Complaint also appears to plead a consumer protection statute claim only under Massachusetts law.  And, the "Consolidated" Amended Complaint drops Corrales as a plaintiff.  In short, Lead Counsel have not filed a consolidated complaint.

The effect of the "Consolidated" Amended Complaint is the improper dismissal of Corrales as a plaintiff (in addition to all of the other now unnamed plaintiffs in the 25 actions).[4]

---

[4] *See*, *e.g*., Lamb v. Emhart Corp., 47 F.3d 551, 554 n. 1 (2nd Cir. 1995) ("The complaint in this case was originally filed as a class action with four named complainants. Plaintiffs later amended their complaint to drop two of the named plaintiffs and the class allegations were dismissed by the court, leaving only Lamb and Bradley as Plaintiffs in the amended complaint"); Att Sys. Co. v. Tylman, 2004 U.S. Dist. LEXIS 20857, *16-17 (N.D. Ill. 2004)  ("As to Defendants' prayer that Plaintiffs Lanning and Magdiarz be dismissed with prejudice from the suit for failure to be named in Plaintiffs' Second Amended Complaint, the court states that all parties not named in Plaintiffs' Amended Complaint are not parties to the stated action"); Alexis v. District of Columbia, 44 F.Supp.2d 331, 335 n. 2 (D. D.C. 1999) ("The defendants list `Valencia Bray' as a plaintiff in this consolidated action, but the plaintiffs' amended complaint does not name this individual as a plaintiff"); *see also* Jones v. Board of Trustees of the Univ. of Illinois, 1986 U.S. Dist. LEXIS 26472, *2 (N.D. Ill. 1986) ("As defendant Gamble is not named in the amended complaint, plaintiff's motion is moot.  However, the Court notes for the record that, through the filing of the amended complaint, Gamble has been dismissed without prejudice from this action").

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

The effect of the "Consolidated" Amended Complaint is also the improper dismissal of Corrales' California state-only class action.[5]

Lead Counsel, by filing a consolidated amended complaint, is not allowed to dismiss plaintiffs or classes or claims:

> "Courts have interpreted Rule 42(a) to authorize the filing of a unified or master complaint in cases consolidated for both pretrial discovery and for trial. [Citations omitted.] In both situations, *consolidation is not supposed to `merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another*.' *See* 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2382, at 255 (1971) (hereinafter `Wright & Miller'). Rather, consolidation is intended only as a procedural device used to promote judicial efficiency

---

[5] *See*, *e.g.*, Macklin v. Spector Freight Systems, Inc., 478 F.2d 979, 985 n. 9 (D.C. Cir. 1973) ("in their amended complaint, filed several days prior to the District Court's dismissal, plaintiffs appear to have dropped that aspect of their original complaint setting up defendant classes"); 8-41 Moore's Federal Practice - Civil § 41.21[2] ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a). In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules. . . . Consequently, some courts have suggested that the choice of rules is technical or immaterial"); *see also* Colbert v. Maricopa County, 2006 U.S.Dist.LEXIS 8538, *3 (D. Ariz. March 1, 2006) ("Plaintiff should note that all causes of action alleged in the original Complaint which are not alleged in the Amended Complaint are waived and defendants named in the original Complaint who are not named in the Amended Complaint are dismissed. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (`an amended pleading supersedes the original'); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those defendants named in the Amended Complaint"); Diaz v. Carlson, 1996 U.S.Dist.LEXIS 22155, *14-15 (C.D. Cal. 1996) ("If plaintiff chooses to file an amended complaint and fails to name any previously named defendant, or fails to re-allege facts relating to the claims previously raised, the court will construe the omission as plaintiff's consent to dismissal with prejudice of the omitted defendant(s) and/or claim(s)"); In re Universal Serv. Fund Tel. Billing Practices Litig., 300 F.Supp.2d 1107, 1141 n. 19 (D. Kan. 2003) ("AT&T and Sprint's arguments regarding plaintiffs' claims under New Jersey laws and for common law fraud, injunctive relief and punitive damage are now moot because plaintiffs' second amended complaint dropped those claims").

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

and economy. *See* Diana E. Murphy, *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597 (1991) (hereinafter `Murphy')."

Propulsid Prods. Liab. Litig., 208 F.R.D. at 141 (emphasis added); *see* Delaventura v. Columbia Acorn Trust, 2006 U.S.Dist.LEXIS 3620, *4 n. 2 (D. Mass. Feb. 1, 2006) ("MDL is said only to `concentrate' or `centralize' cases for pretrial proceedings rather than permanently consolidate them") (citations omitted).

### C. This Court should therefore enter an order allowing Corrales to proceed under his own complaint and with his own counsel.

#### 1. This Court should enter an order allowing Corrales to proceed under his own complaint.

Therefore, in is inarguable that, notwithstanding this Court's instructions to them to the contrary, and notwithstanding their fiduciary duty to all of the class members and to all the named plaintiffs who have been omitted in particular, Lead Counsel have intentionally and in breach of their fiduciary duty attempted to jettison named plaintiffs from this case against their will and against this Court's order, and have attempted to short change the single largest group of consumers in the country, *i.e.*, California residents, of the rights available to them under California's vastly superior consumer protection statutes. The current Lead Counsel have shown an absolute refusal to discharge their fiduciary duty towards these class members, yet alone to discharge the duty vigorously as required.

Accordingly, Corrales moves this Court to allow him to opt out of the "Consolidated" Amended Complaint and to instead proceed under his own complaint. *See*, *e.g.*, In re Storage Technology Corp. Sec. Litig., 630 F.Supp. 1072, 1074 (D. Colo. 1986) (an MDL proceeding

where the transferee court allowed an objecting plaintiff to opt out of a consolidated complaint and to proceed under the original complaint filed in the transferor court"); In re Energy Systems Equipment Leasing Sec. Litig., 642 F.Supp. 718, 723 (E.D. N.Y. 1986) (another MDL proceeding where a consolidated complaint was filed for five of the seven transferred actions and the original complaints were retained for the two other transferred actions that would ultimately be returned for trial to the forums in which they were originally commenced); In re Equity Funding Corp. of American Sec. Litig., 416 F.Supp. 161, 170 n. 2 (C.D. Cal. 1976) (another MDL proceeding where the actions were coordinated using a consolidated complaint with the exception of sixteen actions presenting individual or factual issues that did not "fit the pattern cut by the [unified complaint]").

     This parallel track allows this Court to respect Corrales' case while preserving the judicial efficiencies of shrinking the number of operative complaints in this case from approximately 25 to 2.  *See*, *e.g.*, *See* Diana E. Murphy, *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597, 600 (1991) ("Even if the consolidated complaint is limited to less than all of the issues or parties, a unified approach may still produce judicial efficiencies if the consolidated complaint effectively reduces the number of papers the court must review in determining pretrial issues").

> **2.  This Court should also order that Corrales – with respect to his complaint, dispositive motions relating to his complaint, and class certification proceedings with respect to the California class – be allowed to proceed with his own counsel instead of Lead Counsel.**

This Court should also order that Corrales – with respect to his complaint, dispositive motions relating to his complaint, and class certification proceedings with respect to the California class – be allowed to proceed with his own counsel (acting as interim lead counsel for the putative California class) instead of Lead Counsel.

Only Corrales' own counsel can adequately represent the putative California class. Lead Counsel cannot adequately represent the California class members because – as manifested in the "Consolidated" Amended Complaint – Lead Counsel is explicitly advocating a national class, implicitly advocating that all class members be treated the same, and also implicitly advocating that the Massachusetts Consumer Protection Act be applied to all class members nationwide.

The current Lead Counsel and the plaintiffs named in the "Consolidated" Amended Complaint plainly cannot satisfy the adequacy requirement for class certification *vis-a-vis* the California class members in light of the "Consolidated" Amended Complaint, in addition to their their bias and fiduciary allegiances and obligations to different classes, evidenced by their original complaints:

> ● Plaintiffs *Mark Dearman* and *Anthony Debiseglia* (represented by Co-Lead Counsel Samuel Rudman and Liaison Counsel Thomas Shapiro) filed their complaint in Massachusetts alleging a <u>Florida class</u> and a <u>New York class</u> for (i) unjust enrichment, (ii) violation of Florida's consumer protection act, and (iii) violation of New York's consumer protection act. These plaintiffs did not allege a national class, a California class, or claims under California's consumer protection statutes.

● Plaintiffs *Javier Tunon* and *Adam Kline* – represented by Liaison Counsel Thomas Shapiro filed their complaint in Massachusetts alleging a Georgia class and a Massachusetts class for only unjust enrichment. These plaintiffs did not allege a national class, a California class, or claims under California's consumer protection statutes (or even any other state's consumer protection statute).

● Plaintiff *Greg Besinger* (the client of Co-Lead Counsel Ben Barnow) filed his complaint in Illinois alleging a national class for (i) unjust enrichment and (ii) violation of Illinois' consumer protection act. This plaintiff did not allege a California class or claims under California's consumer protection statutes.

● Plaintiff *Collin McGeary* (the client of Co-Lead Counsel Ben Barnow's co-counsel Lance Harke) filed his complaint in Massachusetts alleging a national class for only unjust enrichment. This plaintiff did not allege a California class or claims under California's consumer protection statutes (or even any other state's consumer protection statute).

● Plaintiff *Matthew Marr* filed his complaint in California state court alleging a *national* class for (i) violation of the UCL (even though the UCL does not have extra-territorial application, *i.e.*, no application beyond California),[6] (ii) unjust enrichment, and (iii) negligent misrepresentation. This plaintiff did not allege a California class and did not allege claims under California's additional consumer protection statutes, *i.e.*, California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*. (the "CLRA") and California's False Advertising Law (Cal. Bus. & Prof. Code § 17500) (the "FAL").

These plaintiffs and their counsel are simply not adequate representatives for California class members. *See*, *e.g.*, In re Relafen Antitrust Litig., 221 F.R.D. 260, 280 and 286 (D. Mass. 2004) ( "`Indeed, named plaintiffs who would intentionally waive or abandon potential claims of absentee plaintiffs have interests antagonistic to those of the class'"); Clement v. American Honda Fin. Corp., 176 F.R.D. 15, 23-24 (D. Conn. 1997) (denying certification where, as a condition of class treatment, members were forced to forego their claims for unfair trade practices and statutory damages); *see also* Janik v. Rudy, Exelrod & Zieff, 199 Cal.App.4th 930

---

[6] *see*, *e.g.*, Norwest Mortgage, Inc. v. Superior Court, 72 Cal.App.4th 214, 222, 225-27 (1999)

(Cal. App. 2004) (holding that plaintiff stated a claim against class counsel for legal malpractice for omitting a consumer statute claim).

Lead Counsel cannot side-step the adequacy requirement by moving for certification of a national class. This is because, among other reasons, a national class action such as this cannot be certified under Federal Rules of Civil Procedure Rule 23. *See*, *e.g.*, In re Bridgestone / Firestone, Inc., 288 F.3d 1012, 1018 (7th Cir. 2002) ("state consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules"); Carnegie v. Household Int'l, Inc., 220 F.R.D. 542, 549 (N.D. Ill. 2004) (denying motion to certify national class based on consumer protection statutes); Lilly v. Ford Motor Co., 2002 U.S.Dist.LEXIS 5698, *5-6 (N.D. Ill. 2002) ("Similarly, class certification of Plaintiffs' claim for violation of consumer fraud is unmanageable. As this Court has noted in [Zapka v. Coca-Cola Co., 2000 U.S. Dist. LEXIS 16552 (N.D. Ill. 2000):] `The differences in the required proofs of the states (sic) [consumer fraud] statutes demonstrate that a nationwide certification would not be manageable because of the *multiple and different variables* that would have to be proved as to each class member'"); Stipelcovich v. DirectTV, Inc., 129 F.Supp.2d 989, 994 (E.D. Tex. 2001); Tylka v. Gerber Prods. Co., 178 F.R.D. 493, 498 (N.D. Ill. 1998) ("Here, Plaintiffs fail to meet their burden and demonstrate that the nuances of 50 consumer fraud statutes and 50 common laws are manageable. Although the Plaintiffs repeatedly state in conclusory fashion that the `consumer fraud laws reduce to general and manageable patterns,' no sincere effort is made by Plaintiffs to create such an amalgam. ... [Plaintiffs' proffer of four subclasses] seems overly simplistic in light of the nuances and

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

12

differences presented by the consumer fraud statutes.  Indeed, *a brief review of the applicable statutes reveals not only nuances, but differing standards of <u>proof</u>, procedure, <u>substance</u>, and remedies.*  In short, the court is not satisfied that Plaintiffs' have met their burden under Rule 23(b)(3). Therefore, individual issues of law predominate which preclude certification of a nationwide class seeking redress under the various states' consumer fraud statutes") (emphasis added) (certifying instead an Illinois-only class);  *see also* <u>In re LifeUSA Holding Inc.</u>, 242 F.3d 136, 148 (3d Cir. 2001) (adjudication involving individual determinations of, *inter alia*, state law "would not only be inordinately time consuming and difficult, but it would impermissibly transgress upon the required standards of fairness and efficiency").

Second, the unmanageability hurdle cannot be overcome by seeking the application of the Massachusetts Consumer Protection Act to California class members in lieu of California's consumer protection laws.

"California's consumer protection laws are among the strongest in the country." <u>Wershba v. Apple Computer</u>, 91 Cal.App.4th 224, 242 (Cal. App. 2000).  This is not hyperbole.

California's Consumers Legal Remedies Act (<u>Cal. Civ. Code</u> §§ 1750 *et seq*. (the "CLRA")) affords consumers the remedies of restitution, actual damages in the minimum amount of $1,000, punitive damages, and attorneys' fees.  <u>Cal. Civil Code</u> §1780(a) and (d). And, a consumer is entitled to a jury trial on his/her CLRA claim.  *See*, *e.g*., <u>Brockey v. Moore</u>, 107 Cal.App.4th 86, 98 (2003).  The rights and remedies afforded by the CLRA are so enshrined in California's public policy that California's Legislature expressly provided in the statute that

"[a]ny waiver by a consumer of the provisions of [the CLRA] is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751.

California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*. (the "UCL")) and California's False Advertising Statute (Cal. Bus. & Prof. Code §§ 17500 *et seq*. (the "FAL")) afford consumers the remedies of restitution, disgorgement, as well as fluid recovery (*cy pres*) to ensure that a defendant does not retain its illicit profits. Corbett v. Superior Court, 101 Cal.App.4th 649, 655 (Cal. App. 2002). And, the UCL is a strict liability statute where the plaintiff need show only that the public is likely to be deceived, even if the representation is true; a plaintiff does not need to show individualized proof of deception, reliance, or injury. Prata v. Superior Court, 91 Cal.App.4th 1128, 1137, 1144 (Cal. App. 2001).

In contrast, under the Massachusetts Consumer Protection Act: (i) the plaintiff has no right to a jury trial (*see*, *e.g*., Santos v. Sunrise Medical Inc., 351 F.3d 587, 590 n. 2 (1st Cir. 2003); Nei v. Burley, 446 N.E.2d 674, 679 (Mass. 1983)); (ii) punitive damages are not allowed (*see*, *e.g*., Prudential Ins. Co. v. Turner & Newall P.L.C., 1998 U.S.Dist.LEXIS 15960, *44-47 (D. Mass. 1998); and (iii) while treble damages are allowed, the court can order double damages instead (Mass. Gen. Laws Ch. 93(A) § 9(3)).

Thus, under California's choice-of-law analysis (or any state's choice-of-law analysis),[7] the Massachusetts Consumer Protection Act cannot be applied to California class members in lieu of California's consumer protection statutes because there is a fundamental conflict with California law and California has a materially greater interest in having its consumer protection acts govern the claims of California class members. *See*, *e.g.*, Washington Mutual Bank v. Superior Court, 24 Cal.4th 906, 916-17 (2001); America Online, Inc. v. Superior Court, 90 Cal.App.4th 1, 25 (2001); *see also* Delaventura v. Columbia Acorn Trust, 2006 U.S.Dist.LEXIS 3620, *14 (D. Mass. Feb. 1, 2006) ("Once trial is no longer a realistic alternative, bargaining shifts in ways that inevitably favor the defense. After all, a major goal of nearly every defendant is to avoid a public jury trial of the plaintiff's claims. Fact finding is relegated to a subsidiary role, and bargaining focuses instead on ability to pay, the economic consequences of the litigation, and the terms of the minimum payout necessary to extinguish the plaintiff's claims").

In short, to apply the Massachusetts Consumer Protection Act to California class members would violate the Due Process and Full Faith and Credit Clauses of the United States Constitution.

---

[7] "It is a well established principle that a federal court sitting in diversity must apply the choice-of-law rules of the forum state in determining which state's substantive law to apply in the case. Klaxon v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487 (1941). In the MDL setting, the forum state is usually the state in which the action was initially filed before it was transferred to the court presiding over the MDL proceedings" – which, in the case of Corrales and Adoure is California. In re Propulsid Prods. Liab. Litig., 208 F.R.D. 133, 140 (E.D. La. 2002); *see also* Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 822-23 (holding that an individualized choice-of-law analysis must be applied to each plaintiff's claim in a class action).

**Plaintiff Carlos Corrales' (1) Objection To "Consolidated" Amended Complaint, And (2) Motion For Order Allowing Plaintiff Carlos Corrales To Proceed Under His Complaint**

Likewise, any attempt at a global settlement that fails to account and provide for the greater rights afforded by California law will fail because it would not be approved as fair, reasonable, and adequate. *See*, *e.g.*, In re Heritage Bond Litig., 2005 U.S.Dist.LEXIS 13555, *37-38 (C.D. Cal. 2005) (reasonableness of settlement depends on whether it allocates "more of the settlement to class members with stronger claims on the merits"); In re Bankamerica Corp. Secs. Litig., 210 F.R.D. 694, 712 (E.D. Mo. 2002) (denying settlement approval because the plan of allocation fails to account for "the strength of [class members'] claims under California law"); In re Oracle Sec. Litig., 1994 U.S.Dist.LEXIS 21593, *3-4 (N.D. Cal. 1994) (reasonable to allocate more of the settlement to class members with stronger claims); *see generally* Delaventura v. Columbia Acorn Trust, 2006 U.S.Dist.LEXIS 3620, *13, 14, 17, 26 (D. Mass. Feb. 1, 2006) ("we denigrate fact finding in MDL practice in favor of global settlements with the result that the adversary process is skewed in favor of the rich and the powerful" – *i.e.*, in favor of the defendant; "Commentators generally agree that MDL practice favors the defense"; "MDL practice is perceived so clearly to favor the defense"; "Current Muti-District Litigation practice is seriously flawed in that it is perceived to proceed not on neutral principles but in a manner that favors defendants").

### III.  CONCLUSION

For the foregoing reasons, this Court must enter an order allowing Plaintiff Carlos Corrales to proceed under his own complaint instead of the "Consolidated" Amended Complaint and allowing him to be proceed with his own counsel instead of Lead Counsel with respect to his

complaint, dispositive motions relating to his complaint, and class certification proceedings regarding his alleged putative California class.

Dated: May 4, 2006                    Respectfully submitted,

By:   /s/ Taras Kick
Taras P. Kick
G. James Strenio
THE KICK LAW FIRM, APC
660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
(213) 624-1588
taras@kicklawfirm.com
james@kicklawfirm.com
Counsel for Plaintiffs
CARLOS CORRALES and KASEM ADOURE

KANNER & WHITELEY, LLC
Allan Kanner
Cynthia Green
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
A.Kanner@kanner-law.com
C.Green@kanner-law.com
Counsel for Plaintiffs
CARLOS CORRALES and KASEM ADOURE