**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Civil Action No. 05-cv-12336-DPW:<br><br>KASEM ADOURE,<br><br>    Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704<br><br><br>Civil Action No. 05-cv-12336-DPW |

**PLAINTIFF KASEM ADOURE'S MOTION FOR VOLUNTARY DISMISSAL**
**WITH PREJUDICE;  MEMORANDUM OF REASONS**

Pursuant to Federal Rule of Procedure 41(a), Plaintiff Kasem Adoure hereby moves for voluntary dismissal of his action (*Kasem Adoure v. The Gillette Company*, Civil Action No. 05-cv-12336-DPW) with prejudice – but reserving and without prejudice to his right to appeal this Court's order, issued on January 23, 2006, denying his motion to remand because the purpose and intention of the voluntary dismissal, and, indeed, the sole purpose and intention, is to facilitate, expedite, and seek immediate appeal of this Court's order denying his motion to remand given the First Circuit Court of Appeal's recent denial of his petition for review of that order on April 24, 2006 in Docket No. 06-8005.  *See*, *e.g*., Cashmere & Camel Hair Manufactur-

ers Institute, 284 F.3d 302, 308 (1st Cir. 2002) ("`the proper course of action is to file a motion for voluntary dismissal with prejudice, stating explicitly that the purpose is to seek immediate review of the interlocutory order in question'"); John's Insulation, Inc. v. L. Addison & Assocs. Inc., 156 F.3d 101, 107 (1st Cir. 1998) ("the proper way to appeal an interlocutory order is to move for a voluntary dismissal with prejudice"); BIW Deceived v. Local S6 Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 828 (1st Cir. 1997) ("`it is possible for a party to consent to a judgment and still preserve (its) right to appeal' a previous ruling on a contested matter in the case, as long as it `reserves that right unequivocally.' Such a reservation occurred here. The record makes manifest that the plaintiffs sought the entry of final judgment solely to facilitate an appeal of the district court's refusal to remand the suit") (citation omitted); Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir. 1985) (same); Oregon Bureau of Labor and Industries v. U.S. West Communications, Inc., 288 F.3d 414, 417 (9th Cir. 2002); Concha v. Longdon, 62 F.3d 1493, 1508 (9th Cir. 1995).

Dated: May 5, 2006                Respectfully submitted,

                By:   /s/ Taras Kick
                      Taras P. Kick
                      G. James Strenio
                      THE KICK LAW FIRM, APC
                      660 South Figueroa Street, Suite 1800
                      Los Angeles, California 90017
                      (213) 624-1588
                      taras@kicklawfirm.com
                      james@kicklawfirm.com
                      Counsel for Plaintiff
                      KASEM ADOURE

                      KANNER & WHITELEY, LLC
                      Allan Kanner
                      Cynthia Green

                    701 Camp Street
                    New Orleans, LA 70130
                    (504) 524-5777
                    A.Kanner@kanner-law.com
                    C.Green@kanner-law.com
                    Counsel for Plaintiff
                    KASEM ADOURE