# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>M3 POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>---<br>THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | MASTER DOCKET<br>Civil Action No. 05-11177<br>(Lead Case) |

## THE GILLETTE COMPANY'S ANSWER TO
## CONSOLIDATED CLASS ACTION COMPLAINT

The Gillette Company answers the numbered paragraphs of the Consolidated Class Action Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1.     Paragraph 1 of the Complaint purports to characterize the nature of the action brought by plaintiffs and contains legal conclusions to which no response is required.  To the extent Paragraph 1 contains allegations of fact, such allegations are denied.  Further answering, Gillette denies that this action is properly maintained as a class action within the terms of Federal Rule of Civil Procedure 23.

2.     As to the allegations of the first sentence of Paragraph 2 of the Complaint, such allegations are denied.  The allegations contained in the second and third sentences of Paragraph 2 of the Complaint purport to characterize Gillette's advertising for the M3Power razor, the content and mode of which speak for themselves and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertising, Gillette denies the same.  As to the allegations contained in the remaining sentence of Paragraph 2 of the Complaint, such allegations are denied.

3.      Gillette admits that its sales and revenue growth depend on a variety of factors and that Gillette's marketing includes advertising, but otherwise denies the allegations of Paragraph 3 of the Complaint in the form and manner alleged.

4.      Gillette denies the allegations set forth in Paragraph 4 of the Complaint in the form and manner alleged.

5.      Paragraph 5 of the Complaint purports to characterize the nature of the action brought by plaintiffs and therefore requires no response, but to the extent a response is required, Gillette denies the same, and further denies that plaintiffs are entitled to any relief in any respect.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  Defendant does not challenge subject matter jurisdiction.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required.  Defendant does not challenge venue.

## PARTIES

8.      Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 8 of the Complaint, and also as to whether Plaintiff Dearman purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 8, denying in particular the characterization of Gillette's advertisements as false and misleading.

9.      Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 9 of the Complaint, and also as to whether Plaintiff DeBiseglia purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 9, denying in particular the characterization of Gillette's advertisements as false and misleading.

10.     Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 10 of the Complaint, and also as to whether Plaintiff Marr purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 10, denying in particular the characterization of Gillette's advertisements as false and misleading.

11.     Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 11 of the Complaint, and also as to whether Plaintiff Kline purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 11, denying in particular the characterization of Gillette's advertisements as false and misleading.

12.     Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 12 of the Complaint, and also as to whether Plaintiff Besinger purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 12, denying in particular the characterization of Gillette's advertisements as false and misleading.

13.     Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 13 of the Complaint, and also as to whether Plaintiff McGeary purchased an M3Power razor after viewing Gillette's advertisements, but otherwise denies the remaining allegations of Paragraph 13, denying in particular the characterization of Gillette's advertisements as false and misleading.

14.     Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 14 of the Complaint, and also as to whether Plaintiff Tunon purchased an M3Power razor after viewing Gillette's advertisements,

but otherwise denies the remaining allegations of Paragraph 14, denying in particular the characterization of Gillette's advertisements as false and misleading.

15.    Gillette admits that it is a Delaware corporation with its principal place of business in Boston, Massachusetts, that it is one of the leading competitors in the wet shave razor market, and that wet shave sales have shown increases, but is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15.

## SUBSTANTIVE ALLEGATIONS

16.    Gillette admits that it began to advertise and sell the M3Power razor in the United States in or about May 2004, and that the M3Power razor is sold and advertised throughout the United States, but otherwise denies the remaining allegations of Paragraph 16 in the form and manner alleged.

17.    Gillette admits that the market for razors of varying types is significant in size and that Gillette is a leading competitor in that market, but otherwise denies the remaining allegations of Paragraph 17 in the form and manner alleged.

18.    Gillette admits that it pursues various business approaches to market its products, but otherwise denies the allegations of Paragraph 18 in the form and manner alleged.

19.    Gillette admits that it began to sell the M3Power razor in or about May 2004, but otherwise denies the remaining allegations of Paragraph 19 in the form and manner alleged.

20.    With respect to the first and second sentences of Paragraph 20, Gillette admits that the M3Power razor contains components that are similar in certain respects to other Gillette razor systems, and further that the M3Power razor has a battery powered feature which causes the M3Power razor to oscillate, but otherwise denies the remaining allegations in the first two sentences of Paragraph 20 in the form and manner alleged.  The third and fourth sentences of Paragraph 20 purport to characterize Gillette's advertisements for the M3Power razor, which

advertisements speak for themselves, and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertisements, Gillette denies the same.

21.     Paragraph 21 purports to characterize Gillette's advertisements for the M3Power razor, which advertisements speak for themselves, and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertisements, Gillette denies the same.

22.     Paragraph 22 purports to characterize Gillette's advertisements for the M3Power razor on its website, which advertisements speak for themselves, and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertisements, Gillette denies the same.

23.     Paragraph 23 purports to characterize Gillette's advertisements for the M3Power razor, which advertisements speak for themselves, and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertisements, Gillette denies the same.

24.     Paragraph 24 purports to characterize Gillette's advertisements for the M3Power razor, which advertisements speak for themselves, and as such no response is required, but to the extent such allegations deviate from the actual statements in the advertisements, Gillette denies the same.

25.     Gillette denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Gillette admits that one of its competitors, Schick, sued Gillette in Germany with respect to certain aspects of Gillette's advertising for the M3Power razor, but otherwise denies the allegations of Paragraph 26 in the form and manner alleged.

27.     To the extent the allegations of Paragraph 27 purport to characterize documents or filings relating to or made in other court proceedings, Gillette states that such documents or filings speak for themselves and as such no response is required. To the extent plaintiffs' allegations include any characterization of any documents relating to other court proceedings varying from their actual content, such allegations are denied. Gillette is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     Paragraph 28 of the Complaint purports to summarize the legal import of a decision in another action that speaks for itself and otherwise draws legal conclusions, and as such no response is required, except that Gillette denies the characterization of its advertisements as deceptive.

29.     Gillette admits that it began airing new television commercials for the M3Power razor in the United States on or about January 31, 2005, which television commercials speak for themselves, but to the extent such allegations deviate from the actual statements in the commercials, Gillette denies the same.

30.     Gillette denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint purports to summarize the legal import of a written decision in another action that speaks for itself and otherwise draws legal conclusions, and as such no response is required. To the extent plaintiffs' allegations include any characterization of the court's decision varying from its actual content, such allegations are denied.

32.     Gillette denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Gillette denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Gillette denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Gillette denies the allegations set forth in the first two sentences of Paragraph 35 of the Complaint.  As to the third sentence of Paragraph 35, Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations.

36.     Gillette denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Gillette denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Gillette denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Gillette denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint purports to describe the nature of the relief requested, as well as legal argument and opinion purportedly supporting such relief, and as such no response is required, but to the extent a response is required, denied.

41.     Paragraph 41 of the Complaint purports to describe the nature of the relief requested, as well as legal argument and opinion purportedly supporting such relief, and as such no response is required, but to the extent a response is required, denied.

42.     Paragraph 42 of the Complaint purports to describe the nature of the relief requested, as well as legal argument and opinion purportedly supporting such relief, and as such no response is required, but to the extent a response is required, denied.

## CLASS ACTION ALLEGATIONS

43.     Paragraph 43 of the Complaint purports to characterize the nature of the action brought by plaintiffs and therefore requires no response, but to the extent a response is required, Gillette denies that this action is properly maintained as a class action within the terms of Federal Rule of Civil Procedure 23.

44.     Paragraph 44 of the Complaint purports to characterize the nature of the action brought by plaintiffs and therefore requires no response, but to the extent a response is required,

Gillette denies that this action is properly maintained as a class action within the terms of Federal Rule of Civil Procedure 23.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, denied.  Further answering, to the extent Paragraph 45 of the Complaint contains allegations of fact, Gillette is without knowledge or information sufficient to form a belief as to the truth of such allegations.

46.     Paragraph 46 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, denied.  Further answering, to the extent Paragraph 46 of the Complaint contains allegations of fact, such allegations are denied.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, denied.

48.     Paragraph 48, as well as sub-paragraphs 48(a) through 48(f), contain legal conclusions to which no response is required, but to the extent a response is required, denied.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, denied.  Further answering, to the extent Paragraph 49 of the Complaint contains allegations of fact, such allegations are denied.

## COUNT I

50.     Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-49 of the Complaint.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.    Denied.

## COUNT II

57.    Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-56 of the Complaint.

58.    Gillette admits that in or about May 2004, it began to run advertisements for the M3Power razor in the United States, which advertisements speak for themselves, but otherwise denies the remaining allegations of Paragraph 58 in the form and manner alleged.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

## COUNT III

67.    Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-66 of the Complaint.

68.    Gillette admits that in or about May 2004, it began to run advertisements for the M3Power razor in the United States, which advertisements speak for themselves, but otherwise denies the remaining allegations of Paragraph 68 in the form and manner alleged.

69.    Gillette admits that since May 2004, it has sold, and certain consumers have purchased, the M3Power razor in the United States, but otherwise denies the allegations of Paragraph 69 in the form and manner alleged.

70.    Denied.

71.    Denied.

## COUNT IV

72.    Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-71 of the Complaint.

73.    Gillette is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Gillette denies the allegations of Paragraph 74 in the form and manner alleged.

75.    Denied.

76.    Denied.

## COUNT V

77.    Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-76 of the Complaint.

78.    Denied.

79.    Denied.

## COUNT VI

80.    Gillette incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-79 of the Complaint.

81.    Paragraph 81 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Paragraph 86 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Gillette denies the allegations of Paragraph 86 in the form and manner alleged.

87.    Denied.

88.    Denied.

89.    Gillette admits that plaintiffs seek to enjoin Gillette's advertisements for the M3Power razor, but denies any basis for such relief in either fact or law, and Gillette denies the remaining allegations of Paragraph 89 of the Complaint.

90.    Denied.

## PRAYER FOR RELIEF

Gillette denies each and every allegation contained in the "WHEREFORE" clauses of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

For a first and further affirmative defense, Gillette alleges that the Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

For a further and second affirmative defense, to the extent that the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, and other similar statutes in effect in other states nationwide require a pre-suit demand or impose other requirements as predicates to filing an action, those requirements, in whole or in part, have not been satisfied, and  plaintiffs' action, in whole or in part, cannot be maintained.

## THIRD AFFIRMATIVE DEFENSE

For a further and third affirmative defense, plaintiffs' relief, if any, is limited under

Massachusetts law and other similar statutes in effect in other states nationwide as a result of

Gillette's prompt and reasonable tender of settlement.

## FOURTH AFFIRMATIVE DEFENSE

For a further and fourth affirmative defense, plaintiffs' claims are barred, in whole or in

part, because, on information and belief, plaintiffs lack standing to assert the claims.

## FIFTH AFFIRMATIVE DEFENSE

For a further and fifth affirmative defense, Gillette alleges that plaintiffs' claims are

barred, in whole or in part, by any applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

For a further and sixth affirmative defense, plaintiffs' claims are barred, in whole or in

part, to the extent the doctrines of waiver, ratification, or estoppel may apply herein.

## SEVENTH AFFIRMATIVE DEFENSE

For a further and seventh affirmative defense, plaintiffs' claims are barred, in whole or in

part, to the extent the doctrine of laches may apply herein.

## EIGHTH AFFIRMATIVE DEFENSE

For a further and eighth affirmative defense, the Complaint, in whole or in part, fails to

plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

## NINTH AFFIRMATIVE DEFENSE

For a further and ninth affirmative defense, the Complaint fails, in whole or in part,

because it has not pled an ascertainable loss.

## TENTH AFFIRMATIVE DEFENSE

For a further and tenth affirmative defense, the Complaint fails because this action cannot be properly maintained as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

For a further and eleventh affirmative defense, the Complaint fails because plaintiffs do not adequately represent the persons on whose behalf they purport to maintain this action.

## TWELFTH AFFIRMATIVE DEFENSE

For a further and twelfth affirmative defense, plaintiffs' action is barred as a result of insufficient service of process as to some of the actions consolidated herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

For a further and thirteenth affirmative defense, to the extent plaintiffs allege a cause of action under any state consumer protection laws, such cause of action cannot be maintained, or is barred in whole or in part, because of, without limitation, the non-residency of plaintiffs or claimants in the state in question, the failure of the product to be purchased in the state in question, the failure to satisfy requisites for maintaining such cause of action, and/or the failure of plaintiffs otherwise to meet the elements of such cause of action.

* * *

Gillette hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses, and to modify, supplement, withdraw, or revise any of the foregoing.

WHEREFORE, Gillette respectfully prays that this Court dismiss all claims in the Complaint with prejudice, and that the Court grant it other further relief as it deems just and proper, including, without limitation, the costs of defending this action, including attorneys' fees.

Respectfully submitted,

THE GILLETTE COMPANY
By its lawyers,


/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO# 643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  May 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on May 17, 2006.

/s/ Mark P. Szpak
Mark P. Szpak