UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Adoure v. The Gillette Company*,<br>Civil Action No. 05-CV-12336-DPW | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

**THE GILLETTE COMPANY'S OPPOSITION TO**
**KASEM ADOURE'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

The Gillette Company ("Gillette") hereby opposes the motion by plaintiff Kasem Adoure ("Adoure") for a voluntary dismissal ("Adoure Motion"), which Adoure styles as a dismissal "with prejudice," but which he conditions upon the reservation of his right to seek an immediate appeal of the Court's earlier denial of his motion to remand. Adoure has once already sought to appeal the denial of his remand motion, unsuccessfully. By now moving to dismiss his action, he seeks to invoke yet another narrowly-defined – but also unavailable – procedure for appellate review of an interlocutory order. Far from lending efficiency and finality to these proceedings, the dismissal, and subsequent attempt to appeal, would succeed only in foisting further, needless expense and complication on the overall litigation. Accordingly, in the exercise of the Court's discretion, the Adoure Motion should be denied.

**Argument**

Whether to grant a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is left to the Court's discretion. *See Transwitch Corp. v. Galazar Networks, Inc.,* 377 F. Supp. 2d 284, 289 (D. Mass. 2005); *see also ITV Direct v. Healthy Solutions, LLC*, 445 F.3d 66, 71 (1st

10030429_3

Cir. 2006) (holding that district court does not err by refusing to grant voluntary motion to dismiss with prejudice where interests of adverse parties are not "fully protected"). Here, the Court should decline to exercise its discretion in favor of granting Adoure's motion to dismiss because Adoure's *qualified* request for dismissal would prejudice Gillette and generate absolutely nothing in the way of efficiency or finality. *See Transwitch Corp.*, 377 F. Supp. 2d at 289 (observing that in deciding whether to grant motion for voluntary dismissal, the "'principal consideration is whether the dismissal would prejudice the defendant'") (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)).

Typically, a voluntary dismissal with prejudice constitutes an adjudication on the merits, and therefore has preclusive effect. *See Duncan Galvanizing Corp. v. Valspar Corp.*, Civ. A. No. 93-12368-GAO, 1996 WL 464048, at *2 (D. Mass. July 12, 1996); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass 1990). That is, the voluntary dismissal provides the parties to the litigation with finality. In general, a plaintiff who voluntarily dismisses his action cannot appeal such dismissal because there "is no involuntary or adverse judgment against him." *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 308 (1st Cir. 2002) (internal quotations omitted).

Adoure, however, seeks to exploit a "narrow exception" recognized in the First Circuit, that "appeals from voluntary dismissals where the dismissal was sought to expedite review of a prejudicial interlocutory ruling" may be permitted. *Id.* The First Circuit has allowed such a departure from normal appellate practice only where the appealing plaintiff can demonstrate (1) that the interlocutory ruling that the plaintiff seeks to appeal was prejudicial to the plaintiff's case; and (2) that the plaintiff is, in effect, putting everything on the line by seeking a dismissal with prejudice prior to taking the appeal. Satisfaction of the first element is essential to ensure

that the "narrow exception" can be used only where the interlocutory ruling effectively forecloses the plaintiff's claim for relief. *See id.* at 309 (noting that "substantial[] prejudice" is "required" in order to invoke this exceptional route to appellate review). Satisfaction of the second element is critical because the First Circuit believes that it is the all-or-nothing nature of this litigation strategy which ensures that it will not be used to circumvent and undermine the normal rules governing appellate review. *See John's Insulation, Inc. v L. Addison & Assocs.*, 156 F.3d 101, 107 (1st Cir. 1998). Adoure, however, satisfies neither element.

    1.    <u>No Prejudice</u>

The case law teaches that to qualify as sufficient prejudice, the interlocutory ruling of which the plaintiff seeks review must effectively eliminate, or at least substantially cut back, the plaintiff's claims. However, this Court's denial of Adoure's motion to remand had no prejudicial effect. The only consequence of the Court's denial of Adoure's motion to remand is that Adoure must litigate *his same claims* in federal court rather than state court. Denial of a plaintiff's preferred choice of forum in no way constitutes the type of harm that would warrant the disruption of the normal rules of appellate procedure. The denial of Adoure's remand motion caused him no legally-cognizable "prejudice" whatsoever.

The cases relied upon by Adoure are inapposite. For example, in *BIW Deceived v. Local S6, Industrial Union of Marine & Shipbuilding Workers of America*, 132 F.3d 824, 827 (1st Cir. 1997), the plaintiffs originally filed the action in state court, asserting state common law claims only. The defendant removed the action to federal court on the grounds of preemption. The federal court denied the plaintiffs' motion to remand, finding that a colorable basis for federal question jurisdiction existed. The plaintiffs sought to dismiss their action voluntarily, expressly abandoning all federal claims. *See id.* at 827-28. That is, the plaintiffs suffered the necessary degree of prejudice because the effect of the district court's denial of the plaintiffs' motion to

remand was to eliminate in their entirety the state-law claims that the plaintiffs sought to advance against the defendant. The plaintiffs in *Cashmere* suffered a similar form of prejudice because the district court's grant of partial summary judgment in favor of the defendants dismissed "'the bulk of [the plaintiffs'] claims.'" *Cashmere*, 284 F.3d at 308-09. No such prejudice is evident here.

    2.    <u>Dismissal Risks Nothing</u>

Adoure cannot satisfy the second requirement for invoking this narrow exception, *i.e.*, that, if the appeal fails, the claim at issue is dismissed and the finality of final judgment is imposed. Here, as a practical matter, Adoure risks almost nothing. As Adoure has made clear repeatedly, the principal form of relief that he seeks is an injunction requiring Gillette to engage in corrective advertising. The Consolidated Class Action Complaint asserts a similar claim for relief. As such, Adoure is assured that his core claim will be preserved and litigated irrespective of whether his individual action survives. The "narrow exception" that Adoure seeks to invoke requires him to "bet the farm," as it were, on the success of his appeal – but, in the circumstances of this case, Adoure's litigation tactic does not do that. Indeed, Adoure's attorneys will continue to be participants in the proceedings before this Court because they also are the attorneys in the *Corrales* action. As a result, even if the First Circuit were to allow the Adoure dismissal with prejudice to stand, there is no finality for either Gillette or the courts because the same claims will remain at issue in the consolidated class actions still pending before this Court.

## **<u>Conclusion</u>**

The interlocutory ruling that Adoure seeks to challenge is the same ruling that was the subject of his earlier appeal, *viz.*, the Court's denial of his motion to remand. If Adoure wanted to seek immediate review of that ruling, the typical route would have been to move this Court, and then the First Circuit, for permission to appeal pursuant to 28 U.S.C. § 1292(b). Instead,

Adoure sought to bypass the Court by filing a petition for permissive review directly with the First Circuit based on the special appeal provisions of the Class Action Fairness Act, 28 U.S.C. § 1453(c)(1). The First Circuit rejected his petition, holding that the remand was clearly based on a finding of diversity jurisdiction under 28 U.S.C. § 1332(a), and not on a finding of jurisdiction under the Class Action Fairness Act. Having failed to proceed under Section 1292(b) at that time, it is too late for Adoure to do so now. Nonetheless, Adoure seeks a second bite at the apple through the alternative route of moving to dismiss his case with prejudice, subject to taking an immediate appeal. In the circumstances of this proceeding, however, the narrow exception that Adoure seeks to pursue is not available to him. Gillette, having already expended significant resources in connection with Adoure's petition for permissive review, should not be required to re-litigate the issue of remand.

Consequently, the Adoure Motion should be denied. Adoure merely seeks to correct an earlier strategic miscalculation on his part; he should not be allowed to impose on Gillette (and the courts) the burden and inefficiency of piecemeal litigation.

    Respectfully submitted,

    THE GILLETTE COMPANY
    By its attorneys

    /s/ Mark P. Szpak
    Harvey J. Wolkoff (BBO #532880)
    Mark P. Szpak (BBO #546261)
    Emily C. Shanahan (BBO #643456)
    ROPES & GRAY LLP
    One International Place
    Boston, Massachusetts 02110-2624
    (617) 951-7000

Dated: May 19, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on May 19, 2006.

          /s/ Mark P. Szpak
          Mark P. Szpak