UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | CIVIL ACTION NO. 05-11177-DPW |
| M3POWER RAZOR SYSTEM | ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | MDL Docket No. 1704 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *Corrales v. The Gillette Company,* | ) | |
| Civil Action No. 05-CV-12332-DPW | ) | |
| | ) | |

**THE GILLETTE COMPANY'S OPPOSITION TO CARLOS CORRALES'
MOTION TO OPT OUT OF CONSOLIDATED CLASS ACTION COMPLAINT**

The Gillette Company ("Gillette") respectfully requests that the Court deny Carlos

Corrales' ("Corrales") Motion for Order Allowing Plaintiff Carlos Corrales to Proceed Under

His Own Complaint and with His Own Counsel ("Motion to Opt Out").  Far from preserving

"judicial efficiencies," as Corrales asserts, his current request to proceed on a "parallel track"

would deprive the Court and the other parties to the litigation of the benefits of consolidation,

and would unravel the work of several different courts – the district court for the Central District

of California, the Judicial Panel on Multidistrict Litigation, and this Court – to advance these

cases to their current, streamlined procedural posture.  Accordingly, the Motion to Opt Out

should be denied.

The fundamental defect in Corrales' Motion to Opt Out is that he has previously litigated,

and lost, this very issue.  Early on in these proceeding before the Court, Corrales opposed

consolidation and the use of a consolidated complaint in particular.  The Court decided both of

these issues against Corrales – and rightly so.  Corrales' approach does not foster efficiency;

rather, it conspicuously would do quite the opposite.  Corrales should not be allowed to continue

10019355_6

to litigate the same issues.  In addition, the Motion to Opt Out should be denied because

Corrales:  (a) incorrectly claims that his original complaint has somehow been dismissed; (b)

overstates the distinctiveness of his original complaint, while understating the adequacy of the

Consolidated Class Action Complaint in terms of representing his claims; and (c) raises concerns

about class certification and settlement at a premature stage in the litigation.

<u>Argument</u>

**A.      The Consolidated Class Action Complaint Does Not Amend Corrales' Original Complaint.**

The Motion to Opt Out is based on a flawed premise.  In his motion, Corrales objects to,

and seeks to opt out of, what Corrales refers to as the "Consolidated Amended Complaint."

However, interim Lead Counsel did not file an *amended* complaint, consolidated or otherwise.

Rather, as directed by the Court (and as previously agreed to by all of the other parties except

Corrales and Adoure), interim Lead Counsel drafted and filed a Consolidated Class Action

Complaint ("Consolidated Complaint").  At the January 23, 2006 hearing, the Court expressly

stated that any consolidated complaint would principally function as an administrative device,

and would not be intended to replace the pre-existing complaints filed in each of the individual

actions.  In particular, the Court explained that, ". . . there will be consolidation.  What you will

see is that all the cases except Dearman are going to be terminated, but that's an issue for

docketing.  *It is not that the cases are going away*.  But there will be that form of dealing with

that."  Tr. at 24 (emphasis added).

In this regard, Corrales' Motion to Opt Out is internally inconsistent.  On the one hand,

Corrales complains that lead counsel filed a "Consolidated" Amended Complaint that improperly

dismissed his action, *see* Motion to Opt Out at 6-7 (footnote excluded), yet he maintains that his

complaint is ultimately entitled to be returned "to the transferor court[] for trial," since he further

asserts that he will not consent to trial in this Court. *See id.* at 3-4 & n.2. According to Corrales'

own argument, consolidation affects only the *timing* of these events. Corrales, however, has not

identified a single compelling reason to warrant disrupting the schedule and process otherwise in

place.

**B.      Corrales' Complaint Is Not Unique And Does Not Deserve Special Treatment. As A
          Result, The Consolidated Complaint Adequately Represents Corrales And His
          California Claims.**

In further support of his Motion to Opt Out, Corrales vainly attempts to distinguish his

action from the other putative class actions that have been consolidated before this Court.

Corrales' claims of uniqueness – and further, that the uniqueness of his action warrants special

treatment – are unavailing.[1] To begin, Corrales was not alone – or even the first – in bringing a

putative class action on behalf of a class of California consumers. Rather, the *Atkins* action was

the first case filed on behalf of, among others, a putative class of California consumers. Four

other named plaintiffs similarly sought such representative status (plaintiffs Johnson, Kenessky,

Lipper, and Pruitt). Furthermore, no fewer than three of these named plaintiffs asserted claims

identical to those asserted in the Corrales complaint under the CLRA, UCL, and FAL (Atkins,

---

[1] None of the cases that Corrales cites in support of his assertion that he should be
allowed to "opt out of" the Consolidated Complaint and "proceed under his own complaint,"
Motion to Opt Out at 8, directly addresses the issue of opting out at the consolidated complaint
stage. To the extent these cases mention in passing the issue or fact of certain plaintiffs opting
out of a consolidated complaint, they do not lend any support to Corrales' proposal here. For
example, in *In re Energy Systems Equipment Leasing Securities Litigation*, 642 F. Supp. 718
(E.D.N.Y. 1986), the two complaints that were addressed separately from the consolidated
complaint asserted claims against certain defendants not named in the consolidated complaint.
*See id.* at 725. No such distinction exists between Corrales' complaint and the Consolidated
Complaint.

Johnson, and Pruitt).[2]  In this context, nothing justifies Corrales' unilateral self-appointment as the exclusive representative of a putative class of California consumers.

Indeed, while claiming that the Consolidated Complaint does not adequately represent him, Corrales acknowledges that the Consolidated Complaint "lift[s] many allegations from [his] complaint and Plaintiff Kasem Adoure's complaint."  Motion to Opt Out at 2.  The Consolidated Complaint also purports to assert claims on behalf of a putative national class, even identifying as a named representative a California resident, Matthew Marr, and thus in no way excludes California consumers, including Corrales, from its scope.  Furthermore, Count VI of the Consolidated Complaint asserts claims not only under Massachusetts law, but also under "other similar [consumer protection] statutes in effect in other states nationwide."  Consolidated Compl. ¶ 81.  While the Consolidated Complaint fails to identify these other statutes with specificity, it cannot be construed, as Corrales seems to suggest, as excluding from its reach the claims under California's consumer protection statutes that Corrales asserted in his original complaint. Moreover, the Consolidated Complaint seeks the same forms of relief as sought in Corrales' original complaint, including restitution, disgorgement, compensatory and punitive damages, and injunctive relief, and even requests corrective advertising, a remedy sought in the *Adoure* complaint.

**C.      Even Assuming Corrales' Objections To The Consolidated Complaint Had Any Merit, Corrales' Motion To Opt Out Is Not The Proper Vehicle To Raise These Objections.**

This is not the proper stage at which to raise reservations or objections to the Consolidated Complaint.  Rather, the arguments in Corrales' Motion to Opt Out are premature. For example, the parties have only recently begun class-related discovery, and have not begun to

---

[2] In two other actions, the named plaintiffs (Gonzales and Marr) asserted claims under California's consumer protection statutes on behalf of national classes.

brief class action issues.  Equally premature are Corrales' arguments regarding the adequacy of

any settlement.  In the event the parties were to reach a settlement, Corrales would have the

opportunity to attempt to opt out of the settlement or object to it *at that time*.[3]  Accordingly, his

concerns about the adequacy and fairness of a future, hypothetical settlement in no way warrant

the piecemeal litigation that Corrales' latest request would create.

## Conclusion

For the foregoing reasons, Gillette respectfully requests that the Court deny Carlos

Corrales' Motion for Order Allowing Plaintiff Carlos Corrales to Proceed Under His Own

Complaint and with His Own Counsel.

---

[3] The cases upon which Corrales relies in no way support the proposition that California consumers necessarily are entitled to different (*i.e.*, preferential) treatment under the terms of any settlement because of the existence of certain potential remedies available under California law. Indeed, in *In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694 (E.D. Mo. 2002), the court expressly rejected any such argument. *See id.* at 709 ("The Court therefore rejects the Desmond objectors' argument that a $156.8 million settlement for the BankAmerica plaintiffs is somehow inadequate due to the existence of the California claims.").  Corrales' reliance on *In re Heritage Bond Litigation*, No. 02-ML-1475-DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005), and *In re Oracle Securities Litigation*, No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. June 18, 1994), is similarly misplaced.  Those cases observed that plaintiffs whose claims *on the merits* are stronger might be entitled to different treatment under a potential settlement, but do not stand for the proposition, as Corrales asserts, that class members who allegedly have stronger *remedies* potentially available to them have any entitlement to preferential recovery under the terms of any settlement.

Respectfully submitted,

THE GILLETTE COMPANY
By its attorneys

/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO #643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  May 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on May 25, 2006.

/s/ Mark P. Szpak
Mark P. Szpak