**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re:<br><br>M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION | ) | CIVIL ACTION NO. 05-11177-DPW (LEAD CASE)<br><br>MDL Docket No. 1704 |
| THIS DOCUMENT RELATES TO:<br>**ALL CASES** | ) | |

**MOTION FOR ORDER COMPELLING DISCLOSURE OF ANY FEE ARRANGEMENTS**

Plaintiff Carlos Corrales ("Plaintiff") hereby moves this Court for an order compelling disclosure of any fee arrangements and discussions of fee arrangements between Liaison Counsel and any other firm(s) in this matter.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to LR 7.1(d), Plaintiff, believing that oral argument may assist the Court and wishing to be heard, requests oral argument on this motion. Plaintiff respectfully proposes that a hearing and oral argument on this motion take place on **July 7, 2006** at **2:30 p.m.** (the date set by the Court for oral argument on the other pending motions in this case).

**MEMORANDUM OF REASONS**

## I. INTRODUCTION

It is unlawful under California law for class counsel and liaison counsel to have an agreement regarding the division of attorneys' fees.

Liaison Counsel has been asked in writing several times to disclose whether he has any such agreement with either Co-Lead Class Counsel and/or any other attorneys or law firms in this matter. Liaison Counsel, however, has refused to represent that he has no such agreement.[1]

This motion therefore seeks to compel Liaison Counsel to disclose, either on the record before this Court or in a document filed with the Court, whether he has had any such agreement or discussions. If he has, this is a violation of California law.

---

[1] On May 23, 2006, Plaintiff's counsel wrote to Liaison Counsel stating: "This will confirm that you have refused to disclose to us any financial arrangements regarding fees you have with lead counsel, including any discussions you have had with them regarding fee splitting. We will proceed accordingly." [Letter from Taras Kick to Thomas Shapiro dated May 23, 2006; a true and correct copy of which is attached to the Certification of Taras Kick as Exhibit A.] This letter followed Plaintiff's original letter sent on May 18, 2006 to Liaison Counsel requesting that any such fee agreement be disclosed [Letter from Mr. Kick to Mr. Shapiro dated May 18, 2006; a true and correct copy of which is attached to the Certification of Taras Kick as Exhibit B] and Liaison Counsel's letter sent on May 23, 2006, accusing Plaintiff's counsel of a "letter writing campaign" but failing to answer the question about fee agreements. [Letter from Mr. Shapiro to Mr. Kick dated May 23, 2006; a true and correct copy of which is attached to the Certification of Taras Kick as Exhibit C).

If there are no such agreements, a short letter from Mr. Shapiro so stating would have ended the matter, which leads Plaintiff to believe that such an agreement exists and there is some reason that Liaison Counsel does not want to disclose them.

## II. CALIFORNIA LAW PROHIBITS UNDISCLOSED FEE SHARING AGREEMENTS.

Given that Liaison Counsel purports to represent members of a putative nationwide class including residents of the Sate of California, California law governing undisclosed fee sharing agreements governs this issue *vis-a-vis* the representation of the residents of the State of California.

Under California law, an undisclosed fee sharing agreement by counsel in a class action is unlawful.

Specifically, California Rule of Professional Conduct 2-200(A), regulating both referral fee arrangements and fee sharing agreements in which the client's work is divided between attorneys, provides in pertinent part as follows:

> "(A) A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless:
>
> (1) The client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division; and
>
> (2) The total fee charged by all lawyers is not increased solely by reason of the provision for division of fees and is not unconscionable as that term is defined in rule 4-200."

This was explained in the context of class actions in California in Rebney v. Wells Fargo Bank, 220 Cal.App.3d 1117, 1144 (Cal. App. 1990), in which the California Court of Appeal held that a fee sharing agreement between counsel in a class action ***must be disclosed***

***immediately*** to the court and that the disclosure must also be made to class members so that they have the ability to comment and object. Failure to order such disclosure would be error. The California Court of Appeal specifically explained as follows:

> "The [a]ppellants also claim the court erred in denying disclosure of the agreements. This claim has merit. `(C)ounsel must inform the court of the existence of a fee sharing agreement at the time it is formulated.' [In re Agent Orange Product Liability Litigation, 818 F.2d 216, 226 (2d Cir. 1987).] While apparently not done here at the earliest possible time, the court was apprised of the agreement well in advance of settlement approval. But the class must be able to share in that disclosure `so that an opportunity is afforded for comment and objection.' (In re Agent Orange Product Liability Litigation (E.D.N.Y. 1985) 611 F.Supp. 1452, 1463, rev'd on other grounds and approved on this point in In re Agent Orange Product Liability Litigation, *supra*, 818 F.2d at p. 226.) If, as here, counsel claim the need to protect their privacy, the court can do so by issuing a protective order that precludes disclosure to third parties – which appellants expressly proposed here. The in camera review procedure deprived appellants of an adequate opportunity to argue the substantive issue." Id. at 1143-44.

Finally, and very recently in California, referencing the specific California Rule of Professional Conduct, in Chambers v. Kay, 29 Cal.4th 142, 148-149 (Cal. 2002), the Court explained the purpose of the rule is to protect the public and promote respect for and confidence

in the legal profession. A fee sharing agreement violating Rule 2-200(A) is void and unenforceable under California law on public policy grounds. Chambers, 29 Cal.4th at 156-161.[2]

## III. MASSACHUSETTS LAW PROHIBITS UNDISCLOSED FEE SHARING AGREEMENTS.

Although the consumer protection acts of California and Massachusetts differ in important respects, with those of California providing much stronger rights to consumers than that of Massachusetts, the rules of professional conduct of both States are largely consistent with respect to undisclosed fee sharing agreements.

Therefore, liaison counsel's refusal to disclose any such fee sharing agreement in this case cannot be blamed on ignorance of California law, because Massachusetts law is the same.

Specifically, under Massachusetts law, a fee sharing agreement not disclosed to clients (in this case the putative class members, including Plaintiff, and the Court acting as their guardian) is prohibited. For example, Massachusetts Supreme Judicial Court Rule 3:07, Rule of Professional Conduct 1.5 (e) provides that:

> "A division of fees between lawyers who are not in the same firm may be made only if, after informing the client that a division of fees will be made, the client consents to the joint participation, and the total fee is reasonable."

---

[2] In re Agent Orange Product Liability Litigation, 818 F.2d 216, 222 (2d Cir. 1987) (in fulfilling their role as protector of class members, "courts should look to various codes of ethics as guidelines for judging the conduct of counsel").

## IV. FEDERAL LAW ALSO PROHIBITS UNDISCLOSED FEE SHARING AGREEMENTS.

Not only are undisclosed fee agreements unlawful under both California law and Massachusetts law, they are also unlawful under federal law.

Under federal law, fee agreements in class actions ***must*** be disclosed to the Court ***immediately*** upon its formulation:

> "We do agree with the District Court's ruling that in all future class actions ***counsel must inform the court of the existence of a fee sharing agreement at the moment it is formulated***. This holding may well diminish many of the dangers to the rights of the class. Only by reviewing the agreement ***prospectively***, will the district courts be able to prevent potential conflicts, either by disapproving improper agreements, or by reshaping them with the assistance of counsel . . ."

In re Agent Orange Product Liability Litigation, 818 F.2d 216, 226 (2d Cir. 1987) (emphasis added).

Such fee agreements create danger to the rights of the class because they create potential or actual conflicts of interest and endanger adequate representation of the class by decreasing the incentive for class counsel to perform work on behalf of the class. Id. at 224-25.

## V. CONCLUSION

In conclusion, the Court should order that Liaison Counsel disclose any fee sharing agreement between him and any other attorney(s) and/or law firm(s) in this matter, including

whether any such agreement currently exists or formerly existed and whether there have ever been any communications about such an agreement or potential agreement.[3]

This disclosure should be made by (i) production and filing with the Court of a copy of any writing(s) that exist or existed regarding a fee sharing agreement or potential fee sharing and (ii) oral representation on the Court record and/or a certification filed with the Court.

Dated: June 6, 2006

Respectfully submitted,

By: /s/ Taras Kick

Taras P. Kick
G. James Strenio
THE KICK LAW FIRM, APC
660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
(213) 624-1588
taras@kicklawfirm.com
james@kicklawfirm.com
Counsel for Plaintiff
CARLOS CORRALES

KANNER & WHITELEY, LLC
Allan Kanner
Cynthia Green
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
A.Kanner@kanner-law.com
C.Green@kanner-law.com
Counsel for Plaintiff
CARLOS CORRALES

[3] Disclosure of any such communications should be made because Plaintiff fears that Liaison Counsel may intentionally suddenly but only temporarily disavow an existing agreement so that he could represent to the Court that no such agreement currently exists. Such disclosure would therefore ensure disclosure of any agreement to "agree in the future" or any agreement that has been temporarily suspended.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:

M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION

THIS DOCUMENT RELATES TO:
ALL CASES

CIVIL ACTION NO. 05-11177-DPW
(LEAD CASE)

MDL Docket No. 1704

**DECLARATION OF TARAS P. KICK IN SUPPORT OF PLAINTIFF CARLOS CORRALES' MOTION FOR ORDER COMPELLING DISCLOSURE OF ANY FEE ARRANGEMENTS**

I, Taras Kick, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and admitted to practice before the Central District of California. I am a shareholder in The Kick Law Firm, A.P.C., who, with Kanner & Whiteley, LLC, is counsel for Plaintiff Carlos Corrales (in Case No. 05-cv-12332-DPW) in this MDL proceeding (MDL No. 1704, Master File No. 05-cv-11177-DPW). I make this declaration in support of Plaintiff Carlos Corrales' Motion For Disclosure Of Any Fee Arrangements. I make this declaration of my own personal knowledge, and would and could testify completely to the contents thereof if necessary to do so.

2. Attached hereto as Exhibit A is a true and correct copy of a letter I wrote and caused to be sent via facsimile on May 23, 2006 to Thomas Shapiro.

3. Attached hereto as Exhibit B is a true and correct copy of a letter I wrote and caused to be sent via facsimile on May 18, 2006 to Thomas Shapiro.

4. Attached hereto as Exhibit C is a true and correct copy of a letter dated May 23, 2006 that I received from Thomas Shapiro.

I declare under penalty of perjury, pursuant to the laws of California and the United States of America, that the above is true and correct and that this declaration was executed at Los Angeles, California on June 5, 2006.

TARAS P. KICK

THE KICK LAW FIRM
A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 23, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

*Re:* *In re M3Power Razor System Marketing & Sales Practices Litigation*, Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

This will confirm that you have refused to disclose to us any financial arrangements regarding fees you have with lead counsel, including any discussions you have had with them regarding fee splitting. We will proceed accordingly.

Very truly yours,

Taras Kick /TAS

Taras Kick

cc Allan Kanner, Esq.
Gillian L. Wade, Esq.
C. Donald Amamgbo, Esq.
Reginald Terrell, Esq.
Olen Kenneth Dodd, Esq.
Edward W. Cochran, Esq.

**THE KICK LAW FIRM**
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588 Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

**NUMBER OF PAGES: 2 (including cover sheet)**

**DATE:** May 23, 2006

**FAX NUMBER:** (617) 439-0134

**PHONE NUMBER:** (617) 439-3939

**TO:** SHAPIRO HABER & URMY LLP

**ATTENTION:** Thomas G. Shapiro, Esq.

**FROM:** Taras Kick

**SUBJECT:** *In re M3 Power Razor System Marketing & Sales Litigation* , Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

TRANSMISSION VERIFICATION REPORT

TIME : 05/23/2006 14:56
NAME : THE KICK LAW FIRM
FAX : 213-624-9494
TEL : 213-624-1588
SER.# : BROG2J585904

| | |
|---|---|
| DATE,TIME | 05/23 14:56 |
| FAX NO./NAME | 16174390134 |
| DURATION | 00:00:37 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

**THE KICK LAW FIRM**
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588 Fax: (213) 624-1589

**FACSIMILE TRANSMITTAL COVER SHEET**

**NUMBER OF PAGES: 2 (including cover sheet)**

**DATE:** May 23, 2006

**FAX NUMBER:** (617) 439-0134

**PHONE NUMBER:** (617) 439-3939

**TO:** SHAPIRO HABER & URMY LLP

**ATTENTION:** Thomas G. Shapiro, Esq.

**FROM:** Taras Kick

**SUBJECT:** *In re M3 Power Razor System Marketing & Sales Litigation*, Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

THE KICK LAW FIRM
A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 18, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

*Re:* *In re M3Power Razor System Marketing & Sales Practices Litigation*, Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

Please be so kind as to inform me immediately of any agreement, written or oral, regarding fees in this case which your firm or you have with any other firms or attorneys in this case. Please also inform me of all discussions or negotiations regarding any regarding fees in this case which your firm or you have had with any other firms or attorneys in this case.

As you know, as liaison counsel it is necessary for you to disclose this to all other counsel in the matter.

If we do not receive this information from you by Tuesday, we will file a motion with the Court on Friday to compel it. We would prefer to avoid filing such a motion.

Thank you for your attention. Do not hesitate to call me with any questions or comments.

Very truly yours,

T. Kick

Taras Kick

**THE KICK LAW FIRM**
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588 Fax: (213) 624-1589

**FACSIMILE TRANSMITTAL COVER SHEET**

**NUMBER OF PAGES: 2 (including cover sheet)**

**DATE:** May 18, 2006

**FAX NUMBER:** (617) 439-0134

**PHONE NUMBER:** (617) 439-3939

**TO:** Thomas G. Shapiro, Esq.

**ATTENTION:**

**FROM:** Taras Kick

**SUBJECT:** *In re M3 Power Razor System Marketing & Sales Litigation*, Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

TRANSMISSION VERIFICATION REPORT

TIME : 05/18/2006 12:31
NAME :
FAX :
TEL :
SER.# : BROJ2J700633

| | |
|---|---|
| DATE,TIME | 05/18 12:31 |
| FAX NO./NAME | 16174390134 |
| DURATION | 00:00:32 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

**THE KICK LAW FIRM**
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588 Fax: (213) 624-1589

**FACSIMILE TRANSMITTAL COVER SHEET**

**NUMBER OF PAGES: 2 (including cover sheet)**

**DATE:** May 18, 2006

**FAX NUMBER:** (617) 439-0134

**PHONE NUMBER:** (617) 439-3939

**TO:** Thomas G. Shapiro, Esq.

**ATTENTION:**

**FROM:** Taras Kick

**SUBJECT:** *In re M3 Power Razor System Marketing & Sales Litigation*, Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

May 23, 2006

**VIA FACSIMILE**

Taras P. Kick
The Kick Law Firm, APC
660 South Figueroa Street, Suite 1800
Los Angeles, CA 90017

Re: *Gillette*

Dear Taras:

I have received your four letters all dated May 18, 2006. Letter writing campaigns such as yours are not appropriate or helpful. Therefore, let me say simply that Lead Counsel and I disagree with your positions and accusations.

Sincerely yours,

Thomas G. Shapiro

TGS:sg

cc: Robert Rothman (via facsimile)
Ben Barnow (via facsimile)

Exchange Place · 53 State Street · Boston, Massachusetts 02109 · (617) 439-3939 · Fax (617) 439-0134

# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
tshapiro@shulaw.com

## FACSIMILE COVER SHEET

NUMBER OF PAGES TRANSMITTED INCLUDING THIS PAGE: _2_____

FAX NUMBER TRANSMITTED TO:

To: Taras Kick — Fax: (213) 624-1589

To: Robert Rothman — Fax: (631) 367-1173

To: Ben Barnow — Fax: (312) 641-5504

From: Thomas G. Shapiro

Re: Gillette

Date: May 23, 2006

COMMENTS:

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AT (617) 439-3939 AND RETURN THE ORIGINAL TO US BY UNITED STATES MAIL. IF THE TRANSMISSION IS INCOMPLETE OR ILLEGIBLE, PLEASE CALL US AT THE ABOVE NUMBER. THANK YOU FOR YOUR COOPERATION.

Exchange Place · 53 State Street · Boston, Massachusetts 02109 · (617) 439-3939 · Fax (617) 439-0134