## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
In re:                              )          CIVIL ACTION NO. 05-11177-DPW
                                    )          (LEAD CASE)
M3POWER RAZOR SYSTEM                 )
MARKETING & SALES PRACTICES         )          MDL Docket No. 1704
LITIGATION                          )
_____)
                                    )
THIS DOCUMENT RELATES TO:           )
**ALL CASES**                       )
_____)

## <u>MOTION TO COMPEL LIAISON COUNSEL TO PROVIDE PLAINTIFF CARLOS CORRALES WITH A COPY OF EVERYTHING GILLETTE HAS PRODUCED IN THIS MDL PROCEEDING</u>

Plaintiff Carlos Corrales ("Plaintiff") hereby moves this Court for an order compelling

Liaison Counsel to produce to Plaintiff a copy of everything produced by Defendant The Gillette

Company ("Gillette") in this MDL proceeding, including its initial disclosures as well as any

other information it has produced pursuant to formal or informal discovery.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to LR 7.1(d), Plaintiff, believing that oral argument may assist the Court and

wishing to be heard, requests oral argument on this motion.  Plaintiff respectfully proposes that a

hearing and oral argument on this motion take place on **July 7, 2006** at **2:30 p.m.** (the date set by

the Court for oral argument on the other pending motions in this case).

<u>**MEMORANDUM OF REASONS**</u>

## I.    INTRODUCTION / FACTUAL BACKGROUND

Plaintiff is forced to bring this motion because Liaison Counsel refuses to provide

Plaintiff with a copy of the discovery produced by Gillette.[1]

Liaison Counsel's refusal violates the *raison d'etre* of this MDL proceeding, that being

to coordinate pre-trial discovery.  The Judicial Panel on Multidistrict Litigation explained in <u>In</u>

<u>re M3Power Razor System Marketing & Sales Practices Litig.</u>, 398 F.Supp.2d 1363, 1364-65

(J.P.M.L. 2005) that:

> "Transfer under Section 1407 will offer the benefit of placing all actions in this docket
> before a single judge who can structure pretrial proceedings to accommodate ***all*** parties'
> legitimate discovery needs while ensuring that the common party and witnesses are not
> subjected to discovery demands that duplicate activity that will or has occurred in other
> actions.  ***Discovery with respect to any case-specific issues can also proceed***
> ***concurrently*** with discovery on common issues.  <u>In re Joseph F. Smith Patent Litigation</u>,
> 407 F.Supp. 1403, 1404 (J.P.M.L. 1976)."  (Emphasis added.)

---

[1]  This Court ordered that Gillette makes its initial disclosures on April 28, 2006.  On
May 5, 2006, Plaintiff's Counsel requested from Liaison Counsel a copy of all materials
produced by Gillette.  [Letter dated May 5, 2006 from Taras P. Kick to Thomas G. Shapiro
(Exhibit A to the Affidavit of Taras P. Kick dated June 8, 2006 ("Kick Affidavit")).]  On May
12, 2006 Liaison Counsel refused.  [Letter dated May 12, 2006 from Mr. Shapiro to Mr. Kick
(Exhibit B to Kick Affidavit).]  On May 18, 2006, Plaintiff's Counsel again requested a copy of
these materials, noting that Liaison Counsel has a duty to facilitate access to documents, not to
restrict it, and expressing a concern that Liaison Counsel was improperly restricting access to
discovery in order to shield from scrutiny a settlement with Gillette.  [Letter dated May 18, 2006
from Mr. Kick to Mr. Shapiro (Exhibit C to Kick Affidavit) and second Letter dated May 18,
2006 from Mr. Kick to Mr. Shapiro (Exhibit D to Kick Affidavit).]  Plaintiff's Counsel advised
Liaison Counsel that if a copy of the materials were not provided to Plaintiff by May 23, 2006,
Plaintiff would file a motion for an order compelling Liaison Counsel to do so.  [*Id.*]  On May
23, 2006, Liaison Counsel again refused, stating:  "I have received your four letters all dated
May 18, 2006.  Letter writing campaigns such as yours are not appropriate or helpful.  Therefore,
let me simply say that Lead Counsel and I disagree with your positions and accusations."  [Letter
dated May 23, 2006 from Mr. Shapiro to Mr. Kick (Exhibit F to Kick Affidavit).]  As of this
date, Plaintiff has still not received a copy of the requested materials.

Without a copy of the discovery provided by Gillette, Plaintiff cannot ascertain what additional

discovery should be propounded and what case-specific discovery is needed.[2]

Moreover, without a copy of the discovery produced by Gillette, Plaintiff cannot prepare

adequately for class certification and the California-specific issues certain to arise in that

context, and Plaintiff also cannot prepare adequately his motion for a preliminary injunction for

the California remedy of corrective advertising or his dispositive motion on his California

claims.[3]

---

[2] Importantly, Liaison Counsel also has refused to provide Plaintiff with drafts of any discovery that Lead Counsel may have prepared in this MDL proceeding, or, for that matter, with any discovery that Lead Counsel may have actually propounded in this MDL proceeding.

On May 18, 2006, Plaintiff's Counsel wrote to Liaison Counsel requesting an opportunity to review any draft written discovery before it is served, with a view to ensuring that such discovery include all appropriate global discovery as well as California-specific discovery:  "As I trust you are aware, the deadline to complete discovery regarding class certification is June 30. This means you have to get the discovery demands out within approximately the next week. Before you send it out, I would like to review it to provide comments or possibly suggestions of additional requests to add.  Among other issues, I want to make sure that the proper discovery was propounded that will maximize the likelihood of a class of California state consumers being certified, including the necessary discovery to yield evidence of the superior legal rights held by California consumers, which would be appropriate to put forward in a class certification motion."  [Letter dated May 18, 2006 from Mr. Kick to Mr. Shapiro (Exhibit G to Kick Affidavit).]

Liaison Counsel refused Plaintiff's request.  [Letter dated May 23, 2006 from Mr. Shapiro to Mr. Kick (Exhibit F to Kick Affidavit).]  Liaison Counsel not only failed to provide a copy of any draft (or, for that matter, final) written discovery propounded by Lead Counsel, he also failed to provide even a *pro forma* assurance that the written discovery would indeed be drafted with California claims in mind.  On May 23, 2006, Plaintiff's Counsel sent a letter confirming Liaison Counsel's refusal.  [Letter dated May 23, 2006 from Mr. Kick to Mr. Shapiro (Exhibit H to Kick Affidavit).]

[3] *See* Transcript of Scheduling Conference held on January 26, 2006 at 13:16-21 ("THE COURT: . . . You've got a particular issue that you thought you had teed up in the Superior Court in California and all of a sudden kind of moved on to another golf course.  And if you really want to press it, there I am to deal with it.  I'm not suggesting that you're going to be

Even more fundamentally, without a copy of the discovery provided by Gillette, Plaintiff cannot prepare adequately for trial.  As this Court understands, pursuant to <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26, 40 (1998), Plaintiff's case will be returned to the transferor court in California for trial.

Of course, if before the <u>Lexecon</u> transfer, Lead Counsel proposes a settlement, Plaintiff will in any event need the discovery in order to make an informed decision as to whether or not the settlement is fair, reasonable, and adequate.

In short, this Court should enter an order compelling Liaison Counsel to provide to Plaintiff a copy of all the materials produced by Gillette, as well as a copy of all subsequent discovery requests and responses so that Plaintiff may evaluate the state of discovery to determine whether additional global or case-specific discovery is needed.[4]  Plaintiff has a right to such discovery.  Liaison Counsel's steadfast refusal evidences a failure to understand or honor his duties in this MDL proceeding as a facilitator, not a gate keeper.

---

successful on it.  I'm just simply suggesting that that can be accommodated").

[4]  This Court should further order that Liaison Counsel provide Plaintiff with any electronic databases or electronic copies of the requested documents along with any Optical Character Recognition ("OCR"), coding, or indices of those documents.  Liaison Counsel should provide any such databases or copies that currently exist along with any OCR, coding, or indices that currently exist.  If such databases, copies, OCR, coding, or indices do not currently exist, then, at such time as they are created or as soon thereafter as is practicable, Liaison Counsel should be ordered to provide Plaintiff with them.

II.    **Plaintiff has a right to receive a copy of the discovery produced by Gillette in this MDL proceeding.**

    A.    **Plaintiff has a right to receive a copy of the discovery in order to prepare his case for trial.**

The primary purpose of MDL proceedings is to coordinate pre-trial discovery.  This was recognized by the Judicial Panel on Multidistrict Litigation in granting the motion to coordinate or consolidate pursuant to 28 U.S.C. § 1407, which warrants repeating:

> "Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate ***all*** parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions.  ***Discovery with respect to any case-specific issues can also proceed concurrently*** with discovery on common issues.  In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976)."

In re M3Power Razor System Marketing & Sales Practices Litig., 398 F.Supp.2d 1363, 1364-65 (J.P.M.L. 2005) (emphasis added).

Given this purpose, the courts recognize the right of all plaintiffs to obtain the discovery in the MDL proceeding.  *See, e.g.*, Abbent v. Eastman Kodak Co., 1996 U.S.Dist.LEXIS 17145 *7 (D. N.J. 1996) ("There has been no allegation that [lead counsel] failed to provide other plaintiffs' counsel with material produced by the defendants during the time period . . ..  Of course to the extent [lead counsel] is in possession of such material, ***all plaintiffs' counsel have the right to request and receive it.***  I have no doubt that [lead counsel] will honor all such requests without the need for me to intervene") (emphasis added).[5]

---

    [5]  Also *see, e.g.*, In re Zyprexa Prods. Liab. Litig., 2006 U.S. Dist LEXIS 13145, *10 (E.D. N.Y. 2006) (in approving payment of the plaintiff steering committee's discovery expenses from the common fund, noting that: "This allocation is particularly apt in the present case, since all litigants whether in federal or any state court, have access to the materials obtained in pretrial discovery");  In re Enron Corp. Securities, Derivative & "ERISA" Litig., 2005 U.S. Dist. LEXIS

Consistently, the Courts recognize that one of Liaison Counsel's duties is to provide access by all plaintiffs' counsel to the discovery generated in the proceeding.  *See, e.g.,* Walitalo v. Iacocca, 968 F.2d 741, 743 (8th Cir. 1992) ("[Liaison Counsel's] duties were to distribute and manage the extensive documentation associated with the pretrial proceedings and discovery").[6]

And, in light of the relatively recent decision by the United States Supreme Court in Lexecon, the right of all plaintiffs in an MDL proceeding to obtain the discovery is all the more compelling in light of the fact that the plaintiffs have the unfettered right to have their cases returned to transferor courts for trial and therefore need to prepare their case for trial.  Further, in light of the relatively recent passage of the Class Action Fairness Act, with the result that cases with various state law claims and class definitions may become part of the same MDL proceeding, the right of all plaintiffs in an MDL proceeding to obtain the discovery is doubly more compelling for plaintiffs who are seeking to represent a subclass (such as the California

---

4494 (S.D. Tex. 2005) ("coordinated discovery provides efficient and equitable access for all"); In re Worldcom, Sec. Litig., 2003 U.S. Dist. LEXIS 8978, *8 (S.D.N.Y. 2003) (ordering lead counsel to "keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours");  In re Taxable Mun. Bonds Litig., 1993 U.S. Dist. LEXIS 5538 at **8-9 (E.D. La. 1993) ("Movants in both motions, as putative class members, do have access to the discovery currently taking place among the named parties in this litigation.  For instance, all documents that have been produced by the parties are being jointly maintained in a document depository").

[6]  Also *see, e.g.*, Capital Accumulation Plan Litig., v. Citigroup, Inc., 150 F.Supp. 2d 274, 281 (D. Mass. 2001) ("Liaison Counsel are required to maintain complete files with copies of all documents served upon them and will make such files available to parties on request");  In re Tyco Int'l, Ltd. Secs. Litig., 2000 U.S.Dist.LEXIS 13390, *34 n. 20 (D. N.H. 2000) ("Liaison Counsel is ordinarily charged with administrative matters, such as . . . conven[ing] meetings of counsel, advis[ing] parties of developments in the case, and . . .  managing document depositories");  Taft v. Ackermans, 2003 U.S. Dist. LEXIS 2486 (S.D. N.Y. 2003) (ordering lead counsel to keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours).

class) of the larger class (such as a national class) that the lead counsel is seeking to represent, and even more so when the rights of the members of the subclass are stronger than the rights of others within the larger class, as is the case here.

> **B.    Plaintiff has a right to receive a copy of the discovery in order to make an informed decision as to whether or not any settlement that may be proposed by Lead Counsel is fair, reasonable, and adequate.**

Not only does Plaintiff have a right to receive a copy of the discovery produced by Gillette in this MDL proceeding in order to prepare his case, Plaintiff also has right to receive a copy of the discovery produced by Gillette in order to make an informed decision as to whether or not any settlement that may be proposed by Lead Counsel is fair, reasonable, and adequate. Courts have allowed access to such discovery by even *absent* class members objecting to class action settlements. *See, e.g.,* Rutter & Wilbanks Corp., v. Shell Oil Co., 314 F.3d 1180, 1186 (10th Cir. 2003); Girsh v. Jepson (3d Cir. 1975) 521 F.2d 153, 157 (3rd Cir. 1975). In this case, of course, not only is Mr. Corrales not an *absent* class member, but rather is the named lead representative for the State of California.

Liaison Counsel's failure to provide a copy of the discovery to Plaintiff is symptomatic of Lead/Liaison Counsel's failure to communicate with Plaintiff's Counsel.[7] Plaintiff notes that failure of Lead/Liaison Counsel to communicate with Plaintiff's Counsel, including specifically settlement negotiations with Gillette, would be, in and of itself, grounds for this Court to not

---

[7] As this Court may recall, this is the same Liaison Counsel who last year refused to provide for a speaker phone in the conference room of the Omni Parker House in the Longfellow Room where a meeting in Boston of all plaintiffs' counsel had been set up. In response to Plaintiff's Counsel's request for the opportunity to participate in that meeting by telephone, Liaison Counsel falsely claimed that the hotel could not accommodate a speaker phone in its conference room. [*See* Exhibit A to the Declaration of G. James Strenio dated June 9, 2006.]

approve a settlement as fair, reasonable, and adequate.  As the United States Court of Appeal for

the Second Circuit explains:

> "The Manual [For Complex Litigation] notes that lead counsel are likely to be in the best position to conduct settlement discussions for the class, while underscoring the fact that when matters critical to the litigation are on the line, lead counsel must, where possible, attempt to work through consensus.  MCL 2d § 20.222. . . .  Of course, authority to negotiate for all classes carries with it responsibilities.  ***Lead counsel is expected in the ordinary course to keep other counsel for subclasses or members of the classes informed about negotiations and to consult with them regarding appropriate settlement terms***.  These duties flow naturally from lead counsel's broad authority, the nature of the negotiation of class action settlements, and the requirements of Rule 23(e).  ***A failure to fulfill these duties may thwart approval of the settlement by the district court or reaching a settlement itself***.  First, the failure to communicate and consult with other plaintiffs' counsel is grounds for rejection of the settlement under Rule 23.  *See* In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1124-33 (7th Cir.), cert. denied, 444 U.S. 870, 62 L. Ed. 2d 95, 100 S. Ct. 146 (1979).  ***Indeed, we believe that it would even be grounds for the district court to decline to give notice to the classes of the settlement under Rule 23(e) and to order further negotiations***.  Second, widespread dissatisfaction with the terms of the settlement among the classes and subclasses, which might well result from a lack of communication and consultation, will obviously increase the chance that the district court will reject it under Rule 23(e).  Third, the willingness of defendants to settle may depend upon lead counsel's ability to dissuade members of the classes from objecting to the settlement or opting out.  Fourth, and most important, a failure to communicate and consult may result in a settlement that is unfair to some  members of the classes. . . .  The authority of lead counsel to propose a settlement thus largely depends upon the district court's view of whether lead counsel has been vested with the responsibility to negotiate and has fulfilled the described responsibilities."

In re Ivan Boesky Sec. Litig., 948 F.2d 1538, 1365-1366 (2nd Cir. 1991);[8]  *see also* Pigford v.

Veneman, 307 F.Supp.2d 43, 49 (D.C. 2004) ("the courts of appeals do acknowledge that lead

counsel have the responsibility to keep other counsel apprised of negotiations and to consult with

---

[8]  Parenthetically, in footnote 1, the Second Circuit, while discussing the authority of lead counsel to negotiate a settlement, made clear that a district court may grant a representative of a sub-class veto power over any settlement:  "We do not suggest that a district court lacks power to lodge such a veto power in representatives of subclasses where the circumstances suggest to the court the appropriateness of such an order, at least for a limited period of time."  Id. at 1366.

them about settlement terms.  *See* <u>In Re Ivan F. Boesky Securities Litigation</u>, 948 F.2d 1358,

1365 (2d. Cir. 1991);  <u>In Re General Motors Corporation Engine Interchange Litigation</u>, 594

F.2d 1106, 1124-33 (7th Cir. 1979)").

**III.    Liaison Counsel has no legitimate reason to violate Plaintiff's right to a copy of the discovery produced by Gillette in this MDL proceeding.**

Liaison Counsel has no legitimate reason to violate Plaintiff's right to a copy of the

discovery produced by Gillette in this MDL proceeding.  In response to Plaintiff's request,

Liaison Counsel stated:

> "It would be extremely inefficient and unproductive for every lawyer in the case to examine these materials.  As you are no doubt aware, Judge Woodlock decided to delay the disclosure until after lead counsel was appointed, presumably so that the disclosures could be examined on a coordinated basis in order to avoid duplication."  [Letter dated May 12, 2006 from Mr. Shapiro to Mr. Kick; Exhibit B to Kick Affidavit.][9]

Liaison Counsel's purported concern for avoidance of duplication, besides being

pretextual, is misplaced.  Plaintiff's Counsel, at this time, is merely seeking a copy of the

materials produced by Gillette.  Plaintiff's Counsel is not and will not propound discovery on

Gillette without first obtaining the approval of the Court.  But, before Plaintiff's Counsel can

decide whether additional global or case-specific discovery is needed, Plaintiff's Counsel needs

to see the discovery that Gillette has produced and the discovery that Lead Counsel has

propounded.

Of course, the review of this discovery by Plaintiff's Counsel will be at its own time and

expense, unless the Court determines otherwise.  This decision, however, is one for the Court to

---

[9] Of course, this Court never made any such statement, and it is intellectually dishonest for Liaison Counsel to attempt to associate this Court with such a statement by placing the Court's name next to a statement this Court never made.

make, not one for Liaison Counsel to usurp.

Liaison Counsel is right about one thing: Gillette may be "prejudiced" if Plaintiff's Counsel's review of the discovery uncovers evidence supporting the classes' claims overlooked by Lead/Liaison Counsel, leads to additional discovery that Lead Counsel would not have otherwise undertaken, or unearths evidence showing that a settlement is not fair, reasonable, and adequate. But such "prejudice" does not constitute the type of prejudice warranting refusal to provide a copy of the discovery to Plaintiff's Counsel. Indeed, it is a reason for permitting it.

Finally, Plaintiff feels compelled to underline the irony in Liaison Counsel's refusal to provide a copy of the discovery to Plaintiff. As this Court is aware from the January 26, 2006 Scheduling Conference, it has been Plaintiff, not Liaison Counsel (or Lead Counsel), that has fought from the beginning for Gillette to provide the documents disclosed in its initial disclosures.

Dated: June 9, 2006

Respectfully submitted,

By:  /s/ Taras Kick
Taras P. Kick
G. James Strenio
THE KICK LAW FIRM, APC
660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
(213) 624-1588
taras@kicklawfirm.com
james@kicklawfirm.com
Counsel for Plaintiff
CARLOS CORRALES

KANNER & WHITELEY, LLC
Allan Kanner
Cynthia Green
701 Camp Street
New Orleans, LA 70130
(504) 524-5777

A.Kanner@kanner-law.com
C.Green@kanner-law.com
Counsel for Plaintiff
CARLOS CORRALES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | CIVIL ACTION NO. 05-11177-DPW |
| | ) | (LEAD CASE) |
| M3POWER RAZOR SYSTEM | ) | |
| MARKETING & SALES PRACTICES | ) | MDL Docket No. 1704 |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL CASES | ) | |
| | ) | |

## DECLARATION OF TARAS P. KICK IN SUPPORT OF PLAINTIFF CARLOS CORRALES' MOTION TO COMPEL LIAISON COUNSEL TO PROVIDE PLAINTIFF CARLOS CORRALES WITH A COPY OF EVERYTHING GILLETTE HAS PRODUCED IN THIS MDL PROCEEDING

I, Taras Kick, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and admitted to practice before the Central District of California. I am a shareholder in The Kick Law Firm, A.P.C., who, with Kanner & Whiteley, LLC, is counsel for Plaintiff Carlos Corrales (in Case No. 05-cv-12332-DPW) in this MDL proceeding (MDL No. 1704, Master File No. 05-cv-11177-DPW). I make this declaration in support of Plaintiff Carlos Corrales' Motion To Compel Liaison Counsel To Provide Plaintiff Carlos Corrales With A Copy Of Everything Gillette Has Produced In This MDL Proceeding. I make this declaration of my own personal knowledge, and would and could testify completely to the contents thereof if necessary to do so.

2.      Attached hereto as Exhibit A is a true and correct copy of a letter I wrote and caused to be sent via facsimile on May 5, 2006 to Thomas G. Shapiro.

1

3.      Attached hereto as Exhibit B is a true and correct copy of a letter dated May 12, 2006 from Mr. Shapiro that I received.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter I wrote and caused to be sent via facsimile on May 18, 2006 to Mr. Shapiro.

5.      Attached hereto as Exhibit D is a true and correct copy of a second letter I wrote and caused to be sent via facsimile on May 18, 2006 to Mr. Shapiro.

6.      Attached hereto as Exhibit E is a true and correct copy of a letter I wrote and caused to be sent via facsimile on May 23, 2006 to Mr. Shapiro.

7.      Attached hereto as Exhibit F is a true and correct copy of a letter dated May 23, 2006 from Mr. Shapiro that I received.

8.      Attached hereto as Exhibit G is a true and correct copy of a third letter I wrote and caused to be sent via facsimile on May 18, 2006 to Mr. Shapiro.

9.      Attached hereto as Exhibit H is a true and correct copy of a second letter I wrote and caused to be sent via facsimile on May 23, 2006 to Mr. Shapiro.

I declare under penalty of perjury, pursuant to the laws of California and the United States of America, that the above is true and correct and that this declaration was executed at Los Angeles, California on June 9, 2006.

TARAS P. KICK

2

# THE KICK LAW FIRM
### A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 5, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

      *Re:*    *In re M3Power Razor System Marketing & Sales Practices Litigation,*
              Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Mr. Shapiro:

Please send me a copy of (i) everything produced/disclosed by Defendant in its initial disclosures and (ii) Defendant's privilege log.[1]

I am entitled to a copy and am authorized by the Stipulated Protective Order (¶ 4(a)) to receive a copy because I am counsel of record for Plaintiff Carlos Corrales in the above-entitled action.

Thank you for your attention.

Very truly yours,

Taras Kick

cc:    Samuel H. Rudman (*via* facsimile: 631-367-1173)
       Ben Barnow (*via* facsimile: 312-641-5504)

---

[1] The Court's Scheduling Order set a deadline of April 28, 2006 for initial disclosures: "The Parties shall make the disclosures set forth in Fed.R.Civ.P. 26(a)(1). Defendant's initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall include, without limitation, any relevant discovery that it has previously produced in the Schick litigations in the District of Connecticut, Germany, and Australia, provided that an appropriate protective order has been entered as of the time for such initial disclosures. Gillette shall be obliged to provide a log identifying any documents withheld as privileged or not relevant."

```
            TRANSMISSION VERIFICATION REPORT

                                    TIME  : 05/05/2006 11:33
                                    NAME  : THE KICK LAW FIRM
                                    FAX   : 12136241589
                                    TEL   : 12136241588
                                    SER.# : BROJ2J700633


     DATE,TIME            05/05  11:33
     FAX NO./NAME         16174390134
     DURATION             00:00:22
     PAGE(S)              02
     RESULT               OK
     MODE                 STANDARD
                          ECM
```

## THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**               May 5, 2006

**FAX NUMBER:**         (617) 439-0134

**PHONE NUMBER:**       (617) 439-3939

**TO:**                 Thomas G. Shapiro, Esq.

**ATTENTION:**          Thomas G. Shapiro, Esq.

**FROM:**               Taras Kick

**SUBJECT:**            *In re M3 Power Razor System Marketing & Sales Litigation*,
                        Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

| | |
|---|---|
| **DATE:** | May 5, 2006 |
| **FAX NUMBER:** | (617) 439-0134 |
| **PHONE NUMBER:** | (617) 439-3939 |
| **TO:** | Thomas G. Shapiro, Esq. |
| **ATTENTION:** | Thomas G. Shapiro, Esq. |
| **FROM:** | Taras Kick |
| **SUBJECT:** | *In re M3 Power Razor System Marketing & Sales Litigation* , Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704 |

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

**THE KICK LAW FIRM**
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589


## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**                          May 5, 2006

**FAX NUMBER:**              (631) 367-1173

**PHONE NUMBER:**

**TO:**                             Samuel H. Rudman

**ATTENTION:**

**FROM:**                        Taras Kick

**SUBJECT:**                    *In re M3 Power Razor System Marketing & Sales Litigation* ,
                                    Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 05/05/2006 12:19
NAME  : THE KICK LAW FIRM
FAX   : 12136241589
TEL   : 12136241588
SER.# : BROJ2J700633
```

```
DATE,TIME         05/05  12:19
FAX NO./NAME      16313671173
DURATION          00:00:23
PAGE(S)           02
RESULT            OK
MODE              STANDARD
                  ECM
```

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**            May 5, 2006

**FAX NUMBER:**      (631) 367-1173

**PHONE NUMBER:**

**TO:**              Samuel H. Rudman

**ATTENTION:**

**FROM:**            Taras Kick

**SUBJECT:**         *In re M3 Power Razor System Marketing & Sales Litigation ,*
                     Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# THE KICK LAW FIRM

660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**                    May 5, 2006

**FAX NUMBER:**         (312) 641-5504

**PHONE NUMBER:**

**TO:**                      Ben Barnow

**ATTENTION:**

**FROM:**                  Taras Kick

**SUBJECT:**             *In re M3 Power Razor System Marketing & Sales Litigation .*
                            Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

TRANSMISSION VERIFICATION REPORT

```
TIME : 05/05/2006 11:40
NAME : THE KICK LAW FIRM
FAX  : 12136241589
TEL  : 12136241588
SER.# : BROJ2J700633
```

```
DATE,TIME          05/05  11:39
FAX NO./NAME       13126415504
DURATION           00:00:31
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

### THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

### FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**              May 5, 2006

**FAX NUMBER:**        (312) 641-5504

**PHONE NUMBER:**

**TO:**                Ben Barnow

**ATTENTION:**

**FROM:**              Taras Kick

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation*,
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
tshapiro@shulaw.com

May 12, 2006

**VIA FACSIMILE**

Taras P. Kick
The Kick Law Firm, APC
660 South Figueroa Street, Suite 1800
Los Angeles, CA 90017

     Re:   *Gillette*

Dear Taras:

     I have received your letter of May 5, 2006 requesting a copy of everything produced by defendant in its initial disclosures. It would be extremely inefficient and unproductive for every lawyer in the case to examine these materials. As you are no doubt aware, Judge Woodlock decided to delay the disclosure until after lead counsel was appointed, presumably so that the disclosures could be examined on a coordinated basis in order to avoid duplication.

     Sincerely yours,

Thomas G. Shapiro

TGS:sg

cc:   Robert Rothman (via facsimile)
      Ben Barnow (via facsimile)

# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
tshapiro@shulaw.com

## FACSIMILE COVER SHEET

NUMBER OF PAGES TRANSMITTED INCLUDING THIS PAGE: ___2___

FAX NUMBER TRANSMITTED TO:

To:   Taras Kick                    Fax:  (213) 624-1589

To:   Robert Rothman               Fax:  (631) 367-1173

To:   Ben Barnow                   Fax:  (312) 641-5504


From:     Thomas G. Shapiro

Re:       Gillette

Date:     May 12, 2006

COMMENTS:

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, AND
IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE
IMMEDIATELY AT (617) 439-3939 AND RETURN THE ORIGINAL TO US BY UNITED STATES MAIL. IF THE TRANSMISSION IS
INCOMPLETE OR ILLEGIBLE, PLEASE CALL US AT THE ABOVE NUMBER. THANK YOU FOR YOUR COOPERATION.

THE PROCTOR FIRM

A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 18, 2006

<u>Via U.S. Mail & Facsimile To (617) 439-0134</u>
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

Re:   *In re M3Power Razor System Marketing & Sales Practices Litigation,*
      Civil Action No. 05-11177-DPW. (Lead Case). MDL Docket No. 1704

Dear Tom:

I was not only disappointed, but actually quite surprised by your refusal in your May 12, 2006, letter, reiterated in your letter of earlier today, to provide documents to us that have been produced in this litigation by Gillette, and which we requested. This refusal by you is completely contrary to the duties of a liaison counsel, and shows a fundamental misunderstanding by you of the duties of liaison counsel to other counsel in this case. It causes me great concern about your fitness to continue to act in the role of liaison counsel.

A liaison counsel does not have the right to deny one of the parties with a case pending in multi-district litigation access to documents that have been produced in the case by the defendant. In fact, it is literally the opposite: the liaison counsel is supposed to *facilitate* the access to these documents, not *block* it. Your fundamental misunderstanding of this basic tenet of the duties of a liaison counsel brings under serious question your qualification to continue in this capacity.

Although you must know this, let there be no question: this breach of your duties as liaison counsel is undermining our ability to prepare Mr. Corrales' case. Further, it is having a negative effect on at least all California consumers, and they expressly reserve all their rights towards your firm and lead counsels' firms as well if lead counsel have any part in this refusal to turn over the documents.

Regarding your purported concern that providing documents to counsel might lead to unnecessary hours being spent working on the case, this demonstrates not only a gross misunderstanding by you of the duties of a liaison counsel, but also of the way coordinated litigation in general works. In case you do not know, in a class action it is not the liaison counsel that decides who gets paid for what hours were worked on a case, but rather the judge: in this case, if and when there is a settlement which is approved by Judge Woodlock, Judge Woodlock will decide whose hours were appropriate and whose were not.[1] I am not sure why you believe you get to usurp Judge Woodlock's role.

---

[1] Given that your hours to date seem largely to have been spent planning how to seize control of the case and push through a pre-arranged settlement, I suspect your hours may be scrutinized by Judge Woodlock with especial care.

Thomas G. Shapiro, Esq.                                                                      2
*Re: In re M3Power Razor System Marketing & Sales Practices Litigation,*
Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704
May 18, 2006

As you know, the real reason you are trying to block access to these documents in contravention of your duties to other counsel in this case and in contravention of your fiduciary duties to the consumers in this case, is because, as you previously admitted to me, you already have a largely pre-negotiated national settlement with the defendant in this case, subject only to fine tuning, and are now trying to create only the minimum amount of cover you perceive necessary to try to push through this national settlement. Limiting as much as possible the access to Gillette's documents that others would then be able to provide to Judge Woodlock to point out the inadequacies of your pre-arranged settlement is consistent with that plan. Let me know if I am wrong about this.

In sum, you have a duty as liaison counsel to provide access to the documents to us. If we do not receive a copy of the documents from you by Tuesday, May 13, 2006, we will file a motion to compel such access on Friday, May 26, 2006.

At that same time, we also will have no alternative but to file a motion to remove you as liaison counsel from this case, based not only on your dereliction of duties, but also on your obvious fundamental misunderstanding of the role of a liaison counsel in coordinated litigation.

Providing the documents by this Tuesday will not alone be enough to prevent our filing of this motion to remove you as liaison counsel. Rather, because you have shown such a total lack of acting in the manner required of a liaison counsel (starting with refusing to provide a speaker phone at the hotel meeting in Boston over the summer to those who wanted to participate by phone to now actively trying to prevent a party in the litigation from getting a copy of the documents produced by the defendant), to avoid such a motion I need from you in writing the case name and number of every case in which you previously served as liaison counsel, along with a list of counsel in that case. I will then call all of the counsel from those cases to determine whether you acted similarly in those cases, that being trying to ram through a settlement on behalf of lead counsel and yourself at the expense of the consumers, and in dereliction of your duties to other counsel. Depending on the information I receive from those attorneys, I will then decide on whether to file the motion to remove you. If I do not receive any such list from you, I will assume you never before have served in the capacity of liaison counsel, and will file the motion next Friday.

It is my preference to avoid filing both motions, and therefore I hope we receive the documents and necessary information from you to avoid them. However, given your conduct up to now, no doubt motivated by the pre-arranged deal with Gillette, it would take a complete reversal of your conduct to date for this to occur.

Very truly yours,

Taras Kick

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  3  (including cover sheet)

**DATE:**                 May 18, 2006

**FAX NUMBER:**           (617) 439-0134

**PHONE NUMBER:**         (617) 439-3939

**TO:**                   Thomas G. Shapiro, Esq.

**ATTENTION:**

**FROM:**                 Taras Kick

**SUBJECT:**              *In re M3 Power Razor System Marketing & Sales Litigation* ,
                          Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

COMMENTS/INSTRUCTIONS:

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege.  If you are not the intended recipient, please deliver this transmission immediately to its intended recipient.  If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/18/2006 12:29
NAME   : THE KICK LAW FIRM
FAX    : 213-624-9494
TEL    : 213-624-1588
SER. # : BROG2J585904
```

```
DATE,TIME            05/18  12:26
FAX NO./NAME         16174390134
DURATION             00:01:21
PAGE(S)              03
RESULT               OK
MODE                 STANDARD
                     ECM
```

## THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588 Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES: 3 (including cover sheet)

**DATE:**            May 18, 2006

**FAX NUMBER:**      (617) 439-0134

**PHONE NUMBER:**    (617) 439-3939

**TO:**              Thomas G. Shapiro, Esq.

**ATTENTION:**

**FROM:**            Taras Kick

**SUBJECT:**         *In re M3 Power Razor System Marketing & Sales Litigation*,
Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# THE KICK LAW FIRM
### A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 18, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

      *Re:*    *In re M3Power Razor System Marketing & Sales Practices Litigation,*
               Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

In my earlier letter of today, when I said that, if we do not receive a copy of the documents from you by Tuesday, May *13*, 2006, we will file a motion to compel such access on Friday, May 26, 2006, I, of course, meant Tuesday, May *23*, 2006.

Very truly yours,

Taras Kick

cc     Allan Kanner
       Gillian L. Wade
       C. Donald Amamgbo
       Reginald Terrell
       Olen Kenneth Dodd
       Edward W. Cochran

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME : 05/18/2006 14:01
                                        NAME :
                                        FAX  :
                                        TEL  :
                                        SER.# : BROJ2J700633


   DATE,TIME            05/18  14:01
   FAX NO./NAME         16174390134
   DURATION             00:00:19
   PAGE(S)              02
   RESULT               OK
   MODE                 STANDARD
                        ECM
```

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589


## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES: 2 (including cover sheet)

**DATE:**              May 18, 2006

**FAX NUMBER:**        (617) 439-0134

**PHONE NUMBER:**      (617) 439-3939

**TO:**                SHAPIRO HABER & URMY LLP

**ATTENTION:**         Thomas G. Shapiro, Esq.

**FROM:**              Taras Kick

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation*,
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

## THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**                    May 18, 2006

**FAX NUMBER:**              (617) 439-0134

**PHONE NUMBER:**            (617) 439-3939

**TO:**                      SHAPIRO HABER & URMY LLP

**ATTENTION:**               Thomas G. Shapiro, Esq.

**FROM:**                    Taras Kick

**SUBJECT:**                 *In re M3 Power Razor System Marketing & Sales Litigation .*
                             Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

# THE KICK LAW FIRM

A PROFESSIONAL CORPORATION

660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
213 624 1588 / Fax 213 624 1589

May 23, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

> Re:    *In re M3Power Razor System Marketing & Sales Practices Litigation,*
> Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

This will confirm that you have refused to allow us to review a copy of the documents produced by Gillette in this matter notwithstanding our request, and notwithstanding the fact that we pointed out to you that it is Judge Woodlock, and not you, who will decide which attorney hours, if any, are compensable in this matter.

Very truly yours,

Taras Kick

cc    Allan Kanner, Esq.
Gillian L. Wade, Esq.
C. Donald Amamgbo, Esq.
Reginald Terrell, Esq.
Olen Kenneth Dodd, Esq.
Edward W. Cochran, Esq.

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**                May 23, 2006

**FAX NUMBER:**          (617) 439-0134

**PHONE NUMBER:**        (617) 439-3939

**TO:**                  SHAPIRO HABER & URMY LLP

**ATTENTION:**           Thomas G. Shapiro, Esq.

**FROM:**                Taras Kick

**SUBJECT:**             *In re M3 Power Razor System Marketing & Sales Litigation*,
                         Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege. If you are not the intended recipient, please deliver this transmission immediately to its intended recipient. If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
                              TIME  : 05/23/2006 15:03
                              NAME  : THE KICK LAW FIRM
                              FAX   : 213-624-9494
                              TEL   : 213-624-1588
                              SER.# : BROG2J585904
```

```
┌──────────────────────────────────────────────────────────────────┐
│  DATE,TIME            05/23  15:02                                 │
│  FAX NO./NAME         16174390134                                 │
│  DURATION             00:00:38                                    │
│  PAGE(S)              02                                          │
│  RESULT               OK                                         │
│  MODE                 STANDARD                                   │
│                       ECM                                        │
└──────────────────────────────────────────────────────────────────┘
```

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**              May 23, 2006

**FAX NUMBER:**        (617) 439-0134

**PHONE NUMBER:**      (617) 439-3939

**TO:**                SHAPIRO HABER & URMY LLP

**ATTENTION:**         Thomas G. Shapiro, Esq.

**FROM:**              Taras Kick

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation* ,
                       Civil Action No. 05-11177-DPW (lead case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# SHAPIRO HABER & URMY LLP

### Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

May 23, 2006

**VIA FACSIMILE**

Taras P. Kick
The Kick Law Firm, APC
660 South Figueroa Street, Suite 1800
Los Angeles, CA 90017

Re: *Gillette*

Dear Taras:

I have received your four letters all dated May 18, 2006. Letter writing campaigns such as yours are not appropriate or helpful. Therefore, let me say simply that Lead Counsel and I disagree with your positions and accusations.

Sincerely yours,

Thomas G. Shapiro

TGS:sg

cc: Robert Rothman (via facsimile)
Ben Barnow (via facsimile)

# SHAPIRO HABER & URMY LLP

### Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
tshapiro@shulaw.com

## FACSIMILE COVER SHEET

NUMBER OF PAGES TRANSMITTED INCLUDING THIS PAGE: _2_____

FAX NUMBER TRANSMITTED TO:

To:   Taras Kick                          Fax: (213) 624-1589

To:   Robert Rothman                      Fax: (631) 367-1173

To:   Ben Barnow                          Fax: (312) 641-5504


From:      Thomas G. Shapiro

Re:        Gillette

Date:      May 23, 2006

COMMENTS:

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AT (617) 439-3939 AND RETURN THE ORIGINAL TO US BY UNITED STATES MAIL. IF THE TRANSMISSION IS INCOMPLETE OR ILLEGIBLE, PLEASE CALL US AT THE ABOVE NUMBER. THANK YOU FOR YOUR COOPERATION.

Exchange Place · 53 State Street · Boston, Massachusetts 02109 · (617) 439-3939 · Fax (617) 439-0134

THE KICK LAW FIRM

A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 18, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro. Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

> Re:   *In re M3Power Razor System Marketing & Sales Practices Litigation*,
> Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

As I trust you are aware, the deadline to complete discovery regarding class certification is June 30. This means you have to get the discovery demands out within approximately the next week. Before you send it out, I would like to review it to provide comments, or possibly suggestions of additional requests to add. Among other issues. I want to make sure that the proper discovery was propounded that will maximize the likelihood of a class of California state consumers being certified, including the necessary discovery to yield evidence of the superior legal rights held by California consumers which would be appropriate to put forward in a class certification motion.

If you have not yet finished the discovery you intend to propound, if you would fax or email to me by tomorrow at least what you have drafted to date, I will be able to review it over the weekend and provide my comments and suggestions, if any, to you by Monday.

I will wait to hear from you.

Very truly yours,

Taras Kick

cc   Allan Kanner
     Gillian L. Wade
     C. Donald Amamgbo
     Reginald Terrell
     Olen Kenneth Dodd
     Edward W. Cochran

```
┌─────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT │
└─────────────────────────────────┘
```

```
                              TIME  : 05/18/2006 13:39
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : BROJ2J700633
```

```
┌───────────────────────────────────────────────────────────────┐
│  DATE,TIME            05/18  13:38                              │
│  FAX NO./NAME         16174390134                              │
│  DURATION             00:00:21                                 │
│  PAGE(S)              02                                       │
│  RESULT               OK                                       │
│  MODE                 STANDARD                                 │
│                       ECM                                      │
└───────────────────────────────────────────────────────────────┘
```

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800      ·
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**            May 18, 2006

**FAX NUMBER:**      (617) 439-0134

**PHONE NUMBER:**    (617) 439-3939

**TO:**              SHAPIRO HABER & URMY LLP

**ATTENTION:**       Thomas G. Shapiro, Esq.

**FROM:**            Taras Kick

**SUBJECT:**         *In re M3 Power Razor System Marketing & Sales Litigation* ,
                     Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

# THE KICK LAW FIRM

A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

May 23, 2006

**Via U.S. Mail & Facsimile To (617) 439-0134**
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

      *Re:*   *In re M3Power Razor System Marketing & Sales Practices Litigation,*
          Civil Action No. 05-11177-DPW (Lead Case), MDL Docket No. 1704

Dear Tom:

This will confirm that despite our written request to review discovery that is being propounded on
defendant related to the class certification, you have refused.

Very truly yours,

Taras Kick

cc    Allan Kanner, Esq.
       Gillian L. Wade, Esq.
       C. Donald Amamgbo, Esq.
       Reginald Terrell, Esq.
       Olen Kenneth Dodd, Esq.
       Edward W. Cochran, Esq.

# THE KICK LAW FIRM
660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**              May 23, 2006

**FAX NUMBER:**        (617) 439-0134

**PHONE NUMBER:**      (617) 439-3939

**TO:**                SHAPIRO HABER & URMY LLP

**ATTENTION:**         Thomas G. Shapiro, Esq.

**FROM:**              Taras Kick

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation* ,
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

The information contained in this facsimile transmission may be confidential, attorney work product, and protected by the attorney-client privilege.  If you are not the intended recipient, please deliver this transmission immediately to its intended recipient.  If you have received this facsimile transmission in error, please call the telephone number listed at the top of this page, collect, to arrange for return of the transmission to The Kick Law Firm.

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME  : 05/23/2006 15:00
NAME  : THE KICK LAW FIRM
FAX   : 213-624-9494
TEL   : 213-624-1588
SER.# : BROG2J585904
```

| | |
|---|---|
| DATE,TIME | 05/23  15:00 |
| FAX NO./NAME | 16174390134 |
| DURATION | 00:00:38 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

## THE KICK LAW FIRM

660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**            May 23, 2006

**FAX NUMBER:**      (617) 439-0134

**PHONE NUMBER:**    (617) 439-3939

**TO:**              SHAPIRO HABER & URMY LLP

**ATTENTION:**       Thomas G. Shapiro, Esq.

**FROM:**            Taras Kick

**SUBJECT:**         *In re M3 Power Razor System Marketing & Sales Litigation*,
                     Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**