UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE M3 POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | ) MASTER DOCKET <br> ) <br> ) Civil Action No. 05-11177-DPW <br> ) <br> ) OPPOSITION IN RESPONSE TO <br> ) PLAINTIFF CARLOS CORRALES' <br> ) MOTION FOR ORDER COMPELLING <br> ) DISCLOSURE OF ANY FEE <br> ) ARRANGEMENT <br> ) |

Co-lead counsel Robert Rothman of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach") and Ben Barnow of Barnow and Associates, P.C. ("Barnow") (collectively referred to as "Co-Lead Counsel"), along with liaison counsel Thomas Shapiro of Shapiro Haber & Urmy LLP ("Liaison Counsel") file this Opposition in Response to Carlos Corrales' ("Corrales") Motion for Order Compelling Disclosure of Any Fee Arrangement ("Motion"), filed by The Kick Law Firm, APC ("Kick") and Kanner & Whiteley, LLC ("Kanner") (collectively referred to as "Corrales' Counsel") on or about June 6, 2006.[1]

## INTRODUCTION

Corrales' Counsel's Motion is part an overall attempt to undermine: (1) this Court's selection of Co-Lead Counsel and Liaison Counsel; and (2) the prosecution of this case on behalf of the class members.

Ever since this Court's ruling to designate Co-Lead and Liaison Counsel with certain rights and responsibilities,[2] Corrales' Counsel has besieged Co-Lead and Liaison Counsel with demands and accusations. *See, e.g.*, Exhibits to Declaration of Taras P. Kick in Support of Plaintiff Carlos Corrales' Motion for Order Compelling Disclosure of Any Fee Arrangements ("Kick's Aff."). Corrales' Counsel further resorted to baseless and frivolous motion practice. First, on or about May 4, 2005, Corrales' Counsel filed an "Objection to the Consolidated Amended Complaint, and Motion for Order Allowing Plaintiff Carlos Corrales to Proceed Under his Own Complaint and with His Own Counsel." Second, on or about June 6, 2006, Corrales' Counsel filed the instant Motion. Third, after filing this Motion, on or about June 9, 2006, Corrales' Counsel filed Corrales' "Motion

---

[1] "Mem. p. __" refers to Corrales' counsels' Motion, dated June 6, 2006.

[2] *See* Court's Order dated March 17, 2006 ("Case Management Order").

to Compel Liaison Counsel to Provided Plaintiff Carlos Corrales with a Copy of Everything Gillette has Produced in this MDL Proceeding."[3] These motions have been brought without any stated procedural compliance.

By way of background, Corrales' Counsel sought to be appointed Lead Counsel in this case. The Court considered Corrales' Counsel for this position. After reviewing submissions and entertaining oral argument by several firms on the issue, this Court appointed Barnow and Lerach as Co-Lead Counsel and Shapiro as Liaison Counsel. Corrales' counsel has taken particular exception to this Court's decision. Now, Corrales' Counsel is essentially forcing Co-Lead Counsel and Liaison Counsel to litigate two separate fronts: one against Gillette and the other against Corrales. Corrales' Counsel is, in effect, harming the very class members they sought to represent.

In response to Corrales' Counsel's latest round of demands, Co-Lead Counsel and Liaison Counsel simply state that the law is clear that they have no obligation to provide fee agreements to Corrales.[4] Co-Lead Counsel and Liaison Counsel would, however, be glad to advise this Court of any information the Court wishes to know regarding a fee agreement, if any, among Co-Lead Counsel and Liaison Counsel.

**ARGUMENT**

I. **Lead Counsel Liaison Counsel Need Not Produce Any Fee Agreements to Corrales' Counsel**

Corrales' Counsel's barrage of correspondence (See Kick's Aff.) and motion practice is accomplishing nothing more than judicial waste and forcing Co-Lead Counsel and Liaison Counsel

---

[3] A response to Corrales' latest motion will be filed within the time provided under the local rules.

[4] Co-Lead Counsel and Liaison Counsel do not acknowledge that any fee agreements exist. Co-Lead Counsel and Liaison Counsel simply state that fee agreements, if any, do not need to be produced to Corrales' counsel.

to unnecessarily spend time responding to Corrales' Counsel, rather than devoting all their time and attention to representing the interests of the class members.[5] Neither Co-Lead Counsel nor Liaison Counsel is under any obligation to report to Corrales' Counsel regarding fee agreements entered into between counsel in connection with this litigation. On the other hand, Co-Lead Counsel and Liaison Counsel are more than willing to disclose to this Court, under seal, any fee agreement among Co-Lead Counsel and/or Liaison Counsel, if any.

Co-Lead Counsel and Liaison Counsel object to Corrales' Counsel's belief that they are entitled to any and all information they request from Co-Lead Counsel or Liaison Counsel. Co-Lead Counsel and Liaison Counsel oppose Corrales' Counsel's motion to compel fee agreements, if any, on the basis that, even accepting the position that fee agreements must be disclosed to the Court – a proposition that has not been endorsed by any Federal or State court with Massachusetts – Corrales' Counsel are not the Court and therefore not entitled to review fee agreements among Co-Lead Counsel and/or Liaison Counsel. *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996) (holding that the production of fee agreements was limited to *in camera* disclosure to the ***court***, not to other parties); *see also In re: Ivan F. Boesky Sec. Litig.*, 888 F. Supp. 551, 559 (S.D.N.Y. 1995) (stating that the ***court*** may review the terms of a fee agreement).

Corrales' Counsel assert that *In re "Agent Orange" Product Liability Litig.*, 818 F.2d 216 (2d Cir.), *cert. denied*, 484 U.S. 926 (1987), requires discovery of fee sharing agreements to them.

---

[5] Despite Corrales' Counsel's insinuation to the contrary, the Co-Lead Counsel and Liaison Counsel appointed by the Court here to represent the interests of all class members nationwide, and Co-Lead Counsel are fully aware of the applicable laws, including those of California. In fact, Lerach has more than 130 attorneys in its California offices alone who devote their practices to class and representative actions. Yet, for the purposes of this motion before the Court, Lead Counsel and Liaison Counsel do not debate the appropriateness of the division of fees or the terms of fee agreements addressed in other cases. The issue has no bearing whatsoever on Corrales' Counsel's request.

Mem. p. 4. Not so. In *Bowling*, the court specifically discussed that issue and stated that other counsel are not permitted to receive that information:

> Although *Agent Orange* does indeed stress the need to have these agreements disclosed, it only required that "in all future class actions counsel must inform the *court* of the existence of a fee sharing agreement at the time it is formulated." *Id.* at 226 (emphasis added). In doing so, the Second Circuit explained that "[o]nly by reviewing the agreement prospectively will the district courts be able to prevent potential conflicts from arising." *Id.* Thus, the Second Circuit did not address disclosure of these agreements to the other parties involved, and it certainly did not require such disclosure. Accordingly, the district court, given the questionable relevance of the fee arrangements, did not abuse its discretion in requiring only in camera disclosure of the agreements.

Clearly, any obligation on Co-Lead Counsel and Liaison Counsel to disclose a fee agreement to the Court does not mandate disclosure to Corrales' Counsel. Rather, any disclosure requirement pertains to an in camera review with this Court. In this regard, this Court should reject Corrales' latest attempt to distract Co-Lead Counsel's and Liaison Counsel's obligation to the class members in this litigation.

## CONCLUSION

For the reasons set forth herein, Corrales' Motion should be denied in its entirety.

DATED:  June 20, 2006                           Respectfully submitted,

**/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA  02109
Telephone:  617/439-3939

*Liaison Counsel*

>LERACH COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
>SAMUEL H. RUDMAN
>ROBERT M. ROTHMAN
>MARK S. REICH
>58 South Service Road, Suite 200
>Melville, NY  11747
>Telephone:  631/367-7100
>
>BARNOW AND ASSOCIATES, P.C.
>BEN BARNOW
>One North LaSalle Street
>Suite 4600
>Telephone: 312/621/2000
>
>*Co-Lead Counsel*

I:\Gillette\Pleadings\060620 Opp to Mot.doc

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 20, 2006.

>**/s/Theodore M. Hess-Mahan**
>Theodore M. Hess-Mahan