## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|                                         |                                      |
|-----------------------------------------|--------------------------------------|
| In re:                                  | MASTER DOCKET                        |
|                                         | Civil Action No. 05-11177            |
| M3 POWER RAZOR SYSTEM                    | (Lead Case)                          |
| MARKETING & SALES PRACTICES             |                                      |
| LITIGATION                              | Jury Trial Demanded                  |
|                                         |                                      |
| THIS DOCUMENT RELATES TO:               |                                      |
| ALL ACTIONS                             |                                      |

### OPPOSITION IN RESPONSE TO PLAINTIFF CARLOS CORRALES' MOTION TO COMPEL LIAISON COUNSEL TO PROVIDE PLAINTIFF CARLOS CORRALES WITH A COPY OF EVERYTHING GILLETTE HAS PRODUCED IN THIS MDL PROCEEDING

Plaintiffs' Co-Lead Counsel Robert Rothman, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Ben Barnow, Barnow and Associates, P.C. (collectively "Co-Lead Counsel"), and Liaison Counsel Thomas G. Shapiro, Shapiro Haber & Urmy LLP ("Liaison Counsel"), file this Opposition in Response to Plaintiff Carlos Corrales' ("Corrales") Motion to Compel Liaison Counsel to Provide Plaintiff Carlos Corrales With a Copy of Everything Gillette Has Produced in this MDL Proceeding, filed by The Kick Law Firm, APC ("Kick") and Kanner & Whiteley, LLC ("Kanner") (collectively referred to as "Corrales' counsel").

1. Corrales' current motion represents another of his challenges to the orderly and efficient advancement of the litigation.

2. While no reminder is needed, the Court, in making the Co-Lead Counsel and related appointments, was concerned about duplication of effort and the inefficiency that would result in unmanaged and uncontrolled litigation. Indeed, the Court was assured by one of Class Counsel that he would work against any such problem. Co-Lead Class Counsel and Liaison Counsel have adhered to the commitment.

3.     Case Management Order #2 entered by the Court documents that commitment and obligation. Paragraph 2 states, in part, as follows: "Plaintiffs' Co-Lead Counsel shall be responsible for initiating, coordinating and supervising the efforts of all Plaintiffs' counsel in such tasks as Co-Lead Counsel may assign in such manner as to ensure that pre-trial . . . proceedings are conducted effectively, efficiently and economically..." Further, Plaintiffs' Co-Lead Counsel are to "[d]elegate and oversee specific tasks to Plaintiffs' counsel . . ." *See* Case Management Order # 2, at paragraph 2(v). That is what Co-Lead Counsel have done and are doing. Review of the documents produced has been conducted by and through assignment. Obviously, in this regard, Corrales' counsel disagrees with the directive of Case Management Order #2. Then again, Corrales' counsel disagrees with every directive that does not make his counsel functional lead counsel.

4.     The Court's Order follows the principles of multi-district litigation. Corrales' motions make it appear that he believes that either no such principles exist for such litigation or that they do not apply to him. Corrales' approach would make meaningless the very purpose and goal that Case Management Order #2 represents.

5.     Unlike the case management order entered in this case, the cases cited by Corrales involved case management orders that explicitly required lead/liaison counsel to make documents produced available to all parties. *See Abbent v. Eastman Kodak Co.*, 938 F. Supp. 266, 270 (D.N.J. 1996) (seventh case management order appointing lead counsel required defendants to produce all discovery to lead counsel who had the obligation of distributing it to all other plaintiffs' counsel); *In re Zyprexa Prods. Liab. Litig.*, 424 F.

Supp. 2d 488, 491 (E.D.N.Y. 2006) ("all litigants, whether in federal or any state court, have access to the materials obtained in pretrial discovery"), citing *In re Zyprexa Products Liability Litigation*, 04-MD-1596, 2004 WL 3520248, at *4 (E.D.N.Y. Aug.18, 2004) (Case Management Order No. 4); *In re Worldcom Sec. Litig.*, Nos. 02 Civ.3288 DLC, 03 Civ.1052 DLC, 03 Civ.1897 DLC, 2003 WL 21872391 (S.D.N.Y. Aug. 8, 2003) (order of appointment requires lead counsel to "keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours"); *In re Taxable Municipal Bonds Litigation*, No. Civ. A. MDL No. 863, 1993 WL 133826, *3 (E.D.La. Apr. 15, 1993) ("Movants in both motions, as putative class members, do have access to the discovery presently taking place among the named parties in this litigation. For instance, all documents that have been produced by the parties are being jointly maintained in a document depository. Deposition transcripts are also available."); *Walitalo v. Iaccoca*, 968 F.2d 741, 743 (8th Cir. 1992) (district court entered order describing liaison counsel's duties, including "to distribute and manage the extensive documentation associated with the pretrial proceedings and discovery"); *In re Citigroup, Inc., Capital Accumulation Plan Litig.*, 150 F. Supp. 2d 274, 281 (D. Mass. 2001) (case management order provides that all plaintiffs' counsel in consolidated cases and related state court action shall have right to access to all discovery materials in document depository); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, *3 (S.D.N.Y. Feb. 20, 2003) (ordering lead counsel to "keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at

reasonable hours"). Respectfully, such a procedure would work where there is concurrent satellite litigation. In any event, in this litigation there are no concurrent satellite cases proceeding and there is no efficiency in the duplication Corrales' counsel is seeking.

6.    Corrales has his own case and has shown no desire to work within the framework of this litgation and the directive of this Court. In one instance, his attorneys seek remand and dismissal. They will eventually have the right to opt out, something they likely would not have dreamed of had they been appointed lead counsel. Corrales' interests are being protected in accordance with law. If a result comes about that he or his lawyers are unhappy about, in order and without disrupting the interests of the consolidated case or the system, he can have his individual case and all the discovery he then feels appropriate. It is suggested that Corrales' desire for such work would not be there unless it came in the context of this or another class action case. But in this one, the Court has entered an order, and Corrales and his counsel, if they want to proceed in this litigation should abide by orders entered in it. Nowhere in Case Management Order #2 is it stated that Co-Lead Counsel or Liaison Counsel are to produce to every attorney in the MDL proceeding the discovery production. The activity of Corrales' counsel to date makes it clear that to do so would not lead to the efficiency that Case Management Order #2 demands from them.

7.    In their effort to support their motion, Corrales states that it has been him, and not Co-Lead and Liaison Counsel, that has "fought from the beginning for Gillette to provide the documents". Co-Lead Counsel and Liaison Counsel have pursued discovery, and Corrales' view does not change that.

4

**CONCLUSION**

For the reasons set forth herein, Plaintiff Carlos Corrales' Motion to Compel Liaison Counsel to Provide Plaintiff Carlos Corrales With a Copy of Everything Gillette Has Produced in this MDL Proceeding should be denied.

Dated: June 23, 2006                    Respectfully submitted,


/s/Theodore M. Hess-Mahan
Thomas G. Shapiro (BBO #454680)
Theodore M. Hess-Mahan (BBO #557109)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939

*Liaison Counsel*

Samuel H. Rudman
Robert M. Rothman
Mark S. Reich
Lerach Coughlin Stoia Geller
        Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100


Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street
Suite 4600
Chicago, IL 60602
(312) 621-2000

*Co-Lead Counsel*

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 23rd day of June, 2006.

/s/Theodore M. Hess-Mahan