UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Adoure v. The Gillette Company*,<br>Civil Action No. 05-CV-12336-DPW | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

**THE GILLETTE COMPANY'S SUPPLEMENTAL OPPOSITION TO**
**KASEM ADOURE'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

At the request of the Court, The Gillette Company ("Gillette") hereby supplements its opposition to the motion by plaintiff Kasem Adoure for voluntary dismissal. Adoure has asked the Court to dismiss his case "with prejudice" but conditioned upon reserving his right to seek an immediate appeal of the Court's earlier denial of his remand motion. Despite Adoure's assertions to the contrary, it is respectfully submitted that this Court has the discretion to deny his conditional request for dismissal, and should do so.

**Argument**

**I. The type of dismissal Adoure seeks can only be secured via motion**

At the time Adoure filed his motion for voluntary dismissal, Gillette had not yet filed its answer to the consolidated complaint. Therefore, had Adoure sought merely to dismiss his action, he could have proceeded unilaterally by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1). A dismissal under 41(a)(1) is self-executing and does not require approval of the Court. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("The effect of the filing

of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.")

A notice of dismissal under Fed. R. Civ. P. 41(a)(1), however, is a purely ministerial request, and cannot include any conditions.  See *Hyde Construction Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) ("If the conditioning of notices of dismissal is allowed, the clerk of the court will be called upon to exercise a duty more than merely ministerial."); *Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co.*, 170 F.R.D. 467, 471 (E.D. Mo. 1997) (noting that "Blue Cross' notice did not, and could not, qualify as a valid Rule 41(a)(1) dismissal" because it was "clearly conditional" and "required more than the Clerk's ministerial act of closing the court file").  Only the court may add terms and conditions to a dismissal, which therefore requires the plaintiff to proceed by motion under Rule 41(a)(2).

Rule 41(a)(2), permits dismissal "upon order of the court and upon such terms and conditions as the court deems proper."  Courts have thus properly recognized that an attempt to attach conditions to a request for dismissal automatically places the request -- even if framed as a unilateral notice -- within the scope of Rule 41(a)(2).  *Blue Cross*, 170 F.R.D. at 471 (construing plaintiff's conditional notice of dismissal as a motion to dismiss under Rule 41(a)(2)).  The language of the rule -- permitting dismissal "upon terms and *conditions* as the *as the court deems proper*" (emphasis added) -- plainly denotes that such motions are subject to the court's discretion whether to allow the dismissal, and, if so, on what terms.  *See Transwitch Corp. v. Galazar Networks, Inc.,* 377 F. Supp. 2d 284, 289 (D. Mass. 2005) ("A decision under Rule 41(a)(2) is committed to the discretion of the court.") (internal quotations omitted).

Therefore the motion before the Court is within the Court's discretion to deny.  On its face, Adoure himself framed his request for dismissal as a "motion" seeking intervention of the

Court "[p]ursuant to Federal Rule of Procedure 41(a)," not as a unilateral notice of dismissal under 41(a)(1). He was correct to do so, since the dismissal he seeks would not "leave the parties as though no action had been brought." *Janssen*, 321 F.3d at 1000. Instead, he seeks to attach a condition, by expressly asking the Court to grant him a dismissal "with prejudice – but reserving and without prejudice to his right to appeal this Court's order, issued January 23, 2006." Adoure Motion at 1. Because a request for dismissal subject to "terms and conditions" is outside the scope of Rule 41(a)(1), his request necessarily becomes subject to the discretion of the Court under Rule 41(a)(2). Indeed, the First Circuit has made clear that dismissals under Rule 41(a)(2) are subject to the discretion of the Court even when sought with prejudice and *without* any other conditions. *See ITV Direct v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006) (holding that district court did not err by refusing to grant voluntary motion to dismiss with prejudice where interests of third-party intervenor were affected by such a dismissal). *A fortiori,* where the plaintiff *does* seeks to attach conditions that will necessarily both impact the defendant and undercut the efficiency of these consolidated proceedings, Rule 41(a)(2) requires the court to exercise its discretion whether to grant or deny the request.

**II. The Court should exercise its discretion to deny Adoure's motion**

It is certainly true that in most cases, neither the court nor the defendant would have any reason to object to a plaintiff's request for dismissal with prejudice. That is because a voluntary dismissal with prejudice generally provides both the court and the defendant with finality, and has preclusive effect. See *Duncan Galvanizing Corp. v. Valspar Corp.*, Civ. A. No. 93-12368-GAO, 1996 WL 464048, at *2 (D. Mass. July 12, 1996); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass 1990). Moreover, a plaintiff who voluntarily dismisses his action generally cannot appeal such dismissal because there "is no involuntary or adverse judgment against him."

*Cashmere & Camel Hair Manufacturers Institute v. Saks Fifth Avenue*, 284 F.3d 302, 308 (1st Cir. 2002) (internal quotations omitted). Here, by contrast, Adoure seeks to exploit a "narrow exception" whose obvious rationale is that, in some cases, an interlocutory ruling is so prejudicial to a plaintiff's claims that it would make little sense to litigate the case further. *Cashmere*, 284 F.3d at 308*; John's Insulation, Inc. v. L. Addison and Assocs., Inc.*, 156 F.3d 101, 107 (1st Cir. 1998); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citing *John's Insulation* and observing that this type of appeal is appropriate only when "a plaintiff believes a ruling is so prejudicial to his case that he is willing to risk losing the right to litigate completely in order to challenge it").

In the instant case, however, Adoure has neither been prejudiced nor does he risk anything meaningful by seeking dismissal. The interlocutory order at issue is a denial of remand, the only consequence of which is that Adoure will have to litigate his case in federal, not state court. Such "prejudice," if any, does not even approach the level of prejudice in the few cases where the First Circuit has allowed this type of appeal. *See, e.g.*, *Cashmere*, 284 F.3d at 308-09 (district court's grant of partial summary judgment dismissed "the bulk of [the plaintiffs'] claims"); *BIW Deceived v. Local S6, Industrial Union of Marine & Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir. 1997) (district court's denial of remand on preemption grounds effectively foreclosed all of the plaintiffs' claims).

Further, as the court in *Martin* explained, in the typical case "[j]udicial economy is furthered because when the appellant voluntarily dismisses his action with prejudice and loses on appeal, the district court is saved the time and effort of conducting extensive trial proceedings and there is in addition no possibility of piecemeal appeals." 251 F.3d at 1289 (internal quotations omitted). In the instant case, however, the consolidated proceedings will continue

with or without Adoure, and Gillette has already been subjected to piecemeal appeals by Adoure's attorneys.

### Conclusion

This Court has discretion to deny Adoure's motion, and Gillette respectfully requests that the Court do so. Adoure is seeking what is, in effect, a second interlocutory appeal of the same order. The circumstances of this case do not fit within the narrow exception to appellate procedure that Adoure is attempting to invoke. He should not be allowed to impose on Gillette (and the courts) the added burden and inefficiency that would result from the granting of his motion. We therefore respectfully request that the Court exercise its discretion to deny Adoure's motion.

                                                  Respectfully submitted,

                                                  THE GILLETTE COMPANY
                                                  By its attorneys

                                                  /s/ Mark P. Szpak
                                                  Harvey J. Wolkoff (BBO #532880)
                                                  Mark P. Szpak (BBO #546261)
                                                  Michael J. Howe (BBO# 660369)
                                                  ROPES & GRAY LLP
                                                  One International Place
                                                  Boston, Massachusetts 02110-2624
                                                  (617) 951-7000

Dated: July 14, 2006

-6-

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on July 14, 2006.

      /s/ Mark P. Szpak
      Mark P. Szpak