**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | CIVIL ACTION NO. 05-11177-DPW (LEAD CASE) |
| M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION | MDL Docket No. 1704 |
| THIS DOCUMENT RELATES TO: Civil Action No. 05-cv-12336-DPW: | Civil Action No. 05-cv-12336-DPW |
| KASEM ADOURE, Plaintiff, | |
| v. | |
| THE GILLETTE COMPANY, Defendant. | |

**PLAINTIFF KASEM ADOURE'S SUPPLEMENTAL MEMORANDUM OF REASONS RE MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

This Court has no discretion to deny the motion for voluntary dismissal with prejudice. Under Federal Rule of Civil Procedure 41(a)(1), Adoure has the absolute right to a dismissal because he sought dismissal on May 5, prior to Gillette serving an answer on May 17.[1] Indeed, Adoure would have the absolute right to a dismissal under (a)(1) even if he had sought dismissal without prejudice. Even under Rule 41(a)(2), Adoure would have had the absolute right to a dismissal because the discretion afforded by (a)(2) extends to only dismissals without prejudice.

---

[1] Rule 41(a)(2) provides that, "*[e]xcept as provided in paragraph (1) of this subdivision of this rule*, an action shall not be dismissed at the plaintiff's instance save upon order of the court . . . ." (Emphasis added.) Rule 41(a)(1), in turn, provides, in relevant part, that: "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer . . . ."

**DISCUSSION**

The First Circuit Court of Appeal advises a plaintiff to file a motion for voluntary dismissal with prejudice in order that there be no question that the reason for the dismissal is to appeal an otherwise interlocutory order (*e.g.*, an order denying a motion to remand), thereby triggering the exception to the general rule precluding appeal from a voluntary dismissal.[2]

Such a motion is therefore for the purpose of making a clear record on appeal as to the reason for the dismissal in the district court below so that the First Circuit Court of Appeal may decide whether the dismissal falls within the exception to the general rule precluding appeal from a voluntary dismissal; such a motion is not for the purpose of deputizing the district court as a gatekeeper for appeals from voluntary dismissals, as the First Circuit Court of Appeal needs no help from a district court to control its own jurisdiction, and an appeal would in any event be inevitable upon entry of final judgment in the case.

Here, Gillette's opposition is based on its argument that this case does not fall within the "narrow" exception permitting an appellate court to review an interlocutory order following a plaintiff's voluntary dismissal with prejudice because, as Gillette further argues, (i) Adoure

---

[2] *See*, *e.g.*, Cashmere & Camel Hair Manufacturers Institute, 284 F.3d 302, 308 (1st Cir. 2002) ("`the proper course of action is to file a motion for voluntary dismissal with prejudice, stating explicitly that the purpose is to seek immediate review of the interlocutory order in question'"); John's Insulation, Inc. v. L. Addison & Assocs. Inc., 156 F.3d 101, 107 (1st Cir. 1998) ("the proper way to appeal an interlocutory order is to move for a voluntary dismissal with prejudice"); BIW Deceived v. Local S6 Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 828 (1st Cir. 1997) ("`it is possible for a party to consent to a judgment and still preserve (its) right to appeal' a previous ruling on a contested matter in the case, as long as it `reserves that right unequivocally.' Such a reservation occurred here. The record makes manifest that the plaintiffs sought the entry of final judgment solely to facilitate an appeal of the district court's refusal to remand the suit") (citation omitted); Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir. 1985) (same).

suffers no prejudice from the order denying his motion to remand, and (ii) dismissal of his action risks nothing.

Gillette's argument is, however, one for, if anyone, the First Circuit Court of Appeal to decide on the appeal following the granting of the motion for voluntary dismissal with prejudice, not one for this Court to decide in determining whether to grant the motion in the first place.  It is for the First Circuit to decide its own jurisdiction.  *See generally* Cashmere, 284 F.3d at 310 ("we find that the Institute has satisfied the prerequisites to appeal its voluntary dismissal").

Rule 41 of the Federal Rules of Civil Procedure, governing motions for voluntary dismissal, does not suggest otherwise, and, in fact, mandates that this Court grant Adoure's motion for voluntary dismissal with prejudice.

Rule 41 is designed to address motions for voluntary dismissal ***without prejudice***, not motions for voluntary dismissal with prejudice.  Thus, Rule 41(a)(1) provides that a voluntary dismissal is "without prejudice" unless otherwise stated in the notice of dismissal, and Rule 41(a)(2) provides that a dismissal there also is "without prejudice" unless otherwise specified in the order.

Moreover, even when a plaintiff seeks dismissal without prejudice, the plaintiff has the absolute right to have the action dismissed when the dismissal is filed, as in this case, before the defendant has served an answer;  in other words, a district court has ***no discretion*** to bar such a dismissal.  Fed. Rule Civ. Proc. Rule 41(a)(1).

Only when the plaintiff moves for a voluntary dismissal without prejudice after the defendant has served an answer, may a district court exercise discretion to deny the motion.  Fed. Rule Civ. Proc. Rule 41(a)(2).

Even then, the scope of discretion does not extend to deputizing the district court to protect the First Circuit Court of Appeal, but instead is limited to protecting the ***defendant*** from being prejudiced by the dismissal. *See*, *e.g.*, Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir. 2000) (explaining that the purpose of Rule 41(a)(2) is to permit the plaintiff, with approval of the court, to voluntarily dismiss his action without prejudice as long as no other party is prejudiced). Thus, in that situation, the issue is not whether the plaintiff would be prejudiced by not granting the motion, but instead the issue is whether the defendant would be prejudiced by granting the motion.

Here, the only prejudice Gillette asserts it would suffer by the granting of the motion is that it would have to "re-litigate the issue of remand." (Opposition at 5.) This purported prejudice is a red herring.

First, as a legal matter, this is not the type of prejudice that is relevant to a motion for voluntary dismissal. Prejudice within the meaning of Rule 41(a)(2) is the type of prejudice that would result from the case being dismissed without prejudice. Thus, the very standard of review for Rule 41(a)(2) orders presupposes that the motion is for a dismissal without prejudice:

> "We review for abuse of discretion the district court's decision to grant a Rule 41(a)(2) motion. `An abuse of discretion is found only where the defendant would suffer `***plain legal prejudice*** *' as a result of a dismissal* <u>***without***</u> ***prejudice***, as opposed to facing the mere prospect of a second lawsuit.'" Doe, 216 F.3d at 160-61 (citations omitted; emphasis added).

Consistently, the typical factors a court examines to determine if the defendant would be prejudiced make sense only in the context of a motion for voluntary dismissal without prejudice:

> "`In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to `the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

4

the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'"

In fact, when a plaintiff moves to dismiss **with prejudice**, a district court has **no discretion** under Rule 41(a)(2) to deny the motion.  *See*, *e.g.*, Shepard v. Egan, 767 F.Supp. 1158, 1165 (D. Mass. 1990).  Most recently, the First Circuit Court of Appeal in ITV Direct v. Healthy Solutions, LLC, 445 F.3d 66, 71 (1st Cir. 2006) implied that, even under Rule 41(a)(2), a court **must** grant a motion for voluntary dismissal **with prejudice** because the defendant would be fully protected:

> "ITV says that the court *has to allow* a plaintiff to dismiss its claim if it agrees to do so with prejudice, the theory being that the plaintiff should not be forced to go on if the adversary is fully protected.  *We might share this view if no other interests were involved*, but, as other cases make clear, a third-party intervenor's interests should also be considered."  2006 U.S.App.LEXIS 9587, *9 (citations omitted; emphasis added).

Second, as a factual matter, Gillette has already briefed this issue in opposing the motion to remand and again in opposing Adoure's petition for appellate review under CAFA.  Gillette fails to offer any evidence substantiating the prejudice it would befall by having to re-format its brief on this issue for the appeal to the First Circuit Court of Appeal.  Furthermore, denying the motion would not eliminate the purported "prejudice" of having to re-brief the issue because Adoure would have the absolute right to appeal the order denying the motion to remand upon entry of final judgment in this action.

Finally, Gillette's claim of "prejudice" proves too much.  The "prejudice" of having to "re-brief" the remand issue cannot justify denial of a motion for voluntary dismissal with prejudice for the purpose of appealing an interlocutory order; otherwise, a district court could *de facto* overrule the First Circuit Court of Appeal's holdings in Cashmere, John's Insulation, and

5

<u>BIW</u> that a plaintiff may appeal an interlocutory order by filing a motion for voluntary dismissal with prejudice. In that event, the district court would have, contrary to First Circuit authority, sealed off the exception to the general rule that appeals are not allowed from voluntary dismissals. Every defendant has to "re-brief" an issue when a plaintiff files a motion for voluntary dismissal with prejudice to appeal an interlocutory order. Appealing the issue, with the attendant briefing involved in an appeal, is the very purpose of such a motion, which has been expressly allowed by the First Circuit Court of Appeal.

Respectfully submitted,

By:  /s/ Taras Kick
Taras P. Kick
G. James Strenio
THE KICK LAW FIRM, APC
660 South Figueroa Street, Suite 1800
Los Angeles, California 90017
(213) 624-1588
taras@kicklawfirm.com
james@kicklawfirm.com
Counsel for Plaintiff
KASEM ADOURE

KANNER & WHITELEY, LLC
Allan Kanner
Cynthia Green
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
A.Kanner@kanner-law.com
C.Green@kanner-law.com
Counsel for Plaintiff
KASEM ADOURE