UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | MASTER DOCKET |
| | Civil Action No. 05-11177 |
| M3 POWER RAZOR SYSTEM | (Lead Case) |
| MARKETING & SALES PRACTICES | |
| LITIGATION | MDL Docket No. 1704 |
| | |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | Jury Trial Demanded |

**OPPOSITION IN RESPONSE TO MOTION TO COMPEL
LEAD AND LIAISON COUNSEL TO PROVIDE
PLAINTIFF CARLOS CORRRALES WITH INFORMATION AND MATERIALS
REGARDING PROPOSED SETTLEMENT OF MDL PROCEEDING**

Plaintiffs' Co-Lead Counsel (and proposed Settlement Class Counsel) Robert Rothman, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Ben Barnow, Barnow and Associates, P.C. (collectively herein "Co-Lead Counsel"), and Liaison Counsel Thomas G. Shapiro, Shapiro Haber & Urmy LLP ("Liaison Counsel"), file this Opposition in Response to Motion to Compel Lead and Liaison Counsel to Provide Plaintiff Carlos Corrales ("Corrales") With Information and Materials Regarding Proposed Settlement of MDL Proceeding ("Corrales' Motion to Compel"), filed by The Kick Law Firm, APC ("Kick") and Kanner & Whiteley, LLC ("Kanner") (collectively referred to as "Corrales' counsel").

1. On September 27, 2006, Corrales' Counsel filed Corrales' Motion to Compel prior to conducting the required conference with Co-Lead Counsel or Liaison Counsel. *See* Rule 7.1(a)(2) of the Local Rules of the U.S.D.C. for the District of Massachusetts, which states that "No motion shall be filed unless counsel certify that they have conferred and

- 1 -

have attempted in good faith to resolve or narrow the issue." This has been a repeated practice on their part in these proceedings.

2. Furthermore, Corrales' Counsel knowingly filed Corrales' Motion to Compel after receiving a letter from Liaison Counsel that responds to the issues raised in said motion. *See* pages 17-18 of Corrales' Motion to Compel, which is the referenced letter from Liaison Counsel to Taras P. Kick, Esq., dated September 27, 2006. For example, the letter from Liaison Counsel explains what discovery was produced by Gillette, indicates that what was received by Gillette as part of Gillette's initial disclosures was produced to Corrales' Counsel, describes two additional boxes of materials produced by Gillette, and asks whether Corrales' Counsel would like copies of these additional materials. *Id.* Corrales' Counsel never requested copies of these additional boxes of materials.

3. Subsequent to Corrales' Motion to Compel, one of Corrales' Counsel, Greg Woodbrun, an associate from the Kick Law Firm, called Ben Barnow, one of Co-Lead Counsel, and indicated that Corrales' Motion to Compel was filed prior to a close review of the letter from Liaison Counsel. It was explained to Mr. Woodbrun that the meeting, referenced in the aforementioned letter from Liaison Counsel, on Gillette's sales, revenue and retail pricing for the M3Power Razor System was an oral presentation which was confidential and there were no documents from that presentation to produce, but that the written materials would be obtained in confirmatory discovery and copies would be produced to them at that time provided confidentiality requirements were agreed to. Mr. Woodbrun indicated that they would be withdrawing the Motion to Compel. Despite this representation, the Motion to Compel was not withdrawn.

4. On October 11, 2006 (today's date), a call placed to Ben Barnow from the associate of the Kick Law Firm was returned by Co-Lead Counsel Robert Rothman and one of plaintiffs' counsel. That call was not used by Corrales' Counsel to confirm the withdrawal of the improper, and falsely-based, motion, but rather to engage in discovery regarding settlement issues. After some discussion of the basis for the settlement[1], the Kick associate advised that because Mr. Rothman had been so forthcoming in his response he would recommend to Taras Kick that Corrales' Motion to Compel be withdrawn. There was no mention of their prior recognition of the impropriety of the filing and the previous commitment to withdraw it. Mr. Rothman advised that a response was due to be electronically filed by 6:00 p.m. Eastern time today.

5. As of the time of this filing, Corrales' Counsel has not withdrawn Corrales' Motion to Compel.

6. It is noteworthy that Corrales' Counsel has still not reimbursed Liaison Counsel's firm for the costs of copying and sending to Corrales' Counsel the discovery materials, nor has Corrales' Counsel objected to any of said costs for which Liaison Counsel sent them invoices.

7. Furthermore, on October 8, 2006, the Representative Plaintiffs filed a Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement and Publishing of Notice, and Setting of a Final Fairness Hearing, which discusses the discovery that has occurred to date. *See* pages 24-25 of said Memorandum.

---

[1]On October 9, 2006, a copy of the Settlement Agreement was overnighted to Mr. Kick, as well as other attorneys of record.

8.  In accordance with the Court's case management order, Co-Lead counsel consulted with each member of the Plaintiff's Steering Committee, including the member proposed by Messrs Kanner and Kick. During those consultations, Co-Lead Counsel explained the terms of the proposed settlement and why those terms provided fair, reasonable and adequate relief to the class. Each of the members of the Plaintiffs' Steering Committee, including the member proposed, and elected unanimously, by Messrs. Kanner and Kick, wholeheartedly endorsed the proposed settlement.

## CONCLUSION

For the reasons set forth herein, Corrales' Motion to Compel is without basis and Co-Lead Counsel and Liaison Counsel respectfully request that it be denied and that the Court grant any other additional relief deemed appropriate.

Respectfully submitted,

/s/ Ben Barnow
One of Co-Lead Counsel

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street
Suite 4600
Chicago, IL 60602
(312) 621-2000

Robert M. Rothman
Lerach Coughlin Stoia Geller
    Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel*

Thomas G. Shapiro (BBO #454680)
Shapiro Haber & Urmy LLP

53 State Street
Boston, MA 02109
(617) 439-3939

*Liaison Counsel*

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 11th day of October, 2006.

                                                        /s/  Ben Barnow