UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL CASES** | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

## EX PARTE APPLICATION TO CONTINUE (1) THE OCTOBER 18 HEARING ON THE MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT (2) THE OCTOBER 18 HEARING ON THE MOTION TO COMPEL SETTLEMENT INFORMATION

Plaintiff Carlos Corrales ("Plaintiff") hereby submits this Ex Parte application for an order of the Court to continue the scheduled October 18, 2006 hearing regarding preliminary approval of the proposed settlement in this action and the scheduled October 18, 2006 hearing on the motion to compel settlement information.

I. **THE COURT SHOULD CONTINUE THE OCTOBER 18 HEARING ON THE MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT.**

The October 18 hearing date for the motion for preliminary approval was set by the Court based on the representation by Lead Counsel and Gillette to the Court that the proposed settlement and motion for preliminary approval would be filed "on or about September 27, 2006." (*See* Exhibit A hereto, a copy of the September 15, 2006 Updated Joint Status Report submitted by Gillette and Lead Counsel.)

1

Based on this representation, the Court set the preliminary hearing date for October 18, 2006, which would be the customary 21 days after the motion for preliminary approval was supposed to be filed.

But, despite the representation that the motion for preliminary approval and settlement agreement would be filed on or about September 27, it was filed almost *two weeks late*, on Sunday, October 8, 2006, just ten days before the scheduled hearing date, and some 18 days *after* the Court had already set the October 18 hearing date on September 20, 2006.

The late filing precludes adequate time for the interested parties to carefully review and assess the motion and precludes the filing of a response either pursuant to local rules or the general Federal Rules of Civil Procedure. As Local Rule 7.1(b)(2) provides, a party has 14 days to file an opposition. The presently scheduled October 18 hearing date for the motion filed on October 8 does not provide the requisite time for filing a responsive brief.

This is not a motion that should be rushed. The Court is being asked to give preliminary approval of, and approve an expensive notice program for, a proposed international settlement involving millions of consumers in both the United States and Canada. Limiting the time for assessment and input from concerned parties, or forcing responsive briefing in a hurried manner, does not serve to help assure the rights of effected consumers are carefully considered.

Aside from shortening the time by which a responsive pleading may be filed, the October 8, 2006 filing date also leaves the Court less time than it would normally have to consider this important matter. The whole process becomes rushed, which undercuts the serious considerations the Court must make.

> "To determine whether a proposed settlement is fair, reasonable, and adequate, the court must examine whether the interests of the class are better served by the settlement than by further litigation. Judicial review must be exacting and thorough."

In Re Relafen Antitrust Litigation, 231 F.R.D. 52, 58 (D. Mass. 2005) (quoting Manual for Complex Litigation, Fourth § 13.41 at 171); *see also* In re Lupron Mktg and Sales Practices Litig., 228 F.R.D. 75 (D.Mass. 2005).

Adequate time for careful review is important for the preliminary approval phase as well because preliminary approval would cause notice of the settlement to be given to settlement class members. It serves the interests of all affected if the Court and all interested parties are afforded the time to carefully consider this matter.

There is no need to rush the process. This is especially true in this case where part of the settlement fund is to be used for the $2.45 million *cost of notice* to class members and claims administration, meaning that, if notice has to be resent, the fixed $7.5 million Settlement Fund will be further drained, leaving less money to class members should the Settlement be finally approved. (*See* Settlement Agreement ¶ 2.2.)

This is also especially true in this case, where *confirmatory discovery* has not taken place, and where, under the terms of the proposed settlement, Gillette may delay providing notice to the proposed Settlement Class until five days after such confirmatory discovery has been completed, *i.e.*, until *November 10, 2006*. As explained in the motion:

/ / /

3

"Significantly, the Settlement Agreement provides that Representative Plaintiffs shall be entitled to reasonable additional confirmatory discovery to be conducted by Settlement Class Counsel beginning on the date of the Settlement Agreement and lasting for a period of 30 days thereafter [i.e., 30 days after October 6, 2006]. In the event that Settlement Class Counsel determines in good faith that the information learned in confirmatory discovery is materially contrary to the representations made in negotiations leading up to the Settlement Agreement, Settlement Class Counsel shall have the right to report the same to the Court under seal and withdraw their support for the settlement. Settlement Class Counsel agrees to make any such report to the Court and withdrawal of support for the Settlement, and concurrently provide actual notice thereof to Gillette, no later than 5 days after the close of confirmatory discovery. Gillette may defer incurring costs for notice under ¶ 3.2 of the Settlement Agreement, and/or providing notice under ¶ 3.2 of the Settlement Agreement, until the period for Settlement Class Counsel to withdraw their support for the settlement pursuant to this paragraph has expired without Settlement Class Counsel taking such action, or, in the event of such withdrawal, until promptly after the date upon which the withdrawal, for whatever reason, is found to have been ineffective or is rescinded." (Motion at 24-25 (citations omitted).)

Accordingly, Plaintiff Corrales respectfully requests the Court continue the hearing for at least two weeks, so that responsive or opposition papers may be submitted in a reasonable and customary manner.

## II. THE COURT SHOULD CONTINUE THE OCTOBER 18 HEARING ON THE MOTION TO COMPEL SETTLEMENT INFORMATION.

If the Court continues the October 18 hearing on the motion for preliminary approval (as it should), the Court should also continue the October 18 hearing on the motion to compel settlement information. The parties are working to resolve the motion, and Plaintiff Corrales hopes to do so and therefore requests that the motion to compel settlement information be continued to a date that is no later than the date of the continued hearing on the motion for preliminary approval.

4

Dated: October 13, 2006	Respectfully submitted

By:	/s/ Taras Kick
THE KICK LAW FIRM, APC
Taras Kick
James Strenio
900 Wilshire Boulevard, Suite 230
Los Angeles, CA 90017
(213) 624-1588
taras@kicklawfirm.com
james@kicklawfirm.com
Counsel for Plaintiff
CARLOS CORRALES


KANNER & WHITELEY, LLC
Allan Kanner
Cynthia G. St.Amant
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
c.stamant@kanner-law.com
Counsel for Plaintiff
CARLOS CORRALES

5

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: ) | CIVIL ACTION NO. 05-11177-DPW |
| M3POWER RAZOR SYSTEM ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES ) | |
| LITIGATION ) | MDL Docket No. 1704 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ALL CASES ) | |

## UPDATED JOINT STATUS REPORT

Plaintiffs' Co-Lead Counsel and counsel for defendant The Gillette Company ("Gillette") hereby jointly report that they anticipate executing the settlement agreement by on or before September 22, 2006, and filing the settlement agreement, along with a motion for preliminary approval (with ancillary documents), on or about September 27, 2006. Plaintiffs' Co-Lead Counsel and Gillette's counsel respectfully suggest that a hearing on preliminary approval be scheduled for an appropriate date as soon as practicable thereafter.

10198199_2

Respectfully submitted,

/s/ Mark P. Szpak
Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
Emily C. Shanahan (BBO # 643456)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Counsel for Defendant The Gillette Company*

/s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO #454680)
Theodore M. Hess-Mahan (BBO #557109)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

*Plaintiffs' Liaison Counsel*

/s/ Robert Rothman
Robert Rothman
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

- and -

/s/ Ben Barnow
Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 460
Chicago, IL 60602
(212) 349-7950

*Plaintiffs' Co-Lead Counsel*

Dated:  September 15, 2006