UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | CIVIL ACTION NO. 05-11177-DPW (LEAD CASE) |
| M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION | MDL Docket No. 1704 |
| THIS DOCUMENT RELATES TO: **ALL CASES** | |

## NOTICE OF WITHDRAWAL OF MOTION BY PLAINTIFF CARLOS CORRALES TO COMPEL SETTLEMENT INFORMATION

Plaintiff Carlos Corrales hereby provides notice that based upon recent representations made by Lead Counsel he will, and hereby does, withdraw his Motion to Compel Settlement Information. In response to recent correspondence, on October 13, 2006 Lead Counsel provided information to Plaintiff's counsel which alleviates the need for the Court to resolve the dispute.

Although Plaintiff is withdrawing the motion, Plaintiff does feel it is important to inform the Court that the opposition to the motion filed by Lead Counsel significantly misrepresented the efforts of Plaintiff to previously resolve the matter.

To initiate a possible resolution of the Motion, Plaintiff's counsel picked up the phone and called Lead Counsel, Mr. Barnow, on September 29, 2006. The parties had a cordial and professional discussion, and Plaintiff's counsel sent a confirming letter to Lead Counsel ( Mr. Barnow) regarding the progress they had made in potentially resolving the dispute. That letter was sent on October 3, 2006 and included the one issue still needed to be addressed by the parties, specifically, information presented by Gillette to Lead Counsel during a pre-settlement

1

meeting. A copy of the letter is Attached as Exhibit A.

Lead Counsel did not respond to the October 3 letter. Likewise Lead Counsel's Opposition to Plaintiff's Motion also simply ignored the October 3, 2006 letter while making inaccurate statements to the Court regarding Plaintiff's position. As a result, Plaintiff's Counsel sent a letter to Mr. Barnow on October 12 pointing out the inaccuracies and the failure to address the issues in the October 3 letter. A copy of the October 12 letter is attached as Exhibit B.

The next day, October 13, Mr. Barnow requested that the October 3 letter be resent to him. A copy of his letter is attached as Exhibit C.

Plaintiff's counsel sent Lead Counsel a copy of the October 3 letter, along with the fax transmission receipt showing the letter had been received by Mr. Barnow's office on October 3, 2006. A copy of the Letter is attached as Exhibit D.

Apparently, recognizing that contrary to his representation to the Court, Plaintiff's counsel had been proceeding in an reasonable good faith manner, and had made considerable effort to resolve the remaining dispute. Lead Counsel responded by indicating they would call Plaintiff's Counsel on October 13 to provide the remaining information.

Giving Lead Counsel the benefit of doubt as to whether the October 3 letter was received, had the letter been responded to earlier, Plaintiff's Motion could possibly have been withdrawn earlier. However, Lead Counsel did not actually respond to the letter until October 13, 2006, leaving Plaintiff little time to analyze the information provided and to inform the Court that the matter had been resolved.

Dated: October 17, 2006                      Respectfully submitted

                              By:    /s/ Taras Kick
                                     THE KICK LAW FIRM, APC
                                     Taras Kick
                                     James Strenio
                                     900 Wilshire Boulevard, Suite 230
                                     Los Angeles, CA 90017
                                     (213) 624-1588
                                     taras@kicklawfirm.com
                                     james@kicklawfirm.com
                                     Counsel for Plaintiff
                                     CARLOS CORRALES


                                     KANNER & WHITELEY, LLC
                                     Allan Kanner
                                     Cynthia G. St.Amant
                                     701 Camp Street
                                     New Orleans, LA 70130
                                     (504) 524-5777
                                     a.kanner@kanner-law.com
                                     c.stamant@kanner-law.com
                                     Counsel for Plaintiff
                                     CARLOS CORRALES

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, was served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), on October 17, 2006.

/s/ Taras Kick _____
Taras Kick

**EXHIBIT A**

THE KICK LAW FIRM

A PROFESSIONAL CORPORATION



660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

October 3, 2006

**Via Facsimile To: (312) 641-5504**
Ben Barnow, Esquire
Law Office of Ben Barnow
One North LaSalle Street
Chicago, IL   60602

Re:   In re *M3 Power Razor System Marketing & Sales Practice Litigation*.
       Civil Action No. 05-11177-DPW, MDL No. 1704

Dear Counsel:

Thank you for taking the time to discuss the aspect of the proposed settlement on Friday.

During the conversation you represented to me that our firm has been provided all of the written information provided by Gillette in this litigation, whether formal or informal. The one exception would be materials from the Schick litigation or the Australia proceeding, which has been made available to us.

You further clarified that the briefing by Gillette on sales, revenue and retail pricing referenced in the September 27, 2006 letter from Liaison counsel to our firm was an oral presentation involving charts. You indicated you intend to seek those charts from Gillette during confirmatory discovery and will make them available to us when they are received from Gillette. In the meantime, please inform us in what manner, if any, that oral presentation affected lead counsels' settlement decision.

If you are able to provide us with an answer to that one question, based on the representations you made to me during our telephone conversation, we are willing to withdraw our current Motion to Compel Settlement Information.

Please let us know expeditiously whether you will provide the answer to this one question, and whether my understanding of the representations you made during our conversation are in any way in error, so that we may know whether to act to withdraw the pending motion.

In addition, we have been provided the current draft of the settlement agreement and I'm not sure whether our numbering system is off, whether the document is missing some numbered sections or is just mis-numbered in part.

I'm specifically looking at Section 2. The first paragraph we have is 2.26. The section goes on to reference a claims certification procedure, set forth in ¶ 2.1(c) and ¶ 2.1(b). But I can't find a section ¶2.1 and/or 2.1(c) or 2.1( b). There is also a discussion in 2.28 regarding distribution pursuant to ¶2.3, but the 2.3 in the document involves costs, not distribution.

Ben Barnow, Esquire                                                                                     2
Re: In re *M3 Power Razor System Marketing & Sales Practice Litigation.*
Civil Action No. 05-11177-DPW, MDL No. 1704
October 3, 2006

If the first paragraph of Section 2, was actually 2.1, and not 2.26, the section would make more
sense.

Likewise, Section 7 refers to incentive awards provided by ¶7.2 and ¶7.3 but our document starts
with 7.42, I don't see a 7.2 or a 7.3. An explanation in regard to these issues would also be
helpful.

Thank you again for your professional attention to this matter.

                                                 Very truly yours,

                                                 Craig Woodburn

cc: Allan Kanner

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                    TIME  : 10/03/2006 13:16
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROJ2J700633
```

| | |
|---|---|
| DATE,TIME | 10/03  13:15 |
| FAX NO./NAME | 13126415504 |
| DURATION | 00:00:45 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# THE KICK LAW FIRM
900 Wilshire Blvd.
Suite 230
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  3  (including cover sheet)

**DATE:**              October 3, 2006

**FAX NUMBER:**        (312) 641-5504

**PHONE NUMBER:**

**TO:**                Law Office of Ben Barnow

**ATTENTION:**         Ben Barnow, Esq.

**FROM:**              Manuel D. Garcia
                       *Assistant to Graig Woodburn, Esq.*

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation ,*
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

**EXHIBIT B**



# THE KICK LAW FIRM
### A PROFESSIONAL CORPORATION

900 WILSHIRE BOULEVARD, SUITE 230
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / FAX 213 624 1589

October 12, 2006

***Sent Via Facsimile To: (312) 641-5504***
Ben Barnow, Esquire
Law Office of Ben Barnow
One North LaSalle Street
Chicago, IL   60602

Re:     In re *M3 Power Razor System Marketing & Sales Practice Litigation*,
        Civil Action No. 05-11177-DPW, MDL No. 1704

Dear Mr. Barnow:

We would prefer to withdraw the motion to compel settlement information, but we cannot do so until you provide a full answer to the question posed in my October 3, 2006 letter regarding the oral briefing made by Gillette regarding the sales, revenue, and retail pricing information.

A full answer to that question requires answers to the following sub-questions:

(1)     What was the sales, revenue, and retail pricing information that Gillette provided at the oral briefing referred to in your September 27, 2006 letter?  Of course, how the oral briefing affected your settlement assessment depends on what was the actual information presented in the oral briefing.

(2)     Was any of the sales, revenue, and retail pricing information that Gillette provided at the oral briefing made already known by you from other sources:  if so, which information?

(3)     What date was the oral briefing given?

We need to know this information now, as opposed to waiting for your receipt and delivery to us of the charts presented at the oral briefing and the other "confirmatory" discovery.  We need this information now to prepare for the hearing on the motion for preliminary approval of the settlement scheduled for October 18, 2006 and further assess the motion for preliminary approval which we only recently received on October 9, 2006.  We also need this information now because you are asking all of the plaintiffs to make a decision as to whether or not to concur in and accept the settlement by October 16, 2006.

Ben Barnow, Esquire                                                                                         2
Re: In re *M3 Power Razor System Marketing & Sales Practice Litigation,*
Civil Action No. 05-11177-DPW, MDL No. 1704
October 11, 2006

To the extent that there are any special confidentiality requirements that we must satisfy before
you provide us with this information, please immediately let us know what they are and we will
comply with those requirements.

I had hoped to have had this information by now. I remain hopeful that you will provide us with
this information expeditiously today or tomorrow, notwithstanding your response filed yesterday
to our motion to compel. That response does not accurately portray the record and actually
misrepresents the record, much of which you were not a part of and were not correctly informed
of.

Yesterday, I called to speak to you about the outstanding issues on Plaintiff's Motion to Compel
Settlement Information. You were out of the office, so I left as message. Your Associate, Sharon
Harris, returned my phone call and also connected us with Rob Rothman.

I asked Mr. Rothman to provide us with the answer to the remaining question in our October 3,
2006 letter regarding the oral briefing. He, however, provided me with only general responses to
my questions. Accordingly, I told him that we could possibly withdraw our motion and that I
would get back to him and Ms. Harris shortly. I then called Rob a little while later, but he was
not available, so I left a voice message and called Sharon.

Sharon said you were now in the office and she was going to connect me so I could speak with
you. She then returned to the line and stated that you had said we talked about this a week ago
and you would be filing your opposition.

Despite seemingly having making progress toward resolving this dispute in our September 29
call, and despite your colleague's request to get back to them regarding the possible withdrawal
of the motion, you refused to take my phone call. Just so the record is clear, you and I have not
spoken since I sent our October 3, 2006 letter. At this junction, you seem to have ignored your
colleague's good faith attempt to resolve this issue.

                                        Sincerely,


                                        Graig Woodburn

```
TRANSMISSION VERIFICATION REPORT
```

```
                                     TIME  : 10/12/2006 13:03
                                     NAME  : THE KICK LAW FIRM
                                     FAX   : 213-624-9494
                                     TEL   : 213-624-1588
                                     SER.# : BROG2J585904
```

```
         DATE,TIME          10/12  13:02
         FAX NO./NAME       13126415504
         DURATION           00:01:12
         PAGE(S)            03
         RESULT             OK
         MODE               STANDARD
                            ECM
```

# THE KICK LAW FIRM
900 Wilshire Blvd.
Suite 230
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  2  (including cover sheet)

**DATE:**              October 12, 2006

**FAX NUMBER:**        (312) 641-5504

**PHONE NUMBER:**      (312) 621-2000

**TO:**                Law Office of Ben Barnow

**ATTENTION:**         Ben Barnow, Esq.

**FROM:**              Manuel D. Garcia
                       *Assistant to Graig Woodburn, Esq.*

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation*,
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket **No. 1704**

**COMMENTS/INSTRUCTIONS:**

**EXHIBIT C**

BARNOW AND ASSOCIATES
_____

*a professional corporation*

ATTORNEYS AT LAW

BEN BARNOW *
SHARON HARRIS

\* *also admitted in New York*

ONE NORTH LASALLE STREET
SUITE 4600
CHICAGO, ILLINOIS 60602

*Telephone: 312-621-2000*
*Facsimile: 312-641-5504*

October 13, 2006

<u>Via Facsimile</u>

Graig Woodburn, Esq.
The Kick Law Firm
600 South Figueroa Street
Suite 1800
Los Angeles, CA 90017

   Re: *In re M3Power Razor System Marketing & Sales Practices Litigation,*
     Civil Action No. 05-11177-DPW, MDL No. 1704

Dear Graig:

   I am in receipt of your letter of October 12, 2006.

   Your letter references a letter from your office dated October 3, 2006, which you claim you sent to me. I never received that letter. Please forward a copy to Rob and me immediately. Also, with that transmission, please include a statement that you will treat the settlement information provided to you in the phone call referenced below the same as HIGHLY CONFIDENTIAL material under the extant protective order in this litigation.

   Your letter of October 12, 2006, also makes various statements that are wrong. While I make no response to those at this time, I reserve my right to do so.

   Rob and I plan on calling you after receipt of the copy of the October 3, 2006, letter to discuss your questions regarding the settlement.

   Thank you for your immediate attention to this matter.

        Very truly yours,

        Ben Barnow

BB/es

cc: Robert M. Rothman, Esq.

EXHIBIT D

# THE KICK LAW FIRM

### A PROFESSIONAL CORPORATION

900 Wilshire Boulevard, Suite 230
Los Angeles, California 90017
213 624 1588 / Fax 213 624 1589

October 13, 2006

*Sent Via Facsimile To: (312) 641-5504*
Ben Barnow, Esquire
Law Office of Ben Barnow
One North LaSalle Street
Chicago, IL  60602

Re:    In re *M3 Power Razor System Marketing & Sales Practice Litigation,*
       Civil Action No. 05-11177-DPW, MDL No. 1704

Dear Mr. Barnow:

In response to your letter of today, attached please find a copy of my October 3, 2006 letter to
you, along with the fax confirmation.

As you will see, as a follow up to our September 29 conversation, I indicated that, based on your
representation to me during the call, we could probably withdraw our motion if we could get
some follow up information regarding the oral briefing by Gillette. We seemed to he heading in
that direction during my October 11, 2006 conversation with your colleagues, Mr. Rothman and
Ms. Harris.

In regard to agreeing to treat the settlement information provided during the call as Highly
Confidential, the Kick Law Firm APC, and all its attorneys and assistants, do agree to treat the
information that was provided by Gillette as Highly Confidential.

I look forward to discussing the matter with you in the near future.

Sincerely,

Craig Woodburn

cc: Robert Rothman

A PROFESSIONAL CORPORATION

660 SOUTH FIGUEROA STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90017
213 624 1588 / Fax 213 624 1589



October 3, 2006

<u>Via Facsimile To: (312) 641-5504</u>
Ben Barnow, Esquire
Law Office of Ben Barnow
One North LaSalle Street
Chicago, IL  60602

Re:    In re *M3 Power Razor System Marketing & Sales Practice Litigation,*
       Civil Action No. 05-11177-DPW, MDL No. 1704

Dear Counsel:

Thank you for taking the time to discuss the aspect of the proposed settlement on Friday.

During the conversation you represented to me that our firm has been provided all of the written information provided by Gillette in this litigation, whether formal or informal. The one exception would be materials from the Schick litigation or the Australia proceeding, which has been made available to us.

You further clarified that the briefing by Gillette on sales, revenue and retail pricing referenced in the September 27, 2006 letter from Liaison counsel to our firm was an oral presentation involving charts. You indicated you intend to seek those charts from Gillette during confirmatory discovery and will make them available to us when they are received from Gillette. In the meantime, please inform us in what manner, if any, that oral presentation affected lead counsels' settlement decision.

If you are able to provide us with an answer to that one question, based on the representations you made to me during our telephone conversation, we are willing to withdraw our current Motion to Compel Settlement Information.

Please let us know expeditiously whether you will provide the answer to this one question, and whether my understanding of the representations you made during our conversation are in any way in error, so that we may know whether to act to withdraw the pending motion.

In addition, we have been provided the current draft of the settlement agreement and I'm not sure whether our numbering system is off, whether the document is missing some numbered sections or is just mis-numbered in part.

I'm specifically looking at Section 2. The first paragraph we have is 2.26. The section goes on to reference a claims certification procedure, set forth in ¶ 2.1(c) and ¶ 2.1(b). But I can't find a section ¶2.1 and/or 2.1(c) or 2.1( b). There is also a discussion in 2.28 regarding distribution pursuant to ¶2.3, but the 2.3 in the document involves costs, not distribution.

Ben Barnow, Esquire                                                                                            2
Re: In re *M3 Power Razor System Marketing & Sales Practice Litigation*,
Civil Action No. 05-11177-DPW, MDL No. 1704
October 3, 2006

If the first paragraph of Section 2, was actually 2.1, and not 2.26, the section would make more sense.

Likewise, Section 7 refers to incentive awards provided by ¶7.2 and ¶7.3 but our document starts with 7.42, I don't see a 7.2 or a 7.3. An explanation in regard to these issues would also be helpful.

Thank you again for your professional attention to this matter.

Very truly yours,

Craig Woodburn

cc: Allan Kanner

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘

                              TIME  : 10/03/2006 13:16
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : BROJ2J700633
```

```
┌──────────────────────────────────────────────────────────────────┐
│   DATE,TIME                  10/03  13:15                           │
│   FAX NO./NAME               13126415504                           │
│   DURATION                   00:00:45                              │
│   PAGE(S)                    03                                    │
│   RESULT                     OK                                    │
│   MODE                       STANDARD                             │
│                              ECM                                   │
└──────────────────────────────────────────────────────────────────┘
```

## THE KICK LAW FIRM
900 Wilshire Blvd.
Suite 230
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

### FACSIMILE TRANSMITTAL COVER SHEET

### NUMBER OF PAGES:  3  (including cover sheet)

**DATE:**               October 3, 2006

**FAX NUMBER:**         (312) 641-5504

**PHONE NUMBER:**

**TO:**                 Law Office of Ben Barnow

**ATTENTION:**          **Ben Barnow, Esq.**

**FROM:**               Manuel D. Garcia
                        *Assistant to Graig Woodburn, Esq.*

**SUBJECT:**            *In re M3 Power Razor System Marketing & Sales Litigation ,*
                        Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

```
+----------------------------------+
|  TRANSMISSION VERIFICATION REPORT |
+----------------------------------+
```

```
                                    TIME  : 10/13/2006 14:04
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROJ2J700633
```

```
+------------------------------------------------------------------+
|  DATE,TIME              10/13  14:02                              |
|  FAX NO./NAME           13126415504                              |
|  DURATION               00:01:14                                 |
|  PAGE(S)                05                                       |
|  RESULT                 OK                                       |
|  MODE                   STANDARD                                |
|                         ECM                                     |
+------------------------------------------------------------------+
```

# THE KICK LAW FIRM
900 Wilshire Blvd.
Suite 230
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

## NUMBER OF PAGES:  5  (including cover sheet)

**DATE:**            October 13, 2006

**FAX NUMBER:**      (312) 641-5504

**PHONE NUMBER:**    (312) 621-2000

**TO:**              Law Office of Ben Barnow

**ATTENTION:**       **Ben Barnow, Esq.**

**FROM:**            Manuel D. Garcia
                     *Assistant to Graig Woodburn, Esq.*

**SUBJECT:**         *In re M3 Power Razor System Marketing & Sales Litigation* ,
                     Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘

                              TIME  : 10/13/2006 14:06
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# : BROJ2J700633

┌───────────────────────────────────────────────────────────────┐
│                                                                 │
│     DATE,TIME              10/13  14:05                          │
│     FAX NO./NAME           16313671173                           │
│     DURATION               00:00:50                             │
│     PAGE(S)                05                                    │
│     RESULT                 OK                                    │
│     MODE                   STANDARD                             │
│                            ECM                                  │
│                                                                 │
└───────────────────────────────────────────────────────────────┘
```

# THE KICK LAW FIRM, APC

660 South Figueroa Street
Suite 1800
Los Angeles, California 90017
Phone: (213) 624-1588  Fax: (213) 624-1589

## FACSIMILE TRANSMITTAL COVER SHEET

NUMBER OF PAGES:  5  (including cover sheet)

**DATE:**              October 13, 2006

**FAX NUMBER:**        (631) 367-1173

**PHONE NUMBER:**

**TO:**                Robert Rothman

**ATTENTION:**         Robert Rothman

**FROM:**              Manuel D. Garcia
                       *Assistant to Graig Woodburn, Esq.*

**SUBJECT:**           *In re M3 Power Razor System Marketing & Sales Litigation*,
                       Civil Action No. 05-11177-DPW (lead Case), MDL Docket No. 1704

**COMMENTS/INSTRUCTIONS:**