```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                               )
In re: RE M3POWER RAZOR SYSTEM )
MARKETING & SALES PRACTICES    )  CIVIL ACTION NO. 05-11177-DPW
LITIGATION                     )  LEAD CASE
                               )
                               )  MDL DOCKET NO. 1704
                               )
_____)
                               )
KASEM ADOURE,                  )
     Plaintiff,                )
                               )  CIVIL ACTION NO. 05-12336-DPW
          v.                   )
                               )
THE GILLETTE COMPANY,          )
     Defendant.                )
```

MEMORANDUM AND ORDER
January 11, 2007

Plaintiff Kasem Adoure has moved for a dismissal with prejudice of his action, *Adoure v. Gillette*, Civil Action No. 05-12336-DPW, consolidated before me into Civil Action No. 05-11177-DPW as a result of assignment by the Judicial Panel for Multi-District Litigation (MDL Docket No. 1704). Adoure seeks through this dismissal to reserve the opportunity again to appeal[1] my

---

[1] As noted in the judgment of the First Circuit dismissing Adoure's petition under 28 U.S.C. § 1453(c)(1), the review provision of the Class Action Fairness Act of 2005, Adoure earlier sought review of my denial of remand asserting the:

> belief that, in denying his motion to remand,
> the district court "may have [erroneously]

1

decision of January 23, 2006 denying his motion requesting remand to the California state court in which his case was initially filed. He contends that the amount in controversy in his action is less than that required to confer federal diversity jurisdiction and consequently that the federal courts lack subject matter jurisdiction to entertain the case at all. I address both the question of dismissal and the question of remand in this Memorandum and conclude that:

---

> adopted [Gillette]'s contention, made in opposition to the motion to remand, that [Adoure]'s 'representative action' is a 'class action' for purposes of the Class Action Fairness Act."

The First Circuit observed that:

> [f]rom the transcript of the 1/23/06 proceeding in the district court, it is clear that the court's denial of Adoure's motion to remand was based on its conclusion that traditional diversity jurisdiction (under 28 U.S.C. § 1332(a)) exists in this case. The court did not reach the question whether Adoure's action qualifies as a "class action" within the meaning of the CAFA, see 28 U.S.C. § 1332(d)(1)(B). Moreover, Adoure has consistently argued, both in the district court and in this court, that this action is not a class action. For these reasons, we find that Adoure cannot invoke the appellate review procedures of 28 U.S.C. § 1453(c)(1), as those procedures apply only where the district court has granted or denied a motion to remand a class action, as defined by 28 U.S.C. § 1332(d)(1)(B). See 28 U.S.C. § 1453(a), (c)(1).

*Adoure v. Gillette Co.*, No. 06-8005 (1st Cir. Apr. 24, 2006).

**(I)** I have no role with respect to the question of dismissal to seek appellate review because:

**(A)** the availability of reserved appellate review is a matter for the First Circuit to determine, and

**(B)** a notice of intent to dismiss was contained in the motion Adoure filed before the defendant answered the complaint and consequently leave of this court to effect it is unnecessary, and

**(II)** Remand was not proper because it cannot be said to a legal certainty that the amount placed in controversy by Adoure's action is $75,000 or less.

## I. MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

### A. To Obtain Appellate Review

Adoure formally moved for a voluntary dismissal with prejudice, under Federal Rule of Civil Procedure 41(a), without distinguishing between subsections (a)(1) and (a)(2) of the Rule, to allow the First Circuit to consider immediately an otherwise interlocutory appeal of the denial of his remand request. Ordinarily, a party may not appeal a voluntary dismissal with prejudice, "because there is no involuntary or adverse judgment against him." *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 308 (1st Cir. 2002), *cert. denied*, 123 S.Ct. 485 (2002). However, a narrow exception exists in the First Circuit for cases in which "the dismissal was sought to expedite

3

review of a prejudicial interlocutory ruling." *Id.* *See, e.g., John's Insulation, Inc. v. L. Addison & Assoc., Inc.*, 156 F.3d 101, 107 (1st Cir. 1998); *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir. 1997); *Coughlin v. Regan*, 768 F.2d 468, 469-70 (1st Cir. 1985).[2]

The rationale behind the exception is to afford review to unsuccessful moving parties who conclude "that an interlocutory ruling has so damaged their case that seeing it to trial would be a waste of resources." *Scanlon v. M.V. Super Servant* 3, 429 F.3d 6, 10 (1st Cir. 2005) (*quoting John's Insulation, Inc.*, 156 F.3d at 107). Adoure perceives such damage here; moreover, a decision to deny remand is appealable after final judgment. *BIW*, 132 F.3d at 829. "Accordingly, the entry of final judgment [of dismissal] in this case [can] pav[e] the way for appellate consideration of the order denying the motion to remand," *id.*, without incurring the cost of trial.

---

[2] Other Circuits similarly recognize such an exception. *See, e.g., Oregon Bureau of Labor and Indus. v. U.S. West Commc'n*, 288 F.3d 414, 416 (9th Cir. 2002) (parties stipulated to voluntary dismissal with prejudice to permit plaintiff to appeal denial of remand); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1288 (10th Cir. 2001) (trial court granted voluntary dismissal with prejudice to permit appeal of denial of remand); *Helm Fin. Corp. v. MNVA R.R.*, 212 F.3d 1076, 1079-80 (8th Cir. 2000) (voluntary dismissal without prejudice sufficient basis for "expedite review" exception). *See generally* Wright & Miller, 15A Federal Practice & Procedure § 3914.8.

The defendant has argued that Adoure's voluntary dismissal is "conditional" and hence improper.  I find that the simple label "conditional" does not adhere in this setting.  Adoure, as required by the First Circuit, *John's Insulation, Inc.*, 156 F.3d at 107, makes clear in his motion papers that the dismissal is sought for the "sole purpose and intention . . . to facilitate, expedite, and seek immediate appeal of this Court's order denying his motion to remand."  Under the First Circuit's protocol, such a statement of intent does not make the dismissal improperly "conditional."  Should Adoure be unsuccessful in this second effort at appellate review of my decision not to remand, the case will remain dismissed with prejudice; if he is successful, the case will ultimately be reinstated in the California state court.  In any event, this is not an improper conditional dismissal but rather a reservation designed to secure appellate review under well-established procedure in the First Circuit.

    B.   **<u>Without Leave of Court</u>**

Adoure has the right to dismiss his case voluntarily, with or without prejudice, as long as the notice of dismissal was filed before an answer or motion for summary judgment was filed, and the dismissal is unconditional. *Universidad Central del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14 (1st Cir. 1985).  Adoure filed the motion for voluntary dismissal on May 5, 2006, and Gillette's answer was not filed until May 17,

2006.  Clearly Adoure had the right, although he apparently did not recognize it at the time he filed his motion, to proceed without leave of court under Fed. R. Civ. P. 41(a)(1)(i).  In order, however, to avoid any misunderstanding that there is some disabling technical or formal error (as Gillette has attempted to argue before me), in Adoure's seeking dismissal by motion--rather than by simply filing, in the words of Fed. R. Civ. P. 41(a)(1)(i), a "notice of dismissal" without leave of court--I will enter a Judgment of Dismissal With Prejudice reciting the plaintiff's asserted purpose in seeking dismissal with prejudice.

## II.    MOTION FOR REMAND TO CALIFORNIA STATE COURT

I am satisfied that Adoure timely met the procedural requirements to appeal the denial of remand.  I turn now to discuss in somewhat greater detail my reasoning for denying remand at the outset of the MDL proceedings before me.

Adoure argues that his action should be remanded to California state court for lack of federal subject matter jurisdiction.  Specifically, he argues that the amount in controversy, properly calculated, does not exceed $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332.  *See generally Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977), *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

To reach this conclusion, Adoure has recharacterized his

original state court complaint, which was expressly filed in an individual capacity, as what he calls a "representative non-class action" under California consumer protection statutes.

Because even with that recharacterization, the state complaint is not a class action as such, I find the Class Action Fairness Act, which allows for the aggregation of plaintiffs' claims in the calculation of CAFA's $5,000,000 statutory jurisdictional minimum, does not--as the First Circuit in rejecting Adoure's first effort at appeal of the remand question correctly anticipated I would, *see* Note 1 *supra*--apply.  However, because Adoure claims to be seeking relief for a large group of other unnamed plaintiffs, and says that the "distinction between class actions and representative non-class actions is essentially a 'distinction without a difference'," he apparently continues to contend that his state case should be treated *as if* it *somehow* were a class action for the purpose of calculating the amount in controversy under 28 U.S.C. § 1332, such that the total potential recovery is spread over the entire represented group, leaving each member under the $75,000 jurisdictional threshold.

Adoure's theory stumbles at the threshold because California consumer protection law no longer authorizes private parties to bring "representative non-class actions."  Consequently, Adoure's state law claim could only have been brought in an individual capacity, as pled on the face of the complaint, or as a class

action under the relevant state statute, Section 382 of the California Civil Procedure Code, which was not pled.  In either case, federal subject matter jurisdiction would exist.  As a consequence, remand is inappropriate.

### A. <u>Proposition 64</u>

Proposition 64, passed by California voters on November 2, 2004 and effective as of the next day, altered the state's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17203-17204, 17206, 17535-17536, to remove the private attorney general provision that authorized representative non-class actions.  Specifically, Proposition 64 altered Section 17203 of the California Business and Professions Code so that "[a]ny person may pursue representative claims or relief on behalf of others *only* if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure . . . ." (emphasis supplied).  Section 17204 adds an injury in fact requirement for standing (which is not in issue here), and Section 382 is the California class action statute (which Adoure has not sought to invoke in his complaint).

As subsequent case law construing the impact of Proposition 64 has observed, "[t]he amended statute thus bars representative actions that cannot meet the class certification requirements imposed by Cal.Civ.Proc.Code § 382."  *Palmer v. Stassinos*, 419 F.Supp.2d 1151, 1154 (N.D. Cal. 2005).  Academic commentary

similarly recognizes that representative non-class actions have been eliminated under the California consumer protection statutes. *See, e.g.*, Elizabeth J. Cabraser, *The Class Action Counterreformation*, 57 Stan. L. Rev. 1475, 1513 (2005) ("The 'reform' accomplished by Proposition 64 engrafts class action requirements onto UCL cases, transforming them from representative actions into formal class actions.  They must now meet the requirements of California's venerable class action statute, California Code of Civil Procedure section 382 . . . .").

Proposition 64's Declaration of Purpose found that the "unfair competition laws [were] being misused by some private attorneys who . . . [f]ile lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision."  Proposition 64, § 1(b)(4) (2004).  It is clear, in the wake of Proposition 64, and all authorities of which I am aware are in agreement, that representative non-class actions no longer exist under California consumer protection statutes.  Indeed, they had been proscribed by Proposition 64 even before Adoure initially filed this case in California state court.[3]  Consequently, Adoure's action cannot be

---

[3] Dispute over the retroactive application of Proposition 64 was settled when the California Supreme Court held that the amended standing provisions apply to cases pending when Proposition 64 took effect. *Californians for Disability Rights v. Meervyn's, LLC*, 138 P.3d 207 (Cal. 2006).  In any event, this

a representative non-class action, as he claims. It must either be a suit brought in an individual capacity, or as a traditional class action. In either case, as discussed below, the amount in controversy requirement is satisfied for federal jurisdiction.

### B.  Amount in Controversy

As a general rule, "questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit." *In re New England Mutual Life Ins. Co. Sales Practices Litig.*, 324 F.Supp.2d 288, 297-98 (D. Mass. 2004) (*citing Montana v. Abbot Labs.*, 266 F.Supp.2d 250, 259-60 (D. Mass. 2003); *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1174 (D.C. Cir. 1987), *aff'd sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989)). Because the amount in controversy determines federal subject matter jurisdiction, it is inherently a question of federal law, and is governed here by First Circuit case law, rather than Ninth Circuit law.[4]

### 1.   Suit in Individual Capacity

When, as here, as plaintiff seeks injunctive relief, courts

---

case was filed after adoption of Proposition 64, so retroactivity is not an issue.

[4] However, Ninth Circuit case law appears to be in agreement with First Circuit precedent on the critical issue. *See* Notes 6 and 7 *infra*.

have expressed various views on how--and, in particular, from what perspective--such relief should be valued for amount-in-controversy purposes.  *See generally* Wright & Miller, 14B Federal Practice & Procedure § 3703; Jaren Casazza, *Valuation of Diversity Jurisdiction Claims in the Federal Courts*, 104 Colum. L. Rev. 1280 (2004); Brittain Shaw McInnis, *The $75,000.01 Question: What is the Value of Injunctive Relief?*, 6 Geo. Mason L. Rev. 1013 (1998).

   The First Circuit has taken a practical approach, noting that "[c]ourts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."  *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (internal citations omitted).

   In this case, Adoure's state court complaint fails to allege an amount in controversy specifically.  Nevertheless, it is plain from the face of the complaint I may not fairly find to a legal certainty that the amount in controversy is $75,000 or less.  Adoure asks for "restitutionary and injunctive relief" including "a mandatory injunction requiring Gillette to make corrective advertising in California to cure consumers of the false impression that the M3 Power razor causes hair to stand up and

away from the skin." Complaint at ¶ 3.[5] There is no meaningful dispute that the cost of corrective advertising in the California market alone would exceed the jurisdictional threshold.[6] Therefore, I find that Adoure's complaint, if viewed as an individual action, meets the $75,000 threshold for federal diversity jurisdiction.

---

[5] Adoure also expressed an intention to seek compensatory and punitive damages under California Civil Code § 1782(a), but did not do so in his initial complaint. Complaint at ¶ 47. The individual compensatory damages would presumably be the modest cost of the M3 Power Razor Adoure purchased. And I do not include punitive damages in the calculation of the amount in controversy, viewing such damages to be matters of state law and policy inappropriate for inclusion in determining federal jurisdiction. *Cf.* Jaren Casazza, *Valuation of Diversity Jurisdiction Claims in the Federal Courts*, 104 Colum. L. Rev. 1280, 1312-13 (2004).

[6] The costs of corrective advertising would be a direct pecuniary consequence of any judgment in the litigation. Accordingly, under the framework recognized in *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004), the pecuniary consequences of any corrective advertising ordered in a judgment favorable to the plaintiff, are an element of the amount in controversy. The Ninth Circuit approach towards single plaintiff cases is consistent; where "the potential cost to the defendant of complying with the injunction exceeds [the jurisdictional] amount, [the potential cost] represents the amount in controversy for jurisdictional purposes." *In re: Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), *cert. granted in part*, 122 S.Ct. 1063 (2002) *and cert. dismissed as improvidently granted sub nom. Ford Motor Co. v. McCauley*, 123 S.Ct. 584 (2002). In this connection, I emphasize this is not a case in which an amount in controversy figure is created by an attenuated and speculative set of circumstances said to be likely to be put in place as an indirect result of the judgment sought. *Cf. Harvard Real Estate v. Kmart Corp.*, 407 F.Supp.2d 317 (D. Mass. 2005) (finding potential for increased rent too speculative to include in the amount in controversy determination for summary process proceeding).

### 2.  Class Action Type Proceeding

Even if I were to consider Adoure's suit as a class action--something, as the First Circuit noted in dismissing Adoure's initial effort at review of the denial of remand, he "has consistently argued, both in the district court and in this court, that this action is not"--, it would necessarily become a proceeding subject to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715.  The CAFA established a jurisdictional threshold of $5,000,000, but allows for the aggregation of claims, 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).[7]  As Adoure's counsel has argued in connection with another--explicitly class action--California case he has brought, which has also been consolidated before me in this MDL proceeding, the total value of the claims presented by persons pursuing relief under California law is reasonably certain to be over $5,000,000. *See Corrales v. Gillette*, Case No. 05-cv-12332-DPW, ¶ 1. Therefore, I find, as plaintiff's counsel effectively concedes in the *Corrales* action, that federal subject matter jurisdiction exists even if this case is somehow viewed through the lens of a class action type proceeding.

---

[7] Consequently, the non-aggregation principle for class actions applied by the Ninth Circuit in *Ford Motor* has been overtaken by CAFA's aggregation principle, which would be applicable as to any conceivable class action type proceeding Adoure's complaint could be said to contemplate.

### III. Conclusion

For the reasons set forth more fully above, as a procedural matter, I ORDER that Adoure's motion for a voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(1) be implemented by entry of a Judgment of Dismissal reflecting his purpose to seek an appeal of denial of remand; and, for the reasons set forth more fully in this Memorandum, I find as a substantive matter his continuing objections to the denial to remand this action to state court to be without merit.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE