UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>M3 POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MASTER DOCKET<br>Civil Action No. 05-11177<br>(Lead Case)<br><br>MDL Docket No. 1704 |

**REPRESENTATIVE PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

NOW COME plaintiffs Mark Dearman, Anthony DeBiseglia, Matthew Marr, Adam Kline, Greg Besinger, Collin L. McGeary, Javier Tunon, and Jean-Sebastien Elie (the "Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined in the Settlement Agreement and stated below), by and through Ben Barnow, Barnow and Associates, P.C., and Robert M. Rothman, Coughlin Stoia Geller Rudman & Robbins LLP (together, "Settlement Class Counsel"), and as their Supplemental Brief in Support of Preliminary Approval of Class Action Settlement Agreement, state as follows:

**I.    INTRODUCTION.**

Pursuant to the Court's April 4, 2008 Memorandum and Order, the Proponents of the settlement were advised that they must satisfy the following requirement:

> [T]o brief fully and compare meaningfully the material features of the law of the several jurisdictions applicable to this case in order to demonstrate that subclasses as to separate jurisdictional damage classes are unnecessary and that the case may proceed to settlement on the basis of a single class, without comparative unfairness to class members from one or more of the jurisdictions at issue.

Memo. and Order at 1–2 (Woodlock, J., Apr. 4, 2008).

On April 28, 2008, a hearing was held to discuss the Court's April 4, 2008, Memorandum and Order. At said hearing, the Court referenced the April 7, 2008 draft of the American Law Institute's *Principles of the Law of Aggregate Litigation* ("ALI Draft"). Specifically, the Court noted §§ 3.07 and 2.06, which deal with Approval of a Settlement Class and Choice of Law, respectively, and the provisions stated therein that relate to the equitable treatment of Class members, and the need to ensure that the settlement is fair to all segments of the Class. While noting that the ALI Draft departs from current Federal law, the Court cautioned that while "[t]hey may be able to, I can't."[1] Tr. at 5. Nevertheless, the Court noted the merits behind the ALI Draft's interpretation of what the criteria for certification of a settlement class "should be as opposed to what they are." Tr. at 5.

Importantly, at the hearing, the Court stated that it was "not of the view that there are material differences between the law of Massachusetts and the law of California sufficient to give pause about equitable treatment of the several members of the class." Tr. at 3–4. The Court did request, however, such an analysis for the remaining jurisdictions. Tr. at 4.

Pursuant to the requirement stated in the Court's April 4, 2008, Memorandum and Order, Representative Plaintiffs, as set forth below, have concluded that, in view of the nature of this settlement, no material differences exist amongst the various jurisdictions, and that the proposed settlement is fair to all Settlement Class Members. As a result, Representative Plaintiffs respectfully request that the Court certify the requested Settlement Class.[2]

---

[1] The law is clear that issues relating to the management of a class action that could pose difficulty for certifying a litigation class are not present for the certification of a settlement class. *See, e.g.*, *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. 2005) (emphasizing the distinction between certifying a litigation class and a settlement class).

[2] The "Settlement Class" is defined as follows: "All Persons in the United States of America or Canada who purchased or otherwise acquired for use and not resale an M3Power Razor in the United States during the period May 1, 2004 through September 30, 2005, or in Canada during the period May 1, 2004 through October 31, 2005." Settlement Agreement at ¶1.20.

## II.  THERE ARE NO MATERIAL DIFFERENCES OF LAW AMONGST THE SEVERAL JURISDICTIONS THAT BAR CERTIFICATION OF THE REQUESTED SETTLEMENT CLASS.

Representative Plaintiffs have brought, as stated in their Amended Consolidated Class Action Complaint ("Amended Complaint"), six separate causes of action for:  (1) violations of the various consumer fraud and deceptive business practices acts; (2) unjust enrichment; (3) breach of express warranty; (4) breach of implied warranty for a particular purpose; (5) negligent misrepresentation; and (6) intentional misrepresentation.

The accompanying joint chart, which has been filed separately, illustrates the various elements for each of the six (6) causes of action alleged in the Amended Complaint.  As illustrated therein, and noted below, while varying with respect to the elements that must be proven for the various causes of action, each cause of action shares a common thread, or can be grouped according to similar elements, throughout the representative jurisdictions for which certification of a settlement class is being sought.  Such groupings and distinctions are immaterial for purposes of certifying a settlement class, though, because where one jurisdiction may have more favorable law for a particular cause of action, it may be not as favorable for another, and vice versa, amongst all of the causes of action being alleged for all jurisdictions.[3]

Regardless of how favorable any particular jurisdiction's law or laws may be, the mere fact that greater relief may be available through protracted litigation does not mean that a settlement should not be approved, because settlements usually provide less than all of the relief that could potentially be available to a given plaintiff.  *See EEOC v. Hiram Walker & Sons, Inc.*,

---

[3] Representative Plaintiffs note that the accompanying chart is the result of a joint effort between Representative Plaintiffs and Defendant.  As a result, the parties obviously have differing viewpoints on some of the elements that are required in each jurisdiction, and where possible, this has been noted.  Nevertheless, various issues are open to debate and differing interpretations amongst the jurisdictions, depending on the party advocating any particular position.  Representative Plaintiffs reserve the right to re-evaluate what elements are actually required, as some jurisdictions have failed to clearly articulate or irrefutably settle the law on these points.  That being said, the accompanying chart has been prepared as a result of the Court's April 4, 2008 Order, and should be treated as being applicable to the Order's specific terms.

768 F.2d 884, 889 (7th Cir. 1985) (citing *Freedman v. Air Line Stewards & Stewardesses Ass'n*, 730 F.2d 514–15 (7th Cir, 1984)); *see also Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("even the possibility that the class 'might have received more if the case had been fully litigated is no reason not to approve the settlement'") (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1206 (6th Cir. 1992)).[4]

Consequently, an across the board settlement that treats all jurisdictions equally does not materially favor any one jurisdiction or subclass of jurisdictions over others, and where, as here, the remedy satisfies the standard of fair, reasonable, and adequate as to each and all, preliminary approval of the settlement is clearly warranted.

    **A.**    **Violations of the Various Consumer Fraud and Deceptive Business Practices Acts.**

Representative Plaintiffs allege that throughout United States and Canada, Gillette intentionally misrepresented that its M3Power razor was capable of creating micro-pulses which lifted and straightened hair resulting in a close shave when, in fact, Defendant was aware that the razor was not capable of such action. *See* Amended Complaint ¶¶ 21-31. As such, common issues regarding Defendant's liability predominate over issues related to reliance, causation, scienter, intent, or the type of damages available.[5]

Additionally, state law notice requirements and prohibitions on class actions do not affect certification of the Settlement Class, as Rule 23 of the Federal Rule of Civil Procedure supersedes their application because they are procedural in nature. Thus, variations present

---

[4] *See also New England Carpenters Health Benefits Fund v. First Databank, Inc*., 244 F.R.D. 79 (D. Mass. 2007) ("[t]he individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3).") (quoting *Smilow v. Southwestern Bell Mobile Systems, Inc*., 323 F.3d 32, 40 (1st Cir. 2003)).

[5] Questions relating to Defendant's liability predominate in this action; thus, state consumer protection law variations regarding reliance, causation, scienter, or intent, do not hinder certification of the Settlement Class at issue: "variations in the rights and remedies available to injured class members under the various laws of the fifty states" do not defeat commonality or predominance when common issues relating to whether a defendant engaged in a nationwide campaign of deception predominate. *Warfarin*, 391 F.3d at 530 (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent,* 148 F.3d 283, 315 (3d Cir. 1998)).

within state law consumer protections statutes do not affect the certification of the Settlement Class.

The notice requirements of state consumer protection acts[6] do not affect this settlement, as such requirements are procedural in nature and not applicable in this Federal Court action. *See Hanna v. Plumer*, 380 U.S. 460 (1965); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997) (when faced with a conflict between the Wisconsin Consumer Act's ("WCA") notice requirement and Rule 23 of the Federal Rules of Civil Procedure, which does not include such a requirement, the court held that application of Rule 23 applied, as the notice requirement of the WCA did not "grant or deny a substantive right (the right to sue under the WCA)"). Similarly, Rule 23 supersedes the notice requirements included within the consumer fraud statutes, as they relate to the time period in which an action can be brought, which is a procedural matter, not the substantive right to sue.

Finally, regardless of whether Iowa's consumer protection statutes allow for a private right of action, Settlement Class Members from Iowa are still giving up their private right of action under the common law claims alleged in the Amended Complaint.[7] Whether the settlement is viewed as providing relief under one of those causes of action or under the consumer protection statutes is simply a matter of form over substance.

### B.   Unjust Enrichment.

As the annotated chart shows, there are no outcome determinative conflicts between the jurisdictions (including the fifty states, the District of Columbia, and Canada). The laws

---

[6] Plaintiffs have identified that relevant statutes in Alabama, Alaska, California, Indiana, Maine, Massachusetts, New Jersey, Oregon, Rhode Island, Texas, Utah, West Virginia, and Wyoming include some form of notice requirement.

[7] Iowa consumers regularly bring and participate in class action lawsuits. *See, e.g., Combs v. Microsoft Corp.*, 696 N.W.2d 318 (Iowa 2005) (certifying a class action brought in Iowa by a "[g]roup of computer consumers"); IA. R. CIV. PROC. 1.261 (noting the requirements for a commencement of a class action under Iowa state law).

regarding unjust enrichment are "virtually identical" throughout the fifty states and the District of Columbia. *In re Terazosin Hydrochloride Anti-Trust Litig.*, 220 F.R.D. 672, 697 n.40 (S.D. Fla. 2004). All jurisdictions recognize the basic equitable principle that "[a] person who is unjustly enriched at the expense of another is liable in restitution to the other." *Restatement (Third) of Restitution & Unjust Enrichment,* § 1 (1937).  While the precise wording can vary from jurisdiction to jurisdiction, in non-material ways,[8] the material elements of an action to recover for unjust enrichment are straight-forward and uniform:  "(1) the unjust; (2) retention of; (3) a benefit received: (4) at the expense of another." *In re Terazosin*, 220 F.R.D. at 697.[9] While a few states require wrongful conduct for unjust enrichment,[10] the vast majority do not. This difference is immaterial here where it is alleged that Defendant's conduct was indeed wrongful. Some states require that there be no other legal remedy at law.[11] This is a distinction without a difference here, since the matter is not being litigated and, even if it were, it does not affect the amount of damages available to Class Members in those states.

Furthermore, the general uniformity of state unjust enrichment laws has been recognized by several federal courts in the context of class certification. In *In re Terazosin*, it is noted that courts have recognized that state claims of unjust enrichment "are universally recognized causes of action that are materially the same throughout the United States." 220 F.R.D. at 697, n.40 (quoting *Singer v. AT & T Corp.,* 185 F.R.D. 681, 692 (S.D. Fla. 1998) (citing *Sollenbarger v.*

---

[8] For example, as the annotated chart notes, some states include language that the defendant must appreciate or have knowledge of the benefit. Here, it cannot be seriously disputed that Defendant knew it was receiving a benefit, given its extensive advertising campaign for its M3 Power razor system.

[9] *See generally* Restatement (Third) of Restitution and Unjust Enrichment, § 1, 40, 41 (1937); Daniel R. Karon, *Undoing the Otherwise Perfect Crime– Applying Unjust Enrichment to Consumer Price-Fixing Claims,* 108 W. Va. L. Rev. 395, 409-410 (2005) ("[S]ince all states' common law grew from shared historical roots (including universally accepted fairness concerns), it isn't surprising that all states' unjust-enrichment laws contain virtually identical elements.") (footnote omitted); *Singer v. AT&T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1998) (certifying nationwide class action which includes unjust enrichment claims).

[10] Alabama, Minnesota, Montana, and Texas.

[11] Arizona, Delaware, Louisiana, Massachusetts, and North Dakota.

6

*Mountain States Tel. & Tel. Co.,* 121 F.R.D. 417, 428 (D.N.M. 1988)). Because of this uniformity, many federal courts have certified nationwide (or multi-state) unjust enrichment classes, deeming any state law variations too minor to prevent class certification. In *Kelley v. Microsoft Corp.*, No. C07-475MJP, 2008 WL 509332, *15 (W.D. Wash., Feb. 22, 2008) (petition to appeal denied), the court certified a national unjust enrichment class based upon the theory that the plaintiff paid more for computers than they otherwise would have if the defendant had not created artificial prices and/or demand for its product through its actions. *See also, Singer v. AT&T*, 185 F.R.D. 681; *In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 315 (3d Cir. 1998)(upholding certification of a national class); *In re Abbot Labs Norvir Antitrust Litig.*, 2007 WL 1689899 (certifying a 48 state unjust enrichment class); *Schumacher v. Tyson Fresh Meats, Inc.,* 221 F.R.D. 605, 612 (D.S.D. 2004) ("In looking at claims for unjust enrichment, we must keep in mind that the very nature of such claims requires a focus on the gains of the defendants, not the losses of the plaintiffs. That is a universal thread throughout all common law causes of action for unjust enrichment.").

      **C.**    **Breach of Express Warranty.**

Generally speaking, to state a claim for breach of express warranty, the following elements must be satisfied: (1) defendant must have made an affirmation of fact or promise relating to the goods at issue, or gave a description of the goods; (2) which must be part of the basis of the bargain; and (3) the buyer must give the seller or remote manufacturer notice of the breach within a reasonable time. The available remedy includes the difference between the value of the good as promised or represented at the time of purchase, and its actual value in light of the breach. Moreover, "[t]he principles of the [U.C.C.] can be easily applied on a class-wide basis. Under U.C.C. Article 2, some version of which has been adopted in all states except Louisiana, a

7

description of a product on a label creates an express warranty." *Cheminova Am. Corp. v. Corker*, 779 So. 2d 1175, 1180 (Ala. 2000).

Slightly more than half of the jurisdictions do not require proof of reliance to establish a breach of express warranty claim, whereas the remainder of the jurisdictions do require reliance. Additionally, a few states require a showing of privity,[12] while two others require notice of the breach prior to filing suit.[13] These variances do not affect the fairness, reasonableness, or adequacy of the settlement as applied.

### D. Breach of Implied Warranty for a Particular Purpose.

For a breach of implied warranty for a particular purpose claim, it must be demonstrated that: (1) the seller has reason to know of (a) the buyer's intended use, and (b) that the buyer is relying on the seller's skill or judgment that the goods will be suitable; (2) the buyer relies on said skill or judgment; and (3) the buyer gives notice of the breach to the seller or remote manufacturer within a reasonable time. The available remedy includes the difference in value at the time of purchase.

The majority of jurisdictions do not require privity to establish a claim for breach of implied warranty. A small group of jurisdictions do require privity, however,[14] and two others require pre-suit notice of the breach.[15] That being said, the jurisdictions readily fall into two distinct groupings—jurisdictions that require privity, and those that do not. These variances do not affect the fairness, reasonableness, or adequacy of the settlement as applied.

---

[12] Arizona, Idaho, Illinois, Kentucky, Maryland, North Dakota, Tennessee, and Wisconsin.
[13] Alabama and Arkansas.
[14] Alabama, Arizona, Arkansas, California, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Kansas, Kentucky, New York, North Carolina, Ohio, Oregon, Washington, Wisconsin, and Canada.
[15] Alabama and Arkansas.

E.   **Negligent Misrepresentation.**

To establish a cause of action for negligent misrepresentation, the following elements must be established: (1) misrepresentation of a material fact; (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information; (3) Defendant intends, or has an expectation of inducing, reliance; (4) Plaintiff justifiably relies; (5) and Plaintiff has injury as a result. The available remedy consists of compensatory damages, and punitive damages may be allowed where there is outrageous conduct.

The vast majority of jurisdictions, with the exception of a scant few states,[16] either explicitly adopt or follow the elements as stated in the Restatement (Second) of Torts § 552, Information Negligently Supplied For The Guidance Of Others:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

As noted in the accompanying chart, some jurisdictions may require the defendant to owe a duty to the plaintiff to exercise reasonable care. However, it is Representative Plaintiffs' interpretation that any such duty is already subsumed into the requirement to exercise reasonable care in the elements noted above for negligent misrepresentation, and, thus, these alleged variations are immaterial. These variances do not affect the fairness, reasonableness, or adequacy of the settlement as applied.

---

[16] Arkansas, Idaho, and North Dakota do not recognize a cause of action for negligent misrepresentation, while New York, Oklahoma, Oregon, and Canada only allow it in specific circumstances where a special relationship exists, Missouri only allows it where statements are given to a limited number persons in the context of a business transaction, and in Iowa it only applies where the defendant is in the business of supplying information.

### F. Intentional Misrepresentation.

The elements for a claim of intentional misrepresentation are essentially uniform throughout the jurisdictions, and are as follows: (1) misrepresentation of a material fact; (2) Defendant knows of falsity; (3) Defendant intends or expects to induce reliance; (4) Plaintiff justifiably relies; and (5) Plaintiff has injury as a result. The available remedy consists of compensatory damages, and punitive damages may be allowed where there is outrageous conduct.

As illustrated in the accompanying chart, only minor differences exist amongst the jurisdictions, but do not differ materially enough to warrant their separation into subclasses or to require differing treatment under a nationwide settlement. For example, a handful of jurisdictions do not require an intent to induce reliance or reliance, and others will allow a defendant's recklessness to suffice instead of requiring full knowledge of a misrepresented falsity. Nevertheless, these differences are minor, not to mention immaterial when taken in the context of a wholly inclusive settlement. These variances do not affect the fairness, reasonableness, or adequacy of the settlement as applied.

## III. CONCLUSION.

For the foregoing reasons, Representative Plaintiffs, individually and on behalf of the proposed Settlement Class, pray that this Honorable Court enter an Order:

(a) granting class certification of a Settlement Class as defined in the Settlement Agreement;

(b) appointing Ben Barnow, Barnow and Associates, P.C., and Robert M. Rothman, Coughlin Stoia Geller Rudman & Robbins LLP, as Settlement Class Counsel and appointing plaintiffs Mark Dearman, Anthony DeBiseglia, Matthew Marr, Adam Kline, Greg Besinger, Collin L. McGeary, Javier Tunon, and Jean-Sebastien Elie as Representative Plaintiffs;

(c) preliminarily finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class and the Settlement Class Members;

(d) authorizing the Notice of class certification and preliminary approval of settlement to the Settlement Class in the manner set forth in the Settlement Agreement and in the forms attached as Exhibits D and E to the Settlement Agreement, with modification deemed appropriate, if any, regarding the state law chart filed in conjunction herewith;

(e) appointing Complete Claims Solutions, LLC, as the Claims Administrator;

(f) setting a date for the Final Fairness Hearing to consider entry of a final order approving the Settlement Agreement and the request for attorneys' fees, costs, and expenses and incentive awards; and

(g) granting such other and additional relief as the Court may deem just and appropriate.

Dated: May 28, 2008                              Respectfully submitted,


/s/ Ben Barnow
One of Co-Lead Counsel

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street
Suite 4600
Chicago, IL 60602
(312) 621-2000

Robert M. Rothman
Coughlin Stoia Geller
Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel*

                                      Thomas G. Shapiro (BBO #454680)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939

*Liaison Counsel*

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 28th day of May 2008.

                                             /s/_Ben Barnow_____