UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL CASES** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

**THE GILLETTE COMPANY'S MEMORANDUM OF LAW
REVIEWING THE RELEVANT LAWS OF THE FIFTY STATES OF THE UNITED
STATES, THE DISTRICT OF COLUMBIA AND CERTAIN PROVINCES AND
FEDERAL LAW OF CANADA**

The Gillette Company ("Gillette") submits this memorandum of law pursuant to the Court's April 4, 2008 Order. As set forth herein, the laws of the fifty states of the United States, the District of Columbia, and certain provinces and the federal law of Canada, with respect to the claims raised and facts asserted herein, are functionally similar as relates to the issues bearing on certification of a settlement class in this case, and do not raise any material differences sufficient to preclude approval of the proposed settlement before the Court.

**BACKGROUND**

On April 4, 2008, the Court issued an Order, requiring the proponents of the settlement class:

> to brief fully and compare meaningfully the material features of the law of the several jurisdictions applicable to this case in order to demonstrate that subclasses as to separate jurisdictional damage classes are unnecessary and that the case may proceed to settlement on the basis of a single class, without comparative unfairness to class members from one or more of the jurisdictions at issue.

*Id.* The Court held a hearing on April 28, 2008. The Court, having conducted a "fairly close

analysis of Massachusetts and California [law],” determined that there were no “material differences between the law of Massachusetts and the law of California sufficient to give pause about equitable treatment of the several members of the class,” essentially dispensing with the specific issues raised by objector Carlos Corrales ("Corrales").  4/23/08 Hrg. Tr. at 3-4; *see also id.* at 7 ("The argument, of course, was made, with respect to California plaintiffs, that they have a much more generous consumer protection regime.  I don't believe that to be the case as between California and Massachusetts in substance ....").  The Court requested additional analysis of the other 48 states, the District of Columbia, the provinces of Canada and federal Canadian law.  *See id.* at 4.

## ANALYSIS

Across all of the types of claims in this action, courts in appropriate cases have certified classes in spite of the differences in each state's articulation of the applicable legal standard.  *See In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297, 305-06 (E.D.N.Y. 2006) (citing illustrative cases).  Moreover, as reflected in the accompanying summary of the law of the several jurisdictions included in the settlement (*see* Joint Submission by the Proponents of the Proposed Settlement Comparing the Relevant Laws of the Applicable Jurisdictions for Settlement Class Certification), all jurisdictions have available at least one colorable common law or statutory claim based on the alleged facts in this case.  To the extent any variations among jurisdictions may be considered significant, the variations are not material as relates to the issues bearing on certification of a settlement class.  Class certification is therefore appropriate.  The reasons some courts have offered for rejecting certain classes on the facts of those cases simply do not apply here.

The principal basis for denying certification of a litigation class is the manageability concern articulated in Rule 23(b)(3)(D), particularly on questions that require individualized proof among dissimilarly situated plaintiffs. *See O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 291 n.19 (E.D. Pa. 2003) ("In cases where certification was denied because of varying state laws in a nationwide class action, the courts have focused on manageability problems."). But, as the Court is aware, those manageability concerns are not implicated in a settlement class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, because of the procedurally different context of settlement as opposed to litigation, "[g]iven the settlement, no one need draw fine lines among state-law theories of relief." *In re Mexico Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001). Indeed, "the law favors class action settlements." *In re Lupron® Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005) (citing *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)).

Regardless of whether the Court is faced with a litigation or settlement class, the Rule 23 review in a multi-jurisdictional class is not merely a theoretical accounting of the different formulations of jurisdictional common law and statutes. Context matters.[1] As this Court has recognized, "[c]ourts should look at how issues are likely to play out in the context of the case to see what individual issues are likely to arise, and what state law differences are irrelevant and may be ignored." *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D 61, 84 (D. Mass. 2005) ("*In re AWP Litig.*") (citing *Waste Mgt. Holdings, Inc. v. Mowbray*, 208 F.3d 288,

---

[1] This principle is reiterated in § 2.05(b)(2) of The American Law Institute, Principles of the Law of Aggregate Litigation, Tentative Draft No. 1 (Apr. 7, 2008), which provides guidance on choice of law questions, and states that aggregate treatment of multiple claims is appropriate when "differing claims or issues are subject to different bodies of law that are the same in functional content." Further, as the comment suggests, and equally instructive in considering whether to certify a class subject to different bodies of law, "[t]he real question for the court is not a formal one ... but, rather, a functional one (whether those bodies of law are the same in content in relevant respects." *Id.* at cmt. d, p. 158.

296-97 (1st Cir. 2000); *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 279 n.17 (D. Mass. 2004)). In this case, the allegations are largely the same across the class, implicating one defendant, one product, and the same advertising and marketing statements. In this context, courts have applied less scrutiny to the variable formulations of state law, which embody similar substantive claims. *See, e.g.*, *In re Serzone Prods. Liability Litig.*, 231 F.R.D. 221, 240 (S.D. W. Va. 2005) ("This case involves one defendant, one product, and one course of conduct confined to a defined time period in which the defendant engaged in behavior that presented virtually identical risk to all the claimants. ... Still yet, litigation of this matter presents individual issues such as causation and differing state laws. In the context of the settlement, however, such issues are rendered irrelevant, allowing common issues to predominate.").

As to each count alleged in the Consolidated Complaint, the limited substantive differences among the laws of the jurisdictions do not materially affect certification of a nationwide settlement class under Rule 23, as proposed by the parties in this action.[2]

    A.  **FRAUDULENT AND NEGLIGENT MISREPRESENTATION**

As bears on certification of a settlement class, the common law of fraud and negligent misrepresentation is substantively the same across the relevant jurisdictions. A number of courts have expressly stated, in one form or another, that "[t]he definition of negligence, strict liability, misrepresentation and fraud is substantially identical in all jurisdictions." *In re Telectronics Pacing Sys., Inc., Accufix Atrial J Leads Prods. Liability Litig.*, 164 F.R.D. 222, 230 (S.D. Ohio 1995). Several courts have expressed doubt "that the differences in the several states' laws of fraud and negligent misrepresentation are so great as to preclude class treatment." *In re LILCO*

---

[2] Gillette joined in submitting a comparison chart in connection with the proposed settlement herein, and notes that in the event a litigation class were at issue, or litigation in another context arose, the positions stated therein might change.

*Secs. Litig.*, 111 F.R.D. 663, 670 (E.D.N.Y. 1986) (citing, *inter alia*, 37 C.J.S. Fraud §§ 3, 23-24; W. Prosser, The Law of Torts §§ 105-10 (1971 4th ed.) (examining law of a variety of jurisdictions)); *see also Kassover v. Coeur D'Alene Mines Corp.*, No. 92-0015-N-HLR, 1992 WL 509995, at *4 (D. Idaho Sep. 2, 1992); *In re Electro-Catheter Secs. Litig.*, No. 87-41, 1987 WL 47375, at *6 (D.N.J. Dec. 3, 1987) (holding that defendants failed to show that the law of fraud is sufficiently different in all fifty states to make individual questions predominate).

As noted in *In re AWP Litig.*, *supra*, "[i]n cases involving fraudulent statements or misrepresentations, courts generally favor certification where the misrepresentations were materially uniform but deny certification where they varied from transaction to transaction." 230 F.R.D. at 82 (citing *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253-56 (2d Cir. 2002); *In re LifeUSA Holding, Inc.*, 242 F.3d 136, 145-46 (3d Cir. 2001)). The Consolidated Complaint here challenges the same statements in the marketing and advertising campaign across all jurisdictions, as the basis for both the fraudulent and negligent misrepresentation claims. Consol. Compl. at ¶¶ 22-25. Because this is not a case involving significant variations in the statements at issue that would create unfairness in certifying the settlement class, settlement class action treatment may be appropriate, in spite of any potential variations among the common law of the jurisdictions.

Nevertheless, some courts have rejected fraud class actions on the general basis that it would require the application of the law of all fifty states and therefore common issues do not predominate. *See, e.g.*, *Lewis Tree Service, Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002); *Chilton Water Auth. v. Shell Oil Co.*, No. CIV. A. 98-T-1452-N, 1999 WL 1628000, at *7 (M.D. Ala. May 21, 1999); *Sanders v. Robinson Humphrey/American Express, Inc.*, 634 F. Supp. 1048, 1067-69 (N.D. Ga. 1986). But those cases base their concerns on

manageability grounds. As manageability is not an appropriate consideration for a settlement class, *Amchem*, 521 U.S. at 620; *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 529 (3d Cir. 2004) (holding that "when dealing with variations in state laws, the same concerns with regards to case manageability that arise with litigation classes are not present with settlement classes"), those cases are not apposite.

Among the noted difference in the law concerning both fraud and negligence is the standard for reliance, whether reasonable, justifiable or reliance in fact. *See, e.g.*, *Field v. Mans*, 516 U.S. 59, 72-73 (1995). While reliance standards may vary among the jurisdictions, those variances are of little consequence here, because reliance is not a requirement of the all of the counts in the various jurisdictions (*see* the treatment of breach of warranty claims and unjust enrichment in the accompanying chart), which therefore can allow predominance on the common questions to be met for the settlement class. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 314 (3d Cir. 1998).

In addition, although several jurisdictions have different standards concerning intent and *scienter*, those differences may create a potential problem to a litigation class where there may be different representations to different plaintiffs or where the court would have to apply or provide jury instructions as to various different state standards, but none of those concerns is present here. This case involves the same advertising across jurisdictions, without any substantial variations in the statements at issue. Further, it involves a settlement class, where potential manageability concerns are not present.

For example, while there may be no cause of action, in this context, for negligent misrepresentation in Arkansas, Idaho, Indiana, Iowa, New York, and Oregon (*see* the treatment of negligent misrepresentation claims in the accompanying chart), residents of those states have

6

additional claims within this action sufficient to maintain the cross-jurisdictional settlement class. *Grunewald v. Kasperbauer*, 235 F.R.D. 599, 606 (E.D. Pa. 2006) ("With the expansion of the case to now include two causes of action that do not require a showing of detrimental reliance, there is now a proposed class before the Court that is 'sufficiently cohesive to warrant adjudication by representation.'" (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 308-09 (3d Cir. 2005))). Moreover, Arkansas, Iowa and Virginia do not have an additional privity requirement for breach of warranty claims, and for purposes of a settlement class, all of the states with no cause of action for negligent misrepresentation do not vary in any material way from the standard requirements for intentional misrepresentation or unjust enrichment (*see* the treatment of intentional misrepresentation claims and unjust enrichment in the accompanying chart). Although Indiana does require privity for an implied warranty claim, it is not required for an express warranty claim. And while some states have adopted an economic loss doctrine for negligent misrepresentation, it appears that residents of those states still would have some other claim upon which to maintain their inclusion within the class.[3]

Canada also provides a cause of action for intentional misrepresentation (fraud) functionally similar to the elements used by the fifty states. Although negligent misrepresentation in Canada requires a "special relationship," because of the functional similarity of the intentional fraud claim there is no comparative unfairness to any class member by including the Canadian jurisdictions in the settlement class.

---

[3] Various defenses to each cause of action (such as, for example, the economic loss doctrine) may well be available in various jurisdictions though not expressly listed in the accompanying comparative chart. The elements of the causes of action outlined in the chart nonetheless well illustrate the functional similarity of the causes of action across jurisdictions.

B.     BREACH OF EXPRESS AND IMPLIED WARRANTY

For both breach of an express and the implied warranty of fitness, all of the states except Louisiana have adopted the Uniform Commercial Code definitions. The two principal differences among the states' interpretation of the UCC relate to (1) privity and (2) notice. Neither variation among the states is problematic in this case, however. Indeed, this Court has previously certified a litigation class on express warranty claims across multiple jurisdictions. *See Southern States Police Benev. Ass'n, Inc. v. First Choice Armor & Equip., Inc.*, 241 F.R.D. 85, 90 (D. Mass. 2007) (citing *Mowbray*, 208 F.3d 288 (upholding certification of several state warranty claim class); *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 23, 28 (D. Mass. 2003)); *see also Garner v. Healy*, 184 F.R.D. 598, 603 (N.D. Ill. 1999) (holding that "the Court is not convinced that the substantive differences in consumer fraud law and warranty law will predominate").

While some states have additional requirements of privity and notice, those states have generally conforming standards on either intentional or negligent misrepresentation and unjust enrichment (*see* the treatment of intentional and negligent misrepresentation claims and unjust enrichment in the accompanying chart). Therefore, even if the differing standards on the warranty claims were material and sufficient to defeat settlement class certification (which they are not), class members in those states would still have other viable claims upon which to certify the proposed class. *Grunewald*, 235 F.R.D. at 606.

An additional difference noted in *In re Gen. Motors Corp. Dex-Cool Prods. Liability Litig.*, 241 F.R.D. 305 (S.D. Ill. 2007), an express warranty case, is that some states allow a rebuttable presumption of reliance while other states require reliance in fact (and yet others still require no reliance at all). *Id.* at 320; *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir.

8

2007).  Again, however, reliance does not pose a class certification concern for a settlement class.

Under Canadian law, express and implied warranty claims are functionally similar to a claim in the United States without any notable variation that would preclude certification of a settlement class.

### C.   UNJUST ENRICHMENT

Several courts have reviewed the common law concerning unjust enrichment across the states and concluded that "state claims of unjust enrichment 'are universally recognized causes of action that are *materially the same* throughout the United States.'" *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 697 n.40 (S.D. Fla. 2004) (emphasis added) (quoting *Singer v. AT & T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1998) (citing *Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 428 (D.N.M. 1988)).  While there are minor variations among the states in the manner in which each articulates the unjust enrichment standard, "[t]he 'idiosyncratic differences' between state unjust enrichment laws 'are *not sufficiently substantive to predominate* over the shared claims.'"  *In re Abbott Labs. Norvir Anti-Trust Litig.*, Nos. C 04-1511 CW, 2007 WL 1689899, at *9 (N.D. Cal. Jun. 11, 2007) (emphasis added) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)).

For example, fourteen states — Alabama, California, Illinois, Kansas, Michigan, Minnesota, Mississippi, Nevada, New Mexico, New York, North Carolina, North Dakota, West Virginia, and Wisconsin — *expressly* follow or cite the Restatement's definition of unjust enrichment.  *In re Terazosin*, 220 F.R.D. at 697 n.40.  All of the remaining states have adopted definitions that substantially conform with the definition in the Restatement, with few relevant notable variations (*see* the treatment of unjust enrichment in the accompanying chart).

The differences noted by various courts that have considered the issue are not relevant to the facts of this case. *See, e.g.*, *Kelley v. Microsoft Corp.*, No. C07-475MJP, 2008 WL 509332, at *4 (W.D. Wash. Feb. 22, 2008) (raising causation and bar for adequate remedy at law, discussed *infra*); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, MDL No. 1703, 2007 WL 4287511, at *10 (N.D. Ill. Dec. 4, 2007) ("The differences in the unjust enrichment ... laws of the states are another factor that renders the proposed class action unmanageable."). For instance, cases have rejected unjust enrichment national class actions because the elements of unjust enrichment "vary from state to state and require individualized proof of causation." *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 500 (S.D. Ill. 1999). But the intractability of potential individual causation questions is a concern largely tied to the manageability prong of Rule 23(b)(3), irrelevant here. *Amchem*, 521 U.S. at 620.

Several states bar recovery for unjust enrichment where there is an adequate remedy at law, including Arizona, Delaware, Louisiana, Massachusetts, and North Dakota, (*see* the treatment of unjust enrichment in the accompanying chart). However, the adequacy of alternative remedies necessarily implies that class members would have an alternative claim common to the proposed settlement class justifies class certification, *Grunewald*, 235 F.R.D. at 606, and if not, this variation would not preclude unjust enrichment claims; thus, this difference should not impair certification of a nationwide class for purposes of settlement. Four states, including Alabama, Minnesota, Montana and Texas (*see* the treatment of unjust enrichment in the accompanying chart), require that a claim of unjust enrichment must be induced by fraud or duress, or some unlawful or illegal conduct, but that difference is not sufficient to generate any comparative unfairness by including those jurisdictions with the others covered by the settlement, given the multiple causes of action alleged. Several states require that the defendants

have knowledge of or appreciate the benefit conferred, which again may impose slightly different burdens on plaintiffs as an evidentiary matter if the case were litigated, but is not sufficient to create any comparative unfairness in the settlement in this case.

Unjust enrichment under Canadian law is functionally similar with no noted variations.

### D.    CONSUMER PROTECTION STATUTES

Though differences among state consumer protection laws may well require subclasses for class certification in a matter to be litigated, class certification for a settlement is different, as another judge in this District has expressly noted. *In re AWP Litig.*, 230 F.R.D. at 84. Likewise, in *Hanlon v. Chrysler Corp.*, *supra*, the court concluded that "the idiosyncratic difference between state consumer protection laws are not sufficiently substantive to predominate over the shared claims." *Id.* at 1022-23. Other courts have certified nationwide settlement classes that include consumer protection claims. *See, e.g.*, *Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349 (D.D.C. 2007); *Garner*, 184 F.R.D. at 603; *Clark v. TAP Pharm. Prods., Inc.*, 798 N.E.2d 123 (Ill. App. 2003). The courts that have rejected class certification, have rejected litigation classes because of manageability issues not relevant to this settlement class. *See, e.g.*, *Linn v. Roto Rooter, Inc.*, No. 82657, 2004 WL 1119619, at *10 (Ohio App. May 20, 2004) (citing cases).

While seven states — Alabama, Georgia, Kentucky, Louisiana, Mississippi, Montana, and Tennessee — substantively prohibit class actions under their consumer protection statutes, *see* Ala. Code § 8-19-10(f); Ga. Code Ann. § 10-1-399(a); *Arnold v. Microsoft Corp.*, No. 00-CI-00123, 2001 WL 193765, at *6 (Ky. Cir. Ct. Jul. 21, 2000); Miss. Code Ann. § 75-24-15 (4); Mont. Code Ann. § 30-14-133(1); *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301 (Tenn. 2008), and Iowa precludes private actions, *see Molo Oil Co. v. River City Ford Truck*

11

*Sales, Inc.*, 578 N.W.2d 222, 227-28 (Iowa 1998), this is not a single claim case. Each of those states provide alternative means for settlement class members in those states to assert a cause of action. For example, in the context of intentional misrepresentation, neither Alabama, Georgia, Kentucky nor Louisiana has any notable variation from the uniform elements of that claim, and Mississippi and Montana vary by creating a *lesser burden* for Plaintiffs to establish a claim for intentional misrepresentation, allowing the lack of knowledge of the truth or falsity of the alleged misrepresentation to satisfy intent (s*ee* the treatment of intentional misrepresentation claims in the accompanying chart). That the settlement class members in those states have potentially sustainable alternative claims is sufficient to allow them to participate in the settlement class. *Grunewald*, 235 F.R.D. at 606.

In addition, because this case involves a settlement class based on an advertising campaign without significant variation, the manageability concerns that differing standards concerning *scienter* would pose for a litigation class would not stand in the way of certifying a settlement class. As to reliance and causation, some courts have held that such requirements do not necessarily defeat class certification, in light of the predominance of other common issues, and in light of the fact that that other claims exist that do not require those elements for any class members.[4] *In re Prudential Ins. Co.*, 148 F.3d at 314. But, in addition, the potential that any class member may not have sufficient evidence to prove reliance or that there may be difficulty applying varying standards of reliance or causation, are issues that affect the manageability of trial. Those issues are not relevant to the questions of certification of a settlement class. *Amchem*, 521 U.S. at 620.

---

[4] In some states, causation is referenced as an additional requirement in the statute (Alabama, Florida, Louisiana, Maine, Maryland, Minnesota, New Mexico, Pennsylvania, Rhode Island, South Carolina, Texas, Utah, Vermont, Virginia, West Virginia, and Wyoming), in case law (Arizona, Georgia, Illinois, Kentucky, Massachusetts, New Hampshire, New York, North Carolina, South Dakota, Washington, Wisconsin), or in both (California, Colorado, Hawaii, Idaho, Indiana, Kansas, Michigan, Mississippi, Missouri, New Jersey, Oklahoma, Tennessee).

In Canada, either through the Federal Competition Act or consumer protection acts within the various provinces, Canadian law provides a functionally similar protection for consumer against materially misleading representations. Counsel has not identified any noted variations that would preclude certification of a settlement class in this case that includes Canadian residents.

### E. DAMAGES

The potential for different damage schemes to apply to any of the potential claims is not relevant in the settlement context. As one court has noted, "numerous courts have held that in determining a settlement value, the potential for treble damages should not be taken into account." *Carnegie v. Household, Int'l, Inc.*, 445 F. Supp. 2d 1032, 1035 (N.D. Ill. 2006) (citing *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1324 (2d Cir. 1990); *In re Western Union Money Transfer Litig.*, No. CV-01-0335 (CPS), 2004 WL 3709932, at *11 (E.D.N.Y. Nov. 28, 2004)); *see also Hanlon*, 150 F.3d at 1022 ("In this case, although some class members may possess slightly differing remedies based on state statute or common law, the actions asserted by the class representatives are not sufficiently anomalous to deny class certification. On the contrary, to the extent distinct remedies exist, they are local variants of a generally homogenous collection of causes ...."); *First State Orthopaedics v. Concentra, Inc.*, 534 F. Supp. 2d 500, 511 (E.D. Pa. 2007) ("Variations in rights and remedies available to injured class members under state law do not defeat commonality and predominance."). The same rationale applies where some states may afford minimum damages if a claim were to be litigated and proved; because the case is being settled, the prospects for recovery on any claim remain undetermined and mere potential for obtaining something other than actual, compensatory damages should not affect the predominance inquiry. Membership in the settlement class turns

13

on having purchased an M3Power razor during the pertinent time frame, so the monetary claim of actual "damage" here is effectively uniform across the class. That is what the settlement addresses and what supports the fairness of certifying the settlement class in this case.

## **CONCLUSION**

For all of the foregoing reasons, Gillette respectfully submits that the Court certify the proposed Settlement Class for settlement purposes only in this action, and grant such further relief as the Court deems just and appropriate under the circumstances.

          Respectfully submitted,

          THE GILLETTE COMPANY
          By its attorneys


          /s/ Mark P. Szpak
          Harvey J. Wolkoff (BBO #532880)
          Mark P. Szpak (BBO #546261)
          ROPES & GRAY LLP
          One International Place
          Boston, Massachusetts 02110-2624
          (617) 951-7000

Dated: May 28, 2008

## CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on May 28, 2008.

                                           /s/ Mark P. Szpak
                                           Mark P. Szpak (BBO #546261)