UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| In re: | ) | CIVIL ACTION NO. 05-11177-DPW |
| M3POWER RAZOR SYSTEM | ) | (LEAD CASE) |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | MDL Docket No. 1704 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| **ALL CASES** | ) | |
| | ) | |

**JOINT SUBMISSION BY THE PROPONENTS OF THE PROPOSED SETTLEMENT
COMPARING THE RELEVANT LAWS OF THE APPLICABLE JURISDICTIONS FOR
SETTLEMENT CLASS CERTIFICATION**

Robert M. Rothman
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 621-2000

*Plaintiffs' Co-Lead Counsel*

Harvey J. Wolkoff (BBO #532880)
Mark P. Szpak (BBO #546261)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

*Attorneys for The Gillette Company*

May 28, 2008

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.) (Subject to comments and arguments in the settlement proponents' respective briefs.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| ALABAMA | Ala. Code § 6-5-101; *Shields v. Washington Nat. Ins. Co.*, 375 F.Supp.2d 1346, 1350 (M.D. Ala. 2005); *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 461 (Ala. 2000) (noting adoption of Rest.2(d)Torts § 552). | | Ala. Code § 6-5-101: Fraud - Misrepresentation of material facts; Ala. Code § 6-5-104: Deceit - Fraudulent deceit; *Boswell v. Liberty Nat. Life Ins. Co.*, 643 So.2d 580, 581 (Ala. 1994). | When punitive damages are sought, fraud is statutorily defined to include intent. *Austin v. Abdallah*, 2008 WL 898850, 6 (M.D.Ala. 2008) | Ala. Code § 7-2-313 | Notice can be to either seller or manufacturer if seller notifies manufacturer. *Hobbs v. GMC*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001). | Ala. Code § 7-2-315 | Notice can be to either seller or manufacturer if seller notifies manufacturer. *Hobbs v. GMC*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001). Privity required. *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1135 (S.D. Ala. 2006). | *Davis v. Sterne, Agee and Leach, Inc.*, 965 So. 2d 1076, 1093 (Ala. 2007) *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004) | Must be induced by fraud or mistake; class certification disfavored. *See Avis Rent A Car Systems, Inc. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003). | Deceptive Trade Practices Act Ala. Code §§ 8-19-1 – 8-19-15 | Notice requirement. Greater of actual damages or $100. Treble damages available. Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALASKA | *Southern Alaska Carpenters Health and Sec. Trust Fund v. Jones*, 177 P.3d 844, 857 (Alaska 2008); *Willard v. Khotol Services Corp.*, 171 P.3d 108, 118 - 119 (Alaska 2007) (following element(s) of Rest.2(d)Torts § 552). | | *Lightle v. State, Real Estate Com'n*, 146 P.3d 980, 983 (Alaska 2006). | | Alaska Stat. § 45.02.313 | Complaint in reasonable time after purchase suffices for notice. *Shooshanian v. Wagner*, 672 P.2d 455, 462 (Alaska 1983). | Alaska Stat. § 45.02.315 | Complaint in reasonable time after purchase suffices for notice. *Shooshanian v. Wagner*, 672 P.2d 455, 462 (Alaska 1983) | *Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007) *Beluga Min. Co. v. State Dept. of Natural Resources*, 973 P.2d 570, 579 (Alaska 1999) | Defendant must appreciate or have knowledge of the benefit | Unfair Trade Practices and Consumer Protection Alaska Stat. §§ 45.50.471 - 45.50.561 | Notice requirement. Reliance likely not required. Greater of 3x actual damages or $500. Punitives available. Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| ARIZONA | *PLM Tax Certificate Progr. 1991-92, L.P. v. Schweikert*, 162 P.3d 1267, 1270 (Ariz. Ct. App. 2007); *Formento v. Encanto Business Park*, 744 P.2d 22 (Ariz. 1987) (noting adoption of Rest.2(d)Torts § 552). | Defendant must owe duty to injured party. | *Dawson v. Withycombe*, 163 P.3d 1034, 1046 (Ariz. Ct. App. 2007); *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500 (Ariz. 1982). | Defendant's ignorance of the truth suffices / Plaintiff must be ignorant of falsity | Ariz. Rev. Stat. Ann. § 47-2313 | Reliance required where defect is not obvious. *Downs v. Shouse*, 501 P.2d 401, 405 (Ariz. Ct. App. 1972). / Privity required. *Flory v. Silvercrsest Industries, Inc.*, 633 P.2d 383 (Ariz. 1981). | Ariz. Rev. Stat. Ann. § 47-2315 | Privity required for economic loss. *Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 640 P.2d 851, 856 (Ariz. 1982). | *Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) | Only available if no legal remedy | Consumer Fraud Act Ariz. Rev. Stat. §§ 44-1521 - 44-1534 | Reliance required. / Punitives available. |
| ARKANSAS | *South County, Inc. v. First Western Loan Co.*, 871 S.W.2d 325 (Ark. 1994). | No cause of action for negligent misrepresentation available | *Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 577 (Ark. 2002). | Defendant having insufficient evidence upon which to make the statement suffices | Ar. Code Ann. § 4-2-313 | Reliance required. *See Ciba-Geigy v. Alter*, 834 S.W.2d 136, 147 (Ark. 1992) / Notice to seller or manufacturer suffices; must be prior to complaint. *Adams v. Wacaster Oil Co.*, 8 S.W. 3d, 832, 835 (Ark. Ct. App. 2003). | A.C.A. § 4-2-315 | Notice must be prior to complaint. *Adams v. Wacaster Oil Co.*, 98 S.W. 3d, 832, 835 (Ark. Ct. App. 2003). | *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005) | | Deceptive and Unconscionable Trade Practices Ark. Code §§ 4-88-101 – 4-88-207 | Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| CALI-FOR-NIA | *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (Cal.App. 2 Dist. 2007); *Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885, 901 (Cal. Ct. App. 2003) (following element(s) of Rest.2(d)Torts § 552). | Punitive damages not recoverable. *PM Group, Inc. v. Stewart*, 64 Cal.Rptr.3d 227, 239 (Cal.App. 2 Dist. 2007). | Cal. Civ. Code § 1709; *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784 (Cal. Ct. App. 2008); *City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835, 839 (9th Cir. 2004). | | Cal. Com. Code, § 2313 | Privity re-absent reliance by buyer on seller's representations. *Torres v. City of Madera*, 60 U.C.C. Rep. Serv. 2d 1181 (E.D. Cal. 2005).<br><br>Reliance requirement unsettled. *Compare Seely v. White Motor Co.*, 403 P.2d 145, 148 (1965) *with Hauter v. Zogarts*, 534 P.2d 377 (Cal. 1975).<br>No notice required for remote | Cal. Com. Code § 2315 | Privity required. *Sinclair v. Coachmen Industries, Inc.*, 1991 U.S. App. LEXIS 30022, No. 90-15829 at *2 (9th Cir. Dec. 13, 1991) (citing cases).<br><br>No notice required for remote manufacturers. *See Greenman v. Yuba Power Products, Inc.* 377 P.2d 897 (Cal. 1963). | *Hirsch v. Bank of America*, 132 Cal. Rptr. 2d 220, 226 (Cal. Ct. App. 2003) | Consumers Legal Remedies Act Cal. Civ. Code §§ 1750-1784<br><br>Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200 - 17210 | Notice requirement.<br>Intent required.<br>Reliance required.<br>Actual damages for individual plaintiffs. $1,000 cumulative minimum for class actions. Punitives available.<br><br>Injury, causation, and reliance dependent on Prop 64 resolution.<br><br>Equitable relief and restitution. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | manufacturers. *See Greenman v. Yuba Power Products, Inc.* 377 P.2d 897 (Cal. 1963). | | | | | False Advertising Law Cal. Bus. & Prof. Code § 17500 | Injury, causation, and reliance dependent on Prop 64 resolution. / Equitable relief and restitution. |
| COLORADO | *URS Group, Inc. v. Tetra Tech FW, Inc.,* 181 P.3d 380, 391 (Colo.App. 2008) (following element(s) of Rest.2(d)Torts § 552). | | *Southeastern Colorado Water Conservancy Dist. v. Cache Creek Min. Trust,* 854 P.2d 167, 172 (Colo. 1993). | Plaintiff must be ignorant of falsity | Colo. Rev. Stat. § 4-2-313 | No notice required for remote manufacturers. *Cooley v. Big Horn Harvestore Systems, Inc.,* 813 P.2d 736, 741 (Colo.1991). | Colo. Rev. Stat. § 4-2-315 | No notice required for remote manufacturers. *Cooley v. Big Horn Harvestore Systems, Inc.,* 813 P.2d 736 (Colo.1991) | *Robinson v. Colorado State Lottery Div.,* 179 P.3d 998, 1007 (Colo. 2008) | | Consumer Protection Act Colo. Rev. Stat. §§ 6-1-101 - 6-1-115 | Intent required. / Individual may greater of actual damages or $500. Treble or punitive damages available. Class action limited to actual damages. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| CONNECTICUT | *Williams Ford, Inc. v. Hartford Courant Co.*, 657 A.2d 212 (Conn. 1995) (noting adoption of Rest.2(d)Tort § 552). | "Punitive damages" are limited to expenses of litigation less taxable costs. *Waterbury Petroleum Products, Inc. v. Canaan Oil & Fuel Co.*, 193 Conn. 208, 234-38 (1984). | *Updike, Kelly and Spellacy, P.C. v. Beckett*, 850 A.2d 145, 166 (Conn. 2004). | "Punitive damages" are limited to expenses of litigation less taxable costs. *Waterbury Petroleum Products, Inc. v. Canaan Oil & Fuel Co.*, 193 Conn. 208, 234-38 (1984). | Conn. Gen. Stat. § 42A-2-313 | No notice required for remote manufacturers. *Tomczuk v. Cheshire*, 217 A.2d 71, 73 (Conn. 1965). Reliance required. *Omega Engineering, Inc. v. Eastman Kodak Co.*, 30 F. Supp. 2d 226, 246 (D. Conn. 1998). | Conn. Gen. Stat. § 42a-2-315 | No notice required for remote manufacturers. *Tomczuk v. Cheshire*, 217 A.2d 71, 73 (Conn. 1965). Privity required. *Koellmer v. Chrysler Motors Corp.*, 276 A. 2d 807, 812 (Conn. Cir. Ct. 1970), *certif. denied*, 274 A.2d 884 (Conn. 1971). | *James P. Purcell Associates, Inc. v. Hennessey*, 937 A.2d 66, 68 (Conn. App. Ct. 2007) | | Unfair Trade Practices Act Conn. Gen. Stat. §§ 42-110a – 42-110q | Punitives available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| DELAWARE | *In re Women First Health-care, Inc.,* 332 B.R. 115, 124 (Bankr. D. Del. 2005) (following element(s) of Rest.2(d)Torts § 552); *H-M Wexford LLC v. Encorp, Inc.,* 832 A.2d 129 (Del.Ch. 2003). | | *Hauspie v. Stonington Partners, Inc.,* 945 A.2d 584, 586 (Del. 2008). | Defendant's reckless indifference to the truth suffices | 6 Del. Code Ann. § 2-313 | *Reliance required. See Di Ienno v. Libbey Glass Div., Owens-Ill., Inc.,* 668 F. Supp. 373, 376 (D. De. 1987). | 6 Del. Code Ann. § 2-315 | | *Ryan v. Gifford,* 918 A.2d 341, 361 (Del. Ch. 2007) *Total Care Physicians, P.A. v. O'Hara,* 2002 WL 31667901, at *10 (Del. Super. Ct. Oct. 29, 2002) | Only available if no legal remedy | Consumer Fraud Act Del. Code Ann. tit. 6, §§ 2511 – 2527, 2580-2584 / Deceptive Trade Practices Act Del. Code Ann. tit. 6, §§ 2531 - 2536 | Punitives available. / Injury not required. / Limited to injunctive relief. Provides for treble actual damages awarded under other statute. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact<br>(2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information<br>(3) Defendant intends, or has an expectation of inducing, reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact<br>(2) Defendant knows of falsity<br>(3) Defendant intends or expects to induce reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods<br>(2) Must be part of the basis of the bargain<br>(3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable<br>(2) Buyer relies<br>(3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and<br>(2) Unjust for defendant to retain benefit<br>(3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and<br>(2) Consumers suffer injury as a result of Defendant's conduct<br>(3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| DISTRICT OF COLUMBIA | *C & E Services, Inc. v. Ashland, Inc.*, 498 F.Supp.2d 242, 256 (D.D.C. 2007); *Redmond v. State Farm Ins. Co.*, 728 A.2d 1202, 1207 -1208 (D.C. 1999) (following element(s) of Rest.2(d)Torts § 552). | Defendant must owe a duty to exercise reasonable care. | *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1074 (D.C. 2008). | | D.C. Code § 28:2-313 | Notice to remote manufacturer required, but unnecessary if manufacturer willfully fails to disclose a defect. *Witherspoon v. Philip Morris, Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997). | D.C. Code § 28:2-315 | Notice to remote manufacturer required, but unnecessary if manufacturer willfully fails to disclose a defect. *Witherspoon v. Philip Morris, Inc.*, 964 F. Supp. 455, 464-65 (D.D.C. 1997). | *Holly Sugar Corp. v. Veneman*, 355 F. Supp. 2d 181, 190 (D.D.C. 2005) (rev'd on other grounds, 437 F.3d 1210 (D.C. Cir.)) | Defendant must appreciate or have knowledge of the benefit | D.C. Code §§ 28-3801 -28-3819<br><br>Consumer Protection Procedures Act D.C. Code §§ 28-3901 -28-3913 | Inapplicable; applies only to consumer credit sale or direct installment loan<br><br>Injury not required.<br><br>Greater of treble damages or $1500. Punitives available.<br><br>Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FLOR-IDA | *Beale v. Biomet, Inc.*, 492 F.Supp.2d 1360, 1374 (S.D. Fla. 2007); *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So.2d 334, 339 (Fla. 1997) (following element(s) of Rest.2(d)Torts § 552). | | *Larson v. Correct Craft, Inc.*, 537 F.Supp.2d 1264, 1267 (M.D. Fla. 2008). | | Fla. Stat. § 672.313 | Reliance requirement unsettled. *Compare Royal Typewriter Co., Div. of Litton Business Systems, Inc. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1101 (11th Cir. Fla. 1983) *with Hawley Hale Stores v. Conley*, 372 So. 2d 965, 968 (Fla. Dist. Ct. App. 3d Dist. 1979). | Fla. Stat. § 672.315 | Privity required for direct economic loss. *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968, 970 (Fla. Dist. Ct. App. 1994). | *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006) | Defendant must appreciate or have knowledge of the benefit | Florida Deceptive and Unfair Trade Practices Act Fla. Stat. §§ 501.201 – 501.213 | |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should be discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| GEORGIA | *J.E. Black Const. Co., Inc. v. Ferguson Enterprises, Inc.*, 643 S.E.2d 852, 855 (Ga. Ct. App. 2007); *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997) (following element(s) of Rest.2(d)Torts § 552). | | *Perry v. Perry*, 648 S.E.2d 193, 196 (Ga. Ct. App. 2007); *Mableton Parkway CVS, Inc. v. Salter*, 615 S.E.2d 558, 563 (Ga. Ct. App. 2005). | Defendant's reckless disregard for the truth suffices | Ga. Code Ann. § 11-2-313 | Reliance required. *Moore v. Berry*, 458 S.E.2d 879, 880-881 (Ga. Ct. App. 1995). / Unclear if notice required for remote manufacturer but filing of suit may be sufficient. *Hudson v. Gaines*, 403 S.E.2d 852, 854 (Ga. Ct. App. 1991). | Ga. Code Ann. § 11-2-315 | Privity required for direct economic loss. *Bodymasters Sports Indus. v. Wimberley*, 501 S.E.2d 556, 561 (Ga. Ct. App. 1998). / Unclear if notice required for remote manufacturer but filing of suit may be sufficient. *Hudson v. Gaines*, 1403 S.E.2d 852, 854 (Ga. Ct. App. 1991). | *Hollifield v. Monte Vista Biblical Gardens, Inc.*, 553 S.E.2d 662, 669 (Ga. Ct. App. 2001) | Defendant must appreciate or have knowledge of the benefit | Uniform Deceptive Trade Practices Act Ga. Code Ann. §§ 10-1-370 – 10-1-375 / Fair Business Practices Act Ga. Code Ann. §§ 10-1-390 – 10-1-407 / Class Actions prohibited by statute. / False Advertising Ga. Code Ann. §§ 10-1-421 & 10-1-423 | Injury not required. / Limited to injunctive relief. / Reliance required. / Punitives available. / Not pled in complaint. / Injury not required. / Limited to injunctive relief. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| HAWAII | *Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1248, (Haw. 2002); *Hawaii by Bronster v. U.S. Steel Corp.*, 919 P.2d 294 (Hawaii 1996) (noting adoption of Rest.2(d)Torts § 552). | | *Association of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc.*, 167 P.3d 225, 256 (Haw. 2007). | Suffices if defendant is without knowledge of truth or falsity "Substantial pecuniary damage" required to maintain a claim. *McDevitt v. Guenther*, 522 F.Supp.2d 1272, 1286 (D. Haw. 2007). | Haw. Rev. Stat. § 490:2-313 | | Haw. Rev. Stat. § 490:2-315 | | *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 72-73 (Haw. 2004) | | Unfair Practices Act Haw. Rev. Stat. §§ 480-1– 480-24; 481A-1 - 481A-5 | Reliance required. Greater of treble actual damages or $1,000. |
| IDAHO | *Duffin v. Idaho Crop Imp. Ass'n*, 126 Idaho 1002, 1010 (Idaho 1995). | No relevant cause of action for negligent misrepresentation available | *Partout v. Harper*, 2008 WL 1837500, at *4 (Idaho Apr. 25, 2008). | Plaintiff must be ignorant of falsity | Idaho Code § 28-2-313 | Privity required. *Oats v. Nissan Motor Corp.*, 879 P.2d 1095, 1102-03 (Idaho 1994). | Idaho Code § 28-2-315 | Privity required. *See Oats v. Nissan Motor Corp.*, 1879 P.2d 1095, 1102-03 (Idaho 1994). | *Vanderford Co. v. Knudson*, 165 P.3d 261, 272 (Idaho 2007) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Idaho Code §§ 48-601 – 48-619 | Reliance unsettled. Greater of actual damages or $1,000. Punitives available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| ILLINOIS | *Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.,* 376 Ill.App.3d 1006, 1017 (Ill.App. 1 Dist. 2007); *Board of Educ. of City of Chicago v. A, C and S, Inc.,* 546 N.E.2d 580, 591 (Ill. 1989). | Defendant must owe a duty to the plaintiff to communicate accurate information. | *Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.,* 876 N.E.2d 218, 228 (Ill. App. Ct. 2007). | | 810 Ill. Comp. Stat. § 5/2-313 | Reliance required. *Stamm v. Wilder Travel Trailers,* 358 N.E.2d 382, 385 (Ill. App. Ct. 1976). / No notice required for remote manufacturers. *Connick v. Suzuki Motor Co., Ltd.,* 656 N.E.2d 170 (Ill. App. 1995), *aff'd in part and rev'd in part,* 675 N.E.2d 584 (Ill. 1997). | 810 Ill. Comp. Stat. § 5/2-313 | No notice required for remote manufacturers. *Connick v. Suzuki Motor Co., Ltd.,* 656 N.E.2d 170 (Ill. App. 1995), *aff'd in part and rev'd in part,* 675 N.E.2d 584 (Ill. 1997). / Privity required for direct economic loss. *Connick v. Suzuki Motor Co., Ltd.,* 656 N.E.2d 170 (Ill. App. Ct. 1995), *aff'd in part on other grounds, rev'd in part on other grounds,* 675 N.E.2d 584 | *Eighteen Investments, Inc. v. NationsCredit Financial Services Corp.,* 876 N.E.2d 1096, 1103 (Ill. App. Ct. 2007) | | Consumer Fraud and Deceptive Business Practices Act. 815 Ill. Comp. Stat. §§ 505/1 – 505/12; 510/1-510/7 | Intent required. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | Privity required for purely economic loss. *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 677 (N.D. Ill. 2005). | | (Ill. 1996). | | | | Punitives available. |
| INDI-ANA | Thomas v. Lewis Engineering, Inc., 848 N.E.2d 758, 760 (Ind. Ct. App. 2006) (elements unclear). | A professional must have actual knowledge that a third party will rely. | *American Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct. App. 2008). | Suffices if defendant is reckless as to truth or falsity | Ind. Code § 26-1-2-313 | | Ind. Code § 26-1-2-315 | Privity required under facts of this case. *Prairie Production, Inc. v. Agchem Division-Pennwalt Corp.*, 514 N.E.2d 1299 (Ind. App. 1987). | *Pond v. McNellis*, 845 N.E.2d 1043, 1056-57 (Ind. App. Ct. 2006) | | Consumer Sales: Deceptive Practices Ind. Code §§ 24-5-0.5-1 – 24-5-0.5-12 | Notice requirement. Reliance required if deceptive act is uncured or incurable. Intent required for "incurable" acts. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| IOWA | *Barr v. Ridge View Estates, L.L.C.*, 2007 WL 2746867, 8 - 9 (S.D.Iowa 2007) (following element(s) of Rest.2(d)Torts § 552); *Sain v. Cedar Rapids Community School Dist.*, 626 N.W.2d 115 (Iowa 2001) (following element(s) of Rest.2(d)Torts § 552). | Applies only to those in business of supplying information to others. | *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 400 (Iowa 2001). | | Iowa Code § 554.2313 | Reliance required. *Nevers v. Niehaus Motor Co.*, 2000 Iowa App. LEXIS 22 (Iowa Ct. App. Nov. 8, 2000). No notice to remote manufacturer required where plaintiff is a "person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty." *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 163 (Iowa 2006) (quoting Iowa Code § 554-2318). | Iowa Code § 554.2315 | No notice to remote manufacturer required where plaintiff is a "person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty." *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 163 (Iowa 2006) (quoting Iowa Code § 554-2318). | *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001) | | Consumer Frauds Iowa Code §§ 714.16 – 714.16A | No private cause of action. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1)  Misrepresentation of a material fact (2)  Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3)  Defendant intends, or has an expectation of inducing, reliance (4)  Plaintiff justifiably relies (5)  Plaintiff has injury as a result (6)  Remedy:  Compensatory damages; Punitive damages may be available for outrageous conduct | | (1)  Misrepresentation of a material fact (2)  Defendant knows of falsity (3)  Defendant intends or expects to induce reliance (4)  Plaintiff justifiably relies (5)  Plaintiff has injury as a result (6)  Remedy:  Compensatory damages; Punitive damages may be available for outrageous conduct | | (1)  Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2)  Must be part of the basis of the bargain (3)  Buyer must give seller or remote manufacturer notice of breach within reasonable time  after non-suitability should have been discovered (4)  Remedy:  Difference in value at time of purchase. | | (1)  Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2)  Buyer relies (3)  Buyer must give notice of breach to seller or remote manufacturer within reasonable time  after non-suitability should have been discovered (4)  Remedy:  Difference in value at time of purchase. | | (1)  Plaintiff confers a benefit; and (2)  Unjust for defendant to retain benefit (3)  Remedy:  Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| KAN-SAS | *Gerhardt v. Harris*, 261 Kan. 1007, 1018, 934 P.2d 976, 984 (Kan. 1997) (noting adoption of Rest.2(d)Torts § 552) | | *Ayalla v. Southridge Presbyterian Church*, 152 P.3d 670, 676 (Kan. Ct. App. 2007). | | Kan. Stat. Ann. § 84-2-313 | No notice required for remote manufacturer.  *Carson v. Chevron Chemical Co.*, 635 P.2d 1248, 1256 (Kan. Ct. App. 1981). | K.S.A. § 84-2-315 | No notice required for remote sellers. *Carson v. Chevron Chemical Co.*, 635 P.2d 1248, 1256 (Kan. Ct. App. 1981).  Privity required. *Professional Lens Plan, Inc. v. Polaris Leasing Corp.*, 675 P.2d 887, 896-99 (Kan. 1984). | *In re Estate of Sauder*, 156 P.3d 1204, 1220 (Kan. 2007) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Kan. Stat. Ann. §§ 50-623 – 50-644; 50-676 - 50-679a | Reliance unsettled.  Intent required for certain provisions.  Actual damages for class actions. Individual actions may recover greater of damages or penalty up to $20,000. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact<br>(2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information<br>(3) Defendant intends, or has an expectation of inducing, reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact<br>(2) Defendant knows of falsity<br>(3) Defendant intends or expects to induce reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods<br>(2) Must be part of the basis of the bargain<br>(3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable<br>(2) Buyer relies<br>(3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and<br>(2) Unjust for defendant to retain benefit<br>(3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and<br>(2) Consumers suffer injury as a result of Defendant's conduct<br>(3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KENTUCKY | *Presnell Const. Managers, Inc. v. EH Const.*, LLC, 134 S.W.3d 575, 582 (Ky. 2004) (adopting Rest.2(d)Torts § 552). | Punitive damages not recoverable. *Morton v. Bank of Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky. Ct. App. 1999). | *Dodd v. Dyke Industries, Inc.*, 2008 WL 1884081, at *8 (W.D. Ky. Apr. 28, 2008); *Shane v. Fairfax Identity Laboratories*, 2008 WL 1805504, at *3 (W.D. Ky. Apr. 18, 2008). | Suffices if statement was recklessly made | Ky. Rev. Stat. Ann. § 355.2-313 | Reliance required. *Overstreet v. Norden Laboratories, Inc.*, 669 F.2d 1286, 1291 (6th Cir. Ky. 1982).<br><br>Privity required. *Roberts v. Solideal Tire, Inc.*, 2007 U.S. Dist. LEXIS 75512 (E.D. Ky. 2007). | Ky. Rev. Stat. Ann. § 355.2-315 | Privity required under the facts of this case. *Roberts v. Solideal Tire, Inc.*, 2007 U.S. Dist. LEXIS 75512 (E.D. Ky. 2007). | *Brock v. Pilot Corp.*, 234 S.W.3d 381, 384 (Ky. Ct. App. 2007) *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F. Supp. 1198, 1206 (W.D. Ky. 1995) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Ky. Rev. Stat. Ann. §§ 367.110-367.360 | Requires intent or gross negligence.<br><br>Punitives available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| LOUISIANA | *Systems Engineering and Sec., Inc. v. Science & Engineering Associations, Inc.*, 962 So.2d 1089, 1092, (La. Ct. App. 2007); *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2008 WL 1976591, 4 (5th Cir. 2008); *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La. 1993). | Punitive damages not recoverable. *King v. E.I. Dupont de Nemours*, 850 F.Supp. 503, 504-05 (W.D. La. 1994). Defendant must have legal duty to supply correct information, that duty must have been breached, and damages must result. | *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2008 WL 1976591, at *4 (5th Cir. May 8, 2008). | Punitive damages not recoverable. *King v. E.I. Dupont de Nemours*, 850 F.Supp. 503, 504-05 (W.D. La. 1994). | La. Civ. Code Ann. art. 2529 | | La. Civ. Code Ann. art.. 2524 | | *Indus. Cos. v. Durbin*, 837 So.2d 1207, 1213-1214 (La. 2003) Statutory provision: La. Civ. Code art. 2298 | Only available if no legal remedy | Unfair Trade Practices and Consumer Protection Law La. Rev. Stat. Ann. §§ 51:1401 – 51:1425 Class actions prohibited by statute. | Intent requirement unsettled. Treble damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| MAINE | *Rand v. Bath Iron Works Corp.*, 832 A.2d 771 (Me. 2003) (noting adoption of Rest.2(d)Torts § 552) | | *Rand v. Bath Iron Works Corp.*, 832 A.2d 771, 773 (Me. 2003). | Suffices if defendant has reckless disregard for truth or falsity | Me Rev. Stat. Ann. tit. 11, § 2-313 | Reliance required. *Sullivan v. Young Bros. & Co., Inc.*, 91 F.3d 242 (1st Cir. 1996). / No notice required for remote manufacturer. *Sullivan v. Young Bros. & Co.*, 893 F. Supp. 1148, 1160 (D. Me. 1995), *rev'd on other grounds*, 91 F.3d 242 (1st Cir. 1996). | Me Rev. Stat. Ann. tit. 11, § 2-315 | No notice required for remote sellers. *Sullivan v. Young Bros. and Co. Inc.*, 893 F.Supp. 1148 (D.Me. 1995) ev'd on other grounds, 91 F.3d 242 (1st Cir. 1996). | *Forrest Assocs. v. Passamaquoddy Tribe*, 760 A.2d 1041, 1045 (Me. 2000) | Defendant must appreciate or have knowledge of the benefit | Unfair Trade Practices Act Me. Rev. Stat. Ann. tit. 5, §§ 205A-214 / Uniform Deceptive Trade Practices Act Me. Rev. Stat. Ann. tit. 10, §§ 1211-1216 | Notice requirement. / Limited to injunctive relief. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1)  Misrepresentation of a material fact (2)  Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3)  Defendant intends, or has an expectation of inducing, reliance (4)  Plaintiff justifiably relies (5)  Plaintiff has injury as a result (6)  Remedy:  Compensatory damages; Punitive damages may be available for outrageous conduct | | (1)  Misrepresentation of a material fact (2)  Defendant knows of falsity (3)  Defendant intends or expects to induce reliance (4)  Plaintiff justifiably relies (5)  Plaintiff has injury as a result (6)  Remedy:  Compensatory damages; Punitive damages may be available for outrageous conduct | | (1)  Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2)  Must be part of the basis of the bargain (3)  Buyer must give seller or remote manufacturer notice of breach within reasonable time    after non-suitability should have been discovered (4)  Remedy:  Difference in value at time of purchase. | | (1)  Seller has reason to know of    (a) buyer's intended use, and    (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2)  Buyer relies (3)  Buyer must give notice of breach to seller or remote manufacturer within reasonable time    after non-suitability should have been discovered (4)  Remedy:  Difference in value at time of purchase. | | (1)  Plaintiff confers a benefit; and (2)  Unjust for defendant to retain benefit (3)  Remedy:  Restitution of value of benefit | | (1)  Defendant engages in unfair or deceptive acts or practices, and (2)  Consumers suffer injury as a result of Defendant's conduct (3)  Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| MARY LAND | *Goldstein v. Miles*, 859 A.2d 313 (2004). | Defendant must owe a duty of care to the plaintiff | *Jenkins v. PBG, Inc.*, 268 F. Supp. 2d 593, 597 (D. Md. 2003). | Suffices if defendant has reckless indifference as to truth or falsity | Md. Code Ann. Comm. Law § 2-313 | No notice required for remote manufcturers.  *Firestone Tire & Rubber Co. v. Cannon*, 452 A.2d 192, 195-98 (Md. 1982), *aff'd per curiam*, 456 A.2d 930 (Md. 1983).  Privity required where loss is purely economic. *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312 (D. Md. 1983). | Md. Code Ann. Comm. Law § 2-315 | No notice required for remote sellers.  *Firestone Tire & Rubber Co. v. Cannon*, 452 A.2d 192, 195-98 (Md. 1982), *aff'd per curiam*, 456 A.2d 930 (Md. 1983). | *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) | Defendant must appreciate or have knowledge of the benefit | Maryland Consumer Protection Act Md. Code Ann., Com. Law §§ 13-101 – 13-501 | Reliance unsettled.  Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| MASSACHUSETTS | *In re TJX Companies Retail Sec. Breach Litigation*, 524 F.Supp.2d 83, 91 (D.Mass. 2007) (following element(s) of Rest.2(d)Torts § 552). | | *International Floor Crafts, Inc. v. Adams*, 477 F. Supp. 2d 336, 341 (D. Mass. 2007). | | Mass. Gen. Laws ch. 106, § 2-313 | Reliance requirement unsettled. *See Hannon v. Original Gunite Aquatech Pools, Inc.*, 434 N.E.2d 611, 617 (Mass. 1982). | Mass. Gen. Laws ch. 106, § 2-315 | | *Giles v. Ramos*, 2007 WL 328757, at *2 (Mass. App. Ct. Feb. 2, 2007); *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005); *Massachusetts v. Myland Labs*, 357 F. Supp. 2d 314, 324 (D. Mass. 2005) | Defendant must appreciate or have knowledge of the benefit / Only available if no legal remedy | Mass. Gen. Laws ch. 93A, §§ 1-11. | Notice requirement. / Greater of actual damages or $25. Double or treble damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should be discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| MICHIGAN | *Hall v. Furest*, 2006 WL 2987032, 8 (E.D.Mich. 2006); *Gustafson v. Gould*, 2000 WL 33417340 (Mich.App. 2000) (following element(s) of Rest.2(d)Torts § 552). | Defendant must have a duty of care to the plaintiff | *J.T. French Co. v. Ferguson Development L.L.C.*, 2007 WL 1828379, at *3 (Mich. Ct. App. Jun. 26, 2007); *Paragon Marketing Group, L.L.C. v. Nadair*, 2007 WL 128920, at *8 (E.D. Mich. Jan. 12, 2007). | Suffices if defendant is reckless as to truth or falsity, and representation is a positive statement | Mich. Comp. Laws § 440.2313 | Reliance required where alleged warranty is contained in advertising. *Fargo Machine & Tool Co. v. Kearney & Trecker Corp.*, 428 F. Supp. 364, 370 (E.D. Mich. 1977) . Filing suit may be sufficient notice to remote manufacturer where defendants had notice of the defect before suit was filed and chose not to remedy. *In re Bridgestone/Firestone Inc. v. Wilderness Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. | Mich. Comp. Laws § 440.2315 | Filing suit may be sufficient notice to remote manufacturer where defendants had notice of the defect before suit was filed and chose not to remedy. *In re Bridgestone/Firestone Inc. v. Wilderness Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. Ind. 2001) (applying Michigan law), *rev'd on other grounds*, 288 F.3d 1012 (7th Cir. 2002). | *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006); *Michigan Educ. Employees. Mut. Ins. Co. v. Morris*, 596 N.W.2d 142, 151 (Mich. 1999) | | Consumer Protection Act Mich. Comp. Laws Ann. §§ 445.901 - 445.922.; Mich Stat. § 19.418(B). | Class actions limited to actual damages. Individual actions, greater of actual damages or $250. Intent requirement unsettled. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | Ind. 2001) (applying Michigan law), *rev'd on other grounds*, 288 F.3d 1012 (7th Cir. 2002). | | | | | | |
| MINNESOTA | Smith v. Brutger Companies, 569 N.W.2d 408, 413-14 (Minn. 1997) (noting adoption of Rest.2(d)Torts § 552). | Defendant owes duty of care. | *M.H. v. Caritas Family Services*, 488 N.W.2d 282, 289 (Minn. 1992). | Suffices if defendant is without knowledge of truth or falsity / Plaintiff must be ignorant of falsity | Minn. Stat. § 336.2-313 | No notice required for remote sellers. *Church of Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 609-610 (Minn. Ct. App. 1991). | Minn. Stat. § 336.2-315 | No notice required for remote sellers. *Church of Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 609-610 (Minn. Ct. App. 1991). | *Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004) | Defendant must appreciate or have knowledge of the benefit / Must show unjust enrichment resulted from unlawful or illegal conduct. | Uniform Deceptive Trade Practices Act Minn. Stat. §§ 325D.43 - .48 / Prevention of Consumer Fraud Act Minn. Stat. §§ 325F.68 – 325F.71 / False Statement in Advertising | Limited to injunctive relief. / Reliance required for damages, but not injunctive relief. / Intent requirement unsettled. / Intent requirement unsettled. / Intent requirement unsettled. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | | | | | | Minn. Stat. § 325F.67 | |
| MISSISSIPPI | *Horace Mann Life Ins. Co. v. Nunaley*, 960 So.2d 455, 461 (Miss. 2007); *Redecop v. Gerber*, 2008 WL 400235, 2 (5th Cir. 2008). | | *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 783759, at *4 (S.D. Miss. 2008). | Suffices if defendant is ignorant of truth or falsity / Plaintiff must be ignorant of falsity | Miss. Code Ann. § 75-2-313 | Reliance required. *Global Truck & Equip. Co. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651-52 (N.D. Miss. 1986). | Miss. Code Ann. § 75-2-315 | | *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004) Franklin v. Franklin, 858 So. 2d 110, 121 (Miss. 2003) | | Consumer Protection Miss. Code Ann. §§ 75-24-1 – 75-24-27 / Deceptive Advertising Miss. Code Ann. § 97-23-3 | Intent required for certain provisions. / Not pled in complaint. |
| MISSOURI | *Harris v. Smith*, 2008 WL 1849851, 4 (Mo.App. S.D. 2008); *Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 129 -130 (Mo.App. E.D. 2008). | Available only for statements intentionally given as guidance for limited persons in a business transaction | *Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 129 (Mo. App. 2008). | Suffices if defendant is ignorant of truth or falsity / Plaintiff must be ignorant of falsity | Mo. Rev. Stat. § 400.2-313 | No notice required for remote sellers. *Ragland Mills, Inc. v. General Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 989). | Mo. Rev. Stat. § 400.2-315 | No notice required for remote sellers. *Ragland Mills, Inc. v. General Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989). | *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006) | Defendant must appreciate or have knowledge of the benefit | Merchandising Practices Act Mo. Rev. Stat. §§ 407.010 – 407.701 | Punitives available. / Reliance unsettled. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| MONTANA | *Walters v. Luloff*, 341 Mont. 158, 163 (Mont. 2008); *Cechovic v. Hardin & Associates, Inc.*, 273 Mont. 104, 112 (Mont. 1995); *May v. Era Landmark Real Estate of Bozeman*, 15 P.3d 1179 (Mont. 2000) (approving Rest. (2d) Torts § 552). | Plaintiff must be unaware of falsity | *In re Estate of Kindsfather*, 326 Mont. 192, 196-197 (Mont. 2005). | Suffices if defendant is ignorant of truth or falsity; Plaintiff must be ignorant of falsity | Mont. Code Ann. § 30-2-313 | Reliance required. *Schlenz v. John Deere Co.*, 511 F. Supp. 224, 228 (D. Mont. 1981). | Mont. Code Ann. § 30-2-315 | | *Albinger v. Harris*, 48 P.3d 711, 716 (Mont. 2002) | Must be induced by fraud or duress | Unfair Trade Practices & Consumer Protection Mont. Code Ann. §§ 30-14-101 – 30-14-226 | Greater of actual damages or $500. Treble damages available. |
| NEBRASKA | *Brummels v. Tomasek*, 731 N.W.2d 585, 591-92 (Neb. 2007) (noting adoption of Rest.2(d)Tort § 552). | | *Scottsdale Ins. Co. v. American Re-Ins. Co.*, 2008 WL 2001750, at *9 (D. Neb. May 6, 2008); *Eicher v. Mid America Financial Inv. Corp.*, 748 N.W.2d 1, 12 (Neb. 2008). | Suffices if defendant has reckless disregard for truth or falsity | Neb. Rev. Stat. § 2-313 | No requirement for notice to remote manufacturer. *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 18-20 (Neb. 1983). | Neb. Rev. Stat. § 2-313 | No requirement for notice to remote manufacturer. *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 18-20 (Neb. 1983). | *Stark v. Soteria Imaging Servs., Inc.*, 276 F. Supp. 2d 989, 993-994 (D. Neb. 2003) | | Consumer Protection Act Neb. Rev. Stat. §§ 59-1601 – 59-1623; Uniform Deceptive Trade Practices Act Neb. Rev. Stat. §§ 87-301- 87-306 | Total damages including costs and fees not to exceed $1,000. Limited to injunctive relief. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| NEVADA | *Barmettler v. Reno Air Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (noting adoption of Rest.2d)Tort § 552). | | *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007); *Goldstein v. Turnberry Pavilion Partners Ltd. Partnership*, 2007 WL 3353410, at *6 (D. Nev. Nov. 9 2007). | Insufficient evidence for representation suffices | Nev. Rev. Stat. § 104.2313 | | Nev. Rev. Stat. § 104.2315 | | *Mainor v. Nault*, 101 P.3d 308, 317 (Nev. 2004) | | Deceptive Trade Practices Act Nev. Rev. Stat. §§ 598.0903 – 598.0999; 41.600 / Unfair Trade Practice Act Nev. Rev. Stat. Ann. §§ 598A.010 – 598A.280 | Intent required. / Inapplicable; prohibits price-fixing, monopolization, etc. |
| NEW HAMPSHIRE | *Plourde Sand & Gravel v. JGI Eastern, Inc.*, 917 A.2d 1250 (N.H. 2007) (following element(s) of Rest. (2d) Torts § 552). | | *Dolan v. SunGard Securities Finance, LLC*, 2008 WL 90019, at *16 (D.N.H. Jan. 8, 2008). | Defendant's conscious indifference to the truth suffices | N.H. Rev. Stat. Ann. § 382-A:2-313 | Reliance requirement unsettled. *Compare Hagenbuch v. Snap--On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972) *with Werner v. Montana*, 378 A.2d 1130, 1136 (N.H. 1977). | N.H. Rev. Stat. Ann. § 382-A:2-315 | No requirement for notice to remote manufacturers. *ACE Am. Ins. Co. v. Fountain Powerboats, Inc.*, 2007 DNH 102, at *12 (D.N.H. 2007). | *Kowalski v. Cedars of Portsmouth Condominium Ass'n*, 769 A.2d 344, 347 (N.H. 2001) | | Regulation of Business Practices for Consumer Protection N.H. Rev. Stat. §§ 358-A:1 – 358-A:13 | Class action limited to actual damages. Individual actions may recover greater of actual damages or $1,000. Actual damages may be doubled or tripled. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | No requirement for notice to remote manufacturers. *ACE Am. Ins. Co. v. Fountain Powerboats, Inc.*, 2007 DNH 102, at *12 (D.N.H. 2007). | | | | | | |
| NEW JERSEY | Dewey v. Volkswagen AG, 2008 WL 878324, 18 (D.N.J. 2008); Bubbles N' Bows, LLC v. Fey Pub. Co., 2007 WL 2406980, 10 (D.N.J. 2007). | | *Diebold, Inc. v. Continental Cas. Co.*, 2008 WL 1372948, at *6 (D.N.J. Apr. 10, 2008). | N.J. Stat. Ann. § 12A:2-313 | No requirement for notice to remote manufacturers. *Duall Bldg. Restoration, Inc. v. 1143 East Jersey Ave. Assoc., Inc.*, 652 A.2d 1225, 1230 (N.J. App. Div. 1995) (implied warranty of fitness). | N.J. Stat. Ann. § 12A:2-315 | Privity requirement unsettled. *See Pawlec v. Digitcom, Inc.*, 471 A.2d 60, 61-62 (App. Div. 1984); *but see Unifoil Corp. v. Cheque Printers & Encoders Ltd.*, 622 F. Supp. 268, 271-72 (D. N.J. 1985). | *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007) | | Consumer Fraud Act N.J. Stat. §§ 56:8-1 – 56:8-91 | Notice requirement. Intent required for omissions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | | | No requirement for notice to remote manufacturers. Duall Bldg. Restoration, Inc. v. 1143 East Jersey Ave. Associates, Inc., 652 A.2d 1225, 1230 (N.J. App. Div. 1995). | | | | Mandatory treble damages. |
| NEW MEXICO | *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 750 P.2d 118, 122-23 (N.M. 1988) (noting adoption of Rest. (2d) Torts § 552). | | *In re Arellano*, 384 B.R. 586, 591-92 (Bkrtcy. D.N.M. 2008); *Otero v. Jordan Restaurant Enterprises*, 922 P.2d 569, 574 (N.M. 1996); *Salmeron v. Highlands Ford Sales, Inc.*, 271 F. Supp. 2d 1314, 1319 (D.N.M. 2003). | | N.M. Stat. § 55-2-313 | Reliance required but is satisfied "[i]f a representation was evidently made for the purpose of inducing a sale, and was of a kind appropriate for that purpose and a sale followed." *Vitro Corp. of Am. v. Texas Vitrified Supply Co.*, 71 N.M. 95, 105 (N.M. 1962). | N.M. Stat. § 55-2-315 | | *Heimann v. Kinder-Morgan CO2 Co., L.P.*, 144 P.3d 111, 117-18 (N.M. Ct. App. 2006) | Defendant must appreciate or have knowledge of the benefit | Unfair Practices Act N.M. Stat. §§ 57-12-1 – 57-12-26 | Greater of actual damages or $100. Treble damages available, but not for unnamed class members. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give notice or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| NEW YORK | *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F.Supp.2d 206, 231 (S.D.N.Y. 2007); *J.A.O. Acquisition Corp.. v. Stavitsky*, 863 N.E.2d 585, 587 (N.Y. 2007). | Available only where defendant has a duty as a result of a special relationship. | *Liberty Mut. Ins. Co. v. First Brighton Transp. Management, Inc.*, 2008 WL 1787684, at *3 (E.D.N.Y. 2008). | | N.Y. U.C.C. Law § 2-313 | Reliance requirement unsettled. *Rogath v. Siebenmann*, 129 F.3d 261, 263-64 (2d Cir. N.Y. 1997). ——— No notice required for remote manufacturers. *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 738 (N.Y. App. Div. 1973). Filing a lawsuit may be sufficient. *Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D.2d 690, 692 (N.Y. 1997). | N.Y. U.C.C. Law § 2-315 | Privity requirement unsettled. Y. U.C.C. Law § 2-318. See *Hole v. General Motors Corp.*, 83 A.D.2d 715, 716 (N.Y. App. Div. 3d Dep't 1981). ——— No notice required for remote manufacturers. *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 738 (N.Y. App. Div. 1973). Filing a lawsuit may be sufficient. *Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D.2d 690, 692 (N.Y. 1997). | *Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield*, 276 F.3d 123, 129 (2d Cir. 2001) | | Consumer Protection from Deceptive Acts and Practices N.Y. Gen. Bus. Law §§ 349 - 350-e N.Y. Exec. Law § 63(12) (Attorney General enforcement) | Greater of actual damages or $50. Discretionary treble damages for willful or knowing violations not to exceed $1,000. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| NORTH CAROLINA | *Crawford v. Mintz*, 653 S.E.2d 222 (N.C. Ct. App. 2007); *Simms v. Prudential Life Ins. Co. of Am.*, 537 S.E.2d 237, 241 (N.C. App. 2000) (noting adoption of Rest. (2d) Torts § 552). | Defendant owes duty. | *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C.App. 33, 39 (N.C. Ct. App. 2006). | | N.C. Gen. Sat. § 25-2-313 | Reliance required but need not always be expressly alleged and can often be inferred from allegations of mere purchase if the natural tendency of the representations made is to induce such purchase. *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 621 (M.D.N.C. 2005) / No notice required for remote manufacturers. *Seaside Resorts v. Club Car, Inc.*, 416 S.E.2d 655, 663 (S.C. Ct. App. 1992) (applying N.C. law). | N.C. Gen. Stat. § 25-2-315 | No notice required for remote sellers. *Seaside Resorts v. Club Car, Inc.*, 308 S.C. 47, 416 S.E.2d 655, 663 (Ct.App.1992) (applying N.C. law). / Privity required for economic loss. *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 396 S.E.2d 815. 818 (N.C.App. 1990). | *D.W.H. Painting Co. v. D.W. Ward Const. Co.*, 620 S.E.2d 887, 892-93 (N.C. Ct. App. 2005) | Must be measurable Cannot be officious or gratuitous | Monopolies, Trusts & Consumer Protection N.C. Gen. Stat. §§ 75-1 – 75-49 | Reliance required for private causes of action. / Intent required for certain provisions. / Mandatory treble damages. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NORTH DAKOTA | *Bourgois v. Montana-Dakota Utilities Co.*, 466 N.W.2d 813, 818 (N.D. 1991); *Doe v. Southwest Grain*, 309 F.Supp.2d 1119, 1124 (D.N.D. 2004); *Kaler v. Kraemer*, 574 N.W.2d 588, 590 (N.D. 1998) | Claim for negligent misrepresentation is statutory | N.D. Cent. Code § 9-03-08; *Erickson v. Brown*, 747 N.W.2d 34, 60-61 (N.D. 2008); *Doe v. Southwest Grain*, 309 F.Supp.2d 1119, 1127 (D.N.D. 2004). | When the representation made by the nondisclosure is material, may permit inferences of inducement and reliance. *Adams v. Little Missouri Minerals Ass'n*, 143 N.W.2d 659, 683 (N.D. 1966). | N.D. Cent. Code, § 41-02-30 | Privity requirement unsettled. *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 276 F. Supp. 2d 999, 1014 (D.N.D. 2003) | N.D. Cent. Code, § 41-02-32 | | *McGhee v. Mergenthal*, 735 N.W.2d 867, 872 (N.D. 2007) Schroeder v. Buchholz, 622 N.W.2d 202, 207 (N.D. 2001) | Only available if no legal remedy | Unlawful Sales or Advertising Practices N.D. Cent. Code §§ 51-15-01 – 51-15-11 Unlawful Sales or Advertising Practices N.D. Cent. Code §§ 51-15-01 – 51-15-11 | Treble damages available. |
| | | | | | | | | | | | False Advertising N.D. Cent. Code §§ 51-12-01 - 51-12-15 | Injunctive relief only. |
| | | | | | | | | | | | | Not pled in complaint. |
| | | | | | | | | | | | | Intent required. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| OHIO | *Delman v. Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989) (noting adoption of Rest. (2d) Torts § 552). | | *Burns-Boggs v. Howerton*, 2006 WL 2218563, at *5 (Ohio Ct. App. Aug. 4, 2006); *In re National Century Financial Enterprises, Inc. Investment Litigation*, 2008 WL 1995216, at *4 (S.D.Ohio May 5, 2008). | Suffices if defendant is reckless as to truth or falsity | Ohio Rev. Code Ann. § 1302.26 | Reliance required. *Walker v. Cadillac Motor Car Div.*, 63 Ohio App. 3d 220, 228 (Ohio Ct. App., Cuyahoga County 1989). | Ohio Rev. Code Ann. § 1302.28 | Privity required. *Brown v. Buschman Co.*, 2002 U.S. Dist. LEXIS 4087 (D. Del. Mar. 12, 2002) (applying Ohio law). | *Camp St. Mary's Ass'n of the W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 2008 WL 836117, at *7 (Ohio Ct. App. Mar. 30, 2008) | Defendant must appreciate or have knowledge of the benefit | Consumer Sales Practices Act Ohio Rev. Code Ann. §§ 1345.01 – 1345.13 <br><br> Deceptive Trade Practices Ohio Rev. Code Ann. §§ 4165.01 – 4165.04 | In individual action, actual damages plus up to $5,000 as punitive damage. In individual action where conduct previously declared deceptive, greater of $200 or treble damages plus $5,000 as punitive. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OKLAHOMA | *Downing Trucking, Inc. v. Cline Wood Ag*, 2007 WL 5 (W.D. Okla. 2007); *Lillard v. Stockton*, 267 F.Supp.2d 1081, 1113 (N.D. Okla. 2003); Okla. Stat. tit. 15, § 59. | Available only where defendant owes plaintiff a fiduciary duty, the duty of full disclosure, or some other duty. | *Bankers Trust Co. v. Brown*, 107 P.3d 609, 613-14 (Okla. Civ. App. 2004). | Suffices if defendant is reckless as to truth or falsity | 12A Okla. Stat. Ann. § 2-313 | Reliance required. *Speed Fasteners, Inc. v. Newsom*, 382 F.2d 395, 398 (10th Cir. Okla. 1967). | 12A Okla. Stat. Ann. § 2-315 | | *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Okla. Stat. Ann. tit. 15, §§ 751 - 763  / Deceptive Trade Practices Act Okla. Stat. Ann. tit. 78, §§ 51-55 | Intent required for certain provisions. / Individual actions may allow $2,000 award for unconscionable conduct. / May not allow individual consumer actions. |
| OREGON | *Loosli v. City of Salem*, 215 Or.App. 502, 506 (Or. Ct. App. 2007). | Not available for recovery of economic loss except for duty outside the common law of negligence, imposed by statute or special relationship | *Johnsen v. Mel-Ken Motors, Inc.*, 894 P.2d 540, 545 (Or. Ct. App. 1995). | Suffices if defendant is without knowledge of truth or falsity / Plaintiff must be ignorant of falsity | Or. Rev. Stat. § 72.3130 | | Or. Rev. Stat. § 72.3150 | Privity required. *Hupp Corp. v. Metered Washer Service, Or.*, 256 Ore. 245, 472 P.2d 816 (1970). | *Volt Servs. Group v. Adecco Employment Servs., Inc.*, 35 P.3d 329, 337 (Or. Ct. App. 2001) | Defendant must appreciate or have knowledge of the benefit | Unlawful Trade Practices Act Or. Rev. Stat. §§ 646.605 – 646.656 | Notice requirement. / Reliance required for affirmative misrepresentations to consumers. / Greater of actual damages or $200. Punitives available. / Intent required. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| PENNSYLVANIA | *Cottman Transmission Systems, LLC v. Kershner*, 536 F.Supp.2d 543, 552 (E.D. Pa. 2008); *Gibbs v. Ernst*, 647 A.2d 882, 890 (Pa. 1994) (citing Rest. (2d) Torts § 552 as authority for the typical elements). | | *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994). | Suffices if defendant is reckless as to truth or falsity | 13 Pa. Cons. Stat. Ann. § 2313 | Privity required. *Goodman v. PPG Industries, Inc.*,849 A.2d 1239, 1245-46 (Pa. Super. 2004), appeal granted, 871 A.2d 191 (Pa. 2005). Reliance required. *See Green v. Saturn Corp.*, 2001 Phila. Ct. Com. Pl. LEXIS 35, at *18 (Pa. C.P. 2001) ("[The basis of the bargain requirement] is essentially a reliance requirement and is inextricably intertwined with the initial determination as to whether given language may constitute an express war- | 13 Pa. Cons. Stat. Ann. § 2315 | Notice to remote manufacturer not required. Hickman v. Bross, 58 Pa. D. & C.2d 137, 140 (Pa. Ct. CP 1972). Filing suit may be sufficient notice. In Re Latex Gloves Prods. Liab. Lit., 134 F. Supp. 2d 415, 422-23 (E.D. Pa. 2001). | *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co.*, 933 A.2d 664, 668-669 (Pa. Super. Ct. 2007) | Defendant must appreciate or have knowledge of the benefit | Unfair Trade Practices and Consumer Protection Law 73 P.S. §§ 201-1 – 201-9.3 | Reliance required for false advertising claims.  Intent required for certain provisions. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact<br>(2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information<br>(3) Defendant intends, or has an expectation of inducing, reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact<br>(2) Defendant knows of falsity<br>(3) Defendant intends or expects to induce reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods<br>(2) Must be part of the basis of the bargain<br>(3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable<br>(2) Buyer relies<br>(3) Buyer must give seller or remote manufacturer notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit<br>(3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct<br>(3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | | ranty since affirmations, promises and descriptions tend to become part of the basis of the bargain.")<br><br>Notice to remote manufacturer not required. *Hickman v. Bross*, 58 Pa. D. & C.2d 137, 140 (Pa. Ct. CP 1972). Filing suit may be sufficient notice. *In Re Latex Gloves Prods. Liab. Lit.*, 134 F. Supp. 2d 415, 422-23 (E.D. Pa. 2001). | | | | | Greater of actual damages or $100. Treble damages and punitives available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| RHODE ISLAND | *Manchester v. Pereira*, 926 A.2d 1005, 1012 (R.I. 2007). | | *Bitting v. Gray*, 897 A.2d 25, 34 (R.I. 2006); *Grady v. Goldberg*, 2008 WL 821610, at *5 (D.R.I. Mar. 27, 2008). | | R.I. Gen. Laws § 6A-2-313 | Reliance required. *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985). | R.I. Gen. Laws § 6A-2-315 | Privity required. *Henry v. John W. Eshelman & Sons*, 99 R.I. 518, 525 (R.I. 1965). | *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005) | Defendant must appreciate or have knowledge of the benefit | R.I. Pub. Laws §§ 6-13.1-1 – 6-13.1-27 | Intent required for certain provisions. Greater of actual damages or $200. Punitives available. Notice requirement. |
| SOUTH CAROLINA | *Sauner v. Public Service Authority of South Carolina*, 581 S.E.2d 161, 166 (S.C. 2003) (following element(s) of Rest. (2d) Torts § 552). | Defendant must owe a duty of care to communicate truthful information. | *West v. Gladney*, 533 S.E.2d 334, 337 (S.C. Ct. App. 2000). | Suffices if defendant is reckless as to truth or falsity. Plaintiff must be ignorant of falsity | S.C. Code Ann. § 36-2-313 | Notice to remote manufacturer not required. S.C. Code Ann § 25-2-607(3); *Seaside Resorts v. Club Car, Inc.*, 308 S.C. 47, 59 (S.C. Ct. App. 1992). | S.C. Code Ann. § 36-2-315 | No notice required for remote sellers. S.C. CODE § 36-2-607(3)(a). *Thomas v. Louisiana-Pacific Corp.*, 246 F.R.D. 505, 512-13 (D.S.C. 2007)). | *Sauner v. Public Service Authority of South Carolina*, 581 S.E.2d 161, 167-68 (S.C. 2003) | Defendant must appreciate or have knowledge of the benefit | Unfair Trade Practices S.C. Code Ann. §§ 39-5-10 – 39-5-160 | Treble or punitive damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| SOUTH DAKOTA | *Bayer v. PAL Newcomb Partners*, 643 N.W.2d 409, 412 (S.D. 2002) (following element(s) of Rest. (2d) Torts § 552). | | S.D. Codified Laws §§ 20-10-1 - 20-10-2; *Delka v. Continental Cas. Co.*, 2008 WL 902928, at *8 (S.D. 2008). | Suffices if defendant is reckless as to truth or falsity | S.D. Codified Laws § 57A-2-313 | Reliance required. *Schmaltz v. Nissen*, 431 N.W.2d 657, 660 (S.D. 1988). | S.D. Codified Laws § 57A-2-315 | | *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000) | Defendant must appreciate or have knowledge of the benefit | Deceptive Trade Practices and Consumer Protection S.D. Codified Laws §§ 37-24-1 – 37-24-41 | Reliance required. / Intent required for certain provisions. |
| TENNESSEE | *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997) (noting adoption of Rest. (2d) Torts § 552); *Erwin v. Piscitello*, 2007 WL 2897871, 5 (E.D.Tenn. 2007). | | *Erwin v. Piscitello*, 2007 WL 2897871, at *5 (E.D. Tenn. Sept. 28, 2007). | May not require intent to induce reliance. | Tenn. Code Ann. § 47-2-313 | Filing suit may be sufficient notice for remote manufacturer where defendants had notice of defect before the suit was filed and chose not to remedy. *In re Bridgestone/Firestone Inc. v. Wilderness Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. Ind. 2001) (applying Tennessee law), rev'd on other grounds, | Tenn. Code Ann. § 47-2-315 | Filing suit may be sufficient notice for remote manufacturer where defendants had notice of defect before the suit was filed and chose not to remedy. *In re Bridgestone/Firestone Inc. v. Wilderness Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. Ind. 2001) (applying Tennessee law), rev'd on other grounds, | *Bennett v. Visa U.S.A., Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act of 1977 Tenn. Code Ann. §§ 47-18-101 – 47-18-128 | Discretionary treble damages permitted for willful conduct. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time   after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time   after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |

| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 288 F.3d 1012 (7th Cir. Ind. 2002). Privity required where only economic loss is alleged. *Gregg v. Y. A. Co. Co.*, 2007 U.S. Dist. LEXIS 35036, at *19 (E.D. Tenn. May 14, 2007). | | | 288 F.3d 1012 (7th Cir. Ind. 2002). | | | | |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact<br>(2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information<br>(3) Defendant intends, or has an expectation of inducing, reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact<br>(2) Defendant knows of falsity<br>(3) Defendant intends to induce reliance<br>(4) Plaintiff justifiably relies<br>(5) Plaintiff has injury as a result<br>(6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods<br>(2) Must be part of the basis of the bargain<br>(3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable<br>(2) Buyer relies<br>(3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered<br>(4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and<br>(2) Unjust for defendant to retain benefit<br>(3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and<br>(2) Consumers suffer injury as a result of Defendant's conduct<br>(3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| TEXAS | *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (adopting Rest. (2d) Torts § 552). | | *Richardson v. Colgate-Palmolive Co.*, 2008 WL 1849162, at *2 (N.D. Tex. Apr. 24, 2008); *Leggett & Platt, Inc. v. Yankee Candle Co.*, 2008 WL 723582, at *11 (N.D. Tex. Mar. 18, 2008). | Suffices if defendant is reckless and ignorant as to truth or falsity | Tex. Bus. & Com. Code § 2.313 | Reliance required. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436, 40 Tex. Sup. Ct. J. 658 (Tex. 1997). <br><br>No notice required for remote seller. *Vintage Homes, Inc. v. Coldiron*, 585 S.W.2d 886, 888 (Tex. Civ. App. 1979). | Tex. Bus. & Com. Code § 2.315 | No notice required for remote seller. *Vintage Homes, Inc. v. Coldiron*, 585 S.W.2d 886, 888 (Tex. Civ. App.1979). | *Southwestern Bell Telephone Co. v. Marketing on Hold, Inc.*, 170 S.W.3d 814, 827-28 (Tex. App. 2005) | Can require fraud, duress, or undue advantage. *Fondren Const. Co. v. Briarcliff Housing Development Associates, Inc.*, 196 S.W.3d 210, 218 (Tex.App. 2006) | Deceptive Trade Practices Act Tex. Bus. & Comm. Code §§ 17.41 – 17.63 | Notice requirement. <br><br>Reliance required for certain practices, e.g., false, misleading or deceptive acts and practices. <br><br>Treble or punitive damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| UTAH | *Moore v. Smith*, 158 P.3d 562, 574 (Utah Ct. App. 2007) (following element(s) of Rest. (2d) Torts § 552). | Must have duty to disclose. *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004). | *Armed Forces Ins. Exchange v. Harrison*, 70 P.3d 35, 40 (Utah 2003). | Suffices if defendant is reckless as to truth or falsity, knowing there is insufficient evidence for the statement / Plaintiff must be ignorant of falsity | Utah Code Ann. § 70A-2-313 | | Utah Code Ann. § 70A-2-315 | Privity required if the recovery is for economic loss. *See Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 18 n. 8 (Utah, 1990) | *Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) | Defendant must appreciate or have knowledge of the benefit | Consumer Sales Practices Act Utah Code Ann. §§ 13-11-1 – 13-11-23 Utah Code Ann. §§ 13-2-1 -13-2-8 (Consumer Protection Division) / Truth in Advertising Act Utah Code Ann. §§ 13.11a-1 – 13.11a-5 / Unfair Practices Act Utah Code Ann. §§ 13-5-1 – 13-5-8 | Notice requirement. / Equitable relief only for class actions. Individual actions – greater of actual damages or $2,000. / Intent required. / Greater of actual damages or $2,000. / Notice requirement for injunctive relief only / Inapplicable; relates to unfair competition |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| VERMONT | *Repucci v. Lake Champagne Campground, Inc.*, 251 F.Supp.2d 1235, 1238 (D. Vt. 2002) (notes adoption of Rest. (2d) Torts § 552). | | *Bennington Housing Authority v. Bush*, 933 A.2d 207, 210 -211 (Vt. 2007); *Howard Opera House Associates v. Urban Outfitters, Inc.*, 166 F.Supp.2d 917, 926 (D. Vt. 2001). | Plaintiff must be ignorant of falsity | 9A Vt. Stat. Ann. § 2-313 | | 9A Vt. Stat. Ann. § 2-315 | Privity is required. See *Mainline Tractor & Equip. Co., Inc. v. Nutrite Corp.*, 937 F.Supp. 1095, 1108 (D. Vt. 1996) | *Johnson v. Harwood*, 2008 WL 204513, at *5 (Vt. Jan. 25, 2008) | | Consumer Fraud Act Vt. Stat. Ann. tit. 9, §§ 2451 – 2480g | Reliance likely required. / Treble damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| VIRGINIA | *Mortarino v. Consultant Engineering Services, Inc.*, 467 S.E.2d 778 (Va. 1996). | | *GIV, LLC v. International Business Machines Corp.*, 2007 WL 1231443, at *4 (E.D. Va. Apr. 24, 2007). | | Va. Code Ann. § 8.2-313 | | Va. Code Ann. § 8.2-315 | | *Virginia Mun. Group Self-Insurance Ass'n v. Crawford*, 2004 WL 3132010, at *5 (Va. Cir. Ct. Nov. 24, 2004) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Va. Code Ann. §§ 59.1-196 – 59.1-207 | Class actions prohibited in state court, but likely allowed in federal court. Reliance required. Intent required for certain provisions. Greater of actual damages or $500. Greater of treble actual damages or $1,000 available for willful conduct. |
| WASHINGTON | *Van Dinter v. Orr*, 138 P.3d 608, 609 (Wash. 2006) (notes adoption of Rest. (2d) Torts § 552). | | *Baddeley v. Seek*, 156 P.3d 959, 961 (Wash. Ct. App. 2007). | Suffices if defendant is without knowledge of truth or falsity. Plaintiff must be ignorant of falsity | Wash. Rev. Code § 62A.2-313 | | Wash. Rev. Code § 62A.2-315 | Privity required. *Touchet Valley Grain Growers, Inc. v. OPP & Seibold General Constr., Inc.*, 831 P.2d 724, 730 (Wash. 1992). | *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007) | Defendant must appreciate or have knowledge of the benefit | Unfair Practices Act Wash. Rev. Code §§ 19.86.010 – 19.86.920 | Reliance unsettled. Treble damages available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |

| WEST VIRGINIA | *Folio v. City of Clarksburg*, 655 S.E.2d 143, 151-52 (W. Va. 2007). | | *Folio v. City of Clarksburg*, 655 S.E.2d 143, 150 (W. Va. 2007); *Cordial v. Ernst & Young*, 199 W. Va. 119, 130 (W. Va. 1996). | | W. Va. Code § 46-2-313 | Reliance required. *See Reed v. Sears, Roebuck & Co.*, 426 S.E.2d 539, 546 n7 (W. Va. 1992) | W. Va. Code § 46-2-315 | | *Realmark Devs., Inc. v. Ranson*, 542 S.E.2d 880, 884-885 (W. Va. 2000) | | Consumer Protection Act W.Va. Code §§ 46A-6-101 – 46A-6-110 | Intent required for false advertising claims. / Notice required. / Greater of actual damages or $200. |
| WISCONSIN | *Malzewski v. Rapkin*, 296 Wis.2d 98, 113 (Wis.App. 2006). | | *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 283 Wis. 2d 555, 569 (Wis. 2005). | Suffices if defendant is reckless as to truth or falsity | Wis. Stat. § 402.313 | Privity required. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wis. 1984). / Reliance requirement unsettled. See *Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979). | Wis. Stat. § 402.315 | Privity required. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wis. 1984). | *Sulzer v. Diedrich*, 654 N.W.2d 67, 71 (Wis. Ct. App. 2002) | Defendant must appreciate or have knowledge of the benefit | Deceptive Trade Practices Act Wis. Stat. § 100.18; Wis. Stat. §§100.210 – 100.264 | Reliance required. / Intent required. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |

| Count | Neg. Misrep. – Authority | Neg. Misrep. – Noted Variations | Int. Misrep. – Authority | Int. Misrep. – Noted Variations | Express Warranty – Authority | Express Warranty – Noted Variations | Implied Warranty – Authority | Implied Warranty – Noted Variations | Unjust Enrichment – Authority | Unjust Enrichment – Noted Variations | Unfair Practices – Authority | Unfair Practices – Noted Variations |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WYOMING | *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003) (notes adoption of Rest. (2d) Torts § 552). | | *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003). | | Wyo. Stat. Ann. § 34.1-2-313 | Reliance required. *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998). | Wyo. Stat. § 34.1-2-315 | | *Horn v. Wooser*, 165 P.3d 69, 76 (Wyo. 2007) | Defendant must appreciate or have knowledge of the benefit | Consumer Protection Act Wyo. Stat. Ann. §§ 40-12-101 - 40-12-114 | Notice requirement. / Intent required for certain provisions. |
| CANADA (federal law) | *Queen v. Cognos Inc.*, [1993] 1 S.C.R. 87 (S.C.C.); See A. Linden and B. Feldthusen, Canadian Tort Law (Toronto: LexisNexis Canada Inc., 2006), Chapter 12. | Must have a duty of care based on a "special relationship" between the representor and the representee. | *United Shoe Machinery Co. v. Brunet*, [1909] A.C. 330 (P.C.); See Fridman, *The Law of Contract*, 4th ed. (Toronto: Carswell Thompson Professional Publishing, 1999) at 309; See G.H.L. Fridman, The Law of Torts in Canada (Toronto: Carswell, 2002), Chapter 27. | | | | *Dunlop Pneumatic Tyre Co. v. Selfridge & Co.*, [1915] A.C. 847 (U.K. H.L.). | Privity required, subject to exceptions. *Caputo v. Imperial Tobacco Ltd.*, 2004 CarswellOnt 423, 44 C.P.C. (5th) 350; *London Drugs Ltd. v. Kuehne & Nagel International Ltd.*, [1992] 3 S.C.R. 299 (S.C.C.); *Fraser River Pile & Dredge Ltd. v. Can-Dive Services Ltd.*, [1999] 3 S.C.R. 108 (S.C.C.). | *Garland v. Consumers Gas*, [2004] 1 S.C.R. 629, 237 D.L.R. (4th) 385 | Requires absence of juristic reason for enrichment as indicated in case. | Competition Act, R.S.C. 1985, c. C-34 | Damages or rescission of contract. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| Alberta | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.A. 1980, c. S-2, s. 16 | | Sale of Goods Act, R.S.A. 1980, c. S-2, s. 16 | | | | Fair Trading Act, R.S.A. 2000, c. 2, ss. 5–19, 186, 187; *see also* Fair Trading Amendment Act, 2005, c. 9 | |
| British Columbia | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.B.C. 1996, c. 410, s. 18(a) | | Sale of Goods Act, R.S.B.C. 1996, c. 410, s. 18(a) | | | | Business Practices and Consumer Protection Act, S.B.C. 2004, c. 2, Part 2 | If unconscionable, court may allow damages, set aside agreement, alter the agreement, or suspend rights and obligations of agreement. |
| Manitoba | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.M. 1987, c. S10, s 16(a); *see also* The Consumer Protection Act, C.C.S.M., c. C200 (as amended by S.M. 2005, c. 16), ss. 58–58.2 9 (ad- | | Sale of Goods Act, R.S.M. 1987, c. S10, s 16(a) | | | | The Business Practices Act, S.M. 1990-91, c. B120, Part 1 | |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| | | | | | vertising). | | | | | | | |
| New Brunswick | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.N.B. 1973, c. S-1, s. 15(a); Consumer Product Warranty and Liability Act, S.N.B. 1978, c. C-18.1 A (advertising). | | Sale of Goods Act, R.S.N.B. 1973, c. S-1, s. 15(a) | | | | See federal act. | |
| Newfoundland and Labrador | | | | | Sale of Goods Act, R.S.N.L. 1990, c S-6, s. 16 | | Sale of Goods Act, R.S.N.L. 1990, c S-6, s. 16 | | | | Trade Practices Act, R.S.N. 1990, c. T-7 | |
| Northwest Territories | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.N.W.T. 1988, c. S-2, s. 18(a) | | Sale of Goods Act, R.S.N.W.T. 1988, c. S-2, s. 18(a) | | | | See federal act. | |
| Nova Scotia | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.N.S. 1989, c. 408, s. 17 | | Sale of Goods Act, R.S.N.S. 1989, c. 408, s. 17 | | | | See federal act. | |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | Intentional Misrepresentation | Express Warranty | Implied Warranty for a Particular Purpose | Unjust Enrichment | Unfair Practices and Consumer Protection Statutes |
|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give notice or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| Nunavut | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.N.W.T. 1988, c. S-2, as duplicated for Nunavut, s. 18(a) | | Sale of Goods Act, R.S.N.W.T. 1988, c. S-2, as duplicated for Nunavut, s. 18(a) | | | | See federal act. | |
| Ontario | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.O. 1990, c. S-1, s. 15 | | Sale of Goods Act, R.S.O. 1990, c. S-1, s. 15 | | | | Consumer Protection Act 2002, S.O. 2002, c. 30, Schedule A, Part III | |
| Prince Edward Island | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.P.E.I. 1988, C. S-1, s. 16 | | Sale of Goods Act, R.S.P.E.I. 1988, C. S-1, s. 16 | | | | Business Practices Act, R.S.P.E.I. 1988, c. B-7 | Punitives may be available. |
| Quebec | See Federal; *see also* Consumer Protection Act, R.S.Q. c. P-40.1 | See Federal | See Federal; *see also* Consumer Protection Act, R.S.Q. c. P-40.1 | See Federal | Civil Code of Quebec, C.c.Q. 1732 may apply. | | Consumer Protection Act, R.S.Q. c. P-40.1 may apply. | | Civil Code of Quebec, C.c.Q. 1493. | | See Federal; *see also* Consumer Protection Act, R.S.Q. c. P-40.1 | Punitives may be available. |
| Saskatchewan | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.S. 1978, c. S-1, s. 16 | | Sale of Goods Act, R.S.S. 1978, c. S-1, s. 16 | | | | The Consumer Protection Act, S.S. 1996, c. C-30.1, ss. 3–38 | Punitives available. |

Comparison among Jurisdictions for Certification of Settlement Class in *In re M3Power Razor Systems Marketing & Sales Practices Litigation*, C.A. No. 05-11177 (D. Mass.)

| Count | Negligent Misrepresentation | | Intentional Misrepresentation | | Express Warranty | | Implied Warranty for a Particular Purpose | | Unjust Enrichment | | Unfair Practices and Consumer Protection Statutes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typical Elements | (1) Misrepresentation of a material fact (2) Defendant is ignorant of its falsity or fails to exercise reasonable care in obtaining or communicating the information (3) Defendant intends, or has an expectation of inducing, reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Misrepresentation of a material fact (2) Defendant knows of falsity (3) Defendant intends or expects to induce reliance (4) Plaintiff justifiably relies (5) Plaintiff has injury as a result (6) Remedy: Compensatory damages; Punitive damages may be available for outrageous conduct | | (1) Defendant makes an affirmation of fact or promise relating to the goods, or gives a description of the goods (2) Must be part of the basis of the bargain (3) Buyer must give seller or remote manufacturer notice of breach within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Seller has reason to know of (a) buyer's intended use, and (b) that buyer is relying on seller's skill or judgment that goods will be suitable (2) Buyer relies (3) Buyer must give notice of breach to seller or remote manufacturer within reasonable time after non-suitability should have been discovered (4) Remedy: Difference in value at time of purchase. | | (1) Plaintiff confers a benefit; and (2) Unjust for defendant to retain benefit (3) Remedy: Restitution of value of benefit | | (1) Defendant engages in unfair or deceptive acts or practices, and (2) Consumers suffer injury as a result of Defendant's conduct (3) Remedy: Actual damages. | |
| | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS | AUTHORITY CITING TYPICAL ELEMENTS | NOTED VARIATIONS |
| Yukon | See Federal | See Federal | See Federal | See Federal | Sale of Goods Act, R.S.Y. 1986, c. 154, s. 15(b) | | Sale of Goods Act, R.S.Y. 1986, c. 154, s. 15(b) | | | | See federal act. | |