UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: ) <br> M3POWER RAZOR SYSTEM ) <br> MARKETING & SALES PRACTICES ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> **ALL CASES** ) <br> ) | CIVIL ACTION NO. 05-11177-DPW <br> (LEAD CASE) <br><br> MDL Docket No. 1704 |

### THE GILLETTE COMPANY'S REPLY TO CARLOS CORRALES' RESPONSE TO SETTLEMENT PROPONENTS' BRIEFING

There is no dispute that the law of the jurisdictions is varied. The question this Court set out to answer, and the question on which The Gillette Company ("Gillette") and the Representative Plaintiffs (through Plaintiff's Co-Lead Counsel) have provided extensive analysis and authority, is whether any of those variations are material, not in a vacuum, but so as to defeat the proposed settlement class in this action, either as to the issues of certification or fairness. Gillette and the Representative Plaintiffs provided the Court with an extensive state-by-state (and for Canada province-by-province) analysis of the applicable jurisdictions. Gillette and the Representative Plaintiffs also provided the Court with settlement class cases that have considered similar issues as to the asserted common law claims and reached the same conclusion appropriate in this case: a settlement class is warranted in spite of the variations among the jurisdictions.

Carlos Corrales ("Corrales"), seeking to represent a California class, is the sole objector to this settlement class among, as he concedes, plaintiffs Dearman, Debiseglia, Tunon, Kline, Moore, Adkinson, Rosenthal, McGlynn, Husick, Falkner, Lipper, Gorea, Jackson, Kennessky, Meyers, Saunders, Fisher, Fellersen, Herbstman, Johnson, Hirsch, Friedman, Geiss, Elie,

Besinger, Zavala, McGeary, Windon, Marr, Atkins, Pruitt, Coleman and Gonzalez, from 26 different jurisdictions, including California, who did not object.[1]  Corrales has provided no analysis of the law of the various jurisdictions.  He has provided no settlement class cases addressing the material variation issues, only litigation class cases, despite the fact that the litigation cases upon which he relies turn on trial manageability issues not present in settlement classes, as the Supreme Court has affirmed in *Amchem*.  Corrales has shown neither that California residents have any appreciable probability of receiving a greater recovery than the proposed settlement class nor that the settlement is unfair to Californians, separately or compared to the settlement class.  In short, he has offered no valid reason to preclude this settlement from going forward.[2]

## ARGUMENT

Gillette demonstrated in its opening memorandum, based on a searching review of the law of the fifty states of the United States, the District of Columbia, and the provinces and the federal law of Canada, with respect to the claims raised and facts asserted in this action, that the

---

[1] Contrary to his assertion that "[n]obody truly believes" a nationwide settlement class is viable, and never filed such a complaint, Corrales Br. at 2-4, the Besinger Complaint seeks relief on behalf of a nationwide class, alleging violations of the Illinois consumer protection laws "*and similar consumer fraud laws in other states*," Besinger Compl. at ¶ 33 (emphasis added), in addition to unjust enrichment.  In addition, the Gonzalez Complaint (which Corrales fails to mention) asserts nationwide class claims for all five of the common law causes of action.  Even Corrales' own counsel has filed a nationwide class action under multiple states' consumer protection statutes, as well as common law claims for fraud, negligent misrepresentation, civil conspiracy, and unjust enrichment.  *See Col. v. Asurion Corp.*, No. 06-06649 (C.D. Cal. Oct. 18, 2006).

[2] Corrales suggests instead that Gillette has erroneously interpreted California law.  As discussed more fully herein, his contentions are unfounded.  Under the clear language of Cal. Civ. Code § 1784, plaintiffs cannot prevail on a CLRA claim where the conduct is not intentional.  Punitive damages for fraud in California effectively requires outrageous conduct, because "fraud," as defined by statute, Cal. Civ. Code § 3294, requires not just an intent to induce reliance, but an intent to cause injury, a much higher standard.  California cases have interpreted Proposition 64 (passed in November 2004) to impose a reliance requirement on UCL and FAL consumer protection claims.  *See, e.g.*, *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) ("Because Plaintiffs fail to allege they actually relied on false or misleading advertisements, they fail to adequately allege causation as required by Proposition 64. ... [therefore] Plaintiffs lack standing to bring their UCL and FAL claims.").  And attorneys' fees were not "omitted" as to California, but not addressed, as to any jurisdiction, since they do not relate to the recovery of the class members.

law of the jurisdictions is functionally similar as it relates to the issues bearing on certification of a settlement class in this case, and does not raise any material differences sufficient to preclude approval of the proposed settlement before the Court. Gillette Br. at 2-14.[3] Corrales, for the fourth time, however, has endeavored to establish that California is different and that he and his lawyers must be allowed to proceed separately from the proposed settlement class on behalf of California residents.[4] He has presented no new arguments, nor raised any relevant concern that would preclude the settlement.

## I. CORRALES HAS NOT AND CANNOT DEMONSTRATE THAT THE LAWS OF THE JURISDICTIONS VARY MATERIALLY FOR PURPOSES OF CERTIFYING A SETTLEMENT CLASS.

Corrales' contention that the law of the jurisdictions materially varies as to the asserted claims, Corrales Br. at 5-8, merely underscores his persistent disregard of the Supreme Court's holding in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), that when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial." *Id.* at 620. This is a proposed settlement class, and therefore none of the manageability issues that affect the Court's assessment of predominance and

---

[3] The Gillette Company's Memorandum of Law Reviewing the Relevant Laws of the Fifty State of the United States, the District of Columbia and Certain Provinces and Federal Law of Canada, Docket No. 134, is abbreviated "Gillette Br." Plaintiff Carlos Corrales' Response to Settlement Proponents' Briefing re Variation of the Consumer Protection Statutory and Common Laws of the States and Canadian Provinces, Docket No. 136, is abbreviated "Corrales Br."

[4] It appears that Corrales concedes that the other jurisdictions may appropriately be included in a single settlement class, as he has made no argument concerning any jurisdiction except California. No one has objected as to any other jurisdiction (or, indeed, as to California), a point that even Corrales concedes is noteworthy, Corrales Br. at 20 n.15 (citing *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 240 (S.D. W. Va. 2005) ("As this matter involves attorneys representing individual clients from all over the nation, it is noteworthy that not a single attorney raised an objection indicating variances in state law as a basis for disapproving certification of this settlement class.")). The Court may properly focus its attention merely on California, the only jurisdiction raised by Corrales, the sole objector. *See In re Mexico Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("Instead of requiring the plaintiffs to conduct what may be a snipe hunt, district judges should do what the court did here: Invite objectors to identify an available state-law theory that the representatives should have raised, and that if presented would have either increased the recovery or demonstrated the inappropriateness of class treatment.").

3

superiority under Rule 23(b) are relevant here. The cases relied upon cited by Corrales are trial manageability cases,[5] which are simply not applicable under the holding of *Amchem*, a distinction that Gillette noted in its brief. Gillette Br. at 3, 6, 10.

Indeed, even in a significant number of litigation cases, courts have found, contrary to Corrales' assertion, that the variations in state common law are not sufficiently material to preclude class certification. *See, e.g.*, *In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297, 305-06 (E.D.N.Y 2006) (citing cases). *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675 (Tex. 2002), which Corrales cites, notes that a number of federal and state courts have certified nationwide class actions, in cases where there was uniformity in the laws among states.[6] *Id.* at 699 nn. 91 & 92. While *Stromboe* states that is not the majority position as to litigation classes,

---

[5] *See, e.g.*, *Cole v. General Motors Corp.*, 484 F.3d 717, 725-26 (5th Cir. 2007); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002); *In re Northern Dist. of California, Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 856-57 (9th Cir. 1982); *Doll v. Chi. Title Ins. Co.*, 246 F.R.D. 683, 693 (D. Kan. 2007); *Block v. Abbott Labs.*, 2002 U.S. Dist. LEXIS 5453 (N.D. Ill. Mar. 28, 2002); *Zapka v. Coca-Cola Co.*, 2000 U.S. Dist. LEXIS 16552, *13 (N.D. Ill. Oct. 26, 2000); *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 495 (S.D.Ill. 1999); *Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998); *In re Stucco Litig.*, 175 F.R.D. 210, 217 (E.D.N.C. 1997); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 342 (D.N.J. 1997). While *Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15 (D. Conn. 1997), is a settlement class case, Corrales cites it for a completely different issue — its holding that a class action is not superior when the members are better off bringing individual claims, *id.* at 23-24 — but that issue is unrelated to the question of any material difference in state law, and the case is wholly distinguishable because the principal settlement benefit was a $75-$100 non-transferable coupon usable only in conjunction with the finance or lease of a new car from the defendant, which the court deemed "virtually worthless," *id.* at 27.

[6] State Cases: *Cheminova Am. Corp. v. Corker*, 779 So.2d 1175, 1183 (Ala. 2000); *Avery v. State Farm Mut. Auto. Ins. Co.*, 746 N.E.2d 1242, 1254 (Ill. App. 2001); *Hinshaw v. AT & T Corp.*, No. 29D01 9705-CP-000308, 1998 WL 1799019, at *23 (Ind. Super. Ct. Aug. 24, 1998); *Delgozzo v. Kenny*, 628 A.2d 1080, 1092, 1094 (N.J. Super. 1993); *Lobo Exploration Co. v. Amoco Prod. Co.*, 991 P.2d 1048, 1055 (Okla. Civ. App. 1999). Federal Cases: *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.R.D. 283, 290 (3d Cir.1998) (settlement class); *In re School Asbestos Litig.*, 789 F.2d 996, 1011 (3d Cir. 1986); *Rivera v. Wyeth-Ayerst Labs.*, 197 F.R.D. 584, 591-92 (S.D. Tex. 2000), *rev'd on other grounds*, 283 F.3d 315 (5th Cir. 2002); *In re Great Southern Life Ins. Co. Sales Practices Litig.*, 192 F.R.D. 212, 222 (N.D. Tex. 2000); *Dornberger v. Metro. Life Ins. Co.*, 182 F.R.D. 72, 77-79 (S.D.N.Y. 1998); *Elkins v. Equitable Life Ins. of Iowa*, No. CIV.A.96-296-Civ-T-17B, 1998 WL 133741, at *18 (M.D. Fla. Jan. 27, 1998); *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 294 (S.D. Ohio 1997); *In re Copley Pharm., Inc.*, 161 F.R.D. 456, 464-66 (D. Wyo. 1995); *In re Cordis Corp. Pacemaker Prod. Liab. Litig.*, No. MDL 850, C3-86-543, 1992 WL 754061, at *13-16 (S.D. Ohio Dec. 23, 1992); *In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 84-85 (D. Md. 1991); *Randle v. SpecTran*, 129 F.R.D. 386, 393 (D. Mass. 1988); *Gruber v. Price Waterhouse*, 117 F.R.D. 75, 82-83 (E.D. Pa. 1987); *In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15, 22 (N.D. Cal. 1986); *In re LILCO Sec. Litig.*, 111 F.R.D. 663, 674 (E.D.N.Y. 1986); *In re Activision Sec. Litig.*, 621 F. Supp. 415, 430-31 (N.D. Cal. 1985).

it does not address settlement classes, except to note that *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 290 (3d Cir. 1998), which approved a class in spite of the variations in state common law, was a settlement class. *Stromboe*, 102 S.W.3d at 699 n.92.

Measuring the length of string-cites, however, is not the manner in which this Court directed the parties to conduct a full and meaningful review. The substantive difference between Corrales' cases and this case is that when issues of manageability are removed from consideration, as in a settlement class, courts have found (and in this case, the Court may properly find) that the variation among state common law and consumer protection statutes is not a barrier to class certification. *See, e.g.*, *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 291 n.19 (E.D. Pa. 2003) ("In cases where certification was denied because of varying state laws in a nationwide class action, the courts have focused on the manageability problems."); *see also In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, No. MDL 1559 4:03-MD-015, 2004 WL 3671053, at *15 (W.D. Mo. Apr. 20, 2004) ("[C]ourts frequently and routinely approve nationwide class settlements, including consumer class actions involving state law claims.").

Nonetheless, Corrales complains that the Court should not apply the holding of *Grunewald v. Kasperbauer*, 235 F.R.D. 599, 606 (E.D. Pa. 2006) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 308-09 (3d Cir. 2005)) that although variations in state law regarding reliance exist, where there are "causes of action that do not require a showing of detrimental reliance," the Court may still certify "a proposed class ... [because the claims are] 'sufficiently cohesive to warrant adjudication by representation.'" Corrales claims that this holding cannot be reconciled with the American Law Institute's "same in functional content" standard. Corrales Br. at 9. He misses the point of both *Grunewald* and the ALI. *Grunewald* supports the proposition that the Court need not further consider the issue of the similarity of functional

content of any claim where the settlement class as a whole is "sufficiently cohesive" by virtue of a series of claims that are the same in functional content across almost all jurisdictions. The limited dissimilarities in some claims are not sufficiently material where the settlement class members as a whole hold at least one claim under common facts to justify their participation in the settlement.

The broader point Corrales attempts to make, that variations in state law create differing settlement values and therefore unfairness in treating the proposed class equally, Corrales Br. at 9-10, does not undermine *Grunewald* nor create any conflict with the ALI. Corrales' assertion is based on a faulty *ceteris paribus* premise — "[a]ll things being equal." Corrales Br. at 9. But all things are not equal: while some states may not have a reliance requirement for consumer protection claims (*arguendo*, California, *but see infra* at pp.7-8), other states lack California's privity requirement for the breach of warranty claims (*e.g.*, Arkansas, Iowa, Indiana and Virginia). *See* Gillette Br. at 6-7. In the end, balancing the several causes of action asserted in this case, each respective class member may fairly participate in the settlement on equal terms. Across causes of action, for purposes of settlement, the differences among jurisdictions counterbalance each other. Corrales cannot merely assume away the differences that defeat his objections.

## II. CORRALES HAS NOT AND CANNOT SHOW THAT CALIFORNIA LAW IS STRONGER OR THAT THE SETTLEMENT IS UNFAIR TO CALIFORNIA SETTLEMENT CLASS MEMBERS.

Corrales' core claim that California consumer protection law is stronger than any other jurisdiction, Corrales Br. at 10-11, is overstated, and certainly not new — nor any more persuasive by virtue of its repetition. The consumer protection statutes of several jurisdictions provide for punitive damages, restitution, injunctive relief, and attorneys' fees (all the supposed

6

super-remedies in California), including, for example, Massachusetts, Hawaii, Missouri, New Mexico, and Utah.  *See, e.g.*, Mass Gen. Laws ch. 93A, §§ 9, 11 (providing for injunctive relief, treble damages, and attorneys' fees); Haw. Rev. Stat. § 480-13 (providing for injunctive relief, actual damages, treble damages, and attorneys' fees); Mo. Ann. Stat. § 407.025 (providing for injunctive relief, actual damages, punitive damages, and attorneys' fees); N.M. Stat. Ann. § 57-12-10 (providing for actual damages, treble damages, attorneys' fees, and injunctive relief); Utah Code Ann. §§ 13-11, 13-11a (providing for injunctive relief, increased actual damages, attorneys' fees, and corrective advertising); *see also* 4/23/08 Hrg. Tr. at 3-4 (the Court stating that there are no "material differences between the law of Massachusetts and the law of California sufficient to give pause about equitable treatment of the several members of the class").  And, contrary to Corrales' suggestion, California consumer protection law may be *weaker* than some states, as the CRLA provides a statutory defense whereby "[n]o award of damages may be given," where the conduct is not intentional and, as here, a remedy was available, Cal. Civ. Code § 1784, which Gillette would assert in any litigation.  In addition, Proposition 64, which was passed by California voters in November 2004, added an injury in fact requirement to the UCL and FAL, which "dramatically restrict[ed] these consumer protection measures."  *Pfizer, Inc. v. Superior Court*, 45 Cal. Rptr. 3d 840, 853 (Ct. App. 2006) (appeal pending).

      Moreover, there is at least an open question whether California consumer protection laws require reliance and causation, a difficult burden in this case, which would severely discount any claims under California law.  *See, e.g.*, *Laster*, 407 F. Supp. 2d at 1194 ("Because Plaintiffs fail to allege they actually relied on false or misleading advertisements, they fail to adequately allege causation as required by Proposition 64. ... [therefore] Plaintiffs lack standing to bring their UCL

7

and FAL claims."); *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1145 (N.D. Cal. 2005) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof." (quoting *Wilens v. TD Waterhouse Group, Inc.*, 15 Cal. Rptr. 3d 271 (2003)); *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 809 (2007) (same). All of Corrales' cases asserting that California law is stronger are pre-Proposition 64 (enacted in November 2004), and therefore are no longer timely authority on the state of California consumer protection law. *See* Corrales Br. at 10-11 (citing *Wershba v. Apple Computers, Inc.*, 91 Cal. App. 4th 224 (2001); *AOL, Inc. v. Superior Court*, 90 Cal. App. 4th 1 (2001); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605 (1987)). None of the purported differences in California law, nor that of any other jurisdiction, is sufficient to preclude settlement class certification, which even Corrales' cases confirm. *In re BankAmerica Corp. Secs. Litig.*, 210 F.R.D. 694, 709 (E.D. Mo. 2002) (rejecting claim that "settlement for the BankAmerica plaintiffs is somehow inadequate due to the existence of the California claims," where objector faced higher and uncertain burden of proof); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022-23 (9th Cir. 1998) (reviewing N.D. Cal. District Court decision) ("[A]lthough some class members may possess slightly differing remedies based on state statute or common law, the actions asserted by the class representatives are not sufficiently anomalous to deny class certification. ... the idiosyncratic differences between state consumer protection laws are not sufficiently substantive to predominate over the shared claims.").

Indeed, Corrales wrongly focuses exclusively on consumer protection statutes, but cannot account for the other *five* causes of action in this action under which residents of other states have stronger legal schemes and remedies, which balance the disparities and place the class on relatively equal footing. For instance, California law creates a *higher* burden for consumers to

recover under a breach of warranty claim, requiring privity, which several states do not, creating "stronger" warranty protection laws than California. *See* Joint Submission by the Proponents of the Proposed Settlement Comparing Relevant Laws of the Applicable Jurisdiction for Settlement Class Certification. In addition, California also does not provide for punitive damages for negligent misrepresentation, which may be available in other states. *Id.* As a consequence, as to 3 of the 6 claims in this case (breach of express and implied warranty and negligent misrepresentation), residents of other states have a comparatively easier burden of proof or stronger remedies. It simply cannot be said that California residents stand in some superior position as compared to the class, when all claims are considered.

And even if California did have some extra or special remedy provided by no other jurisdiction under its consumer protection statutes, Corrales has not and cannot show that California plaintiffs have a stronger claim on the merits, or any *probability*, beyond merely *possibility*, that they would receive any greater recovery based on California law — a showing which Corrales' own cases require.[7] *See, e.g.*, *Mirfasihi v. Fleet Mortgage Corp.*, 450 F.3d 745, 750 (7th Cir. 2006) ("[A] claim analysis under these circumstances would require consideration of (1) the probability of the information-sharing class having grounds of recovery under any applicable law ... and (3) the probability of winning on the merits."). In this case, there is no reason to believe that any California resident has any probability of demonstrating a stronger case on the merits nor entitlement to any stronger a remedy. Gillette has previously addressed the defects in Corrales' assertions that California residents are better situated, because the supposedly stronger remedies are unavailable here: (1) injunctive relief is unlikely because the disputed advertising ceased over two years ago and there is no threat it will resume; (2)

---

[7] Without any explanation, Corrales claims that "[t]he tickets of California consumers are worth more." Corrales Br. at 15. This contention falls grossly short of demonstrating any probability based on the facts in the record, or any searching review of California law, to demonstrate that California residents are somehow better situated than others.

9

restitution is discretionary, not mandated, and must be measurable and supported by evidence; and (3) no evidence sufficient to warrant punitive damages is present on this record. Gillette Prelim. App. Br. at 25-27 (Docket No. 100 (Nov. 6, 2006)).

But these efforts obscure the larger problem with Corrales' objections. The question that Corrales conspicuously avoids is whether the proposed settlement is fair to California settlement class members (wholly apart from what others may receive), because it undoubtedly is fair. Under the settlement terms, settlement claimants are entitled to a full refund (and shipping costs) in exchange for return of the unwanted razor. Alternatively, a settlement claimant may receive two $5 rebate checks with a proof of purchase. In addition, with any remainder in the Settlement Fund, Gillette will distribute settlement razors to claimants and others as set out in the Settlement Agreement, along with (apart from the Settlement Fund) a $4 coupon on Gillette shaving-related products. This more than full rescissionary remedy goes far beyond any alleged damage that any particular claimant may have suffered. Settlements are favored when the value of benefits claimants may receive "is or nearly equals their payments." *In re Wireless Tele.*, 2004 WL 3671053, at *11. In addition, attorneys' fees are being paid separate of the settlement fund (which even in California, plaintiffs would have to prevail on the merits to receive). Corrales has failed to show how this is unfair to California settlement class members or how California law would provide them some stronger remedy based on the record; even his own cases reject his arguments.[8] *See, e.g.*, *In re BankAmerica Corp.*, 210 F.R.D. at 708 ("[A] settlement is a product

---

[8] Corrales' reliance on *In re BankAmerica Corp.*, *supra*, misconstrues that case, because (1) in that case all the class members being compared had California claims and the allocation issues related to the timing and therefore damages suffered by different plaintiff purchasers, and (2) the Court rejected the objections, as the objectors failed to account for the heightened burden that California law placed on plaintiffs and the objectors failed to demonstrate that they could meet that higher standard. *In re BankAmerica*, 210 F.R.D. at 708-12. To the extent those issues are implicated in this case, they cut against Corrales, who has not addressed the burden of proof required to obtain additional remedies under California law and generally failed to show that any California resident has any stronger case on the merits than any other proposed settlement class member.

10

of compromise and the fact that a settlement provides only a portion of the potential recovery does not make such settlement unfair, unreasonable or inadequate."). The proposed settlement is fair to all residents of all the jurisdictions, and no different treatment is warranted here.

> III. **CORRALES HAS NOT AND CANNOT SHOW ANY BASIS TO REJECT IDENTICAL TREATMENT OF SIMILARLY SITUATED SETTLEMENT CLASS MEMBERS.**

Finally, Corrales argues that the cases certifying settlement classes are not applicable because they fail to consider the question raised by this Court, whether the settlement class unfairly treats all class members the same in the face of variations in the law of the different jurisdictions. Corrales Br. at 17-22. He contends that every case that has certified nationwide classes with similar common law claims is distinguishable, and cannot be reconciled with this case. *Id.* Corrales claims that "[a]ll of the cases the Settlement Proponents cite ... are readily distinguishable because the class members also had *federal law* claims ..." *Id.* at 17 (emphasis in original). But in the very next pages he cites a number of cases that did not have federal claims, contrary to his assertions. *See, e.g.*, *Hanlon*, 150 F.3d 1011; *O'Keefe*, 214 F.R.D. 266; *see also First State Orthopaedics v. Concentra, Inc.*, 534 F. Supp. 2d 500, 511 (E.D. Pa. 2007) (certifying nationwide class with no federal claims); *Elkins v. Equitable Life Ins. of Iowa*, No. 96-296-Civ-T-17B, 1998 WL 133741, at *18 (M.D. Fla. Jan. 27, 1998) (same). While Corrales attempts to distinguish these cases on other grounds, as to his principal objection, Corrales acknowledges that federal courts have held the potential for differences in damages do not preclude certification. *See* Corrales Br. at 20 (citing *In re Nigeria Charter Flights*, 233 F.R.D. at 305-06; *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 240 (S.D. W. Va. 2005)); *see also Hanlon*, 150 F.3d at 1022; *First State Orthopedics*, 534 F. Supp. 2d at 511; *Carnegie v. Household, Int'l, Inc.*, 445 F. Supp. 2d 1032, 1035 (N.D. Ill. 2006) (citing *County of Suffolk v. Long Island Lighting*

11

*Co.*, 907 F.2d 1295, 1324 (2d Cir. 1990)); *In re Western Union Money Transfer Litig.*, No. CV-01-0335 (CPS), 2004 WL 3709932, at *11 n.11 (E.D.N.Y. Nov. 28, 2004).

As a last effort, Corrales makes the unremarkable observation that manageability is but one factor in the class certification assessment, and there are others including adequacy and predominance. Corrales Br. at 21. But Corrales has failed to demonstrate that any variations in state law affect any of those other issues. His own cases reject class certification in nationwide class cases because of trial manageability, not these other class issues. *See, e.g.*, *In re Bridgestone/Firestone, Inc.*, 288 F.3d at 1018 ("Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable.").

As to the substantive question of fairness of the uniform treatment of the settlement class, the response is simple: the settlement class is similarly situated in all material respects that would implicate the settlement, having all allegedly been subject to the same advertisement, purchased the same product, at essentially the same price, and purportedly suffered the same alleged damage. Corrales does not demonstrate any differences among the class that would justify different treatment, except the unfounded claims that California law is materially different. *See Hanlon*, 150 F.3d at 1021 ("[T]here is no structural conflict of interest based on variations in state law, for the named representatives include individuals from each state, and the differences in state remedies are not sufficiently substantial so as to warrant the creation of subclasses. ... [E]ven if the named representatives did not include a broad cross-section of claimants, the prospects for irreparable conflict of interest are minimal in this case because of the relatively small differences in damages and potential remedies...").

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in Gillette's opening memorandum, Gillette respectfully submits that the Court certify the proposed Settlement Class for settlement purposes only in this action, and grant such further relief as the Court deems just and appropriate under the circumstances.

        Respectfully submitted,

        THE GILLETTE COMPANY
        By its attorneys


        /s/ Harvey J. Wolkoff
        Harvey J. Wolkoff (BBO #532880)
        Mark P. Szpak (BBO #546261)
        ROPES & GRAY LLP
        One International Place
        Boston, Massachusetts 02110-2624
        (617) 951-7000

Dated: July 2, 2008

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the above document, filed through the ECF system, will be served electronically through the ECF System on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on July 2, 2008.

                                            /s/ Harvey J. Wolkoff
                                            Harvey J. Wolkoff (BBO #532880)