```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


                                 )
In re:                           )
                                 )
M3 POWER RAZOR SYSTEM            )   CIVIL ACTION NO. 05-11177-DPW
MARKETING & SALES PRACTICE       )   (LEAD CASE)
LITIGATION                       )
_____ )   MDL DOCKET NO. 1704
                                 )
THIS DOCUMENT RELATES TO:        )
ALL ACTIONS                      )
                                 )
```

ORDER AUTHORIZING NOTICE OF CLASS SETTLEMENT AND
NOTICE OF FINAL FAIRNESS HEARING

Before the Court is a joint petition by the Representative Plaintiffs and by the defendant The Gillette Company ("Gillette"), and briefs in support thereof submitted by the Representative Plaintiffs and Gillette requesting that the Court enter an Order (I) preliminarily certifying pursuant to Fed. R. Civ. P. 23 a class for the purposes of settlement only; (ii) preliminarily approving pursuant to Fed. R. Civ. P. 23(e) the proposed settlement set forth in the Amended Settlement Agreement, and exhibits thereto, which was filed with the Court on April 26, 2010; (iii) appointing representatives of, and co-lead counsel for, the Settlement Class; (iv) approving the summary form of notice ("Summary Notice") and long form of notice ("Notice") attached as Exhibits D and E to the Amended Settlement Agreement, respectively; (v) appointing Kinsella Media as Notice

Specialist and a claims administrator selected by Gillette and approved by Settlement Class Counsel as Claims Administrator; and (vi) approving the proof of claim attached as Exhibit B to the Amended Settlement Agreement ("Proof of Claim").

Having reviewed and considered the Amended Settlement Agreement, the joint motion for preliminary approval of the settlement and the supporting briefs and responses thereto as to the proposed settlement of this matter (including in relation to the now superseded Settlement Agreement dated as of October 6, 2006), and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the class settlement contained in the Amended Settlement Agreement upon the terms and conditions set forth in this Order.  Terms and phrases in this Order shall have the same meaning as defined in the Amended Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. On the basis of the findings set forth below and for reasons to be stated more fully in a Memorandum shortly to be issued, the Court hereby certifies a plaintiff class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Amended Settlement Agreement (the "Settlement Class").  The Settlement Class is defined as:

All Persons in the United States of America or Canada who purchased or otherwise acquired for use and not resale an M3Power Razor in the United States during the period May 1, 2004 through September 30, 2005, or in Canada during the period May 1, 2004 through October 31, 2005.  Excluded from the definition of Settlement Class are Gillette, any entity in which Gillette has a controlling interest or which has a controlling interest in Gillette, Gillette's attorneys, successors, or assigns, the directors and officers of Gillette and the directors and officers of any entity in which Gillette has a controlling interest or which has a controlling interest in Gillette.  Also excluded from the definition of Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

"Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

As provided for in the Amended Settlement Agreement, if this Court does not grant final approval of the settlement set forth in the Amended Settlement Agreement, or if the settlement is terminated or cancelled pursuant to the terms of the Amended Settlement Agreement, then the Amended Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2.   The Settlement Class is so numerous that joinder of all members is impracticable.

3.   The Court finds, based on the terms of the settlement described in the Amended Settlement Agreement that:

        a.    There are questions of law and fact common to the Settlement Class.

        b.    The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class.

        c.    The Representative Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between members of the Settlement Class.

        d.    Questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class.

        e.    Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

    4.    Neither subclassing nor the exclusion of residents of any particular jurisdiction from the settlement class is necessary or appropriate.

    5.    The Court authorizes notice that the settlement set forth in the Amended Settlement Agreement appears fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

6.   Mark Dearman, Anthony DeBiseglia, Matthew Marr, Adam Kline, Greg Besinger, Collin L. McGeary, Javier Tunon, and Jean-Sebastien Elie are appointed as representatives of the Settlement Class ("Representative Plaintiffs").  Ben Barnow, Barnow and Associates, P.C., and Robert M. Rothman, Robbins Geller Rudman & Dowd LLP, are appointed as co-lead counsel for the Settlement Class ("Settlement Class Counsel").

7.   A hearing (the "Final Fairness Hearing") shall be held before this Court on March 25, 2011, at 2:00pm in Courtroom 1 of the John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts, to determine (a) whether the settlement set forth in the Amended Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment as provided in the Amended Settlement Agreement should be entered granting final approval of the Settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Settlement Class Counsel; (d) whether, and in what amount, incentive awards should be made to the Representative Plaintiffs.  The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

8.   The Court approves as to form and content the Summary Notice and Notice in substantially the forms attached as Exhibit D and E to the Amended Settlement Agreement, respectively.

9. The Court approves and appoints Kinsella Media as Notice Specialist and a claims administrator selected by Gillette and approved by Settlement Class Counsel as Claims Administrator, as set forth in the Amended Settlement Agreement.

10. The Court approves as to form and content the Proof of Claim substantially in the form attached as Exhibit B to the Amended Settlement Agreement.

11. At such time as notice of the proposed settlement to the Settlement Class proceeds, Gillette shall cause the Summary Notice to be published with a reach of not less than approximately 80% of the putative class in both the United States and Canada, through publication in a range of consumer magazines, newspapers, and/or newspaper supplements to be designated by the Notice Specialist consistent with the publication plan submitted in support of the motion for issuance of this order, and the Claims Administrator shall establish a dedicated settlement website, and shall maintain and update the website throughout the Claim Period, with the forms of Summary Notice, Notice, Proof of Claim, and the Amended Settlement Agreement.  The forms of Summary Notice, Notice, and Proof of Claim approved by the Court, and the Summary Notice publication plan approved by the Court, may be modified by the Notice Specialist and/or Claims Administrator, respectively, in consultation and agreement with

the Settling Parties, as may be reasonable and not inconsistent with such approval.

12.  The Court finds that the publication of the Summary Notice and the availability of the Notice in the matter set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

13.  No later than March 15, 2011 (10 calendar days before the final Fairness Hearing), counsel for Gillette shall file with the Court one or more declarations stating that, in accordance with the terms of this Order, the Summary Notice was published and that the Notice was posted at a dedicated settlement website.

14.  Gillette shall comply with its obligations to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than March 15, 2011 (10 calendar days before the Final Fairness Hearing), counsel for Gillette shall file with the Court one or more declarations stating that Gillette has complied with its notice obligations under 28 U.S.C. § 1715.

15.  Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit a written notice of such intent to a designated Post Office box established by the

Claims Administrator, as set forth in the Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked by March 4, 2011 (at least 21 days prior to the date of the Final Fairness Hearing as set forth in the Notice).

16. By no later than March 11, 2011 (within 7 days after the deadline for Persons to request exclusion from the Settlement Class), Settlement Class Counsel shall furnish to counsel for Gillette a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

17. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Amended Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Amended Settlement Agreement. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not share in the distribution of the Settlement Fund and shall neither receive any benefits nor be bound by the terms of the Amended Settlement Agreement.

18. Settlement Class Members who wish to participate in the settlement and submit a claim for a refund or rebate(s) shall send to the Claims Administrator, postmarked by the last day of the Initial Claim Period, either a Proof of Claim, completed in

accordance with the instructions on the Proof of Claim, or a written request containing substantially the same information. All Settlement Class Members who fail to submit either a Proof of Claim or a written request containing substantially the same information within the Initial Claim Period or who fail to submit a claim for a Settlement Razor pursuant to ¶2.3(b) of the Amended Settlement Agreement within the Residual Claim Period shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth in the Amended Settlement Agreement but will in all other respects be subject to and bound by the provisions of the Amended Settlement Agreement, the releases contained therein, and the Judgment.

19.  Each Settlement Class Member wishing to object to the settlement shall submit a timely written notice of his objection, which shall set forth the reasons for the Settlement Class Member's objection, and further state whether the objector intends to appear at the Final Fairness Hearing.  The objection also must provide information identifying the objector as a Settlement Class Member, such as proof of purchase (e.g., a store receipt), or an affidavit setting forth, in as much detail as the objector remembers, the fact of purchase(s), the product(s) purchased, the price paid for the product(s), the approximate date of said purchase(s), and the place of the purchase(s).  To be timely, written notice of an objection in appropriate form

must be filed with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210 by March 4, 2011 (21 days prior to the date set for the Final Fairness Hearing in the Notice) and served concurrently therewith upon Settlement Class Counsel (Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602, or Robert Rothman, Robbins Geller Rudman & Dowd LLP; 58 South Service Road, Suite 200, Melville, NY 11747) and counsel for Gillette (Harvey J. Wolkoff, Ropes & Gray LLP, One International Place, Boston, MA, 02110).

20. All discovery and pretrial proceedings in this Litigation, are stayed and suspended until further order of this Court. The Court further orders that Gillette's time to answer or otherwise respond to the Amended Consolidated Complaint is extended without date.

21. Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Amended Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute against the Released Parties any of the Released Claims in any action or proceeding in any court or tribunal.

22.  Neither the Amended Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Settlement Agreement or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Gillette or any of its Related Parties, including, without limitation, any of its subsidiaries or affiliates; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Gillette or any of its Related Parties, including, without limitation, any of its subsidiaries or affiliates, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

23.  In the event the Court does not grant final approval of the Amended Settlement Agreement or the settlement set forth in the Amended Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant.  In such event, the terms and provisions of the Amended Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other

-12-

proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Amended Settlement Agreement shall be treated as vacated, nunc pro tunc.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

March 30, 2011